SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Paul D. Leake
Lisa Laukitis
Shana A. Elberg
Evan A. Hill
One Manhattan West
New York, New York 10001
Telephone: (212) 735-3000
Fax: (212) 735-2000

*Proposed Counsel to Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re* | **Chapter 11** |
| **ENDO INTERNATIONAL plc, *et al.*,** | **Case No. 22-22549 (___)** |
| **Debtors.**[1] | **(Joint Administration Pending)** |

**MOTION OF THE DEBTORS FOR ENTRY
OF AN ORDER (I) EXTENDING THE TIME TO FILE
SCHEDULES AND STATEMENTS OF FINANCIAL AFFAIRS;
(II) EXTENDING THE TIME TO FILE REPORTS OF FINANCIAL
INFORMATION REQUIRED UNDER BANKRUPTCY RULE 2015.3;
(III) WAIVING REQUIREMENT TO FILE LIST OF EQUITY SECURITY
HOLDERS AND PROVIDE NOTICE OF COMMENCEMENT
TO EQUITY SECURITY HOLDERS; AND (IV) GRANTING RELATED RELIEF**

Endo International plc and its debtor affiliates, as debtors and debtors in possession

(collectively, the "Debtors" and together with their non-debtor affiliates, the "Company") in the

above-captioned chapter 11 cases (the "Chapter 11 Cases"), respectfully represent in support of

this motion (this "Motion") as follows:

---

[1]     The last four digits of Debtor Endo International plc's tax identification number are 3755. Due to the large number of debtors in the chapter 11 cases, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Endo. The location of the Debtors' service address for purposes of the chapter 11 cases is: 1400 Atwater Drive, Malvern, PA 19355.

## RELIEF REQUESTED

1.    By this Motion, and pursuant to sections 105(a) and 521 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 9006(b) and 1007(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (a) extending the Debtors' 14-day period to file schedules of assets and liabilities, schedules of current income and expenditures, schedules of executory contracts and unexpired leases, and statements of financial affairs (collectively, the "Schedules and Statements") by an additional 30 days, through and including September 29, 2022, 2022; (b) extending the time to file reports of financial information with respect to entities in which the Debtors hold a controlling or substantial interest as set forth in Bankruptcy Rule 2015.3(d) (the "2015.3 Reports") to 45 days after the meeting of creditors to be held pursuant to section 341 of the Bankruptcy Code (the "341 Meeting"); (c) waiving the requirements to (i) file a list of equity security holders as provided in Bankruptcy Rule 1007(a)(3) (the "Equity Holders List") and (ii) provide notice of the commencement of the Chapter 11 Cases (the "Notice of Commencement") to equity security holders as required under Bankruptcy Rule 2002(d); and (d) granting related relief.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.).  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3.    Venue of the Chapter 11 Cases and this Motion is proper in this district under 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

**I.      General Background**

4.      On the date hereof (the "Petition Date"), the Debtors each commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors have requested that the Chapter 11 Cases be jointly administered.

5.      The Debtors are authorized to continue to operate their businesses and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.      No trustee, examiner or statutory committee of creditors has been appointed in the Chapter 11 Cases.

7.      Additional information regarding the Debtors, including their business operations, their corporate and capital structure, and the events leading to the commencement of the Chapter 11 Cases is set forth in the *Declaration of Mark Bradley in Support of Chapter 11 Petitions and First Day Papers* (the "First Day Declaration") filed contemporaneously herewith and incorporated herein by reference.

