SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Paul D. Leake
Lisa Laukitis
Shana A. Elberg
Evan A. Hill
One Manhattan West
New York, New York 10001
Telephone: (212) 735-3000
Fax: (212) 735-2000

*Proposed Counsel to Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re* | **Chapter 11** |
| **ENDO INTERNATIONAL plc, *et al.*,** | **Case No. 22-22549 (___)** |
| **Debtors.**[1] | **(Joint Administration Pending)** |

**MOTION OF THE DEBTORS FOR AN ORDER**
**(I) ENFORCING AND RESTATING SECTIONS 362,**
**365, 525, AND 541 OF THE BANKRUPTCY CODE; (II)**
**APPROVING FORM AND MANNER OF NOTICE TO NON-U.S.**
**CUSTOMERS, SUPPLIERS, AND OTHER STAKEHOLDERS OF**
**THE DEBTORS; (III) APPROVING FORM AND MANNER OF NOTICE**
**TO NON-U.S. CUSTOMERS, SUPPLIERS, AND OTHER STAKEHOLDERS**
**OF THE NON-DEBTOR AFFILIATES; AND (IV) GRANTING RELATED RELIEF**

Endo International plc and its debtor affiliates, as debtors and debtors in possession

(collectively, the "Debtors" and together with their non-debtor affiliates, the "Company") in the

above-captioned chapter 11 cases (the "Chapter 11 Cases"), respectfully represent in support of

this motion (the "Motion") as follows:

---

[1]    The last four digits of Debtor Endo International plc's tax identification number are 3755.  Due to the large number of debtors in these chapter 11 cases, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Endo. The location of the Debtors' service address for purposes of these chapter 11 cases is: 1400 Atwater Drive, Malvern, PA 19355.

**RELIEF REQUESTED**

1.        By this Motion, and pursuant to sections 105(a), 362, 365, 525, and 541 of

title 11 of the United States Code (the "Bankruptcy Code") and Rules 6004 and 9020 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Debtors seek entry of an order,

substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), (a) enforcing and

restating the automatic stay provisions of section 362 of the Bankruptcy Code, the anti-termination

and anti-modification provisions of section 365 of the Bankruptcy Code, the anti-discrimination

provisions of section 525 of the Bankruptcy Code, and the anti-*ipso facto* provision of section

541(c) of the Bankruptcy Code; (b) approving the form and manner of notice, substantially in the

form attached as **Exhibit 1** to the Proposed Order (the "Proposed Debtor Notice"), to the non-U.S.

customers, suppliers, and other stakeholders of the Debtors, confirming that the Debtors are subject

to the supervision of the Bankruptcy Court and the protections of the Bankruptcy Code, including

the aforementioned provisions; (c) approving the form and manner of notice, substantially in the

form attached as **Exhibit 2** to the Proposed Order (the "Proposed Non-Debtor Notice"), to the non-

U.S. customers, suppliers, and other stakeholders of the Debtor's non-debtor affiliates (the "Non-

Debtor Affiliates"), confirming that the Non-Debtor Affiliates are not included in the Chapter 11

Cases, and thus are not subject to the supervision of the Bankruptcy Court nor the provisions of

the Bankruptcy Code that are the subject of this Motion; and (d) granting related relief.

2.        The Debtors seek the relief requested herein out of an abundance of caution

and to assist them in better informing parties outside of the United States of the broad protections

offered by the Bankruptcy Code.  For the avoidance of doubt, the Debtors do not seek to expand

or enlarge the rights afforded to them under the Bankruptcy Code.  Instead, the Debtors seek to

affirm those rights and believe that an order from this Court will help protect the Debtors against

improper actions taken by, and provide clarity for, foreign parties-in-interest and stakeholders of

the Debtors and their Non-Debtor Affiliates, giving the Debtors the best chance to effectuate a successful reorganization.

**JURISDICTION AND VENUE**

3.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.).  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

4.      Venue of the Chapter 11 Cases and this Motion is proper in this District under 28 U.S.C. §§ 1408 and 1409.

**BACKGROUND**

**I.      General Background**

5.      On the date hereof (the "Petition Date"), the Debtors each commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors have requested that the Chapter 11 Cases be jointly administered.

6.      The Debtors are authorized to continue to operate their businesses and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7.      No trustee, examiner or statutory committee of creditors has been appointed in the Chapter 11 Cases.

8.      Additional information regarding the Debtors, including their business operations, their corporate and capital structure, and the events leading to the commencement of the Chapter 11 Cases is set forth in the *Declaration of Mark Bradley in Support of Chapter 11 Petitions and First Day Papers* (the "First Day Declaration") filed contemporaneously herewith and incorporated herein by reference.

## II.     The Company's Global Business and Network

9.      As described in the First Day Declaration, the Company's global headquarters is located in Dublin, Ireland.  Collectively, the Debtors operate in five countries, including the United States, Canada, Ireland, the United Kingdom, and Luxembourg.  The Non-Debtor Affiliates have material operations in India.  As a result of the Debtors' and Non-Debtor Affiliates' international operations, they have material assets abroad, and many of the parties with which the Debtors and Non-Debtor Affiliates do business are located outside the United States.

10.     In the ordinary course of business, the Debtors and Non-Debtor Affiliates rely on foreign suppliers to provide certain critical goods and services, including supplying raw materials, manufacturing of the Company's products, packaging and labeling, warehousing, distribution, customer service, certain financial functions, and certain research and development activities.  These foreign vendors supply goods or services to the Debtors and Non-Debtor Affiliates that either cannot be obtained from other sources or cannot be obtained from other sources in sufficient quantity, quality, or without significant delays.

