SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Paul D. Leake
Lisa Laukitis
Shana A. Elberg
Evan A. Hill
One Manhattan West
New York, New York 10001
Telephone: (212) 735-3000
Fax: (212) 735-2000

*Proposed Counsel to Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re* | **Chapter 11** |
| **ENDO INTERNATIONAL plc,** *et al.*, | **Case No. 22-22549 (___)** |
| Debtors.[1] | **(Joint Administration Pending)** |

**MOTION OF THE DEBTORS FOR AN ORDER (I) WAIVING THE REQUIREMENT THAT EACH DEBTOR FILES A SEPARATE LIST OF ITS 20 LARGEST UNSECURED CREDITORS; (II) AUTHORIZING THE DEBTORS TO FILE A SINGLE CONSOLIDATED LIST OF THEIR 50 LARGEST UNSECURED, NON-INSIDER CREDITORS; (III) AUTHORIZING THE DEBTORS AND THE CLAIMS AND NOTICING AGENT TO REDACT PERSONALLY IDENTIFIABLE INFORMATION FOR INDIVIDUALS; (IV) AUTHORIZING THE CLAIMS AND NOTICING AGENT TO WITHHOLD PUBLICATION OF CLAIMS FILED BY INDIVIDUALS UNTIL FURTHER ORDER OF THE COURT; (V) ESTABLISHING PROCEDURES FOR NOTIFYING CREDITORS OF THE COMMENCEMENT OF THE DEBTORS' CHAPTER 11 CASES; AND (VI) GRANTING RELATED RELIEF**

Endo International plc and its debtor affiliates, as debtors and debtors in possession

(collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"),

respectfully represent in support of this motion (this "Motion") as follows:

---

[1]    The last four digits of Debtor Endo International plc's tax identification number are 3755.  Due to the large number of debtors in these chapter 11 cases, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Endo.

## **RELIEF REQUESTED**

1.     By this Motion, and pursuant to sections 105(a), 342(a), and 521(a)(1) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rules 1007(a) and (d), and 2002(a), (d), and (f) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") and Rules 1007-1 and 5075-1 of the Local Bankruptcy Rules for the Southern District of New York (the "<u>Local Rules</u>"), the Debtors seek entry of an order, substantially in the form attached hereto as **<u>Exhibit A</u>** (the "<u>Proposed Order</u>"), (a) waiving the requirement to file a list of creditors (the "<u>List of Creditors</u>") on the date hereof (the "<u>Petition Date</u>"), as set forth in section 521(a)(1) of the Bankruptcy Code, Bankruptcy Rule 1007(a)(1), Local Rule 1007-1, and General Orders M-133, M-137 and M-138 (the "<u>Standing Orders</u>") of the United States Bankruptcy Court for the Southern District of New York (collectively, the "<u>Notice Rules</u>"), (b) authorizing the Debtors to file a single consolidated list of their 50 largest unsecured, non-insider creditors in lieu of each of the Debtors filing a list of its 20 largest unsecured creditors, (c) authorizing the Debtors and Kroll Restructuring Administration LLC (f/k/a Prime Clerk LLC),[2] the Debtors' proposed claims and noticing agent ("<u>Kroll</u>" or the "<u>Claims and Noticing Agent</u>"), to redact personally identifiable information for any individual listed or appearing in any document filed with the Court and/or otherwise made publicly available by the Debtors and the Claims and Noticing Agent (including the List of Creditors), the claims register for each Debtor (the "<u>Claims Registers</u>"), and the Schedules (as defined herein), (d) authorizing the Claims and Noticing Agent to withhold publication of claims filed by individuals until entry of an order establishing deadlines for filing

---

The location of the Debtors' service address for purposes of these chapter 11 cases is: 1400 Atwater Drive, Malvern, PA 19355.

[2]     Effective March 29, 2022, Prime Clerk LLC changed its name to Kroll Restructuring Administration LLC.  There has not been any change in the company's leadership, ownership, or organizational structure.

proofs of claim and granting related relief (the "Bar Date Order"), (e) authorizing the Debtors to implement certain procedures (the "Procedures") for the mailing and publication of the notice to creditors and other parties-in-interest announcing the commencement of the Chapter 11 Cases in the form attached hereto as **Exhibit 1** (the "Notice of Commencement"), and (f) granting other related relief.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.).  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3.      Venue of the Chapter 11 Cases and this Motion is proper in this district under 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

### I.      General Background

4.      On the Petition Date, the Debtors each commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors have requested that the Chapter 11 Cases be jointly administered.

5.      The Debtors are authorized to continue to operate their businesses and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.      No trustee, examiner, or statutory committee of creditors has been appointed in the Chapter 11 Cases.

7.      Additional information regarding the Debtors, including their business operations, their corporate and capital structure, and the events leading to the commencement of the Chapter 11 Cases is set forth in the *Declaration of Mark Bradley in Support of Chapter 11*

*Petitions and First Day Papers* (the "First Day Declaration") filed contemporaneously herewith and incorporated herein by reference.

## BASIS FOR RELIEF

### I.      Waiving the Requirement to File a List of Creditors Is Warranted

8.      Pursuant to the Notice Rules, a debtor must file a list of creditors with its petition unless the debtor's schedules of assets and liabilities are filed simultaneously with the chapter 11 petition.  Contemporaneously with the filing of this Motion, the Debtors have filed a *Motion of the Debtors For an Order (I) Extending the Time to File Schedules and Statements of Financial Affairs; (II) Extending the Time to File Reports of Financial Information Required Under Bankruptcy Rule 2015.3; (III) Waiving Requirement to File List of Equity Security Holders and Provide Notice of Commencement to Equity Security Holders; and (IV) Granting Related Relief* (with such schedules, statements, and Rule 2015.3 reports, collectively, the "Schedules"); thus, the Debtors have not yet filed their Schedules with the Court.  Accordingly, without the relief requested herein, the Notice Rules would require each of the Debtors to file a separate List of Creditors on the Petition Date.  The Debtors submit that waiving the requirement that each of the Debtors file a List of Creditors is appropriate in the Chapter 11 Cases and is within the Court's equitable powers under section 105 of the Bankruptcy Code.

