SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Paul D. Leake
Lisa Laukitis
Shana A. Elberg
Evan A. Hill
One Manhattan West
New York, New York 10001
Telephone: (212) 735-3000
Fax: (212) 735-2000

*Proposed Counsel to Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re* | Chapter 11 |
| **ENDO INTERNATIONAL plc,** *et al.*, | Case No. 22-22549 (___) |
| Debtors.[1] | **(Joint Administration Pending)** |

**MOTION OF THE DEBTORS FOR ENTRY OF AN
ORDER (I) AUTHORIZING THE FOREIGN REPRESENTATIVES TO ACT FOR THE
DEBTORS IN FOREIGN PROCEEDINGS AND (II) GRANTING RELATED RELIEF**

Endo International plc and its debtor affiliates, as debtors and debtors in possession (collectively, the "Debtors" and together with their non-debtor affiliates, "Endo") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), respectfully represent in support of this motion (the "Motion") as follows:

---

[1] The last four digits of Debtor Endo International plc's tax identification number are 3755. Due to the large number of debtors in these chapter 11 cases, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Endo. The location of the Debtors' service address for purposes of these chapter 11 cases is: 1400 Atwater Drive, Malvern, PA 19355.

**RELIEF REQUESTED**

1. By this Motion, and pursuant to sections 105(a), 1107, and 1505 of title 11 of the United States Code (the "Bankruptcy Code"), the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), (a) authorizing the Foreign Representatives (as defined herein) to act on behalf of the Debtors' estates in the Foreign Proceedings (as defined herein), including that the Foreign Representatives be expressly authorized to (i) seek recognition of the Chapter 11 Cases and certain of this Court's orders in Canada, the UK and Australia (ii) request that the Foreign Courts (as defined herein) grant comity to the Foreign Representatives, and (iii) seek any other appropriate relief from the Foreign Courts that is just and proper in furtherance of the protection of the Debtors' estates; and (b) granting related relief.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. Venue of the Chapter 11 Cases and this Motion is proper in this District under 28 U.S.C. §§ 1408 and 1409.

**BACKGROUND**

**I.    General Background**

4. On the date hereof (the "Petition Date"), the Debtors each commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code. The Debtors have requested that the Chapter 11 Cases be jointly administered.

5. The Debtors are authorized to continue to operate their businesses and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. No trustee, examiner or statutory committee of creditors has been appointed in the Chapter 11 Cases.

7. Additional information regarding the Debtors, including their business operations, their corporate and capital structure, and the events leading to the commencement of the Chapter 11 Cases is set forth in the *Declaration of Mark Bradley in Support of Chapter 11 Petitions and First Day Papers* (the "First Day Declaration") filed contemporaneously herewith and incorporated herein by reference.

## II. Recognition in Foreign Jurisdictions

8. Endo operates a global specialty pharmaceutical business. Certain of its subsidiaries[2] have or previously had operations in various non-U.S. jurisdictions, including Canada, England, and Australia.

9. As described more fully below, these subsidiaries are named defendants in actions in certain foreign actions. The Debtors will be seeking recognition of the Chapter 11 Cases in jurisdictions where the foreign actions are pending and respectfully request that Foreign Representatives (as defined below) be appointed to commence such recognition proceedings.

## III. Appointment of Foreign Representative in Canadian Proceedings

10. Paladin Labs Inc. and Paladin Labs Canadian Holding Inc. (the "Canadian Debtors") and certain other Debtors, namely Endo International plc, Endo Ventures Limited, Par

---

[2] The following debtors are subject to foreign proceedings: Astora Women's Health LLC, Astora Women's Health Ireland Limited, Par Laboratories Europe, Ltd., Paladin Labs Canadian Holding Inc., and Paladin Labs Inc.

3

Pharmaceuticals, Inc., Par Pharmaceuticals Companies, Inc., Generics Bidco I, LLC, DAVA Pharmaceuticals, LLC, and Endo Pharmaceuticals Inc. (collectively with the Canadian Debtors, the "Canadian Defendants") are named as defendants in nine actions commenced across Canada (collectively, the "Canadian Actions"). The Canadian Actions consist of actions relating to (a) the marketing and sale of certain FDA-approved opioid products and (b) generic pricing. The Canadian Actions include class actions brought on behalf of individuals, on behalf of First Nations peoples, and governmental entities and provinces.

