SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Paul D. Leake
Lisa Laukitis
Shana A. Elberg
Evan A. Hill
One Manhattan West
New York, New York 10001
Telephone: (212) 735-3000
Fax: (212) 735-2000

*Proposed Counsel to Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re* | **Chapter 11** |
| **ENDO INTERNATIONAL plc, *et al.*,** | **Case No. 22-22549 (___)** |
| **Debtors.**[1] | **(Joint Administration Pending)** |

**MOTION OF THE DEBTORS FOR ENTRY OF AN
ORDER AUTHORIZING THE ESTABLISHMENT OF CERTAIN
NOTICE, CASE MANAGEMENT, AND ADMINISTRATIVE PROCEDURES**

Endo International plc and its debtor affiliates, as debtors and debtors in possession

(collectively, the "Debtors" and together with their non-debtor affiliates, the "Company") in the

above-captioned chapter 11 cases (the "Chapter 11 Cases"), respectfully represent in support of

this motion (the "Motion") as follows:

---

[1]    The last four digits of Debtor Endo International plc's tax identification number are 3755. Due to the large number of debtors in these chapter 11 cases, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Endo. The location of the Debtors' service address for purposes of these chapter 11 cases is: 1400 Atwater Drive, Malvern, PA 19355.

## RELIEF REQUESTED

1.      By this Motion, and pursuant to sections 102(1) and 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 1015(c), 2002(m), 9007, 9014, and 9036 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9074-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), authorizing the establishment of the notice, case management, and administrative procedures contained in the Proposed Order (collectively, the "Case Management Procedures").

## JURISDICTION AND VENUE

2.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.).  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3.      Venue of the Chapter 11 Cases and this Motion is proper in this District under 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

### I.      General Background

4.      On the date hereof (the "Petition Date"), the Debtors each commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors have requested that the Chapter 11 Cases be jointly administered.

5.      The Debtors are authorized to continue to operate their businesses and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.      No trustee, examiner or statutory committee of creditors has been appointed in the Chapter 11 Cases.

2

7.      Additional information regarding the Debtors, including their business operations, their corporate and capital structure, and the events leading to the commencement of the Chapter 11 Cases is set forth in the *Declaration of Mark Bradley in Support of Chapter 11 Petitions and First Day Papers* (the "First Day Declaration") filed contemporaneously herewith and incorporated herein by reference.

## II.      The Proposed Case Management Procedures

8.      The Case Management Procedures, among other things, (a) establish requirements for filing and serving notices, motions, applications, declarations, objections, responses, memoranda, briefs, supporting documents, and other documents filed in the Chapter 11 Cases (collectively, the "Court Filings"); (b) delineate standards for notices of hearings and agenda letters; (c) fix periodic omnibus hearing dates and articulate mandatory guidelines for the scheduling of hearings and objection deadlines; and (d) limit matters that are required to be heard by the Court.

9.      Given the size and scope of the Chapter 11 Cases, the Debtors believe that the Case Management Procedures will facilitate service of Court Filings that will be less burdensome and costly than serving such pleadings on every potentially interested party, which, in turn, will maximize the efficiency and orderly administration of the Chapter 11 Cases, while at the same time ensuring that appropriate notice is provided, particularly to parties who have expressed an interest in the Chapter 11 Cases and those directly affected by a request for relief.  In particular, the Case Management Procedures are intended to:

(a)      Reduce the need for emergency hearings and requests for expedited relief;

(b)      Provide for omnibus hearings for the Court to consider motions, pleadings, applications, objections, and responses thereto;

(c)      Foster consensual resolution of important matters;

(d)     Assure prompt receipt of appropriate notice of matters affecting parties' interests;

(e)     Allow for electronic notice pursuant to the Court's electronic filing system;

(f)     Provide ample opportunity to parties-in-interest to prepare for and respond to matters before this Court;

(g)     Reduce the substantial administrative and financial burden that would otherwise be placed on the Debtors and other parties-in-interest who file documents in the Chapter 11 Cases; and

(h)     Reduce the administrative burdens on the Court and the Clerk's office.

10.     To ensure that parties-in-interest in the Chapter 11 Cases are made aware of the Case Management Procedures, the Debtors shall direct their proposed claims and noticing agent, Kroll Restructuring Administration LLC (the "Claims and Noticing Agent"),[2] to (a) serve the Case Management Procedures on the Master Service List (as defined in the Case Management Procedures) and (b) publish the Case Management Procedures on the website to be maintained by the Claims and Noticing Agent (the "Case Website").[3]

11.     In the event the Case Management Procedures are modified during the Chapter 11 Cases, the Debtors will file notice of the same electronically on the docket and ensure that the Claims and Noticing Agent (a) updates the version of the Case Management Procedures available on the Case Website and (b) serves such updated procedures in accordance with the then-current Case Management Procedures.

---

[2]     The request to retain the Claims and Noticing Agent is made pursuant to section 156(c) of title 28 of the United States Code, which empowers the Court to use outside facilities or services pertaining to the provisions of notice of the administrative information to parties-in-interest so long as the costs of the services are paid for out of assets of the estate.  *See* 28 U.S.C. § 156(c); *see also Application of the Debtors for an Order (I) Appointing Kroll Restructuring Administration LLC as Claims and Noticing Agent Nunc Pro Tunc to the Petition Date; and (II) Granting Related Relief* filed contemporaneously herewith.

Effective March 29, 2022, Prime Clerk LLC changed its name to Kroll Restructuring Administration LLC.  There has not been any change in the company's leadership, ownership, or organizational structure.

[3]     The Case Website can be accessed at https://restructuring.ra.kroll.com/Endo.