## BASIS FOR RELIEF

**I.      The Deadline to File Schedules and Statements Should Be Extended Pursuant to Bankruptcy Rule 1007(c).**

8.      Section 521 of the Bankruptcy Code provides that a debtor shall file, among other things, "(i) a schedule of assets and liabilities; (ii) a schedule of current income and current expenditures; (iii) a statement of the debtor's financial affairs…"  *See* 11 U.S.C. § 521(a)(1)(B). Bankruptcy Rule 1007 requires a debtor to also file, among other things, a schedule of executory contracts and unexpired leases.  *See* Fed. R. Bankr. P. 1007.  Bankruptcy Rule 1007(c) further provides that this Court is authorized to grant an extension of the time to file the Schedules and

Statements "for cause." Fed. R. Bankr. P. 1007(c). Due to the number of the Debtors' creditors, the geographic scope of the Debtors' operations, the complexity of the Debtors' capital structure, and the size of the Debtors' business (estimated liabilities of over $9.5 billion as of the Petition Date), the Debtors will be unable to complete their Schedules and Statements by the current deadline imposed by Bankruptcy Rule 1007.

9.     To prepare their Schedules and Statements, the Debtors must compile information from books, records, and documents from 76 Debtor entities and review thousands of contracts under various laws where one or more Debtors is a party. The Debtors have locations all over the world, which further complicates this review process. Thus, compiling all of the information necessary to complete the Schedules and Statements will require an enormous expenditure of time and effort on the part of the Debtors' employees at a juncture when their time is already stretched thin.

10.     The Debtors' primary focus in recent months has been on preparing these cases for filing and negotiating with key stakeholders, including various groups of debtholders and opioid claimants. In the months leading up to the Petition Date, many of the Debtors' key personnel were focused on preparing for and participating in management presentations and due diligence sessions. These same employees have been at the forefront of the diligence and negotiations with key stakeholders regarding restructuring alternatives and potential litigation settlements, and have been burdened beyond already considerable workloads due to employee attrition in the months leading up to the filing. In addition, employee efforts during the initial postpetition period are critical, and the Debtors must devote their time and attention to business

operations and preventing potential disruptions that may occur in the early stages of the Chapter 11 Cases.

11.     Given the substantial burdens already imposed on the Debtors' management by the commencement of the Chapter 11 Cases, the competing demands upon such employees, and the potentially hundreds of employee and professional hours required to complete the Schedules and Statements, the Debtors submit that "cause" exists to extend the current deadline by 30 days, until 44 days after the Petition Date (the "Extended Filing Deadline"), without prejudice to their rights to seek further extensions or waivers from this Court.  The requested extension will enhance the accuracy of the Schedules and Statements when filed and help avoid the potential necessity of substantial subsequent amendments.  Furthermore, because the Debtors will still file the Schedules and Statements far in advance of any deadline for filing proofs of claim in the Chapter 11 Cases, no party-in-interest will be prejudiced by the requested extension.

12.     Courts in this District have granted similar relief in other chapter 11 cases. *See e.g.*, *In re Revlon, Inc., et al.*, Case No. 22-10760 (DSJ) (Bankr. S.D.N.Y. June 17, 2022) [Docket No. 83] (extending the time to file schedules by 45 days); *In re GTT Communications, et al.*, Case No. 21-11880 (MEW) (Bankr. S.D.N.Y. Nov. 4, 2021) [Docket No. 60] (extending the time to file schedules by 61 days); *In re Automotores Gildemeister SpA,* Case No. 21-10685 (LGB) [Docket No. 67] (Bankr. S.D.N.Y. Apr. 28, 2021) (extending the time to file schedules by 59 days); *In re Lakeland Tours LLC.,* Case No. 20-11647 (JLG) [Docket No. 63] (Bankr. S.D.N.Y. Aug. 1, 2020) (extending the time to file schedules by 155 days); *In re Internap Tech. Sol. Inc.,* Case No. 20-22393 (RDD) [Docket No. 42] (Bankr. S.D.N.Y. Mar. 19, 2020) (extending the time to file schedules by 59 days);  *In re Purdue Pharma L.P.*, Case No. 19-23649 (RDD) (Bankr. S.D.N.Y. Sept. 18, 2019) [Docket No. 69] (extending the time to file schedules by 30 days); *In re Sears*