11.     These goods and services are essential to the Debtors' and Non-Debtor Affiliates' operations.  Without continued support from their foreign suppliers, the Debtors and Non-Debtor Affiliates would face severe interruptions in their daily operations.  Concurrently herewith, the Debtors have filed the *Motion of Debtors for Interim and Final Orders (I) Authorizing Payment of Certain Prepetition Specified Trade Claims; (II) Authorizing Financial Institutions to Honor and Process Related Checks and Transfers; and (III) Granting Related Relief* (the "Critical Vendor Motion").  Pursuant to the Critical Vendor Motion, the Debtors seek authority to continue their business in the ordinary course and satisfy certain prepetition and postpetition claims of foreign trade creditors against the Debtors (but not the Non-Debtor Affiliates) as and when they come due.  The Debtors anticipate that such relief will help deter

parties from attempting to exercise remedies or take adverse action against the Debtors in foreign

jurisdictions on account of the commencement of the Chapter 11 Cases.

12.     Foreign creditors and contract counterparties operating in various

jurisdictions may be unfamiliar with chapter 11 processes, including the scope of a debtor in

possession's authority to operate its business, and the import of the automatic stay.  As discussed

in detail in the Critical Vendor Motion, certain of the Debtors' foreign creditors could attempt to

assert liens against the Debtors' assets.  These creditors, and others, may attempt to seize assets

located outside of the United States or take other actions violating the automatic stay to the

detriment of the Debtors, their estates, and other creditors.  Furthermore, the Debtors provide

goods and services to customers located outside of the United States.  The Debtors owe certain of

these customers prepetition and ongoing obligations, which such parties may attempt to enforce in

violation of the automatic stay.  Additionally, upon the commencement of the Chapter 11 Cases,

foreign counterparties to certain leases and executory contracts could attempt to terminate such

leases or contracts, including pursuant to *ipso facto* provisions in contravention of sections 362

and 365 of the Bankruptcy Code.  Similarly, governmental units[2] outside of the United States may

deny, suspend, terminate, or otherwise place conditions upon certain licenses, permits, charters,

franchises, or other similar grants held by a Debtor and required for the Debtors' ongoing business

operations, in violation of section 525 of the Bankruptcy Code.  Thus, out of an abundance of

caution, the Debtors seek approval of the Proposed Debtor Notice, substantially in the form

attached to the Proposed Order as **Exhibit 1**, notifying the Debtors' non-U.S. customers, suppliers,

---

[2]     The Bankruptcy Code defines "governmental unit" as the "United States; State; Commonwealth; District; Territory; municipality; foreign state; department, agency, or instrumentality of the United States (but not a United States trustee while serving as a trustee in a case under this title), a State, a Commonwealth, a District, a Territory, a municipality, or a foreign state; *or other foreign or domestic government*."  11 U.S.C. § 101(27) (emphasis added).  Thus, the protections of section 525(a) of the Bankruptcy Code apply broadly to local, state, and foreign governmental units.

and other stakeholders of the protections of the Bankruptcy Code that are the subject of this Motion.

13.     Moreover, the Non-Debtor Affiliates similarly have a substantial body of non-U.S. customers, suppliers, and other stakeholders that are vital to their international operations, many of whom may be unsure of the impact of the Chapter 11 Cases on the Non-Debtor Affiliates.  The Debtors believe that certain of these foreign stakeholders may be hesitant or, worse yet, refuse to deal with the Non-Debtor Affiliates under the mistaken assumption that the Non-Debtor Affiliates are part of the Chapter 11 Cases and subject to the protective provisions of the Bankruptcy Code.  This would substantially impair and impede the operations of the Non-Debtor Affiliates, which would have a corresponding detrimental impact on the Debtors given the Company's substantial reliance on intercompany relationships to operate its global business.  Accordingly, the Debtors believe it is equally important to notify these foreign stakeholders pursuant to the Proposed Non-Debtor Notice, substantially in the form attached to the Proposed Order as **Exhibit 2**, that the Non-Debtor Affiliates are not part of the Chapter 11 Cases, and thus not subject to the supervision of this Court nor the protections of the Bankruptcy Code.

## BASIS FOR RELIEF

I.    **Enforcing the Protections of Sections 362, 365, 525, and 541(c) of the Bankruptcy Code and Providing Notice to the Debtors' Foreign Stakeholders is Necessary to the Debtors' Reorganization.**

A.    **The Automatic Stay Provisions of Section 362 of the Bankruptcy Code Apply Extraterritorially.**

14.     As a result of the commencement of the Chapter 11 Cases, the automatic stay imposed pursuant to section 362 of the Bankruptcy Code enjoins (subject to certain enumerated exceptions) all persons and all governmental units from, among other things: (a) commencing or continuing any judicial, administrative, or other proceeding against the Debtors

that was or could have been commenced before the Petition Date; (b) recovering upon a claim against any of the Debtors that arose before the Petition Date; (c) enforcing a judgment against any of the Debtors or property of their estates that was obtained before the Petition Date; and (d) taking any action to collect, assess, or recover a claim against any of the Debtors that arose before the Petition Date.  *See* 11 U.S.C. § 362(a).

15.     The injunction contained in section 362 of the Bankruptcy Code is a core protection for debtors, providing them with a "breathing spell from [their] creditors," which, in combination with other provisions of the Bankruptcy Code, is essential to the Debtors' ability to reorganize successfully.  *See* H.R. Rep. No. 95-595, at 340 (1977).  The automatic stay becomes effective immediately upon the filing of a bankruptcy case, and applies both in the United States and extraterritorially.  *See, e.g.*, *In re Soundview Elite, Ltd.*, 503 B.R. 571, 584 (Bankr. S.D.N.Y. 2014) ("U.S. law is clear that immediately upon the filing of the Debtors' chapter 11 petition, the U.S. automatic stay became effective, both in the U.S. and extraterritorially" (citations omitted)).