9.      The Debtors have filed a motion to retain and employ Kroll as their Claims and Noticing Agent.  Pursuant to section 156(c) of title 28 of the United States Code, the Court is empowered to use outside facilities or services to provide notices and other administrative information to parties-in-interest if the costs are paid from the estates' assets.  Local Rule 5075-1 also requires that debtors that have over 250 creditors and equity security holders, as the Debtors here do, retain an approved claims and noticing agent.  *See* Local Rule 5075-1

10.     Under the proposed Procedures set forth below, and pursuant to section 342(a) of the Bankruptcy Code and Bankruptcy Rules 2002(a) and (f), the Debtors will furnish their consolidated List of Creditors to the Claims and Noticing Agent as soon as practicable after the Petition Date so the Claims and Noticing Agent may mail the Notice of Commencement to creditors identified on the Debtors' List of Creditors.  Given that the Claims and Noticing Agent will receive the List of Creditors and use it to furnish the Notice of Commencement to creditors, the Debtors submit that filing the List of Creditors would serve no useful purpose. Consequently, the Notice Rules should be waived.

11.     Courts in this district have granted similar relief in other chapter 11 cases. *See, e.g., In re Purdue Pharma L.P.*, No. 19-23649 (RDD) (Bankr. S.D.N.Y. Sept. 18, 2019) (authorizing the debtors to maintain a single, consolidated list of creditors in electronic format); *In re Windstream Holdings, Inc.*, No. 19-22312 (RDD) (Bankr. S.D.N.Y. Mar. 5, 2019) (same); *In re Sears Holdings Corp.*, No. 18-23538 (RDD) (Bankr. S.D.N.Y. Oct. 16, 2018) (same); *In re Republic Airways Holdings Inc.*, No. 16-10429 (SHL) (Bankr. S.D.N.Y. Feb. 29, 2016) (same); *In re NII Holdings, Inc.*, No. 14-12611 (SCC) (Bankr. S.D.N.Y. Sept. 16, 2014) (same); and *In re AMR Corp.*, No. 11-15463 (SHL) (Bankr. S.D.N.Y. Nov. 30, 2011) (same).[3]

## II.     Cause Exists to Authorize the Debtors to File a Consolidated List of the Debtors' 50 Largest Unsecured Creditors

12.     Bankruptcy Rule 1007(d) provides that "a debtor in a voluntary chapter 11 reorganization case shall file . . . a list containing the name, address, and claim of the creditors that hold the 20 largest unsecured claims, excluding insiders." Fed. R. Bankr. P. 1007(d).  Because the Debtors operate as a single business enterprise, and certain of them share many creditors, the

---

[3]     Because of the voluminous nature of the orders cited herein, they are not attached to this Motion.  Copies of these orders, however, are available on request.

Debtors request authority to file a single, consolidated list of their 50 largest general unsecured creditors.

13.    The Debtors submit that each Debtor compiling separate top 20 creditor lists would consume a substantial amount of the Debtors' time and resources.  Further, the Debtors believe a single, consolidated list of the Debtors' 50 largest unsecured, non-insider creditors will aid the U.S. Trustee in its efforts to communicate with these creditors.  As such, the Debtors believe that filing a single consolidated list of the 50 largest unsecured, non-insider creditors in the Chapter 11 Cases is appropriate.

14.    Courts in this jurisdiction have granted similar relief in other chapter 11 cases.  *See*, *e.g.*, *In re Revlon, Inc.*, No. 22-10760 (DJS) (Bankr. S.D.N.Y. June 17, 2022) (authorizing the debtors to file a single list of their fifty largest unsecured creditors); *In re GTT Communications, Inc.*, No. 21-11880 (MEW) (Bankr. S.D.N.Y. Nov. 4, 2021) (authorizing the debtors to file a single list of their thirty largest unsecured creditors); *In re Jason Industries, Inc.*, No. 20-22766 (RDD) (Bankr. S.D.N.Y. July 27, 2020) (same); *In re Lakeland Tours, LLC*, No. 20-11647 (JLG) (Bankr. S.D.N.Y. July 27, 2020) (same); *In re Frontier Communications Corporation, Inc.*, No. 20-22476 (RDD) (Bankr. S.D.N.Y. May 26, 2020) (same); *In re Purdue Pharma L.P.*, No. 19-23649 (RDD) (Bankr. S.D.N.Y. Sept. 18, 2019) (same); *In re Windstream Holdings, Inc.*, No. 19-22312 (RDD) (Bankr. S.D.N.Y. Mar. 5, 2019) (same).[4]

## III.    Cause Exists to Redact Personally Identifiable Information

15.    Pursuant to section 107(c)(1) of the Bankruptcy Code, the Debtors respectfully submit that cause exists to authorize the Debtors to redact the personally identifiable

---

[4]    Because of the voluminous nature of the orders cited herein, they are not attached to this Motion.  Copies of these orders, however, are available on request.

information—including, without limitation, the names and addresses—of any individual listed on, or appearing in, any document (a) made publicly available on the Debtors' case website, (b) filed with the Court, or (c) otherwise submitted to the Claims and Noticing Agent, including the List of Creditors, the Claims Registers, and the Schedules.

16.    Section 107(c)(1)(A) of the Bankruptcy Code provides that, with respect to "[a]ny means of identification . . . contained in a paper filed, or to be filed, in a case under" the Bankruptcy Code, the court, "for cause, may protect an individual, with respect to [such] information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property." *See* 11 U.S.C. § 107(c)(1)(A).

17.    Though transparency is important to the judicial process, Congress recognized a counterbalancing interest when it enacted section 107(c)(1) of the Bankruptcy Code: the need to protect individuals' identities and privacy.  The statutory language demonstrates Congress's desire for courts to have the flexibility necessary to protect individuals' identities and identifying information.  Section 107(c)(1)(B) of the Bankruptcy Code allows a bankruptcy court to shield "[o]ther information" beyond "means of identification," 11 U.S.C. § 107(c)(1)(B) (citing 18 U.S.C. § 1028(d)); the definition of "means of identification" provides a non-exhaustive list of personally identifiable information.  *See* 18 U.S.C. § 1028(d)(7)(A)-(D).  Accordingly, while an individual's home address is not an explicitly enumerated "means of identification," it is nevertheless within the broad scope of section 107(c)(1)(B) of the Bankruptcy Code.