11. In addition, the Canadian Debtors have assets and operations in Canada. As such, it is necessary to ensure that the Chapter 11 Cases, as well as the orders of this Court entered herein, are recognized for the Canadian Debtors and the stay is enforced in Canada for the Canadian Defendants.

12. Each of the Canadian Debtors has authorized Paladin Labs Inc. ("Paladin") to act as the Canadian foreign representative (the "Canadian Foreign Representative") by written resolution. Upon Court appointment as the Canadian Foreign Representative, Paladin intends to commence an ancillary proceeding (the "Canadian Proceeding") with respect to the Chapter 11 Cases for the Canadian Debtors in the Ontario Superior Court of Justice (Commercial List) in Toronto, Ontario, Canada (the "Canadian Court") pursuant to the Companies' Creditors Arrangement Act (Canada) R.S.C. 1985, c. C-36 (as amended, the "CCAA").[3] The purpose of the Canadian Proceeding is to request that the Canadian Court recognize the Chapter 11 Cases as a

---

[3] The Debtors intend to propose that KSV Restructuring Inc. be appointed by the Canadian Court as information officer in the Canadian Proceedings (the "Information Officer"). The Information Officer will serve as an officer of the Canadian Court and report to the Canadian Court and the Canadian Debtors' stakeholders from time to time (including at the hearing on the initial application) on the status of the Chapter 11 Cases, the Debtors' proposed restructuring, and any other information that may be material to the Canadian Court.

4

"foreign main proceeding" under the provisions of the CCAA to, among other things, ensure the stay of proceedings in Canada in favor of the Canadian Debtors and the Canadian Defendants.

13. Under Canadian law, a person or entity must be duly authorized as a "foreign representative" to commence such an ancillary proceeding. Section 45(1) of the CCAA defines a "foreign representative" as a "person or body, including one appointed on an interim basis, who is authorized, in a foreign proceeding [in] respect of a debtor company, to (a) monitor the debtor company's business and financial affairs for the purpose of reorganization; or (b) act as a representative in respect of the foreign proceeding." CCAA, § 45(1). In addition, section 46(2) of the CCAA provides that an application for recognition of a foreign proceeding "must be accompanied by…a certified copy of the instrument, however designated, authorizing the foreign representative to act in that capacity or a certificate from the foreign court affirming the foreign representative's authority to act in that capacity…" CCAA, § 46(2).

14. An order of this Court authorizing Paladin to act as the Canadian Foreign Representative with respect to the Chapter 11 Cases would, once entered and certified, satisfy the requirements of sections 45(1) and 46(2) of the CCAA, thereby enabling Paladin to seek recognition as the foreign representative in the Canadian Proceeding and apply to have the Chapter 11 Cases recognized by the Canadian Court. As such, the Debtors request entry of the Proposed Order appointing Paladin as the Canadian Foreign Representative in respect of the Chapter 11 Cases.

**IV.    Appointment of Foreign Representative in English and Australian Proceedings**

15. Astora Women's Health LLC ("Astora LLC") is a named defendant in actions commenced in both England and Scotland (the "UK Actions") and in Australia (the "Australian Actions").

5

16. The UK Actions comprise a total of 12 claims brought by individual plaintiffs in the High Court of England and Wales, and 58 actions brought by individual plaintiffs in various courts in Scotland. The Australian Actions comprise one representative class action brought in the Federal Court of Australia, and four claims brought by individual plaintiffs in other courts.

17. The UK Actions and the Australian Actions relate to the surgical mesh product manufactured and distributed as part of Astora LLC's predecessor entity's women's health business. On March 31, 2016, Astora LLC terminated the operation of that business, and has not manufactured or distributed surgical mesh products, or any other products, since that time.

18. Although Astora LLC has ceased operations it continues to defend the actions, some of which are very active. Recognition would be sought in order to implement a stay of ongoing litigation, with the intention that the plaintiffs in such cases file claims in Astora LLC's bankruptcy instead of continuing with ongoing litigation. The filing and handling of such claims through Astora LLC's bankruptcy case would be substantially more efficient for the Debtors' estates than continuing to incur costs in connection with any defense of unstayed litigation in the United Kingdom and Australia. Such efficiencies would inure to the benefit of all of the Debtors' stakeholders.