4

## BASIS FOR RELIEF

**I.    The Proposed Case Management Procedures Are Appropriate Under the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.**

12.    The Bankruptcy Code, the Bankruptcy Rules, and the Local Rules provide the Court with authority to approve notice, case management, and administrative procedures. Bankruptcy Rule 2002(m) states that "[t]he court may from time to time enter orders designating the matters in respect to which, the entity to who, and the form and manner in which notices shall be sent except as otherwise provided by these rules." Fed. R. Bankr. P. 2002(m); *see also* Fed. R. Bankr. P. 9007 ("When notice is to be given under these rules, the court shall designate, if not otherwise specified herein, the time within which, the entities to whom, and the form and manner in which the notice shall be given."). In addition, Bankruptcy Rule 9036 authorizes notice to be sent to "a registered user by filing [such notice or pleading] with the court's electronic-filing system." Fed. R. Bankr. P. 9036.

13.    Section 102(1) of the Bankruptcy Code provides that, where the Bankruptcy Code provides for an action to occur "after notice and a hearing," such action may occur "after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances…" 11 U.S.C. § 102(1)(A). Local Rule 9074-1 also allows the Court to set notice requirements and objection deadlines that are appropriate under the facts and circumstances of each chapter 11 case. *See, e.g.*, Local Rule 9074-1(c)(3), (4). Therefore, the Debtors submit that omnibus hearings and electronic notice, whenever possible, should be permitted to alleviate the burden on the Debtors, the Court, the Clerk of the Court, and other parties-in-interest. The relief requested herein is further supported by Bankruptcy Rule 1015(c) which provides that when two or more cases are being jointly administered, as is proposed

in the Chapter 11 Cases, the Court may enter orders "as may tend to avoid unnecessary costs and delay." Fed. R. Bankr. P. 1015(c).

14.     Furthermore, pursuant to General Order M-399 of the United States Bankruptcy Court for the Southern District of New York (Bankr. S.D.N.Y. May 17, 2010) (superseding General Order M-242) ("General Order M-399"), the Court's issuance of an account to a user of the Court's electronic filing system "constitutes a waiver of conventional service with respect to that user." General Order M-399 at § II.B.1. Hence, any party submitting a document pursuant to the Court's electronic filing system already has consented to electronic service as provided by the proposed order attached hereto, and no such party will be prejudiced by electronic notice. Such registered participants will receive a "Notice of Electronic Filing" via e-mail whenever a filing is made, which will provide additional notice to such parties. If a party does not have access to e-mail, then such party will be served by U.S. mail, overnight delivery, facsimile, or hand delivery. Therefore, no party will be affected adversely by the proposed electronic service set forth in the Case Management Procedures.

15.     The relief requested herein is further supported by section 105(a) of the Bankruptcy Code, which provides, in pertinent part, that "[t]he Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). The Debtors submit that implementation of the Case Management Procedures is appropriate in the Chapter 11 Cases and well within the Court's equitable powers under section 105(a) of the Bankruptcy Code.

16.     In sum, approval of the Case Management Procedures will promote the efficient and orderly administration of the Chapter 11 Cases by, among other things: (a) limiting service of Court Filings to those parties that have an interest in the subject matter thereof;

(b) authorizing electronic service; and (c) fixing monthly omnibus hearings. Additionally, the Case Management Procedures do not seek to waive the substantive rights of any parties-in-interest in the Chapter 11 Cases.

17.    Courts in this District have granted similar relief in other chapter 11 cases. *See e.g.*, *In re The McClatchy Company*, Case No. 20-10418 (MEW) (Bankr. S.D.N.Y. Feb. 25, 2020) [Docket No. 106]; *In re Purdue Pharma L.P.*, Case No. 19-23649 (RDD) (Bankr. S.D.N.Y. Sept. 18, 2019) [Docket No. 72]; *In re Barneys New York, Inc.*, Case No. 19-36300 (CGM) (Bankr. S.D.N.Y. Sept. 4, 2019) [Docket No. 207]; *In re Stearns Holdings, LLC*, Case No. 19-12226 (SCC) (Bankr. S.D.N.Y. July 18, 2019) [Docket No. 129]; *In re New Cotai Holdings, LLC*, Case No. 19-22911 (RDD) (Bankr. S.D.N.Y. May 10, 2019) [Docket No. 30]; *In re Sears Holding Corporation*, Case No. 18-23538 (RDD) (Bankr. S.D.N.Y. Nov. 1, 2018) [Docket No. 405].[4]

18.    For the reasons set forth above, the Debtors submit that the Case Management Procedures are appropriate and should be approved and implemented in the Chapter 11 Cases, as the relief requested herein is in the best interest of the Debtors, their estates, creditors, stakeholders, and other parties-in-interest.

## RESERVATION OF RIGHTS

19.    Nothing contained herein is or should be construed as: (a) an implication or admission as to the validity of any claim against the Debtors, (b) a waiver of the Debtors' or any other party-in-interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors, (c) a waiver of any claims or causes of action that may exist against any creditor or interest holder, (d) a promise to pay any claim, (e) a concession by the Debtors that any liens

---

[4]    Because of the voluminous nature of the orders cited herein, they are not attached to this Motion. Copies of these orders are available upon request.