*Holding Corp.*, Case No. 18-23538 (RDD) (Bankr. S.D.N.Y. Oct. 16, 2018) [Docket No. 103]

(extending the time to file schedules by 45 days); *In re Tops Holding II Corp.*, Case No. 18-22279

(RDD) (Bankr. S.D.N.Y. Feb. 26, 2018) [Docket No. 70] (same); *In re Avaya Inc.*, Case No. 17-

10089 (SMB) (Bankr. S.D.N.Y. Feb. 10, 2017) [Docket No. 143] (extending the time to file

schedules by 47 days).[2]

## II.     The Deadline to File Rule 2015.3 Reports Should Be Extended Pursuant to Bankruptcy Rule 9006(b)(1).

13.     Bankruptcy Rule 2015.3(a) requires the Debtors to file periodic Rule 2015.3

Reports on "the value, operations, and profitability of each entity that is not a publicly traded

corporation or a debtor in a case under title 11, and in which the estate holds a substantial or

controlling interest." Fed. R. Bankr. P. 2015.3(a).  The first Rule 2015.3 Reports must be filed

"no later than seven days before the first date set" for the 341 Meeting.  Fed. R. Bankr. P.

2015.3(b).  The 341 Meeting has not yet been scheduled, but it may be set by the United States

Trustee (the "U.S. Trustee") in the early days of the Chapter 11 Cases.

14.     Pursuant to Bankruptcy Rule 9006(b)(1), this Court may, "for cause

shown," enlarge the period of time within which an act is required to be done. Fed. R. Bankr. P.

9006(b)(1).  Cause exists to extend the deadline for the filing of the Debtors' Rule 2015.3(a)

Reports as requested herein based on (a) the complexity of the Debtors' businesses, (b) the time

and resources that must be devoted by the Debtors' advisors and employees to collect, analyze,

and present the Rule 2015.3 Reports as prescribed in Official Form 26, and (c) the costs to the

Debtors' estates of preparing the Rule 2015.3 Reports.

---

[2]     Because of the voluminous nature of the orders cited herein, they are not attached to this Motion.  Copies of these orders are available upon request.

15.    The Debtors consist of 76 separate entities.  Debtor Endo International plc ("Endo") is the ultimate parent company of 82 domestic and foreign subsidiaries, which include 76 Debtor entities and 6 non-Debtor affiliate entities (the "Non-Debtor Affiliates").  Certain of the Debtors hold "a substantial or controlling interest," as those terms are defined by Bankruptcy Rule 2015.3(c), in the Non-Debtor Affiliates.

16.    To prepare the Rule 2015.3 Reports, the Debtors must gather specific information from the books and records of their Non-Debtor Affiliates that the Debtors' employees are unaccustomed to assembling.  Compiling the financial reports of the value, operations, and profitability of the Non-Debtor Affiliates in the brief time mandated by Rule 2015.3 in a case of this size and complexity would put undue strain on the Debtors' employees.  Furthermore, the Company does not currently prepare and maintain financial reports in the form required by Bankruptcy Rule 2015.3 for each of the Non-Debtor Affiliates.  In addition, the Debtors' employees and advisors are already engaged in numerous other tasks necessary to facilitate the Chapter 11 Cases, including the preparation of various other schedules, reports, and other papers required by the Bankruptcy Code, the Bankruptcy Rules, and the United States Securities and Exchange Commission (the "SEC").  The combination of these tasks have imposed substantial burdens on the Debtors' management, personnel, and advisors, in addition to the day-to-day operations of the Debtors' businesses.  Finally, no party-in-interest will be harmed by an extension of time.

17.    The Debtors submit that the considerations described above amply demonstrate that an extension of time is warranted.  Moreover, the Debtors and their advisors are in the process of evaluating the extent to which cause exists for this Court to vary the reporting

7

requirements for the Debtors' Rule 2015.3 Reports, as contemplated under Bankruptcy Rule 2015.3(d).