16.     Given its fundamental importance to a debtor's reorganization, courts have broadly construed the Bankruptcy Code's automatic stay provisions to apply worldwide.  *See, e.g.*, *Hong Kong & Shanghai Banking Corp. v. Simon (In re Simon)*, 153 F.3d 991, 996 (9th Cir. 1998) ("Congress intended extraterritorial application of the Bankruptcy Code as it applies to property of the estate.");  *In re NextWave Pers. Commc'ns. Inc.*, 244 B.R. 253, 271 (Bankr. S.D.N.Y. 2000) ("The automatic stay is broadly written and broadly construed.");  *Secs. Investor Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC (In re Bernard L. Madoff Inv. Secs. LLC)*, No. 08-1789 (BRL), 2012 WL 1570859, at *9 (S.D.N.Y. May 4, 2012) (upholding extraterritorial enforcement of the automatic stay and injunction barring foreign creditor's lawsuit);  *Nakash v. Zur (In re Nakash)*,

190 B.R. 763, 767-68 (Bankr. S.D.N.Y. 1996) ("[T]he stay applies to actions against the debtor and his property outside the U.S.").

17.     As such, the automatic stay established by section 362 of the Bankruptcy Code applies to both the Debtors' foreign and domestic creditors, regardless of location, and any creditor that violates the stay may face sanctions by the Court.  *See* 11 U.S.C. § 362; *see also In re Soundview Elite*, 503 B.R. at 584.  However, domestic and foreign creditors unfamiliar with the automatic stay or the scope thereof may attempt to proceed against the Debtors' worldwide property, business, operations, or assets despite the commencement of the Chapter 11 Cases.  Any such unilateral self-help action would adversely affect the Debtors' operations and potentially jeopardize the Debtors' reorganization efforts, resulting in irreparable harm to the Debtors' estates.  Accordingly, the Debtors believe the Proposed Order is necessary to ensure creditor compliance with the automatic stay.

**B.     Sections 365 and 541 of the Bankruptcy Code Prohibit Parties to a Contract From Terminating or Modifying Such Contract Against the Debtor.**

18.     Section 365(e)(1)(B) of the Bankruptcy Code prohibits counterparties to Debtor contracts from terminating or modifying such contracts, including any right or obligation thereunder, solely because of a provision in such contract or lease that is conditioned on (a) the insolvency or financial condition of any Debtor at any time before the closing of the Chapter 11 Cases; or (b) the commencement of the Chapter 11 Cases.  11 U.S.C. § 365(e)(1)(B).  Section 365 of the Bankruptcy Code also prohibits, absent court approval, third parties from enforcing the terms of a contract against the Debtors.  *See NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 531–32 (1984).  Thus, section 365(e) of the Bankruptcy Code invalidates so-called contractual *ipso facto* provisions that provide for the termination of a contract based solely upon a party's financial condition.

8

19.    Similarly, provisions in agreements, transfer instruments, or applicable non-bankruptcy law are unenforceable if any such provision "restricts or conditions transfer of such interest by the debtor" or:

> is conditioned on the insolvency or financial condition of the debtor, on the commencement of a case under this title, or on the appointment of or taking possession by a trustee in a case under this title or a custodian before such commencement, and that effects or gives an option to effect a forfeiture, modification, or termination of the debtor's interest in property.

11 U.S.C. § 541(c)(1).

20.    Courts have held that the automatic stay under section 362 of the Bankruptcy Code precludes unilateral actions by nondebtor parties to terminate contracts without a court order. *See In re Calpine Corp.*, No. 06-10678, 2009 Bankr. LEXIS 1041, at *15 (Bankr. S.D.N.Y. May 7, 2009). Moreover, "[c]ourts have consistently held that contract rights are property of the estate." *In re Enron Corp.*, 300 B.R. 201, 212 (Bankr. S.D.N.Y. 2003) (quoting *Elder-Beerman Stores Corp. v. Thomasville Furniture Indus., Inc. (In re Elder-Beerman Stores Corp.)*, 195 B.R. 1019, 1023 (Bankr. S.D. Ohio 1996)). As noted above, section 362 of the Bankruptcy Code prohibits third parties from exercising control over property of the estate. 11 U.S.C. § 362(a). Accordingly, the Bankruptcy Code prohibits third parties from modifying or terminating contracts absent court approval, subject to certain express statutory exceptions. *See, e.g., Bildisco*, 465 U.S. at 531 (holding that while the debtor may enforce the terms of the contract against the creditor, the creditor is "precluded from . . . enforcing the contract terms" of an executory contract prior to assumption by the debtor).

21.    Nevertheless, the Debtors believe that, upon learning of the commencement of the Chapter 11 Cases, executory contract and unexpired lease counterparties outside of the United States may try to terminate such executory contracts or unexpired leases

pursuant to bankruptcy termination provisions contained therein, the enforcement of which would be in direct violation of the Bankruptcy Code. Any such action would harm the Debtors' operations and potentially jeopardize the Debtors' reorganization efforts. Accordingly, the Debtors believe a court order is necessary to ensure the continuation of the Debtors' contracts.

### C.    Section 525 of the Bankruptcy Code Prohibits Governmental Units From Discriminating Against the Debtors.

22.    Section 525 of the Bankruptcy Code prohibits governmental units from, among other things: (a) denying, revoking, suspending, or refusing to renew any license, permit, charter, franchise, or other similar grant to the Debtors; (b) placing conditions upon such a grant to the Debtors; or (c) discriminating against the Debtors with respect to such a grant solely on account of (i) the commencement of the Chapter 11 Cases; (ii) the Debtors' insolvency; or (iii) the fact that the Debtors have not paid a debt that is dischargeable in the Chapter 11 Cases. 11 U.S.C. § 525(a); *see also FCC v. NextWave Pers. Commc'ns Inc.*, 537 U.S. 293, 307 (2003) ("The government is not to revoke a bankruptcy debtor's license [under section 525(a) of the Bankruptcy Code] solely because of a failure to pay his debts.").