18.    Multiple factors demonstrate the need to protect the identities and privacy of individuals related to the Chapter 11 Cases.  *First*, given the nature of the Chapter 11 Cases, the Debtors are not familiar with the personal circumstances of each of the Debtors' creditors to know

with sufficient certainty whether a release of their personal information could potentially jeopardize their safety or violate any foreign jurisdictions' privacy data protection regulations. While the Debtors understand the concerns that arise from imposing potential impediments on certain creditors' ability to communicate and organize, they maintain that measures can be implemented to facilitate any necessary communications while maintaining a baseline of confidentiality and protection.

19.     *Second*, the Debtors are sensitive to the privacy and safety concerns of their former and current employees and other individuals.  These concerns are compounded and paramount in the Chapter 11 Cases given the extensive media coverage and attention the Debtors have received and anticipate they will continue receiving.  In addition, as with any large employer, certain employees' personal circumstances, including circumstances unrelated to their employment, would be negatively impacted by the disclosure of their residential addresses.  Such disclosure of personal addresses would likely hinder the Debtors' efforts to attract and retain the employees necessary to preserve the value of the Debtors' estates for the benefit of their creditors and other parties-in-interest.

20.     *Third*, certain of the Debtors' employees and individual litigation claimants are located in the European Union, United Kingdom, Australia, and other countries, which closely regulate the disclosure of personal information.  For example, the United Kingdom Data Protection Act of 2018 and the United Kingdom General Data Protection Regulation (together, the "UK GDPR"), the European General Data Protection Regulation (the "EU GDPR"), and similar laws in other jurisdictions impose significant constraints on the disclosure of "personally identifiable information," with severe penalties for violations.  Therefore, the UK GDPR, EU GDPR, and similar laws in other foreign jurisdictions may restrict the Debtors' ability to process and disclose

personal information relating to the Debtors' employees and individual claimants located in such

foreign jurisdictions.

21.     For these reasons, the Debtors respectfully submit that it is appropriate to

redact personally identifiable information—including, without limitation, the names and

addresses—of any individual listed on, or appearing in, any document (a) made publicly available

on the Debtors' case website, (b) filed with the Court, or (c) otherwise submitted to the Claims and

Noticing Agent, including the List of Creditors, the Claims Registers, and the Schedules.  Absent

such relief, (y) such information can be used to perpetrate identity theft and phishing scams or to

locate survivors of domestic violence, harassment, or stalking, and (z) the Debtors may be in violation

of applicable data privacy law, thereby exposing them to severe monetary penalties that could threaten

the Debtors' operations during this sensitive stage of their restructuring.  In addition, the Debtors

propose to provide an unredacted, under seal, version of the List of Creditors, the Claims Registers,

and the Schedules, and any other applicable filings redacted pursuant to the proposed Order to the

Court, the U.S. Trustee, counsel to any official committee appointed in the Chapter 11 Cases, and any

other party designated by further order of the Court, as appropriate. In each case, this would be

subject to a review of whether such disclosure, on a case-by-case basis, would violate any obligation

under the UK GDPR, EU GDPR, or any other privacy or data protection law or regulation applicable.

22.     Further, the Debtors will instruct the Claims and Noticing Agent to serve

the Debtors' former and current employees and other individuals in the Chapter 11 Cases at their

personal home addresses and will ensure each individual receives the same notices in the Chapter

11 Cases as all other creditors, without unnecessarily publicly disclosing the individuals' names

and home addresses.  Thus, in view of the foregoing and given there is minimal, if any, benefit to

the public of publishing the names and home addresses of the Debtors' former and current

employees and other individuals in the Chapter 11 Cases, the Debtors submit that the relief requested is appropriate.

23.     Courts in this jurisdiction have granted similar relief in other chapter 11 cases.  *See*, *e.g.*, *In re Celsius Network LLC, et al.*, No. 22-10964 (MG) (Bankr. S.D.N.Y. July 18, 2022) (authorizing the debtors to redact personally identifiable information of individuals listed on the creditor matrix and other documents filed with the court); *In re SAS AB, et. al.*, No. 22-10964 (MEW) (Bankr. S.D.N.Y. July 8, 2022) (same); *In re GTT Commc'ns. Inc.,* No. 21-11880 (MEW) (Bankr. S.D.N.Y. Nov. 4, 2021) (same); *In re Grupo Posadas S.A.B. de C.V.*, No. 21-11831 (SHL) (Bankr. S.D.N.Y. Oct. 27, 2021) (same); *In re MatlinPatterson Glob. Opportunities Partners II L.P.*, No. 21-11255 (DSJ) (Bankr. S.D.N.Y. July 9, 2021) (same); *In re Garrett Motion Inc., et al.,* No. 20-12212 (MEW) (Bankr. S.D.N.Y. Sept. 20, 2020) (same); *In re Automotores Gildemeister SpA*, No. 21-10685 (LGB) (Bankr. S.D.N.Y. Apr. 15, 2021) (same); *In re Purdue Pharma L.P.*, No. 19-23649 (RDD) (Bankr. S.D.N.Y. Sept. 18, 2019) (same); *In re Windstream Holdings, Inc.*, No. 19-22312 (RDD) (Bankr. S.D.N.Y. Mar. 5, 2019) (same); *In re FULLBEAUTY Brands Holdings Corp.*, No. 19-22185 (RDD) (Bankr. S.D.N.Y. Feb. 7, 2019) (same); *In re Nine West Holdings, Inc.*, No. 18-10947 (SCC) (Bankr. S.D.N.Y. Apr. 9, 2018) (same); *In re Cenveo, Inc.*, No. 18-22178 (RDD) (Bankr. S.D.N.Y. Feb. 6, 2018) (same).[5]

24.     Courts in this and other districts have also expounded on the importance of authorizing debtors to redact employees' and other individual creditors' personally identifiable information.  In *Forever 21*, Judge Gross noted that "[w]e live in a new age in which the theft of personal identification is a real risk, as is injury to persons who, for personal reasons, seek to have

---

[5]     Because of the voluminous nature of the orders cited herein, they are not attached to this Motion.  Copies of these orders, however, are available on request.

their addresses withheld." *In re Forever 21, Inc.*, No. 19-12122 (KG) (Bankr. D. Del. Dec. 19, 2019), Hr'g Tr. at 60:22–25. Similarly, in *Windstream*, Judge Drain noted that the consequences of releasing private information could be "very serious," and "[o]nce [private information is] out there, it's out there." *In re Windstream Holdings, Inc.*, No. 19-22312 (RDD) (Bankr. S.D.N.Y. Feb. 26, 2019), Hr'g Tr. at 88:6-12, 89:5-8.