19. Astora LLC has authorized Mark T. Bradley, the Chief Financial Officer of Endo International plc, to act as the UK foreign representative (the "UK Foreign Representative") and the Australian foreign representative (the "Australian Foreign Representative", and together with the Canadian Foreign Representative and the UK Foreign Representative, the "Foreign Representatives") by written resolution.

6

20.  Upon Court appointment as the UK Foreign Representative and the Australian Foreign Representative, Mr. Bradley intends to commence ancillary proceedings with respect to the Chapter 11 Cases in:

(a)  the Business of Property Courts of England and Wales (Chancery Division) in England (the "<u>UK Court</u>") pursuant to the Cross-border Insolvency Regulations of 2006 (the "<u>CBIR</u>"); and

(b)  the Federal Court of Australia (the "<u>Australian Court</u>" and together with the Canadian Court and the UK Court, the "<u>Foreign Courts</u>") pursuant to the Cross-Border Insolvency Act 2008 (Cth) (the "<u>CBIA</u>").

21.  The purpose of these proceedings is to request that the UK Court and the Australian Court recognize the Chapter 11 Cases as "foreign main proceedings" or, alternatively, "foreign non-main proceedings" under the provisions of the CBIR and CBIA, respectively, to, among other things, ensure the stay of certain pending litigations in England, Scotland and Australia against the Debtors.

22.  Similar to Canada, the UK and Australia have both adopted the model law on cross-border insolvency, which defines a "foreign representative" as a "person or body, including one appointed on an interim basis, authorised in a foreign proceeding to administer the reorganisation or the liquidation of the debtor's assets or affairs or to act as a representative of the foreign proceeding." CBIR Article 2(j); CBIA Article 2(d).

23.  In addition, Article 15(2) of both the CBIR and the CBIA provides that an application for recognition of a foreign proceeding "must be accompanied by…(a) a certified copy of the decision commencing the foreign proceeding and appointing the foreign representative. (b) a certificate from the foreign court affirming the existence of the foreign proceeding and of the appointment of the foreign representative; or (c) in the absence of evidence referred to in subparagraphs (a) and (b), any other evidence acceptable to the court of the existence of the foreign proceeding and of the appointment of the foreign representative."

7

24. An order of this Court authorizing Mr. Bradley to act as the UK Foreign Representative and the Australian Foreign Representative with respect to the Chapter 11 Cases would, once entered and certified, satisfy the requirements of Articles 2 and 15(2) if the CBIR and CBIA, thereby enabling Mr. Bradley to seek recognition as the foreign representative and apply to have the Chapter 11 Cases recognized by the UK Court and the Australian Court. As such, the Debtors request entry of the Proposed Order appointing Mark Bradley as the UK Foreign Representative and Australian Foreign Representative.

## BASIS FOR RELIEF

### I. The Foreign Representatives should be authorized to Act for the Purposes of the Recognition before the Foreign Courts

25. Section 1505 of the Bankruptcy Code provides that "[a] trustee or another entity (including an examiner) may be authorized by the court to act in a foreign country on behalf of an estate created under section 541. An entity authorized to act under this section may act in any way permitted by the applicable foreign law." 11 U.S.C. § 1505. Further, section 1107(a) of the Bankruptcy Code provides, in relevant part, that "a debtor in possession shall have all the rights…and powers, and shall perform all the functions and duties…of a trustee serving in a case under this chapter." 11 U.S.C. § 1107(a).

26. The Debtors respectfully submit that Mr. Bradley and Paladin may act as Foreign Representatives solely on the basis of the rights and powers conferred upon it as a debtor in possession under section 1107 of the Bankruptcy Code. However, in order to avoid any possible confusion or doubt regarding this authority and to comply with the requirements of sections 45(1) and 46 of the CCAA and articles 2 and 15(2) if the CBIR and CBIA, the Debtors request entry of the Proposed Order, pursuant to section 1505 of the Bankruptcy Code, to explicitly authorize Paladin to act as the Foreign Representative in the Canadian Proceeding and Mr. Bradley to act as