(contractual, common law, statutory or otherwise) satisfied pursuant to this Motion are valid (and all rights to contest the extent, validity or perfection or seek avoidance of all such liens are expressly reserved), (f) an approval, assumption, adoption, or rejection of any agreement, contract, program, policy, or lease between the Debtors and any third party under section 365 of the Bankruptcy Code, (g) a waiver of the obligation of any party in interest to file a proof of claim, or (h) otherwise affecting the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease.  If this Court grants the relief sought herein, any payment made pursuant to this Court's order is not intended to be and should not be construed as an admission to the validity of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

### NOTICE

20.    Notice of this Motion shall be given to (a) the Office of the United States Trustee for the Southern District of New York; (b) counsel to the administrative agent under the Debtors' prepetition credit agreement; (c) counsel to the indenture trustee under each of the Debtors' outstanding bond issuances; (d) Gibson, Dunn & Crutcher LLC as counsel to the Ad Hoc First Lien Group (as defined in the First Day Declaration); (e) Paul, Weiss, Rifkind, Wharton & Garrison LLP as counsel to the Ad Hoc Cross-Holder Group (as defined in the First Day Declaration); (f) the U.S. Attorney for the Southern District of New York; (g) the attorneys general for all 50 states and the District of Columbia; (h) the Debtors' 50 largest unsecured creditors on a consolidated basis; (i) the Internal Revenue Service; (j) the Securities and Exchange Commission; (k) any party that has requested notice pursuant to Bankruptcy Rule 2002; and (l) any other party

entitled to notice pursuant to Local Rule 9013-1(b).  The Debtors submit that no other or further notice need be provided.

## **NO PRIOR REQUEST**

21.    No prior request for the relief sought herein has been made to this or any other court.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

WHEREFORE the Debtors respectfully request that the Court (a) enter the

Proposed Order in substantially the form attached hereto and (b) grant such other and further relief

as may be just and proper.

Dated: August 16, 2022                    SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
      New York, New York

                                   */s/ Paul D. Leake*
                    By:  Paul D. Leake
                            Lisa Laukitis
                            Shana A. Elberg
                            Evan A. Hill
                            One Manhattan West
                            New York, New York 10001
                            Telephone: (212) 735-3000
                            Fax: (212) 735-2000

                            *Proposed Counsel for the Debtors*
                            *and Debtors in Possession*

## Exhibit A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re* | **Chapter 11** |
| **ENDO INTERNATIONAL plc, *et al.*,** | **Case No. 22-22549 (___)** |
| **Debtors.**[1] | **(Joint Administration Pending)** |

## ORDER AUTHORIZING THE ESTABLISHMENT OF CERTAIN
## NOTICE, CASE MANAGEMENT, AND ADMINISTRATIVE PROCEDURES

Upon the motion (the "Motion")[2] of the debtors and debtors in possession (collectively, the "Debtors") in the above-captioned cases (the "Chapter 11 Cases") for the entry of an order approving and implementing certain notice, case management, and administrative procedures contained herein (the "Case Management Procedures"); and the Court having reviewed the Motion and the First Day Declaration and having heard the statements of counsel regarding the relief requested in the Motion at a hearing before the Court (the "Hearing"); and the Court having found that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (c) venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and (d) due and proper notice of the Motion and the Hearing was sufficient under the circumstances; and the Court having determined

---

[1]     The last four digits of Debtor Endo International plc's tax identification number are 3755.  Due to the large number of debtors in these chapter 11 cases, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Endo. The location of the Debtors' service address for purposes of these chapter 11 cases is: 1400 Atwater Drive, Malvern, PA 19355.

[2]     Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein, in that such relief is a proper exercise of business judgment and in the best interests of the Debtors, their estates, creditors and all parties in interest; now, therefore,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED solely to the extent set forth herein.

2.      The Case Management Procedures set forth herein are approved and shall govern all applicable aspects of the Chapter 11 Cases, except as otherwise ordered by the Court.

3.      The Debtors' claims and noticing agent (the "Claims and Noticing Agent") is authorized, but not directed, to establish a case website (the "Case Website"), where, among other things, the Case Management Procedures, and also key dates and information about the Chapter 11 Cases, will be posted.

## FILING OF DOCUMENTS

4.      All documents filed in the Chapter 11 Cases, including but not limited to all notices, motions, applications, other requests for relief, and documents and exhibits filed in support thereof (collectively, the "Pleadings"), objections or responses to Pleadings (the "Objections"), and replies to the Objections (the "Replies," and together with the Pleadings and the Objections, the "Documents") shall be filed electronically with the Court on the docket of *In re Endo International plc, et al.*, Ch 11 Case No. 22-22549 (___) (the "Docket"), pursuant to Rule 5005-2 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), by users of the Court's electronic filing system in searchable portable document format ("PDF").

## PARTIES ENTITLED TO SERVICE OF DOCUMENTS

5.      All Documents shall be served, in the manner described herein, on the following parties (collectively, the "Standard Parties"):

(a)     the Chambers of the Honorable Judge [_____] ("Chambers"), United States Bankruptcy Court for the Southern District of New York, [Insert Address];

(b)     the Debtors, c/o Endo International plc, 1400 Atwater Drive, Malvern, PA 19355 (Attn: Matthew Maletta, Esq. and Brian Morrissey, Esq.);

(c)     counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, One Manhattan West, New York, New York 10001 (Attn: Paul D. Leake (paul.leake@skadden.com), Lisa Laukitis (lisa.laukitis@skadden.com), Shana A. Elberg (shana.elberg@skadden.com), and Evan A. Hill (evan.hill@skadden.com));

(d)     the Office of the United States Trustee for Region 2 (the "U.S. Trustee"), 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: Paul Schwartzberg (paul.schwartzberg@usdoj.gov), Susan Arbeit (susan.arbeit@usdoj.gov), Andy Velez-Rivera (andy.velez-rivera@usdoj.gov), and Tara Tiantian (tara.tiantian@usdoj.gov));

(e)     Simpson Thacher & Bartlett LLP (Attn: Sandeep Qusba (squsba@stblaw.com)), attorneys for JPMorgan Chase Bank, N.A., administrative agent under the Debtors' first lien credit facility;