18.     Courts in this District have granted similar relief in other chapter 11 cases. *See e.g.*, *In re The McClatchy Company*, Case No. 20-10418 (MEW) (Bankr. S.D.N.Y. Feb. 14, 2020) [Docket No. 70] (extending the time to file until 30 days after the 341 Meeting); *In re Windstream Holdings, Inc.*, et al., Case No. 19-22312 (RDD) (Bankr. S.D.N.Y. Feb. 28, 2019) [Docket No. 54] (same); *In re Cenveo, Inc.*, No. 18-22178 (RDD) (Bankr. S.D.N.Y. Feb. 6, 2018) [Docket No. 42] (same); *In re International Shipholding Corp.*, Case No. 16-10992 (SMB) (Bankr. S.D.N.Y. Apr. 25, 2016) [Docket No. 68] (extending the time to file until 45 days after the 341 Meeting); *In re Eastman Kodak Company*, Case No. 12-10202 (ALG) (Bankr. S.D.N.Y. Jan. 19, 2012) [Docket No. 48] (same).

19.     Accordingly, the Debtors respectfully request that the Court extend the time in which the Debtors must file their initial Rule 2015.3 Reports or file a motion with the Court seeking appropriate modifications of such reporting requirements, for cause, until 45 days after the 341 Meeting.

**III.     The Requirements to File the Equity Security Holder List Under Bankruptcy Rule 1007(a)(3) and Provide the Notice of Commencement to Equity Security Holders Under Bankruptcy Rule 2002(d) Should Be Waived.**

20.     Bankruptcy Rule 1007(a)(3) provides that "[i]n a chapter 11 reorganization case, unless the court orders otherwise, the debtor must file within fourteen days after entry of the order for relief a list of the debtor's equity security holders of each class showing the number and kind of interests registered in the name of each holder, and the last known address or place of business of each holder." Fed. R. Bankr. P. 1007(a)(3). Further, Bankruptcy Rule 2002(d) provides that, unless otherwise ordered by the Court the Debtors shall provide notice to all equity security holders of the order for relief and any 341 Meeting. *See* Fed. R. Bankr. P. 2002(d).

21.     Endo is a public company.  As of the Petition Date, over 235 million shares of its common stock are outstanding on the Nasdaq stock exchange.  The ownership of these shares changes on a daily basis, with a 52-week average trading volume of over six million shares per day.  The remaining 75 Debtors are directly or indirectly owned by Endo.  The Debtors submit that preparing a list of all of Endo's equity security holders with last-known addresses and sending notice to all such parties will be burdensome, expensive, time consuming, and serve little or no beneficial purpose.  To the extent equity security holders are entitled to vote on a chapter 11 plan, those parties will be provided with the appropriate plan-related notices and will have an opportunity to participate in the Chapter 11 Cases.  In addition, upon commencement of the Chapter 11 Cases, the Debtors will publish the Notice of Commencement (a) once in the national edition of the *Wall Street Journal*, the national edition of *The New York Times* and *USA Today* at the discretion of the Debtors and (b) on both the website to be established by the claims and noticing agent and the Debtors' website in accordance with the relief sought in the *Motion of Debtors for an Order (I) Waiving the Requirement to File a List of Creditors, (II) Authorizing the Debtors and the Claims and Noticing Agent to Suppress Personally Identifiable Information for Individuals, (III) Authorizing the Claims and Noticing Agent to Withhold Publication of Claims Filed by Individuals Until Further Order of the Court, (IV) Establishing Procedures for Notifying Creditors of the Commencement of the Debtors' Chapter 11 Cases, and (V) Granting Related Relief*, filed contemporaneously herewith.

22.     In light of the foregoing, the Debtors submit that ample cause exists for the Court to waive (a) the requirement under Bankruptcy Rule 1007(a)(3) that the Debtors file the Equity Holder List and (b) the requirement under Bankruptcy Rule 2002(d) that the Debtors mail the Notice of Commencement to all equity security holders.