23.    The Debtors are parties to contracts and possess licenses or other grants from governmental units located throughout the world, both domestically and internationally, that are necessary to the conduct of the Debtors' business. Certain of the foreign governmental units may not be cognizant of the protections afforded to the Debtors by section 525 of the Bankruptcy Code, and, therefore, may inadvertently contravene its provisions. By this Motion, the Debtors seek to ensure that governmental units worldwide do not hamper the Debtors' operations in contravention of the protections of section 525 of the Bankruptcy Code.

24.    Moreover, the Debtors, through entry of the Proposed Order and service of the Proposed Debtor Notice attached as **Exhibit 1** thereto, seek to reinforce and inform such

governmental entities and other stakeholders of the existence and implications of sections 362, 365, 541, and 525 of the Bankruptcy Code.

**II.     Providing Notice to the Non-Debtor Affiliates' Foreign Stakeholders is Necessary to the Debtors' Reorganization.**

25.     As noted above, the Non-Debtor Affiliates, who are not party to the Chapter 11 Cases, also maintain international operations and conduct business with many non-U.S. stakeholders, primarily in India.  Such stakeholders include trade creditors, vendors, and other foreign businesses and individuals who may not be familiar with the Bankruptcy Code nor U.S. bankruptcy proceedings, and may be unaware that the Non-Debtor Affiliates are excluded from the Chapter 11 Cases.  The Debtors believe it is imperative to communicate to the Non-Debtor Affiliates' non-U.S. customers, suppliers, and other stakeholders that the Non-Debtor Affiliates are not included in the Chapter 11 Cases and, thus, are not subject to this Court's supervision nor the provisions of the Bankruptcy Code that are the subject of this Motion.

26.     The Debtors fear some third parties may be hesitant or, worse yet, refuse to deal with Non-Debtor Affiliates under the mistaken assumption that the Non-Debtor Affiliates are part of the Chapter 11 Cases, which would likely impede or impair the operations of the Non-Debtor Affiliates abroad, primarily the Company's operations in India.  This would in turn have a direct, significant impact on the Debtors', and the Company's, worldwide operations, and thus the Debtors' reorganization efforts, because the Debtors and Non-Debtor Affiliates rely on intercompany relationships to facilitate the Company's global business.  Thus, the Debtors believe providing the Proposed Non-Debtor Notice, substantially in the form attached as **Exhibit 2** to the Proposed Order, to the non-U.S. customers, suppliers, and other stakeholders of the Non-Debtor Affiliates, and thereby clarifying that the Non-Debtor Affiliates are not part of the Chapter 11 Cases and, thus, not subject to this Court's supervision nor the provisions of the Bankruptcy Code

that are the subject of this Motion, will sustain the confidence of the customers of, and minimize the risk of an interruption in the supply of goods and services to, the Non-Debtor Affiliates.

### III.    The Relief Requested Should be Granted Under Section 105(a) of the Bankruptcy Code.

27.    Pursuant to section 105(a) of the Bankruptcy Code, the Court may issue "any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).  Section 105(a) therefore authorizes a bankruptcy court to issue injunctions or take other necessary steps in aid of its jurisdiction. *See, e.g.*, *United States v. Sutton*, 786 F.2d 1305, 1307 (5th Cir. 1986); *MacArthur Co. v. Johns-Manville Corp.* (*In re Johns-Manville Corp.*), 837 F.2d 89, 93 (2d Cir. 1988).

28.    Although sections 362, 365, 525, and 541 of the Bankruptcy Code are self-executing, entry of the Proposed Order and service of the Proposed Debtor Notice and the Proposed Non-Debtor Notice will aid the Debtors in explaining to their creditors, particularly their foreign creditors, the existence and broad scope of these protections and their applicability to the Debtors and Non-Debtor Affiliates, and their respective creditors and other stakeholders. It will help ensure that: (a) creditors are less likely to seize the Debtors' assets or take other actions violating the automatic stay; (b) parties to unexpired leases and executory contracts with the Debtors continue to perform their duties and obligations thereunder; (c) governmental units do not unfairly discriminate or take action against the Debtors in violation of the Bankruptcy Code; and (d) the dealings of foreign parties with the Non-Debtor Affiliates are not unnecessarily impeded, or ceased all together.  As such, the relief requested herein will facilitate the Debtors' orderly transition into chapter 11 and minimize the disruption of their businesses.

29.    Bankruptcy courts in this jurisdiction and others have entered similar orders restating and enforcing the protections set forth in sections 362, 365, 525, and 541 of the

12

Bankruptcy Code, and providing similar notices, under similar circumstances.  *See, e.g., In re Mallinckrodt PLC*, Case No. 20-12522 (JTD) (Bankr. D. Del. Oct. 14, 2020) [Docket No. 215]; *In re Ver Techs. Holdco LLC*, Case No. 18-10834 (KGG) (Bankr. D. Del May 4, 2018) [Docket No. 230]; *In re Toisa Ltd.*, Case No. 17-10184 (SCC) (Bankr. S.D.N.Y. Jan. 30, 2017) [Docket No. 30]; *In re Ezra Holdings, Ltd.*, Case No. 17-22405 (RDD) (Bankr. S.D.N.Y. March 27, 2017) [Docket No. 28]; *In re NII Holding, Inc.*, Case No. 14-12611 (SCC) (Bankr. S.D.N.Y. Sept. 16, 2014) [Docket No. 29]; *In re Nautilus Holdings Ltd.*, Case No. 14-22885 (RDD) (Bankr. S.D.N.Y. June 25, 2014) [Docket No. 30]; *In re Excel Marine Carriers Ltd.*, Case No. 13-23060 (RDD) (Bankr. S.D.N.Y. July 3, 2013) [Docket No. 34].[3]

30.     Accordingly, the Debtors request that this Court grant the Proposed Order, which substantially restates the applicable provisions of sections 362, 365, 525, and 541 of the Bankruptcy Code, and approves the Proposed Debtor Notice and Proposed Non-Debtor Notice.  In addition, given the vulnerability of the Debtors' operations to immediate disruption if parties violate these provisions of the Bankruptcy Code, the Debtors seek authority to immediately serve or file a notice of violation of the Bankruptcy Code.