**IV.    Cause Exists to Authorize the Claims and Noticing Agent to Withhold Publication of Claims Filed by Individuals Until Entry of the Bar Date Order or Other Order of the Court**

25.    In the Chapter 11 Cases, claimants will likely not be aware of their obligations to redact personal information and, absent such redactions and absent an order of this Court, the Debtors and Claims and Noticing Agent are obligated to publish such claims without redaction. Thus, there is a risk that proofs of claim filed by individuals may contain information regarding those individuals' medical conditions and related issues. In the event that it is determined that there will be recovery available for general unsecured creditors, the Debtors intend to seek a Bar Date Order that would, among other things, approve a tailored individual claim form and specific procedures designed to prevent the unintentional disclosure of these types of sensitive information. To avoid inadvertent disclosure of such information in any proofs of claim that may be filed by individuals before entry of any Bar Date Order, the Debtors also respectfully request that the Claims and Noticing Agent be authorized to (a) withhold publication of claims filed by individuals until entry of any Bar Date Order, (b) redact the names and addresses of individuals on the Claims Registers, and (c) file affidavits of service without disclosing the names and addresses of the individuals served; *provided* that such proofs of claims, un-redacted Claims Registers and/or un-redacted affidavits of service shall, upon request, be provided under seal to the Court, the U.S. Trustee, counsel to any official committee appointed in the Chapter 11 Cases, and any other party designated by further order of the Court, as appropriate. In each case, this

would be subject to a review of whether such disclosure, on a case-by-case basis, would violate any obligation under the UK GDPR, EU GDPR, or any other privacy or data protection law or regulation applicable.

26.     As discussed above, section 107(c)(1)(A) of the Bankruptcy Code allows a bankruptcy court to protect personally identifiable information from disclosure, and section 107(c)(1)(B) of the Bankruptcy Code allows a bankruptcy court to shield "[o]ther information" aside from "means of identification" from public disclosure.  Absent a contrary order from this Court, the Claims and Noticing Agent is required to "provide public access to the Claims Registers, including complete proofs of claim with attachments, if any, without charge."  *See* Local Rule 5075-1.  In the Chapter 11 Cases, there is significant risk that, absent the procedures and protections the Debtors may seek in any Bar Date Order, proofs of claim filed by individuals will contain personally identifiable information.  In contrast, there is minimal prejudice to any party resulting from not publicizing this highly sensitive information.  Accordingly, the Debtors respectfully submit that cause exists to authorize the Claims and Noticing Agent to withhold publication of claims filed by individuals subject to further order of the Court.

## V.      Proposed Procedures for Service of Notice of Commencement

27.     Bankruptcy Rule 2002(a) provides, in relevant part, that the "clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees at least 21 days' notice by mail of . . . the meeting of creditors under § 341 or § 1104(b) of the Code."  Fed. R. Bankr. P. 2002(a).  Bankruptcy Rule 2002(f) further provides that notice of the order for relief shall be provided to all creditors by mail.  In light of the requirement to notify creditors of the commencement of the Chapter 11 Cases and the meeting of creditors, the Debtors seek authority to have the Claims and Noticing Agent undertake the mailing of the Notice of Commencement to creditors.

28.     In addition to mailing the Notice of Commencement to the Debtors'

creditors, the Debtors propose to publish, as soon as practicable, the Notice of Commencement

substantially in the form attached to the Proposed Order (a) once in the national edition of the *Wall*

*Street Journal*, the national edition of *The New York Times* and/or *USA Today* at the discretion of

the Debtors and (b) on both the website to be established by the Claims and Noticing Agent and

the Debtors' website.  The Court may, under Bankruptcy Rule 2002(l), "order notice by publication

if it finds that notice by mail is impracticable or that it is desirable to supplement the notice."  Fed.

R. Bankr. P. 2002(l).  Publication of the Notice of Commencement is the most practical method

by which to notify those creditors and any other parties-in-interest who do not receive the Notice

of Commencement by mail of the commencement of the Chapter 11 Cases.  Notice by publication

also will ensure efficient use of estate resources.

29.     The Court also has the authority, pursuant to section 105(a) of the

Bankruptcy Code, to authorize the relief requested herein because such relief is necessary for the

Debtors to carry out their fiduciary duties under section 1107(a) of the Bankruptcy Code.  Section

105(a) of the Bankruptcy Code provides, in relevant part, that "[t]he Court may issue any order,

process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11

U.S.C. § 105(a). Section 1107(a) of the Bankruptcy Code "contains an implied duty of the debtor-

in-possession to 'protect and preserve the estate, including an operating business' going-concern

value,'" on behalf of the debtor's creditors and other parties in interest.  *E.g.*, *In re CEIA Roofing,*

*Inc.*, 315 B.R. 50, 59 (Bankr. N.D. Tex. 2004) (quoting *In re CoServ, L.L.C.*, 273 B.R. 487, 497

(Bankr. N.D. Tex. 2002)); *see also Unofficial Comm. of Equity Holders of Penick Pharm., Inc. v.*

*McManigle* (*In re Penick Pharm., Inc.*), 227 B.R. 229, 232-33 (Bankr. S.D.N.Y. 1998) ("[U]pon

filing its petition, the Debtor became debtor in possession and, through its management, . . . was

burdened with the duties and responsibilities of a bankruptcy trustee.").   The Debtors submit that implementing the Procedures is appropriate in the Chapter 11 Cases and is well within the Court's equitable powers under section 105(a) of the Bankruptcy Code.