8

the Foreign Representative in the UK and Australian proceedings. Courts in this and other jurisdictions have granted similar relief explicitly authorizing the appointment of a foreign representative in chapter 11 cases where recognition of an ancillary proceeding in a foreign jurisdiction was sought. *See, e.g.*, *In re Purdue Pharma L.P.*, No. 19-23649 (RDD) (Bankr. S.D.N.Y. Sept. 18, 2019), *In re Hollander Sleep Products, LLC*, No. 19-11608 (MEW) (Bankr. S.D.N.Y. May 22, 2019); *In re Aeropostale, Inc.*, No. 16-11275 (SHL) (Bankr. S.D.N.Y. May 6, 2016); *In re Chemtura Corporation*, No. 09-11233 (REG) (Bankr. S.D.N.Y. Aug. 9, 2010); *In re Mallinckrodt plc*, No. 20-12522 (JTD) (Bankr. D. Del. Oct. 14, 2020); *In re Payless Holdings LLC*, No. 17-42267 (KAS) (Bankr. E.D. Mo. Apr. 5, 2017); *In re CJ Holding Co.*, No. 16-33590 (DRJ) (Bankr. S.D. Tex. July 21, 2016); *In re Ultra Petroleum Corp.*, No. 16-32202 (MI) (Bankr. S.D. Tex. May 3, 2016).

27. Further, commencing the Foreign Proceedings as soon as possible after the Petition Date will allow coordination of the Chapter 11 Cases and the Foreign Proceedings, and provide an effective mechanism to protect and maximize the value of the Debtors' assets and estates in the United States, Canada, the United Kingdom, and Australia. Accordingly, the Debtors submit that the relief requested herein is necessary and appropriate, is in the best interests of their estates and creditors, and should be granted in all respects.

## RESERVATION OF RIGHTS

28. Nothing contained herein is or should be construed as: (a) an implication or admission as to the validity of any claim against the Debtors, (b) a waiver of the Debtors' or any other party-in-interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors, (c) a waiver of any claims or causes of action that may exist against any creditor or interest holder, (d) a promise to pay any claim, (e) a concession by the Debtors that any liens

9

(contractual, common law, statutory or otherwise) satisfied pursuant to this Motion are valid (and all rights to contest the extent, validity or perfection or seek avoidance of all such liens are expressly reserved), (f) an approval, assumption, adoption, or rejection of any agreement, contract, program, policy, or lease between the Debtors and any third party under section 365 of the Bankruptcy Code, (g) a waiver of the obligation of any party in interest to file a proof of claim, or (h) otherwise affecting the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease. If this Court grants the relief sought herein, any payment made pursuant to this Court's order is not intended to be and should not be construed as an admission to the validity of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

## NOTICE

29. Notice of this Motion shall be given to (a) the U.S. Trustee; (b) counsel to the administrative agent under the Debtors' prepetition credit agreement; (c) counsel to the indenture trustee under each of the Debtors' outstanding bond issuances; (d) Gibson, Dunn & Crutcher LLP as counsel to the Ad Hoc First Lien Group (as defined in the First Day Declaration); (e) Paul, Weiss, Rifkind, Wharton & Garrison LLP as counsel to the Ad Hoc Cross-Holder Group (as defined in the First Day Declaration); (f) the U.S. Attorney for the Southern District of New York; (g) the attorneys general for all fifty states and the District of Columbia; (h) the Debtors' fifty largest unsecured creditors on a consolidated basis; (i) the Internal Revenue Service; (j) the Securities and Exchange Commission; (k) the proposed future claimants representative in the Chapter 11 Cases; (l) any party that has requested notice pursuant to Bankruptcy Rule 2002; and (m) any other party entitled to notice pursuant to Rule 9013-1(b) of the Local Bankruptcy Rules

for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"). The Debtors submit that no other or further notice need be provided.

## NO PRIOR REQUEST

30. No prior request for the relief sought herein has been made to this or any other court.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

WHEREFORE the Debtors respectfully request that the Court (a) enter the Proposed Order in substantially the form attached hereto as **Exhibit A** and (b) grant such other and further relief as may be just and proper.