(f)     ArentFox Schiff LLP (Attn: Beth M. Brownstein (beth.brownstein@afslaw.com), Andrew Silfen (andrew.silfen@afslaw.com), and Nicholas A. Marten (nicholas.marten@afslaw.com)), attorneys for Computershare Trust Company, N.A., indenture trustee under each of the Debtors' first lien secured notes;

(g)     Wilmer Cutler Pickering Hale & Dorr LLP (Attn: Andrew Goldman (andrew.goldman@wilmerhale.com), and Benjamin Loveland (benjamin.loveland@wilmerhale.com), attorneys for Wilmington Savings Fund Society, FSB, indenture trustee under the Debtors' second lien secured notes;

(h)     Kelley Drye & Warren LLP (Attn: James Carr (jcarr@kelleydrye.com), Eric Wilson (ewilson@kelleydrye.com), Pamela Bruzzese-Szczygiel (pbruzzese-szczygiel@kelleydrye.com), and Kristin Elliott (kelliott@kelleydrye.com)), attorneys for UMB Bank, N.A., indenture trustee under certain of the Debtors' unsecured notes;

(i)     Seward & Kissel LLP (Attn: John Ashmead (ashmead@sewkis.com), Kalyan Das (das@sewkis.com), and Sagar Patel (patel@sewkis.com)), attorneys for U.S. Bank Trust Company, N.A., indenture trustee under certain of the Debtors' unsecured notes;

3

(j)     Alston & Bird LLP (Attn: Antone Little (antone.little@alston.com)), attorneys for Wilmington Trust, N.A., collateral trustee for the Debtors' first lien credit facility and secured notes;

(k)     Gibson, Dunn & Crutcher, 200 Park Avenue, New York, NY 10166 (Attn: Scott J. Greenberg (sgreenberg@gibsondunn.com), Michael J. Cohen (mcohen@gibsondunn.com), and Joshua K. Brody (jbrody@gibsondunn.com)), attorneys for the Ad Hoc First Lien Group (as defined in the First Day Declaration);

(l)     Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, NY 10019 (Attn: Andrew N. Rosenberg (arosenberg@paulweiss.com), Alice B. Eaton (aeaton@paulweiss.com), Andrew Parlen (aparlen@paulweiss.com), and Alexander Woolverton (awoolverton@paulweiss.com)), attorneys for the Ad Hoc Cross-Holder Group (as defined in the First Day Declaration);

(m)     holders of the 50 largest unsecured claims against the Debtors on a consolidated basis;[3]

(n)     The United States Securities and Exchange Commission (Attn: Neal Jacobson (jacobsonn@sec.gov) and Patricia Schrage (schragep@sec.gov);

(o)     the United States Department of Justice;

(p)     the United States Attorney's office for the Southern District of New York, 86 Chambers Street, New York, NY 10007 (Attn: Lawrence H. Fogelman (LFogelman@usa.doj.gov) and Jean-David Barnea (JDBarnea@usa.doj.gov));

(q)     the attorneys general for all 50 states and the District of Columbia;

(r)     the Internal Revenue Service;

(s)     the proposed future claimants representative in the Chapter 11 Cases

(t)     the attorneys for any statutory committee appointed in the Chapter 11 Cases (an "Official Committee"); and

(u)     any person or entity with a particularized interest in the subject matter of the relevant Document (a "Particularized Notice Party").

---

[3]     If an official committee of unsecured creditors is appointed and counsel is retained, holders of the 50 largest unsecured claims against the Debtors shall not be included in the Master Service List (as defined below).

6.      In addition to the Standard Parties, the Pleadings, but no other Document, must be served on all persons and entities that have formally appeared and requested service in the Chapter 11 Cases pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Case Management Procedures (such persons and entities, the "Rule 2002 Parties").  Documents filed in adversary proceedings do not need to be served on the Rule 2002 Parties.

7.      The Claims and Noticing Agent shall maintain a master service list (the "Master Service List"), which shall include the Standard Parties and the Rule 2002 Parties. The Master Service List shall contain addresses and e-mail addresses.  The Claims and Noticing Agent shall use reasonable efforts to update the Master Service List as often as practicable, but in no event less frequently than every 30 days.  The Claims and Noticing Agent shall provide a copy of the most up-to-date version of the Master Service List to any party-in-interest requesting a copy of the same and a copy of the Master Service List shall be posted on the Case Website commencing as of the date that is 10 days from the date hereof.

8.      The proceedings with respect to which notice is limited to the Master Service List (including any person or entity with a particularized interest in the subject matter of the Document) shall include all matters covered by Bankruptcy Rule 2002, with the express exception of the following: (a) notices of (i) a meeting of creditors pursuant to section 341 of title 11 of the United States Code (the "Bankruptcy Code"), (ii) the time fixed for filing proofs of claim pursuant to Bankruptcy Rule 3003(c), and (iii) the time fixed for filing objections to, and the hearings to consider, approval of a disclosure statement and a chapter 11 plan; and (b) notice and transmittal of ballots for accepting or rejecting a chapter 11 plan, which notices would be given in

accordance with Bankruptcy Rule 2002 and other applicable Bankruptcy Rules, unless otherwise
ordered by the Court or otherwise prescribed by the Bankruptcy Code.