23.     Courts in this District have granted similar relief in other chapter 11 cases. *See e.g.*, *In re Windstream Holdings, Inc.*, et al., Case No. 19-22312 (RDD) (Bankr. S.D.N.Y. Feb. 28, 2019) [Docket No. 54] (waiving requirement that debtors file list of equity security holders); *In re Sears Holding Corp.*, Case No. 18-23538 (RDD) (Bankr. S.D.N.Y. Oct. 16, 2018) [Docket No. 112] (waiving requirement that debtors file list of, and mail notice of commencement to, equity security holders); *In re Cenveo, Inc.*, No. 18-22178 (RDD) (Bankr. S.D.N.Y. Feb. 6, 2018) [Docket No. 42] (waiving requirement that debtors file list of equity security holders); *In re SunEdison, Inc.*, Case No. 16-10992 (SMB) (Bankr. S.D.N.Y. Apr. 25, 2016) [Docket No. 64] (waiving requirement that debtors file list of, and mail notice of commencement to, equity security holders); *In re NII Holdings, Inc.*, Case No. 14-12611 (SCC) (Bankr. S.D.N.Y. Sept. 16, 2014) [Docket No. 28] (same).

## RESERVATION OF RIGHTS

24.     Nothing contained herein is or should be construed as: (a) an implication or admission as to the validity of any claim against the Debtors, (b) a waiver of the Debtors' or any other party-in-interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors, (c) a waiver of any claims or causes of action that may exist against any creditor or interest holder, (d) a promise to pay any claim, (e) a concession by the Debtors that any liens (contractual, common law, statutory or otherwise) satisfied pursuant to the Motion are valid (and all rights to contest the extent, validity or perfection or seek avoidance of all such liens are expressly reserved), (f) an approval, assumption, adoption, or rejection of any agreement, contract, program, policy, or lease between the Debtors and any third party under section 365 of the Bankruptcy Code, (g) a waiver of the obligation of any party in interest to file a proof of claim, or (h) otherwise affecting the Debtors' rights under section 365 of the Bankruptcy Code to assume or

10

reject any executory contract or unexpired lease.  If this Court grants the relief sought herein, any payment made pursuant to this Court's order is not intended to be and should not be construed as an admission to the validity of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

### NOTICE

25.     Notice of this Motion shall be given to (a) the U.S. Trustee; (b) counsel to the administrative agent under the Debtors' prepetition credit agreement; (c) counsel to the indenture trustee under each of the Debtors' outstanding bond issuances; (d) Gibson, Dunn & Crutcher LLP as counsel to the Ad Hoc First Lien Group (as defined in the First Day Declaration); (e) Paul, Weiss, Rifkind, Wharton & Garrison LLP as counsel to the Ad Hoc Cross-Holder Group (as defined in the First Day Declaration); (f) the U.S. Attorney for the Southern District of New York; (g) the attorneys general for all fifty states and the District of Columbia; (h) the Debtors' fifty largest unsecured creditors on a consolidated basis; (i) the Internal Revenue Service; (j) the Securities and Exchange Commission; (k) the proposed future claimants representative in the Chapter 11 Cases; (l) any party that has requested notice pursuant to Bankruptcy Rule 2002; and (m) any other party entitled to notice pursuant to Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York. The Debtors submit that no other or further notice need be provided.

### NO PRIOR REQUEST

26.     No prior request for the relief sought herein has been made to this or any other court.

### [REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

WHEREFORE the Debtors respectfully request that the Court (a) enter the Proposed Order in substantially the form attached hereto as **<u>Exhibit A</u>** and (b) grant such other and further relief as may be just and proper.