## **RESERVATION OF RIGHTS**

31.     Nothing contained herein is or should be construed as: (a) an implication or admission as to the validity of any claim against the Debtors, (b) a waiver of the Debtors' or any other party-in-interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors, (c) a waiver of any claims or causes of action that may exist against any creditor or interest holder, (d) a promise to pay any claim, (e) a concession by the Debtors that any liens

---

[3]     Because of the voluminous nature of the orders cited herein, they are not attached to this Motion.  Copies of these orders, however, are available on request.

(contractual, common law, statutory or otherwise) satisfied pursuant to this Motion are valid (and all rights to contest the extent, validity or perfection or seek avoidance of all such liens are expressly reserved), (f) an approval, assumption, adoption, or rejection of any agreement, contract, program, policy, or lease between the Debtors and any third party under section 365 of the Bankruptcy Code, (g) a waiver of the obligation of any party in interest to file a proof of claim, or (h) otherwise affecting the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease.  If this Court grants the relief sought herein, any payment made pursuant to this Court's order is not intended to be and should not be construed as an admission to the validity of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

## **<u>NOTICE</u>**

32.     Notice of this Motion shall be given to (a) the U.S. Trustee; (b) counsel to the administrative agent under the Debtors' prepetition credit agreement; (c) counsel to the indenture trustee under each of the Debtors' outstanding bond issuances; (d) Gibson, Dunn & Crutcher LLP as counsel to the Ad Hoc First Lien Group (as defined in the First Day Declaration); (e) Paul, Weiss, Rifkind, Wharton & Garrison LLP as counsel to the Ad Hoc Cross-Holder Group (as defined in the First Day Declaration); (f) the U.S. Attorney for the Southern District of New York; (g) the attorneys general for all fifty states and the District of Columbia; (h) the Debtors' fifty largest unsecured creditors on a consolidated basis; (i) the Internal Revenue Service; (j) the Securities and Exchange Commission; (k) the proposed future claimants representative in the Chapter 11 Cases; (l) any party that has requested notice pursuant to Bankruptcy Rule 2002; and (m) any other party entitled to notice pursuant to Local Rule 9013-1(b).  The Debtors submit that no other or further notice need be provided.

**NO PRIOR REQUEST**

33.    No prior request for the relief sought herein has been made to this or any other court.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

WHEREFORE the Debtors respectfully request that the Court (a) enter the Proposed Order in substantially the form attached hereto as **Exhibit A** and (b) grant such other and further relief as may be just and proper.

Dated: August 16, 2022             SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
       New York, New York

                              */s/ Paul D. Leake*

                  By:   Paul D. Leake
                       Lisa Laukitis
                       Shana A. Elberg
                       Evan A. Hill
                       One Manhattan West
                       New York, New York 10001
                       Telephone: (212) 735-3000
                       Fax: (212) 735-2000

                       *Proposed Counsel for the Debtors*
                       *and Debtors in Possession*

**<u>Exhibit A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| *In re* | **Chapter 11** |
| **ENDO INTERNATIONAL plc,** *et al.*, | **Case No. 22-22549 (___)** |
| **Debtors.**[1] | **(Joint Administration Pending)** |
|  | Related Docket No. ____ |

**ORDER (I) ENFORCING AND RESTATING SECTIONS
362, 365, 525, AND 541 OF THE BANKRUPTCY CODE; (II)
APPROVING FORM AND MANNER OF NOTICE TO NON-U.S.
CUSTOMERS, SUPPLIERS, AND OTHER STAKEHOLDERS OF
THE DEBTORS; (III) APPROVING FORM AND MANNER OF NOTICE
TO NON-U.S. CUSTOMERS, SUPPLIERS, AND OTHER STAKEHOLDERS
OF THE NON-DEBTOR AFFILIATES; AND (IV) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the debtors and debtors in possession (collectively, the "Debtors" and together with their non-debtor affiliates, the "Company") in the above-captioned cases (the "Chapter 11 Cases") for an order (a) enforcing and restating the automatic stay provisions of section 362 of the Bankruptcy Code, the anti-termination and anti-modification provisions of section 365 of the Bankruptcy Code, the anti-discrimination provisions of section 525 of the Bankruptcy Code, and the anti-*ipso facto* provision of section 541(c) of the Bankruptcy Code; (b) approving the form and manner of notice, substantially in the form attached as **Exhibit 1** hereto (the "Proposed Debtor Notice"), to the non-U.S. customers, suppliers, and other stakeholders and governmental entities of the Debtors, confirming that the Debtors are

---

[1]    The last four digits of Debtor Endo International plc's tax identification number are 3755. Due to the large number of debtors in these chapter 11 cases, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Endo. The location of the Debtors' service address for purposes of these chapter 11 cases is: 1400 Atwater Drive, Malvern, PA 19355.

[2]    Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

subject to the supervision of the Bankruptcy Court and the protections of the Bankruptcy Code, including the foregoing provisions; (c) approving the form and manner of notice, substantially in the form attached as **Exhibit 2** hereto (the "Proposed Non-Debtor Notice"), to the non-U.S. customers, suppliers, and other stakeholders of the Non-Debtor Affiliates, confirming that the Non-Debtor Affiliates are not included in the Chapter 11 Cases, and thus are not subject to the supervision of the Bankruptcy Court nor the provisions of the Bankruptcy Code that are the subject of the Motion; and (d) granting related relief, all as more fully set forth in the Motion; and the Court having reviewed the Motion and the First Day Declaration and having heard the statements of counsel regarding the relief requested in the Motion at a hearing before the Court (the "Hearing"); and the Court having found that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); (b) this is a core proceeding pursuant to 28 U.S.C. §§ 157 and 1334; (c) venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and (d) due and proper notice of the Motion and the Hearing was sufficient under the circumstances; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors and other parties-in-interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED solely to the extent set forth herein.