## **RESERVATION OF RIGHTS**

30.     Nothing contained herein is or should be construed as: (a) an implication or admission as to the validity of any claim against the Debtors, (b) a waiver of the Debtors' or any other party-in-interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors, (c) a waiver of any claims or causes of action that may exist against any creditor or interest holder, (d) a promise to pay any claim, (e) a concession by the Debtors that any liens (contractual, common law, statutory or otherwise) satisfied pursuant to the Motion are valid (and all rights to contest the extent, validity or perfection or seek avoidance of all such liens are expressly reserved), (f) an approval, assumption, adoption, or rejection of any agreement, contract, program, policy, or lease between the Debtors and any third party under section 365 of the Bankruptcy Code, (g) a waiver of the obligation of any party in interest to file a proof of claim, or (h) otherwise affecting the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease.  If this Court grants the relief sought herein, any payment made pursuant to this Court's order is not intended to be and should not be construed as an admission to the validity of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

## **NOTICE**

31.     Notice of this Motion shall be given to (a) the Office of the United States Trustee for the Southern District of New York; counsel to the administrative agent under the Debtors' prepetition credit agreement; (c) counsel to the indenture trustee under each of the Debtors' outstanding bond issuances; (d) Gibson, Dunn & Crutcher LLP, as counsel to the Ad Hoc

First Lien Group (as defined in the First Day Declaration); (e) Paul, Weiss, Rifkind, Wharton & Garrison LLP, as counsel to the Ad Hoc Cross-Holder Group (as defined in the First Day Declaration); (f) the U.S. Attorney for the Southern District of New York; (g) the attorneys general for all 50 states and the District of Columbia; (h) the Debtors' 50 largest unsecured creditors on a consolidated basis; (i) the Internal Revenue Service; (j) the Securities and Exchange Commission; (k) any party that has requested notice pursuant to Bankruptcy Rule 2002; (l) the proposed future claimants representative in the Chapter 11 Cases; and (m) any other party entitled to notice pursuant to Local Rule 9013-1(b).  The Debtors submit that no other or further notice need be provided.

## NO PRIOR REQUEST

32.    No prior request for the relief sought herein has been made to this or any other court.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

WHEREFORE the Debtors respectfully request that this Court (a) enter the Proposed Order in substantially the form attached hereto as **<u>Exhibit A</u>** and (b) grant such other and further relief as may be just and proper.

Dated:  August 16, 2022
New York, New York                     SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By:    <u>*/s/ Paul D. Leake*</u>
Paul D. Leake
Lisa Laukitis
Shana A. Elberg
Evan A. Hill
One Manhattan West
New York, New York 10001
Telephone: (212) 735-3000
Fax: (212) 735-2000

*Proposed Counsel for the Debtors
and Debtors in Possession*

**<u>Exhibit A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| *In re* | **Chapter 11** |
| **ENDO INTERNATIONAL plc,** *et al.*, | **Case No. 22-22549 (___)** |
| Debtors.[1] | **(Joint Administration Pending)** |

**ORDER (I) WAIVING THE REQUIREMENT THAT EACH
DEBTOR FILES A SEPARATE LIST OF ITS 20 LARGEST UNSECURED
CREDITORS; (II) AUTHORIZING THE DEBTORS TO FILE A SINGLE
CONSOLIDATED LIST OF THEIR 50 LARGEST UNSECURED, NON-INSIDER
CREDITORS; (III) AUTHORIZING THE DEBTORS AND THE CLAIMS
AND NOTICING AGENT TO REDACT PERSONALLY IDENTIFIABLE
INFORMATION FOR INDIVIDUALS; (IV) AUTHORIZING THE CLAIMS
AND NOTICING AGENT TO WITHHOLD PUBLICATION OF CLAIMS FILED BY
INDIVIDUALS UNTIL FURTHER ORDER OF THE COURT; (V) ESTABLISHING
PROCEDURES FOR NOTIFYING CREDITORS OF THE COMMENCEMENT OF THE
DEBTORS' CHAPTER 11 CASES; AND (VI) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the debtors and debtors in possession

(collectively, the "Debtors") in the above-captioned cases (the "Chapter 11 Cases") for an order

(a) waiving the requirement to file a list of creditors, (b) authorizing the Debtors to file a single

consolidated list of their 50 largest unsecured, non-insider creditors; (c) authorizing the Debtors

and the Claims and Noticing Agent to redact personally identifiable information of individuals,

(d) authorizing the Claims and Noticing Agent to withhold publication of proofs of claim

(including as reflected in the Claims Register) until further order of the Court, (e) establishing

---

[1]     The last four digits of Debtor Endo International plc's tax identification number are 3755.  Due to the large
number of debtors in these chapter 11 cases, a complete list of the debtor entities and the last four digits of
their federal tax identification numbers is not provided herein.  A complete list of such information may be
obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Endo.
The location of the Debtors' service address for purposes of these chapter 11 cases is: 1400 Atwater Drive,
Malvern, PA 19355.

[2]     Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

Procedures for notifying creditors of the commencement of the Chapter 11 Cases, and (f) granting related relief, all as more fully set forth in the Motion; and the Court having reviewed the Motion and the First Day Declaration, and having heard the statements of counsel regarding the relief requested in the Motion at a hearing before the Court (the "Hearing"); and the Court having found that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); (b) this is a core proceeding pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b); (c) venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and (d) due and proper notice of the Motion and the Hearing was sufficient under the circumstances; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, and other parties-in-interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The requirement under section 521(a)(1) of the Bankruptcy Code, Bankruptcy Rule 1007(a)(1), Local Rule 1007-1 and the Standing Orders to file with the petitions a list containing the name and address of certain creditors, counterparties to executory contracts and unexpired leases and co-debtors is waived; *provided* that this waiver does not affect the Debtors' obligations to file schedules of executory contracts and unexpired leases and co-debtors pursuant to section 521 of the Bankruptcy Code or Bankruptcy Rule 1007.

3. The Debtors are authorized to file a single consolidated list of their 50 largest unsecured, non-insider creditors in lieu of each of the Debtors filing a list of its 20 largest unsecured creditors.

4

4.      As soon as practicable after entry of an order authorizing the engagement of a claims and noticing agent in these cases (the "Claims and Noticing Agent"), the Debtors shall furnish to the Claims and Noticing Agent a consolidated list containing the names and last known addresses of the Debtors' creditors (the "List of Creditors").

5.      The Notice of Commencement substantially in the form attached hereto as **Exhibit 1** is hereby approved.  The Debtors' Claims and Noticing Agent shall promptly provide such notice in addition to all other mailings directed by the Court, the United States Trustee for Region 2, or as required by section 342(a) of the Bankruptcy Code and Bankruptcy Rules 2002(a) and (f).

6.      On or before the date that is 21 days prior to the date on which the meeting of creditors is to be held, the Debtors, with the assistance of the Claims and Noticing Agent, shall mail the Notice of Commencement to all creditors on the Debtors' List of Creditors.