Dated: August 16, 2022
New York, New York

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: _/s/ Paul D. Leake_
Paul D. Leake
Lisa Laukitis
Shana A. Elberg
Evan A. Hill
One Manhattan West
New York, New York 10001
Telephone: (212) 735-3000
Fax: (212) 735-2000

*Proposed Counsel for the Debtors
and Debtors in Possession*

## Exhibit A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re* <br><br> **ENDO INTERNATIONAL plc,** *et al.*, <br><br> Debtors.[1] | Chapter 11 <br><br> Case No. 22-22549 (___) <br><br> **(Joint Administration Pending)** |

**ORDER (I) AUTHORIZING THE FOREIGN REPRESENTATIVES TO ACT FOR THE DEBTORS IN FOREIGN PROCEEDINGS AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the debtors and debtors in possession (collectively, the "Debtors") in the above-captioned cases (the "Chapter 11 Cases") for the entry of an order (a) authorizing Paladin and Mr. Mark Bradley to act as the Foreign Representatives on behalf of the Debtors' estates in the Foreign Proceedings pursuant to section 1505 of the Bankruptcy Code; and (b) granting related relief; all as more fully set forth in the Motion; and the Court having reviewed the Motion and the First Day Declaration and having heard the statements of counsel regarding the relief requested in the Motion at a hearing before the Court (the "Hearing"); and the Court having found that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); (b) this is a core proceeding pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b); (c) venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and

---

[1] The last four digits of Debtor Endo International plc's tax identification number are 3755. Due to the large number of debtors in these chapter 11 cases, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Endo. The location of the Debtors' service address for purposes of these chapter 11 cases is: 1400 Atwater Drive, Malvern, PA 19355.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

(d) due and proper notice of the Motion and the Hearing was sufficient under the circumstances; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and that such relief is in the best interests of the Debtors, their estates, creditors, and all parties in interest; now, therefore,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. Paladin is hereby authorized to act as the Canadian Foreign Representative on behalf of the Debtors' estates in connection with the Canadian Proceeding. As Foreign Representative, Paladin shall be authorized and shall have the power to act in any way permitted by applicable foreign law, including, but not limited to, (a) seeking recognition of the Chapter 11 Cases and this Court's orders in the Canadian Proceeding, (b) requesting that the Canadian Court lend assistance to this Court in protecting the property of the Debtors' estates, and (c) seeking any other appropriate relief from the Canadian Court that Paladin deems just and proper in the furtherance of the protection of the Debtors' estates.

3. The Court requests the aid and assistance of the Canadian Court to recognize the Chapter 11 Cases as a "foreign main proceeding" and Paladin as a "foreign representative" pursuant to the CCAA, and to recognize and give full force and effect in all provinces and territories of Canada to this Order and any other orders for which recognition is sought.

4. Mr. Mark Bradley is hereby authorized to act as the UK Foreign Representative and Australian Foreign Representative on behalf of the Debtors' estates in connection with the UK and Australian Proceedings. As Foreign Representative, Mr. Mark Bradley shall be authorized and shall have the power to act in any way permitted by applicable foreign law, including, but not limited to, (a) seeking recognition of the Chapter 11 Cases and this

Court's orders in the UK and Australian Proceedings, (b) requesting that the UK and Australian Courts lend assistance to this Court in protecting the property of the Debtors' estates, and (c) seeking any other appropriate relief from Courts in the UK and Australia that Mr. Mark Bradley deems just and proper in the furtherance of the protection of the Debtors' estates.

5. The Court requests the aid and assistance of the UK Court to recognize the Chapter 11 Cases as a "foreign main proceeding" or "foreign non-main proceeding," as applicable, and Mr. Mark Bradley as a "foreign representative" pursuant to the CBIR, and to recognize and give full force and effect to this Order and any other orders for which recognition is sought throughout the UK.

6. The Court requests the aid and assistance of the Australian Court to recognize the Chapter 11 Cases as a "foreign main proceeding" or "foreign non-main proceeding," as applicable, and Mr. Mark Bradley as a "foreign representative" pursuant to the CBIA, and to recognize and give full force and effect in all states and territories to this Order and any other orders for which recognition is sought in Australia.

7. Any Bankruptcy Rule or Local Rule that might otherwise delay the effectiveness of this Order is hereby waived, and the terms and conditions of this Order shall be effective immediately and enforceable upon its entry.

8. The requirements set forth in Local Rule 9013-1(b) are satisfied by the contents of the Motion.

9. For the purposes of communicating with the Foreign Courts (should it be necessary), this Court may utilize the Guidelines for Communication and Cooperation between Courts in Cross-Border Insolvency Matters issued by the Judicial Insolvency Network as this Court determines is just and proper.

10.  The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

11.  This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated:  [●], 2022
[●], New York

_____
THE HONORABLE [_____]
UNITED STATES BANKRUPTCY JUDGE

4