## METHOD OF SERVICE OF DOCUMENTS

9.      Parties shall serve the Master Service List by U.S. mail, overnight delivery,
hand delivery, or e-mail in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the
Local Rules; provided that if a party entitled to notice of a Pleading does not have an e-mail address
or an e-mail address is not available, the party shall be served by U.S. mail, overnight delivery,
facsimile (if agreed by such party), or hand delivery, the choice of the foregoing being in the sole
discretion of the serving party in accordance with the Case Management Procedures.
Notwithstanding the foregoing, parties may not serve Chambers by e-mail and, pursuant to Local
Rule 9070-1, a hard copy of all papers filed with the Court, including those filed electronically,
other than proofs of claim, shall be submitted to the U.S. Trustee.

10.     If service is authorized and completed by e-mail, paper copies of the
Documents shall not be required to be served on interested parties by any other method and e-mail
service shall satisfy the Court's rules for service.

11.     Service by e-mail shall be effective as of the date the Document is sent to
the e-mail address provided by a party.

12.     All Documents served by e-mail shall include the entire Document,
including the proposed form(s) of order and any exhibits, attachments, and other relevant
materials, in ".pdf" format, readable by Adobe Acrobat or an equivalent program, and the subject
line shall contain the chapter 11 case name and number.  The relevant Document shall either be
attached to the e-mail in a format specified above or the e-mail shall contain a link to such filing
in such format.  Notwithstanding the foregoing, if a Document cannot be attached to an e-mail

(because of its size, technical difficulties, or otherwise), the party serving the Document may, in

its sole discretion (a) serve the entire Document by U.S. Mail or overnight delivery, including the

proposed form(s) of order and any exhibits, attachments, and other relevant materials or (b) e-mail

the party being served and include a notation that the Document cannot be attached and will be

(i) mailed if requested or (ii) posted on any website maintained in connection with the Chapter 11

Cases.

   13. All Rule 2002 Parties must provide an e-mail address for service to the

Claims and Noticing Agent.  The Rule 2002 Parties shall be deemed to have consented to service

by e-mail, and such parties shall thereby be served in accordance with the Case Management

Procedures.

   14. Pursuant to Local Rule 9070-1, a hard copy of all papers filed with the

Court, including those filed electronically, other than proofs of claim, shall be submitted to the

U.S. Trustee.

   15. Within five business days of the completion of noticing any particular

matter, the party seeking relief shall file with the Court either an affidavit of service or a

certification of service attaching the list of parties that received notice.

## **REQUESTING NOTICE**

   16. Any creditor, equity interest holder, or party-in-interest that wishes to

receive notice in the Chapter 11 Cases and is not otherwise entitled to notice pursuant to these

Case Management Procedures shall file a notice of appearance and request for service of papers in

accordance with Bankruptcy Rules 2002 and 9010(b) (a "Notice of Appearance").

   17. A Notice of Appearance shall include the following information: (a) the

party's name and address; (b) the name of the client, if applicable; (c) an e-mail address at which

the requesting party may be served; and (d) an address by which the requesting party may be served by U.S. mail, hand delivery, and overnight delivery.  Notwithstanding Bankruptcy Rules 2002 and 9019(b), no request for service filed in the Chapter 11 Cases shall have any effect unless the foregoing requirements are satisfied.

18.     Any individual or entity filing a Notice of Appearance who does not maintain and cannot practicably obtain an e-mail address must include in its notice of appearance a certification stating the same.  Notice will be provided to these individuals or entities by U.S. mail, overnight delivery, or facsimile, in the sole discretion of the serving party in accordance with the Case Management Procedures.

### SCHEDULING OF HEARINGS

19.     The Debtors shall be authorized to schedule, in cooperation with the Court and after consultation with the Ad Hoc First Lien Group and Ad Hoc Cross-Holder Group, periodic omnibus hearings ("Omnibus Hearings") at which Pleadings and other requests for relief shall be heard.  Upon scheduling, the Claims and Noticing Agent shall post the date of the Omnibus Hearings on the Case Website.  The Court shall schedule additional Omnibus Hearings on request of the Debtors, and, upon scheduling, the Claims and Noticing Agent shall post the date of the Omnibus Hearings on the Case Website.  Entities may contact the Claims and Noticing Agent for information concerning all scheduled Omnibus Hearings.

20.     Pre-trial conferences for adversary proceedings shall be scheduled on Omnibus Hearing dates; provided that initial pre-trial conferences scheduled in connection with adversary proceedings involving the Debtors shall be set on a date that is at least 30 days after the filing of the complaint.

21.    Pleadings filed in, and trials related to, adversary proceedings shall be scheduled upon request of a party to the adversary proceeding and approval of the Court.  Parties in adversary proceedings shall comply with the procedures set forth on the Chambers' website [(____)] (the "Chambers' Website"), including that such parties should be prepared at the first pretrial conference to submit a joint pretrial scheduling order that includes a discovery cutoff date. Parties should use the standard form of pretrial scheduling order set forth on the Chambers' Website.  After a hearing date has been set by the Court, unless otherwise ordered by the Court, the parties to the adversary proceeding shall confer and agree upon a briefing schedule for all adversary matters, which shall be submitted for approval of the Court.  If a briefing schedule cannot be agreed upon, the parties to the adversary proceeding shall appear at the next scheduled pre-trial conference or some other date set by the Court.  Pursuant to Local Rule 7056-1, no motion for summary judgment may be made without first seeking a pre-motion conference.  A request for such conference should be made by letter, filed electronically on the Court's website (http://ecf.nysb.uscourts.gov) setting forth the issues to be presented in the summary judgment motion, with a copy e-mailed to Chambers.

22.    Hearings on the Pleadings (other than the Pleadings filed in adversary proceedings, which shall comply with paragraph 21 above) must be scheduled for an Omnibus Hearing except as permitted under the Expedited Relief Procedures (as defined below). Notwithstanding the foregoing, hearings on the Pleadings may thereafter be rescheduled by the parties for a date other than an Omnibus Hearing date through coordination with the Court and the filing and service of a notice of such adjournment on the docket.