Dated: August 16, 2022
New York, New York

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By:

*/s/ Paul D. Leake*
Paul D. Leake
Lisa Laukitis
Shana A. Elberg
Evan A. Hill
One Manhattan West
New York, New York 10001
Telephone: (212) 735-3000
Fax: (212) 735-2000

*Proposed Counsel for the Debtors
and Debtors in Possession*

**<u>Exhibit A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re* | **Chapter 11** |
| **ENDO INTERNATIONAL plc, *et al.*,** | **Case No. 22-22549 (___)** |
| **Debtors.**[1] | **(Joint Administration Pending)** |

**ORDER (I) EXTENDING THE TIME TO FILE
SCHEDULES AND STATEMENTS OF FINANCIAL AFFAIRS;
(II) EXTENDING THE TIME TO FILE REPORTS OF FINANCIAL
INFORMATION REQUIRED UNDER BANKRUPTCY RULE 2015.3;
(III) WAIVING REQUIREMENT TO FILE LIST OF EQUITY
SECURITY HOLDERS AND PROVIDE NOTICE OF COMMENCEMENT
TO EQUITY SECURITY HOLDERS; AND (IV) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the debtors and debtors in possession (collectively, the "Debtors" and together with their non-debtor affiliates, the "Company") in the above-captioned cases (the "Chapter 11 Cases") for the entry of an order (i) extending the 14-day period to file schedules of assets and liabilities, schedules of current income and expenditures, schedules of executory contracts and unexpired leases, and statements of financial affairs (collectively, the "Schedules and Statements") by an additional 30 days, through and including September 29, 2022; (ii) extending the time to file reports of financial information with respect to entities in which the Debtors hold a controlling or substantial interest as set forth in Rule 2015.3(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") (the "2015.3 Reports") to

---

[1]     The last four digits of Debtor Endo International plc's tax identification number are 3755.  Due to the large number of debtors in the chapter 11 cases, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Endo. The location of the Debtors' service address for purposes of the chapter 11 cases is: 1400 Atwater Drive, Malvern, PA 19355.

[2]     Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

45 days after the meeting of creditors to be held pursuant to section 341 of the Bankruptcy Code (the "341 Meeting"); (iii) waiving requirement to (a) file a list of equity security holders as provided in Bankruptcy Rule 1007(a)(3) (the "Equity Holders List") and (b) provide notice of the commencement of the Chapter 11 Cases to equity security holders as required under Bankruptcy Rule 2002(d) (the "Notice of Commencement"); and (iv) granting related relief; all as more fully set forth in the Motion; and the Court having reviewed the Motion and having heard the statements of counsel regarding the relief requested in the Motion at a hearing before the Court (the "Hearing"); and the Court having found that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); (b) this is a core proceeding pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b); (c) venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and (d) due and proper notice of the Motion and the Hearing was sufficient under the circumstances; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and that such relief is in the best interests of the Debtors, their estates, creditors, and all parties in interest; now, therefore,

**IT IS HEREBY ORDERED THAT:**

1.    The Motion is GRANTED as set forth herein.

2.    The Debtors are hereby granted an extension of 30 days, until 44 days after the Petition Date (the "Extended Filing Deadline"), to file their Schedules and Statements.

3.    The time by which the Debtors must file their Rule 2015.3 Reports or, alternatively, to file a motion seeking a modification of the requirements of Rule 2015.3 for cause, is extended until 45 days after the 341 Meeting.

3

4.      The relief granted by this Order is without prejudice to the Debtors' right to seek further extensions of time to prepare and file their Schedules and Statements and Rule 2015.3 Reports.

5.      The requirement under Bankruptcy Rule 1007(a)(3) that the Debtors file the Equity Holders List within fourteen (14) days of the Petition Date is waived.

6.      The requirement under Bankruptcy Rule 2002(d) that the Debtors mail the Notice of Commencement to all equity security holders is waived.

7.      The requirements set forth in Local Rule 9013-1(b) are satisfied by the contents of the Motion.

8.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

9.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: [●], 2022
[●], New York


_____
THE HONORABLE [_____]
UNITED STATES BANKRUPTCY JUDGE


4