2.      Subject to any relevant provisions or exceptions to the automatic stay contained in section 362(b) of the Bankruptcy Code and applicable law, and the right of any party-in-interest to seek relief from the automatic stay in accordance with section 362(d) of the

2

Bankruptcy Code, all persons (including individuals, partnerships, corporations, and other entities and all those acting on their behalf) and governmental units, whether of the United States, any state or locality therein or any territory or possession thereof, or any foreign jurisdiction (including any division, department, agency, instrumentality, or service thereof, and all those acting on their behalf), are hereby stayed, restrained, and enjoined from:

    (a)    commencing or continuing any judicial, administrative, or other action or proceeding (including, but not limited to, any bankruptcy, liquidation, suspension of payments, or any and all other similar proceedings in a foreign jurisdiction) against the Debtors that was or could have been commenced before the Petition Date, or an act to recover a claim against the Debtors that arose before the Petition Date;

    (b)    taking any action to collect, assess, or recover a claim against the Debtors that arose before the Petition Date;

    (c)    enforcing, against the Debtors or against property of their estates whether located in the United States or in any foreign jurisdiction, including, without limitation, Ireland, Canada, the United Kingdom, and Luxembourg, a judgment or order obtained before the Petition Date;

    (d)    taking any action to obtain possession of property of the Debtors' estates or to exercise control over property of their estates wherever located in the United States or in any foreign jurisdiction, including, without limitation, Ireland, Canada, the United Kingdom, and Luxembourg, or interfere in any way with the conduct by the Debtors of their business, including, without limitation, attempts to seize or reclaim any equipment, supplies, or other assets the Debtors use in their business;

    (e)    taking any action to create, perfect, or enforce any lien against property of any of the Debtors' estates;

    (f)    taking any action to create, perfect, or enforce any lien to the extent that such lien secures a claim that arose before the Petition Date;

    (g)    offsetting any debt owing to any of the Debtors that arose before the Petition Date; and

    (h)    commencing or continuing a proceeding before the United States Tax Court concerning a tax liability of the Debtors for a taxable period the bankruptcy court may determine.

3.      All persons and all foreign and domestic governmental units, and all those acting on their behalf, including sheriffs, marshals, constables, and other or similar law enforcement officers and officials are stayed, restrained, and enjoined from in any way seizing, attaching, foreclosing upon, levying against, or in any other way interfering with any and all property of any of the Debtors, wherever located.

4.      Pursuant to and to the extent set forth in section 365 of the Bankruptcy Code, and subject to any relevant provisions or exceptions in the Bankruptcy Code and applicable law, all persons (including individuals, partnerships, corporations, and all those acting for or on their behalf) and all foreign or domestic governmental units (and all those acting for or on their behalf) are hereby prohibited from modifying or terminating any executory contract or unexpired lease, or any right or obligation under such contract or lease, at any time after the commencement of the Chapter 11 Cases solely because of a provision in such contract or lease that is conditioned on (a) the insolvency or financial condition of any Debtor at any time before the closing of the Chapter 11 Cases; or (b) the commencement of the Chapter 11 Cases.

5.      Pursuant to and to the extent set forth in section 525 of the Bankruptcy Code, and subject to any relevant provisions or exceptions in the Bankruptcy Code and applicable law, a foreign or domestic governmental unit may not (a) deny, revoke, suspend, or refuse to renew a license, permit, charter, franchise, or other similar grant to the Debtors; (b) place conditions upon such a grant to the Debtors; or (c) discriminate against the Debtors with respect to such a grant, on account of (i) the commencement of the Chapter 11 Cases, (ii) the Debtors' insolvency, or (iii) the fact that the Debtors have not paid a debt that is dischargeable in the Chapter 11 Cases.

6.      Pursuant to and to the extent set forth in section 541(c) of the Bankruptcy Code, and subject to any relevant provisions or exceptions in the Bankruptcy Code and applicable

4

law, any interest of the Debtors in property becomes property of the estates, notwithstanding any provision in any agreement, transfer instrument, or applicable non-bankruptcy law, that: (a) restricts or conditions transfer of such interest by the Debtors, or (b) is conditioned on the insolvency or financial condition of the Debtors or on the commencement of the Chapter 11 Cases, and that effects or gives an option to effect a forfeiture, modification, or termination of the Debtors' interest in property.

7.      The Debtors are authorized, but not directed, to provide notice to parties, as the Debtors determine is appropriate in their sole discretion, of the Chapter 11 Cases and a list of Debtors and Non-Debtor Affiliates.  The Debtors are authorized to procure and provide true and correct foreign-language translations of the Motion, this Order, or any other materials filed in the Chapter 11 Cases to any foreign party in interest at the Debtors' discretion.

8.      Nothing in this Order or the Motion shall constitute a rejection or assumption by the Debtors, as debtors in possession, of any executory contract or unexpired lease.

9.      This Order shall not affect the substantive rights of any party, nor create any rights, defenses, or arguments not otherwise available under applicable law.  Specifically, this Order shall not affect the exceptions contained in sections 362(b), 365(b)(4), and 365(e)(2) of the Bankruptcy Code or the right of any party-in-interest to seek relief from the automatic stay in accordance with section 362(d) of the Bankruptcy Code or with respect to an unexpired lease or executory contract under section 365 of the Bankruptcy Code.

10.     In accordance with the Bankruptcy Code, the Bankruptcy Rules, and applicable law, upon request of a party in interest, and after notice and a hearing, this Court may grant relief from the restraints imposed herein in the event that it is necessary, appropriate, and warranted to terminate, annul, modify, or condition the injunctive relief herein.

11.     For the avoidance of doubt, this Order does not expand or enlarge the rights afforded to the Debtors under the Bankruptcy Code.