7.      Pursuant to Bankruptcy Rule 2002(l), the Debtors, with the assistance of the Claims and Noticing Agent, shall cause the Notice of Commencement to be published (a) once in the national edition of the *Wall Street Journal*, the national edition of *The New York Times* and/or *USA Today* at the discretion of the Debtors (b) on both the website to be established by the Claims and Noticing Agent and the Debtors' website.

8.      The form and manner of notice as provided herein are reasonably calculated to inform interested parties of the Chapter 11 Cases and are hereby approved.

9.      The Debtors and the Claims and Noticing Agent are authorized to redact personally identifiable information of any individual listed on, or appearing in, any document filed with the Court or made publicly available by the Claims and Noticing Agent on the Debtors' case website; *provided* that, the Debtors shall provide, under seal, an unredacted version of any

5

document (a) made publicly available on the Debtors' case website, (b) filed with the Court, or (c) otherwise submitted to the Claims and Noticing Agent, including the List of Creditors, the Claims Registers, and the Schedules to the Court, the U.S. Trustee, counsel to any official committee appointed in the Chapter 11 Cases, the Claims and Noticing Agent, and any other party designated by further order of the Court, provided that any receiving party shall not transfer or otherwise provide such unredacted document to any person or entity not party to the request. In each case, this would be subject to a review of whether such disclosure, on a case-by-case basis, would violate any obligation under the UK GDPR, EU GDPR, or any other privacy or data protection law or regulation applicable. The Debtors shall inform the U.S. Trustee promptly after denying any request for an unredacted document pursuant to this Order.

10.     Notwithstanding anything to the contrary in any order authorizing the engagement of Kroll as the Debtor's Claims and Noticing Agent or any Local Rules, the Claims and Noticing Agent is authorized to withhold publication of proofs of claim filed by individual creditors until entry of any Bar Date Order or other further order of the Court.  Such unredacted proofs of claim may be provided, upon request and under seal, to the Court, the U.S. Trustee, counsel to any official committee appointed in the Chapter 11 Cases, and any other party designated by further order of the Court, provided that any receiving party shall not transfer or otherwise provide such unredacted document to any person or entity not party to the request. In each case, this would be subject to a review of whether such disclosure, on a case-by-case basis, would violate any obligation under the UK GDPR, EU GDPR, or any other privacy or data protection law or regulation applicable. The Debtors shall inform the U.S. Trustee promptly after denying any request for an unredacted proof of claim pursuant to this Order.

11.     Each party receiving any such proof of claim shall keep such information confidential.

12.     Notwithstanding anything to the contrary in any order relating to the retention of the Claims and Noticing Agent or any Local Rules, the Claims and Noticing Agent is authorized (a) to file affidavits of service without disclosing the names and addresses of individuals and (b) to redact names and addresses of individuals in the Claims Registers.

13.     Nothing in this Order shall be deemed to modify the obligation that each filer of a proof of claim bears to redact confidential health information, and the Claims and Noticing Agent shall have no liability for any disclosure or nondisclosure thereof.

14.     Nothing in this Order shall be deemed to modify the obligations of any party with respect to confidential health obligations.

15.     Nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

16.     The Debtors are authorized and empowered to take all action necessary to effectuate the relief granted in this Order.

17.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: [●], 2022
         [●], New York

_____
THE HONORABLE [_____]
UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit 1</u>**

**Notice of Commencement**

| Information to identify the case: | | |
|---|---|---|
| Debtor<br>Name       Endo International plc | EIN      68-0683755 | |
| United States Bankruptcy Court for the: Southern  District of New York | Date case filed for<br>Chapter 11 | August 16, 2022 |
| Case number:    22-22549 | | |

Official Form 309F1 (For Corporations or Partnerships)

**Notice of Chapter 11 Bankruptcy Case**                                                                 **10/20**

**For the debtor listed above, a case has been filed under chapter 11 of the Bankruptcy Code.  An order for relief has been entered.**
**This notice has important information about the case for creditors and debtors, including information about the meeting of creditors and deadlines.  Read both pages carefully.**

The filing of the case imposed an automatic stay against most collection activities.  This means that creditors generally may not take action to collect debts from the debtor or the debtor's property.  For example, while the stay is in effect, creditors cannot sue, assert a deficiency, repossess property, or otherwise try to collect from the debtor.  Creditors cannot demand repayment from the debtor by mail, phone, or otherwise.  Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees.

Confirmation of a chapter 11 plan may result in a discharge of debt.  A creditor who wants to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadline specified in this notice.  (See line 11 below for more information.)

To protect your rights, consult an attorney.  All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at http://pacer.uscourts.gov).

In addition such documents can be viewed and/or obtained from the Debtors' proposed notice and claims agent, Kroll Restructuring Administration LLC (f/k/a Prime Clerk LLC) at https://restructuring.ra.kroll.com/Endo or by calling (877) 542-1878 for U.S.-based parties or (929) 284-1688 for International parties.  Note that you need a PACER password and login to access documents on the Bankruptcy Court's website (a PACER password is obtained by accessing the PACER website, http://pacer.uscourts.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**Do not file this notice with any proof of claim or other filing in the case.**

**For more information, see pages 2-3**

Debtor Endo International plc                                    Case number (*if known*) 22- 22549