23.    If a Document is filed that purports to set a hearing date inconsistent with the Case Management Procedures, the hearing shall be scheduled, without the necessity of Court

order, for the first applicable Omnibus Hearing date after the applicable notice period has expired and all applicable deadlines shall be accordingly extended.

24.    If a movant or applicant determines that a motion or application requires emergency or expedited relief, the movant or applicant shall telephonically contact the adverse party's attorneys (if applicable) requesting that the motion or application be considered on an expedited basis (the "Expedited Relief Procedures").  To the extent applicable, if such adverse party disagrees with the movant or applicant's determination regarding the emergency or expedited nature of the relief requested, the movant or applicant shall (a) inform the Court of the disagreement by telephone and thereafter (b) arrange for a chambers conference, telephonic or in-person, to be held among the Court and the parties to discuss the disagreement.  If the Court agrees with the position of the movant or applicant regarding the necessity for expedited consideration, the movant or applicant, may, by order to show cause, request an expedited hearing.  The parties shall otherwise comply with the procedures set forth on the Chambers' Website.

25.    Except as otherwise expressly set forth in any order entered in these Cases, if a motion to extend the time to take any action is filed consistent with this Order before the expiration of the period prescribed by the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, or the provisions of any order entered by this Court, the time shall automatically be extended until the Court acts on such motion, without the necessity for the entry of a bridge order.

## FILING DEADLINES

26.    Except as provided with respect to the Pleadings requesting relief pursuant to Bankruptcy Rule 2002(a)-(b), the Pleadings filed in adversary proceedings, or the Presentment Procedures (as defined below), the Pleadings shall not be considered unless filed, noticed, and served in accordance with the Case Management Procedures at least 14 calendar days before the

applicable hearing date; _provided_ that if a Particularized Notice Party is served (a) by U.S. mail, the Pleading must be filed and served at least 17 calendar days before the next applicable hearing, or (b) if by overnight delivery, the Pleading must be filed and served at least 15 calendar days before the next applicable hearing; _provided further_ that subject to the Expedited Relief Procedures, nothing in the Case Management Procedures shall prejudice the right of any party to move the Court to request an enlargement or reduction of any time period under Bankruptcy Rules 9006(b) and 9006(c).

27.     If a Pleading requests relief pursuant to Bankruptcy Rule 2002(a)-(b), the relevant hearing shall be set after the passage of the time period set forth in such rule; _provided_ that pursuant to Bankruptcy Rule 9006(f), if service is by overnight delivery or U.S. mail, one or three calendar days, respectively, shall be added to the time period set forth in Bankruptcy Rule 2002(a) or (b).

28.     Notwithstanding anything contained herein, a party may settle or present a proposed order for approval by the Court as provided by Local Rule 9074-1; _provided_ that the presentment of a proposed order pursuant to Local Rule 9074-1(c), or any other similar administrative or standard order, must be filed and served at least seven calendar days before the presentment date, unless otherwise ordered by the Court, and the Objections thereto must be filed and served at least one calendar day before the presentment date (collectively, the "_Presentment Procedures_"), and the presenting party shall comply with the procedures on the Chambers' Website.

29.     The deadline to file an Objection to any Pleading, including any joinder to an Objection, or any statement in respect of a Pleading (the "_Objection Deadline_") shall be:

(a)     in the case of a Pleading filed 21 or more days before the applicable hearing date, 4:00 p.m. (prevailing Eastern Time) on the date that is seven calendar

days before the applicable hearing date; *provided* that if a Pleading is filed more than 21 days in advance of the applicable hearing date, the Objection Deadline for such Pleading may be set for a date that is more than seven calendar days before the applicable hearing date, such date being equal to seven calendar days plus the number of calendar days such Pleading was filed in advance of the date that is 21 days before the applicable hearing date;

(b)     in the case of a Pleading filed fewer than 21 days before the applicable hearing date, 4:00 P.M. (prevailing Eastern Time) on the date that is three business days before the applicable hearing date;

(c)     in the case of a Pleading filed pursuant to the Expedited Relief Procedures fewer than 10 days before the applicable hearing date, 12:00 P.M. (prevailing Eastern Time) on the business day preceding the applicable hearing date; or

(d)     in any case, as otherwise ordered by the Court.

30.     For the avoidance of doubt, the Debtors, the Ad Hoc First Lien Group, the Ad Hoc Cross-Holder Group, any Official Committee, and the U.S. Trustee, but no other party, are authorized to file statements in support of the Pleadings by the Reply Deadline (as defined below).  The Objection Deadline may be extended with the consent of the movant or applicant.

31.     An Objection will not be considered timely unless filed with the Court and received by the Standard Parties in accordance with the manner of service prescribed herein on or before the applicable Objection Deadline.  All parties filing an Objection (a) shall include their telephone and e-mail address (if available) in the signature block on the last page of the Objection and (b) are required to attend the hearing, and failure to appear may result in the relief being granted or denied upon default.

32.     Unless otherwise ordered by the Court, the Replies, if any, shall be filed with the Court and served in accordance with these Case Management Procedures on or before 12:00 p.m. (Prevailing Eastern Time) on the day that is at least two business days prior to the date of the applicable hearing (the "Reply Deadline").

33.    Sur-replies shall not be permitted or considered unless authorized by the Court.

34.    Any party seeking to support any Document may file an expression of support of such Document (a "Joinder").  Unless otherwise ordered by the Court, filing a Joinder does not entitle such party to: (a) be an independent proponent of the Document; (b) independently support or oppose any related Documents; (c) independently settle the underlying request for relief that is the subject of the applicable Document; or (d) independently receive a ruling from the Court on the Document.  The Court may deem a Joinder to be a brief in support of the applicable Document, but the Court shall not consider any arguments or factual allegations contained in a Joinder but not in the related Document, and no party shall be required to separately respond to a Joinder.