12.     The form of the Proposed Debtor Notice, attached as **Exhibit 1** hereto, is approved.  The Debtors are authorized, but not directed, to serve the Proposed Debtor Notice upon the Debtors' creditors, governmental units, or other regulatory authorities, and/or interested parties wherever located; *provided* that, upon reasonable request, the Debtors will provide counsel to the Ad Hoc First Lien Group with a list of any recipients of the Proposed Debtor Notice.

13.     The form of the Proposed Non-Debtor Notice, attached as **Exhibit 2** hereto, is approved.  The Debtors are authorized, but not directed, to serve the Proposed Non-Debtor Notice upon the Non-Debtor Affiliates' creditors, governmental units, or other regulatory authorities, and/or interested parties wherever located; *provided* that, upon reasonable request, the Debtors will provide counsel to the Ad Hoc First Lien Group with a list of any recipients of the Proposed Debtor Notice.

14.     The Debtors are authorized and empowered to take all actions necessary to effectuate the relief granted in this Order.

15.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: [●], 2022
[●], New York

_____
THE HONORABLE [_____]
UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT 1**

**Proposed Debtor Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re* | **Chapter 11** |
| **ENDO INTERNATIONAL plc,** *et al.*, | **Case No. 22-22549 (___)** |
| **Debtors.**[1] | **(Joint Administration Pending)** |
| | **Related Docket No. ____** |

### NOTICE TO DEBTORS' NON-U.S. CUSTOMERS, SUPPLIERS AND OTHER STAKEHOLDERS OF ENTRY OF ORDER ENFORCING AND RESTATING SECTIONS 362, 365, 525, AND 541 OF THE BANKRUPTCY CODE

**YOU ARE RECEIVING THIS NOTICE BECAUSE YOU ARE A NON-U.S. CUSTOMER, SUPPLIER, OR OTHER STAKEHOLDER OF THE DEBTORS IN THE ABOVE-CAPTIONED CHAPTER 11 CASES. YOU SHOULD READ THIS NOTICE CAREFULLY AND CONSULT WITH AN ATTORNEY IF YOU HAVE ANY QUESTIONS.**

> **PLEASE TAKE NOTICE** that the above-captioned debtors and debtors in possession (the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court") on August 16, 2022 (the "Petition Date"). The Debtors' chapter 11 cases (the "Chapter 11 Cases") are pending before the Honorable Judge [___], United States Bankruptcy Judge, and are being jointly administered under the lead case *In re Endo Int'l plc, et. al.*, Case No. 22-22549. The Debtors are listed on **Exhibit A** annexed hereto.

---

[1]    The last four digits of Debtor Endo International plc's tax identification number are 3755. Due to the large number of debtors in these chapter 11 cases, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Endo. The location of the Debtors' service address for purposes of these chapter 11 cases is: 1400 Atwater Drive, Malvern, PA 19355.

**PLEASE TAKE FURTHER NOTICE** that pursuant to section 362(a) of the Bankruptcy Code, the Debtors' filing of their respective voluntary petitions operates as a self-effectuating, statutory stay or injunction, applicable to all entities, and protects the Debtors from, among other things:

(a) commencing or continuing any judicial, administrative, or other action or proceeding (including, but not limited to, any bankruptcy, liquidation, suspension of payments, or any and all other similar proceedings in a foreign jurisdiction) against the Debtors that was or could have been commenced before the Petition Date, or an act to recover a claim against the Debtors that arose before the Petition Date;

(b) taking any action to collect, assess, or recover a claim against the Debtors that arose before the Petition Date;

(c) enforcing, against the Debtors or against property of their estates whether located in the United States or in any foreign jurisdiction, including, without limitation, Ireland, Canada, the United Kingdom, and Luxembourg, a judgment or order obtained before the Petition Date;

(d) taking any action to obtain possession of property of the Debtors' estates or to exercise control over property of their estates wherever located in the United States or in any foreign jurisdiction, including, without limitation, Ireland, Canada, the United Kingdom, and Luxembourg, or interfere in any way with the conduct by the Debtors of their business, including, without limitation, attempts to seize or reclaim any equipment, supplies, or other assets the Debtors use in their business;

(e) taking any action to create, perfect, or enforce any lien against property of any of the Debtors' estates;

(f) taking any action to create, perfect, or enforce any lien to the extent that such lien secures a claim that arose before the Petition Date;

(g) offsetting any debt owing to any of the Debtors that arose before the Petition Date; and

(h) commencing or continuing a proceeding before the United States Tax Court concerning a tax liability of the Debtors for a taxable period the bankruptcy court may determine.[2]

---

[2] Nothing herein shall constitute a waiver of the right to assert any claims, counterclaims, defenses, rights of setoff or recoupment, or any other claims of the Debtors against any party to the Chapter 11 Cases. The Debtors expressly reserve the right to contest any claims which may be asserted against the Debtors.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the *Order (I) Enforcing and Restating Sections 362, 365, 525, and 541 of the Bankruptcy Code; (II) Approving Form and Manner of Notice to Non-U.S. Customers, Suppliers, and Other Stakeholders of the Debtors; (III) Approving Form and Manner of Notice to Non-U.S. Customers, Suppliers, and Other Stakeholders of the Non-Debtor Affiliates; and (IV) Granting Related Relief* (the "Order") [Docket No. [_]], entered on [___], 2022, and attached hereto as **Exhibit B**, all persons wherever located (including individuals, partnerships, corporations, and other entities and all those acting on their behalf), including persons party to a contract or agreement with the Debtors and governmental units, whether of the United States, any state or locality therein, or any territory or possession thereof, or any foreign country (including any division, department, agency, instrumentality, or service thereof, and all those acting on their behalf), are hereby put on notice that they are subject to the Order and must comply with its terms and provisions.