| Debtors' Full Names | All other names used in the last eight years | Case Nos. | Employer ID No. |
|---|---|---|---|
| Par Pharmaceutical, Inc. | Par Pharmaceutical, LLC<br>PPI Merger Sub, Inc. | Case No. 22-22546 (____) | 22-2228342 |
| Actient Pharmaceuticals LLC | | Case No. 22-22547 (____) | 27-2717232 |
| 70 Maple Avenue, LLC | | Case No. 22-22548 (____) | 90-0951491 |
| Endo International plc | Sportwell Limited | Case No. 22-22549 (____) | 68-0683755 |
| Endo Ventures Limited | Sinopia Limited | Case No. 22-22550 (____) | 98-1156029 |
| Anchen Incorporated | Anchen Holdings Merger Sub, Inc. | Case No. 22-22552 (____) | 20-2008760 |
| Generics International (US), Inc. | Par Pharmaceutical<br>Qualitest Merger Sub, Inc.<br>Generics International (US), LLC | Case No. 22-22554 (____) | 26-1166489 |
| Anchen Pharmaceuticals, Inc. | Par Pharmaceutical; Anchen Pharmaceuticals, LLC; Anchen Merger Sub, Inc. | Case No. 22-22556 (____) | 68-0519179 |
| DAVA Pharmaceutical, LLC | DAVA Pharmaceuticals, Inc. | Case No. 22-22558 (____) | 20-1207354 |
| Endo Par Innovation Company, LLC | | Case No. 22-22561 (____) | 81-1532435 |
| Generics Bidco I, LLC | Par Pharmaceutical | Case No. 22-22563 (____) | 26-1166905 |
| Innoteq, Inc. | Par Pharmaceutical<br>Innoteq, LLC<br>Innoteq Merger Sub, Inc. | Case No. 22-22565 (____) | 26-3273381 |
| JHP Acquisition, LLC | | Case No. 22-22567 (____) | 36-4747861 |
| JHP Group Holdings, LLC | Juniper Mergeco, Inc.<br>JHP Group Holdings, Inc. | Case No. 22-22569 (____) | 37-1707688 |
| Kali Laboratories, LLC | Kali Laboratories, Inc.<br>Kali Laboratories Merger Sub, LLC | Case No. 22-22572 (____) | 22-3494898 |
| Moores Mill Properties L.L.C. | | Case No. 22-22574 (____) | 26-1309523 |
| Par Pharmaceutical Companies, Inc. | PPCI Merger Sub, Inc. | Case No. 22-22576 (____) | 81-3078301 |
| Par Pharmaceutical Holdings, Inc. | Paladin Labs (USA) Inc. | Case No. 22-22578 (____) | 77-0723135 |
| Par Sterile Products, LLC | Par Pharmaceutical<br>JPH Pharmaceuticals, LLC | Case No. 22-22580 (____) | 26-0220105 |
| Par, LLC | Par, Inc. | Case No. 22-22582 (____) | 20-0011286 |
| Quartz Specialty Pharmaceuticals, LLC | Par Pharmaceutical | Case No. 22-22584 (____) | 63-1255368 |
| Vintage Pharmaceuticals, LLC | Par Pharmaceutical<br>Qualitest Pharmaceuticals | Case No. 22-22586 (____) | 63-1257882 |
| Actient Therapeutics LLC | | Case No. 22-22588 (____) | 45-4102019 |
| Astora Women's Health Ireland Limited | AMS Medical Systems Ireland Limited | Case No. 22-22591 (____) | 52-2035829 |
| Astora Women's Health, LLC | Aphrodite Women's Health, LLC | Case No. 22-22594 (____) | 47-3330427 |
| Auxilium International Holdings, LLC | Auxilium International Holdings, Inc. | Case No. 22-22596 (____) | 26-1629643 |
| Auxilium Pharmaceuticals, LLC | Auxilium Pharmaceuticals, Inc. | Case No. 22-22598 (____) | 23-3016883 |
| Auxilium US Holdings, LLC | | Case No. 22-22601 (____) | 26-1628967 |
| Bermuda Acquisition Management Limited | | Case No. 22-22603 (____) | N/A |
| BioSpecifics Technologies LLC | BioSpecific Technologies Inc | Case No. 22-22605 (____) | 11-3054851 |
| Branded Operations Holdings, Inc. | | Case No. 22-22608 (____) | 85-3936945 |
| DAVA International, LLC | DAVA International, Inc. | Case No. 22-22610 (____) | 34-1969945 |
| Endo Aesthetics LLC | | Case No. 22-22613 (____) | 84-3630218 |
| Endo Bermuda Finance Limited | | Case No. 22-22615 (____) | 98-1254093 |

Debtor Endo International plc                                    Case number (*if known*) 22- 22549

| | | | |
|---|---|---|---|
| Endo Designated Activity Company | Endo Limited<br>Sportwell II Limited | Case No. 22-22551 (___) | 98-1147135 |
| Endo Eurofin Unlimited Company | | Case No. 22-22553 (___) | 98-1522009 |
| Endo Finance IV Unlimited Company | Endo Finance IV Company | Case No. 22-22555 (___) | 98-1262779 |
| Endo Finance LLC | Endo Finance Co. | Case No. 22-22557 (___) | 46-4766481 |
| Endo Finance Operations LLC | | Case No. 22-22559 (___) | 82-1446355 |
| Endo Finco Inc. | | Case No. 22-22560 (___) | 46-4765794 |
| Endo Generics Holdings, Inc. | Par Pharmaceutical Holdings, Inc.<br>Par Pharmaceutical Companies, Inc. | Case No. 22-22562 (___) | 46-0634834 |
| Endo Global Aesthetics Limited | | Case No. 22-22564 (___) | 98-1462898 |
| Endo Global Biologics Limited | | Case No. 22-22566 (___) | 98-1462735 |
| Endo Global Development Limited | | Case No. 22-22568 (___) | 98-1494785 |
| Endo Global Finance LLC | Endo Global Finance B.V./LLC<br>Endo Global /finance S.à r.l. I LLC | Case No. 22-22570 (___) | 38-4007754 |
| Endo Global Ventures | Auxilium Bermuda Unlimited | Case No. 22-22571 (___) | 98-1224244 |
| Endo Health Solutions Inc. | Endo Pharmaceuticals Holdings Inc. | Case No. 22-22573 (___) | 13-4022871 |
| Endo Innovation Valera, LLC | | Case No. 22-22575 (___) | 83-0973622 |
| Endo Ireland Finance II Limited | | Case No. 22-22577 (___) | 98-1300535 |
| Endo LLC | NIMA Acquisition LLC | Case No. 22-22579 (___) | 46-4266640 |
| Endo Luxembourg Finance Company I S.à r.l. | | Case No. 22-22581 (___) | 98-1143863 |
| Endo Luxembourg Holding Company S.à r.l. | | Case No. 22-22583 (___) | 98-1147168 |
| Endo Luxembourg International Financing S.à r.l. | | Case No. 22-22585 (___) | 98-1402905 |
| Endo Management Limited | Sportwell III Limited | Case No. 22-22587 (___) | 98-1154866 |
| Endo Pharmaceuticals Finance LLC | | Case No. 22-22589 (___) | 82-1445768 |
| Endo Pharmaceuticals Inc. | | Case No. 22-22590 (___) | 52-2035829 |
| Endo Pharmaceuticals Solutions Inc. | | Case No. 22-22592 (___) | 04-3047911 |
| Endo Pharmaceuticals Valera Inc. | | Case No. 22-22593 (___) | 13-4119931 |
| Endo Procurement Operations Limited | | Case No. 22-22595 (___) | 98-1477840 |
| Endo TopFin Limited | Manjano Limited | Case No. 22-22597 (___) | 98-1248086 |
| Endo U.S. Inc. | ULU Acquisition Corp. | Case No. 22-22599 (___) | 46-4710786 |
| Endo US Holdings Luxembourg I S.à r.l. | | Case No. 22-22600 (___) | 98-1247910 |
| Endo Ventures Aesthetics Limited | Endo Aesthetics Logistics Limited | Case No. 22-22602 (___) | 98-1529967 |
| Endo Ventures Bermuda Limited | | Case No. 22-22604 (___) | 98-1160688 |
| Endo Ventures Cyprus Limited | Labopharm Cyprus Limited | Case No. 22-22606 (___) | 98-1231544 |
| Generics International (US) 2, Inc. | | Case No. 22-22607 (___) | 30-0945075 |
| Generics International Ventures Enterprises LLC | | Case No. 22-22609 (___) | 83-1584685 |
| Hawk Acquisition Ireland Limited | Banyuls Limited | Case No. 22-22611 (___) | 98-1244776 |
| Kali Laboratories 2, Inc. | | Case No. 22-22612 (___) | 61-1796751 |
| Luxembourg Endo Specialty Pharmaceuticals Holding I S.à r.l. | | Case No. 22-22614 (___) | 98-1300601 |
| Paladin Labs Canadian Holding Inc. | 8601135 Canada Inc.<br>8601143 Canada Inc.<br>8601151 Canada Inc.<br>8601160 Canada Inc.<br>8312214 Canada Inc. | Case No. 22-22616 (___) | N/A |