**MOTIONS FOR RELIEF FROM THE AUTOMATIC STAY AND/OR
TO COMPEL ASSUMPTION OR REJECTION OF AN EXECUTORY CONTRACT**

35.    Notwithstanding anything contained herein, motions for relief from the automatic stay (the "Stay Relief Motions") in accordance with section 362 of the Bankruptcy Code and/or to compel assumption or rejection of an executory contract shall be noticed for consideration on the Omnibus Hearing Date that is at least 21 days after the motion is filed and notice thereof is served upon the Debtors.  Unless otherwise ordered by the Court, the objection deadline with respect thereto shall be 4:00 p.m. (Prevailing Eastern Time) on the date that this seven calendar days prior to the applicable hearing.

36.    Notwithstanding section 362(e) of the Bankruptcy Code, if a Stay Relief Motion is scheduled, in accordance with this Order, for, or adjourned to, a hearing date that falls on or after the 30th day after the filing of the Stay Relief Motion, the moving party shall be deemed to have consented to the continuation of the automatic stay in effect pending the conclusion of, or

as a result of, a final hearing and determination under section 362(d) of the Bankruptcy Code, and shall be deemed to have waived its right to assert the termination of the automatic stay under section 362(e) of the Bankruptcy Code.

## MOTIONS FOR TEMPORARY RESTRAINING ORDERS

37.     Parties seeking a temporary restraining order (a "TRO") must comply with the requirements of Federal Rule of Civil Procedure 65(b).  Applications for a TRO will be heard in open court, on the record, with a court reporter or audio recording.  Parties wishing to oppose a TRO will be heard by telephone upon request.  Applicants seeking TROs are reminded of the need to submit with their motion papers the written affidavit required under Federal Rule of Civil Procedure 65(b) confirming the notice provided to anyone who might wish to oppose the application.  Any assertions that notice cannot or should not be given must likewise be supported by affidavit.  Any request for a TRO must be preceded by an e-mail and a telephone call to Chambers, advising Chambers of the nature of the controversy, the need for emergency relief, why a noticed hearing for a preliminary injunction would be insufficient, when a hearing on the TRO application is needed, and when the motion papers will be forthcoming.  Except in those rare cases where advance notice of the TRO application would vitiate the purpose of a TRO (and where that can be established by affidavit), immediate telephonic notice of the application must be provided to all parties reasonably expected to be affected by entry of the TRO or provisions therein.  In addition, the motion papers on any TRO application must be hand delivered, emailed, or faxed to any such parties at the same time that the papers are provided to Chambers.

## HEARING PROCEDURES

38.     The initial hearing on all Pleadings will be a non-evidentiary hearing, unless: (a) the motion is of a type specified in Local Rule 9014-2(b), (c), (d), or (e); or (b) the

Court otherwise directs in advance of the hearing.  If, upon or after the filing of a motion, any party

seeks an evidentiary hearing on a motion not covered under Local Rule 9014-2, such party must

confer with all other parties involved to determine whether there is agreement that an evidentiary

hearing is appropriate.  In the absence of an agreement, the Court will consider requests for an

evidentiary hearing.  Notwithstanding Local Rule 9014-2, the Court may, upon advance request

and for cause shown, order that the initial hearing on a motion of the type specified in Local Rule

9014-2(c), (d), or (e) will be a non-evidentiary hearing.  Generally, interests of judicial economy

and the absence of disputed material issues of fact will collectively suggest that a non-evidentiary

hearing is appropriate on motions subject to Local Rule 9014-2(c), (d) or (e).

39.     Concurrently with any determination that an evidentiary hearing is

necessary or desirable, Chambers must be notified with an estimate of expected trial time; parties

may be informed that a different return date is necessary if the available time on the requested day

is insufficient.  Any motion noticed as an evidentiary hearing must prominently state, just below

the return date in the upper right-hand corner, "Evidentiary Hearing Requested."

40.     A request for relief in a Pleading may be granted without a hearing provided

that, after the passage of the Objection Deadline, the attorney for the entity who has filed the

Pleading (a) files a declaration pursuant to 28 U.S.C. § 1746 indicating that no Objection has been

filed or served in accordance with these Case Management Procedures (the "Certificate of No

Objection"); (b) serves the Certificate of No Objection via e-mail upon the attorneys for the

Debtors, the Ad Hoc First Lien Group, the Ad Hoc Cross-Holder Group, and any Official

Committee prior to submission thereof to the Court; and (c) delivers by e-mail to [___] the

proposed order (in Word or WordPerfect format only), the Certificate of No Objection, and the

underlying request for relief (with all exhibits).  Upon receipt of the foregoing, the Court may grant

the relief requested in the Pleading without further submission, hearing, or request.  If the Court does not grant the relief, the Pleading will be heard at the next Omnibus Hearing; <u>provided</u> that if the Court does not grant the relief requested in a Pleading without a hearing, such action shall not constitute an extension of the Objection Deadline related thereto, unless consented to by the party seeking relief.

        41.     In the event a matter is properly noticed for hearing and the parties reach agreement on a settlement of the dispute prior to the final hearing, the parties may announce the settlement at the scheduled hearing.  In the event the Court determines that the notice of the dispute and the hearing is adequate notice of the effects of the settlement (*i.e.*, that the terms of the settlement are not materially different from what parties-in-interest could have expected if the dispute were fully litigated), the Court may approve the settlement at the hearing without further notice of the terms of the settlement.  In the event the Court determines that additional or supplemental notice is required, the Debtors shall serve such notice in accordance with the Case Management Procedures set forth herein and a hearing to consider such settlement shall be on the next hearing day deemed appropriate by the Court.