**PLEASE TAKE FURTHER NOTICE** that any entity that seeks to assert claims, interests, causes of action, or other legal or equitable remedies, or otherwise exercise any rights in law or equity, against the Debtors or their estates must do so in front of the Court pursuant to the Bankruptcy Code and applicable law.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, and to the extent provided in section 525 of the Bankruptcy Code, any governmental agency, department, division or subdivision, or any similar governing authority is prohibited from, among other things: (a) denying, revoking, suspending, or refusing to renew any license, permit, charter, franchise, or other similar grant to the Debtors; (b) placing conditions upon such a grant to the Debtors; or (c) discriminating against the Debtors with respect to such a grant, on account of (i) the

commencement of the Chapter 11 Cases, (ii) the Debtors' insolvency, or (iii) the fact that the Debtors have not paid a debt that is dischargeable in the Chapter 11 Cases.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, and to the extent provided in section 365 of the Bankruptcy Code, parties to contracts or agreements with the Debtors are prohibited from terminating such contracts or agreements because of a Debtors' bankruptcy filing, except as permitted by the Court under applicable law.

**PLEASE TAKE FURTHER NOTICE** that pursuant to sections 105(a) and 362(k) of the Bankruptcy Code and Rule 9020 of the Federal Rules of Bankruptcy Procedure, among other applicable substantive law and rules of procedure, any person or governmental unit seeking to assert its rights or obtain relief outside of the processes set forth in the Order, the Bankruptcy Code, and applicable law may be subject to proceedings in front of the Court for failure to comply with the Order and applicable law, including contempt proceedings resulting in fines, sanctions, and punitive damages against the entity and its assets inside the United States.

**PLEASE TAKE FURTHER NOTICE** that additional information regarding the Debtors' Chapter 11 Cases, including copies of pleadings filed therein, may be obtained by: (i) accessing the Debtors' publicly available website providing information regarding the Chapter 11 Cases, located online at https://restructuring.ra.kroll.com/Endo; or (ii) contacting the following proposed counsel for the Debtors.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

4

Dated: [_____]
     New York, New York       SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

                  By:   *DRAFT*_____
                         Paul D. Leake
                         Lisa Laukitis
                         Shana A. Elberg
                         Evan A. Hill
                         One Manhattan West
                         New York, New York 10001
                         Telephone: (212) 735-3000
                         Fax: (212) 735-2000

                         *Proposed Counsel for the Debtors*
                         *and Debtors in Possession*

**EXHIBIT A**

**List of Debtors**

**EXHIBIT B**

**Order**

**EXHIBIT 2**

**Proposed Non-Debtor Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re*<br><br>**ENDO INTERNATIONAL plc, *et al.*,**<br><br>**Debtors.**[1] | **Chapter 11**<br><br>**Case No. 22-22549 (___)**<br><br>**(Joint Administration Pending)**<br><br>Related Docket No. ____ |

**NOTICE TO THE NON-U.S. CUSTOMERS, SUPPLIERS, AND**
**OTHER STAKEHOLDERS OF THE DEBTORS' NON-DEBTOR AFFILIATES**

**YOU ARE RECEIVING THIS NOTICE BECAUSE YOU ARE A NON-U.S. CUSTOMER, SUPPLIER, OR OTHER STAKEHOLDER OF THE NON-DEBTOR AFFILIATES OF THE DEBTORS IN THE ABOVE-CAPTIONED CHAPTER 11 CASES. YOU SHOULD READ THIS NOTICE CAREFULLY AND CONSULT WITH AN ATTORNEY IF YOU HAVE ANY QUESTIONS.**

   **PLEASE TAKE NOTICE** that the above-captioned debtors and debtors in possession (the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court") on August 16, 2022 (the "Petition Date"). The Debtors' chapter 11 cases (the "Chapter 11 Cases") are pending before the Honorable Judge [___], United States Bankruptcy Judge, and are being jointly administered under the lead case *Endo Int'l plc, et. al.*, Case No. 22-22549.

   **PLEASE TAKE FURTHER NOTICE** that *ONLY* the Debtors in the Chapter 11 Cases are subject to the supervision of the Court and the protections of the Bankruptcy Code.

---

[1]  The last four digits of Debtor Endo International plc's tax identification number are 3755. Due to the large number of debtors in these chapter 11 cases, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Endo. The location of the Debtors' service address for purposes of these chapter 11 cases is: 1400 Atwater Drive, Malvern, PA 19355.

Certain of the Debtors' domestic and foreign affiliates have ___**NOT FILED FOR CHAPTER 11**___ ___**PROTECTION**___ (the "<u>Non-Debtor Affiliates</u>") and are ___**NOT**___ subject to the supervision of the Court nor the protections of the Bankruptcy Code.  The Non-Debtor Affiliates are listed on **<u>Exhibit A</u>** annexed hereto.  Accordingly, your relationship with the Non-Debtor Affiliates is not subject to the supervision of the Court nor the provisions of the Bankruptcy Code.

**PLEASE TAKE FURTHER NOTICE** that additional information regarding the Debtors' Chapter 11 Cases, including copies of pleadings filed therein, may be obtained by: (i) accessing the Debtors' publicly available website providing information regarding the Chapter 11 Cases, located online at https://restructuring.ra.kroll.com/Endo; or (ii) contacting the following proposed counsel for the Debtors.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

Dated: [_____]
      New York, New York       SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

                 By:    *DRAFT*_____
                      Paul D. Leake
                      Lisa Laukitis
                      Shana A. Elberg
                      Evan A. Hill
                      One Manhattan West
                      New York, New York 10001
                      Telephone: (212) 735-3000
                      Fax: (212) 735-2000

                      *Proposed Counsel for the Debtors*
                      *and Debtors in Possession*

**EXHIBIT A**

**List of Non-Debtor Affiliates**

| Foreign Entities That Are <u>NOT</u> Chapter 11 Debtors | |
|---|---|
| 1. | Astora Women's Health Bermuda ULC |
| 2. | Astora Women's Health Technologies |
| 3. | Par Formulations Private Limited |
| 4. | Par Biosciences Private Limited |
| 5. | Par Active Technologies Private Limited |
| **Domestic Entities That Are <u>NOT</u> Chapter 11 Debtors** | |
| 6. | CPEC LLC |