Debtor <u>Endo International plc</u>                                    Case number (*if known*) 22- 22549

| Paladin Labs Inc. | 9122133 Canada Inc.<br>Labopharm, Inc. | Case No. 22-22617 (___) | 98-1181410 |
|---|---|---|---|
| Par Laboratories Europe, Ltd. | | Case No. 22-22618 (___) | 98-1319597 |
| Par Pharmaceutical 2, Inc. | | Case No. 22-22619 (___) | 30-0944895 |
| Slate Pharmaceuticals, LLC | Slate Pharmaceuticals, Inc. | Case No. 22-22620 (___) | 26-0456201 |
| Timm Medical Holdings, LLC | | Case No. 22-22621 (___) | 27-0468744 |

| 2 | **All other names used in the last eight years** | See chart above |
|---|---|---|
| **3.** | **Address** | Endo International plc<br>Matthew Maletta, Esq.<br>1400 Atwater Drive<br>Malvern, PA 19355 |
| **4.** | **Debtors' Attorney** | Skadden, Arps, Slate, Meagher  & Flom LLP<br>Paul D. Leake, Esq.<br>Lisa Laukitis, Esq.<br>Shana A. Elberg, Esq.<br>Evan A. Hill, Esq.<br>One Manhattan West<br>New York, New York 10001<br>Contact Phone: (212) 735-3000 |
| **5.** | **Bankruptcy Clerk's Office**<br>Documents in this case may be filed at this address.  You may inspect all records filed in this case at this office or online at https://pacer.uscourts.gov. | United States Bankruptcy Court<br>Southern District of New York<br>[ADDRESS] |
| **6.** | **Meeting of Creditors**<br>*The Debtors' representative must be present at the meeting to be questioned under oath.*  Creditors are welcome to attend, but are not required to do so.  The meeting may be continued or adjourned to a later date.  If so, the date will be on the court docket. | Date:        [Month] [Day], [Year]<br>Location: [Address]<br>Time:        [__:__] [_].m. ET |

Debtor Endo International plc                                    Case number (*if known*) 22- 22549

| | | |
|---|---|---|
| **7.** | **Proof of claim deadline** | **Deadline for filing proof of claim:**    Not yet set.  If a deadline is set, the court will send you another notice.

A proof of claim is a signed statement describing a creditor's claim.  A proof of claim form may be obtained at www.uscourts.gov or any bankruptcy clerk's office.

Your claim will be allowed in the amount scheduled unless:

- your claim is designated as *disputed, contingent,* or *unliquidated;*
- you file a proof of claim in a different amount; or
- you receive another notice.

If your claim is not scheduled or if your claim is designated as *disputed, contingent,* or *unliquidated*, you must file a proof of claim or you might not be paid on your claim and you might be unable to vote on a plan.  You may file a proof of claim even if your claim is scheduled.

You may review the schedules at the bankruptcy clerk's office or online at http://pacer.uscourts.gov.

Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits a creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain.  For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial. |
| **8.** | **Exception to discharge deadline**
The bankruptcy clerk's office must receive a complaint and any required filing fee by the following deadline. | If § 523(c) applies to your claim and you seek to have it excepted from discharge, you must start a judicial proceeding by filing a complaint by the deadline stated below

**Deadline for filing the complaint:** [Month] [Day], [Year] |
| **9.** | **Creditors with a foreign address** | If you are a creditor receiving notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about right in this case. |

Debtor Endo International plc                              Case number (*if known*) 22- 22549

| 10. | **Filing a Chapter 11 bankruptcy case** | Chapter 11 allows debtors to reorganize or liquidate according to a plan.  A plan is not effective unless the court confirms it.  You may receive a copy of the plan and a disclosure statement telling you about the plan, and you may have the opportunity to vote on the plan.  You will receive notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend the confirmation hearing.  Unless a trustee is serving, the Debtors will remain in possession of the Debtors' property and may continue to operate their business. |
|-----|-----|-----|
| 11. | **Discharge of debts** | Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt.  See 11 U.S.C. § 1141(d).  A discharge means that creditors may never try to collect the debt from the debtor, except as provided in the plan.  If you want to have a particular debt owed to you excepted from the discharge and § 523(c) applies to your claim, you must start a judicial proceeding by filing a complaint and paying the filing fee in the bankruptcy clerk's office by the deadline. |