## **FORM OF DOCUMENTS**

        42.     A "<u>Notice of Hearing</u>" shall be affixed to all Pleadings and shall include the following: (a) the title of the Pleading; (b) the parties upon whom any Objection to the Pleading is required to be served; (c) the date and time of the applicable Objection Deadline; (d) the date of the Omnibus Hearing at which the Pleading shall be considered by the Court; and (e) a statement that the relief requested may be granted without a hearing if no Objection is timely filed and served in accordance with these Case Management Procedures.

43.     The applicable Objection Deadline and hearing date shall also appear in the upper right corner of the first page of the Notice of Hearing and on the upper right corner of the first page of each Pleading and each Objection thereto.

44.     Nothing in these Case Management Procedures shall prejudice the right of any party to move the Court to request relief under section 107(b) of the Bankruptcy Code to protect any entity with respect to a trade secret or confidential research, development, or commercial information or to protect a person with respect to scandalous or defamatory matter contained in a Document filed in the Chapter 11 Cases.

## DISCOVERY AND EVIDENCE

45.     Parties are required in the first instance to resolve discovery and due diligence disputes by negotiation in good faith and, if necessary, a conference call with the Court without submission of papers.  Such calls will not be scheduled unless and until the parties have tried and failed to resolve the disputed matters themselves.  Parties requesting a conference call shall do so by an emailed written request to Chambers with a brief description of the underlying dispute.  Unless otherwise ordered by the Court, no motion with respect to a discovery or due diligence dispute may be filed unless the parties have first conferred in good faith to resolve it and also sought to resolve the matter by conference call with the Court.

46.     Except as otherwise ordered by the Court for cause shown at or before the hearing, all direct testimony in contested matters in the Chapter 11 Cases, other than duly designated deposition testimony and testimony by witnesses not under the party's reasonable control, must be submitted by affidavit, and all cross-examination and subsequent examination will be taken live.  Unless otherwise ordered by the Court, all affidavits and any designated

17

testimony must be submitted to the adversary and the Court no later than three full business days before the hearing, unless submitted along with any Replies before the Reply Deadline.

47.     Parties may, if they are so advised, introduce the testimony of witnesses who reasonably can be expected not to be cooperative (such as employees or agents of adversaries) by calling them as adverse witnesses and taking their testimony on "adverse direct."  The Court will generally regard taking direct testimony "live" as appropriate if, but only if, matters of credibility are important in the particular case, and credibility on direct, as well as after cross-examination, is at issue; the Court generally will regard "live" direct as inappropriate where the bulk of the testimony is historical or involves more than minimal discussion of accounting information or other financial or numerical analysis.  In any instances where direct testimony will proceed "live," the proponent(s) of such testimony will be responsible for so advising Chambers in advance and taking such steps (*e.g.*, subpoenas) as are necessary to secure the attendance of any non-cooperating witnesses.  The parties shall also meet and confer to agree on the admissibility of as many proposed exhibits as possible and shall submit a joint exhibit book to Chambers no later than three business days before the hearing.

## MISCELLANEOUS

48.     By approximately 12:00 p.m. (Prevailing Eastern Time) on the day before a scheduled hearing, the Debtors shall file with the Court a letter (the "Agenda Letter") setting forth each matter to be heard at the hearing (the letter may be updated after the initial submission if necessary) and shall serve the letter(s), by e-mail or facsimile on: (a) Chambers; (b) the U.S. Trustee; (c) counsel for any Official Committee; (d) counsel for the Ad Hoc First Lien Group; and

(e) any parties filing Documents to be heard at the hearing; <u>provided</u> that an Agenda Letter shall not be required where the Debtors have less than 48 hours' notice of a hearing.

49.    Matters listed on the Agenda Letter shall be limited to matters of substance and shall not include administrative filings such as notices of appearance and affidavits of service.

50.    If a party desires to participate in a hearing by telephone, either on a "live" or "listen-only" line, such party may do so by registering with CourtSolutions at www.Court-Solutions.com.    If the request is approved, the party will then receive an e-mail from CourtSolutions with dial-in information.  The party participating telephonically must adhere to the procedures for telephonic participation applicable in the United States Bankruptcy Court for the Southern District of New York, as well as those required by the Judge assigned to the Chapter 11 Cases, and supply the dial-in details to the Debtors' attorneys.  Procedures for evidentiary hearings will be established by separate orders of the Court.  At the current time, in accordance with the Court's General Order, M-543, dated March 20, 2020, as may be amended or superseded, because of the COVID-19 pandemic, all hearings are being conducted by phone until otherwise directed by the Court.

51.    Motions for re-argument must identify with particularity the matter for reconsideration in accordance with Local Rule 9023-1.  If, after review of the motion, the Court determines that it requires a response, and/or a hearing, it will notify the parties accordingly.

52.    Any party in interest may seek to amend the Case Management Procedures from time to time throughout the Chapter 11 Cases and shall present such amendments to the Court by notice of presentment in accordance with this Order.

19

53.     Within three business days of entry of this Order, the Claims and Noticing Agent shall serve a printed copy of this Order upon all parties on the Master Service List and post a copy of this Order on the Case Website.

54.     To the extent the Case Management Procedures conflict with the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules, the Case Management Procedures shall govern the Chapter 11 Cases.

55.     This Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Order.

Dated: [●], 2022
[●], New York

_____
THE HONORABLE [_____]
UNITED STATES BANKRUPTCY JUDGE