SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Paul D. Leake
Lisa Laukitis
Shana A. Elberg
Evan A. Hill
One Manhattan West
New York, New York 10001
Telephone: (212) 735-3000
Fax: (212) 735-2000

*Proposed Counsel to Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re* | **Chapter 11** |
| **ENDO INTERNATIONAL plc,** *et al.*, | **Case No. 22-22549 (___)** |
| **Debtors.**[1] | **(Joint Administration Pending)** |

**MOTION OF THE DEBTORS FOR ENTRY OF**
**INTERIM AND FINAL ORDERS AUTHORIZING**
**(I) DEBTORS TO PAY CERTAIN PREPETITION TAXES,**
**GOVERNMENTAL ASSESSMENTS, AND FEES; AND (II) FINANCIAL**
**INSTITUTIONS TO HONOR AND PROCESS RELATED CHECKS AND TRANSFER**

Endo International plc and its debtor affiliates, as debtors and debtors in possession

(collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"),

respectfully represent in support of this motion (this "Motion") as follows:

---

[1]    The last four digits of Debtor Endo International plc's tax identification number are 3755.  Due to the large number of debtors in these chapter 11 cases, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Endo. The location of the Debtors' service address for purposes of these chapter 11 cases is: 1400 Atwater Drive, Malvern, PA 19355.

## **RELIEF REQUESTED**

1.        By this Motion, and pursuant to sections 105(a), 363(b), 507(a), and 541(d) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 6003 and 6004, and of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9013-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), the Debtors seek entry of interim and final orders, substantially in the forms attached hereto as **Exhibit A** (the "Proposed Interim Order") and **Exhibit B** (the "Proposed Final Order," together with the Proposed Interim Order, the "Proposed Orders"), respectively, authorizing, but not directing, the Debtors, in their sole discretion, to make payments to certain international, federal, state, and local governmental and quasi-governmental units on account of prepetition Taxes and Fees (as defined below).

2.        The Debtors also respectfully request that the Proposed Orders (a) authorize and direct all applicable banks and other financial institutions (collectively, the "Banks"), when requested by the Debtors in their sole discretion, to receive, process, honor, and pay any and all checks, drafts, and other forms of payment, including, but not limited to, fund transfers, on account of the Taxes and Fees, whether such checks or other requests were submitted before, on, or after the Petition Date (as defined below), (b) authorize the Banks to rely on the representations of the Debtors as to which checks and fund transfers are subject to this Motion; *provided, however*, that no Bank shall have any liability to any party for relying on such representations, (c) prohibit the Banks from placing any holds on, or attempting to reverse, any automatic transfers on account of the Taxes and Fees, and (d) authorize the Debtors to issue new postpetition checks or effect new postpetition fund transfers to replace any checks, drafts, and other forms of payment, which may be dishonored or rejected, and to reimburse any expenses that may be incurred as a result of any

Bank's failure to honor a prepetition check or other form of payment.  No previous request for the relief sought herein has been made to this Court or any other court.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.).  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

4.     Pursuant to Bankruptcy Rule 7008, the Debtors consent to entry of a final order by this Court in connection with this Motion to the extent that it is later determined that this Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution.

5.     Venue of the Chapter 11 Cases and this Motion is proper in this district under 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

6.     On the date hereof (the "Petition Date"), the Debtors each commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors have requested that the Chapter 11 Cases be jointly administered.

7.     The Debtors are authorized to continue to operate their businesses and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

8.     No trustee, examiner, or statutory committee of creditors has been appointed in the Chapter 11 Cases.

9.     Additional information regarding the Debtors, including their business operations, their corporate and capital structure, and the events leading to the commencement of

the Chapter 11 Cases is set forth in the *Declaration of Mark Bradley in Support of Chapter 11 Petitions and First Day Papers* (the "First Day Declaration") filed contemporaneously herewith and incorporated herein by reference.

## THE DEBTORS' TAXES AND FEES

10.     In the ordinary course of their businesses, the Debtors incur various tax liabilities and fees including franchise taxes, income taxes, license and reporting fees, gross receipt taxes, goods and services taxes, regulatory fees, real and personal property taxes, sales and use taxes, value-added taxes, and any other types of taxes, fees, assessments, or similar charges, and any penalty, interest, or similar charges in respect of such taxes and fees (collectively, the "Taxes and Fees") owed to certain international, federal, state, and local governmental entities (each individually, an "Authority," and collectively, the "Authorities"), a non-exclusive list of which is attached hereto as **Exhibit C**.[2]

11.     The Debtors were substantially current in the payment of assessed and undisputed Taxes and Fees that came due and payable prior to the Petition Date; however, certain Taxes and Fees attributable to the prepetition period are not yet due. As of the Petition Date, the Debtors estimate that they have accrued liabilities, which are not yet due and outstanding, in the approximate amount of $5,380,000 on account of Taxes and Fees.[3]  Specifically, the Debtors

---

[2]     **Exhibit C** reflects the Debtors' good faith efforts to identify all applicable Authorities.  The inclusion or exclusion of any person or entity from **Exhibit C** is not intended to be determinative of whether such person or entity is an Authority to whom Taxes and Fees may be owed.  The Debtors reserve the right, in their sole discretion, to add or remove any Authority from **Exhibit C**.

[3]     In the ordinary course of business, the Debtors sometimes undergo audits and reviews conducted by the various Authorities.  As of the Petition Date, the Debtors are involved in ongoing audits with the following Authorities: Wisconsin Department of Revenue, Minnesota Department of Revenue, Pennsylvania Department of Revenue, Massachusetts Department of Revenue, and Illinois Department of Revenue.  Although the estimates of outstanding Taxes and Fees are based on a good-faith assessment of the existing amounts due on a prepetition basis, there is a possibility—because of audit rights—that one or more of the various Authorities may determine at a later date that the Debtors owe additional prepetition Taxes and Fees.  Nothing in this Motion is or should be construed as an admission of liability by the Debtors with respect to

*(cont'd)*

estimate that they owe the following accrued amounts on account of the following categories of

Taxes and Fees:

| Category | Estimated Amount Seeking Authority to Pay on an Interim Basis |
|---|---|
| Administrator Fees | $7,000 |
| U.S. Sales and Use, GST, and VAT Taxes | $497,000 |
| Income and Franchise Taxes | $1,942,000 |
| License, Reporting, and Regulatory Taxes and Fees | $2,900,000 |
| Real and Personal Property Taxes | $34,000 |
| **Total** | **$5,380,000** |

## I.      Administrator Fees

12.      As further described below, the manner in which the Debtors' Taxes and

Fees are paid varies.  With respect to certain Taxes and Fees, the Debtors either pay the applicable

Authority directly or contract with third-party providers or administrators (collectively,

the "Administrators") to administer and deliver payments to the applicable Authorities.  For

example, the Debtors contract with Administrator Global Tax Management ("GTM") in

connection with state business licenses and sales and use taxes, and the Debtors contract with

Administrator Meridian Tax and Accounting LLC ("Meridian") in connection with certain value

added taxes.    For their services, the Debtors pay the Administrators certain fees

(the "Administrator Fees") in the ordinary course of business.  By this Motion, the Debtors seek

to pay all accrued and unpaid prepetition Administrator Fees to avoid disruption of the

Administrators' services at this critical juncture in the Chapter 11 Cases.

---

any audit and/or review, and the Debtors reserve all rights related thereto.  By this Motion, the Debtors
request authority to pay any undisputed amounts that are later determined to be due.

13.     As of the Petition Date, the Debtors estimate that they owe the Administrators an aggregate amount of approximately $7,000 on account of accrued and unpaid prepetition Administrator Fees.   Following the Petition Date, the Debtors intend to satisfy postpetition obligations to the Administrators as they come due.

## II.     U.S. Sales and Use Taxes, GST Taxes, and VAT Taxes

14.     In the ordinary course, the Debtors collect and remit certain United States taxes related to the sale, use, and consumption of goods and services arising from the sale, use, and purchase of products, inventory, supplies, or other goods in the Debtors' businesses (the "U.S. Sales and Use Taxes").   Specifically, the Debtors collect and remit sales and use taxes to certain Authorities in connection with the operation of their businesses and the sale and distribution of the Debtors' products.   Within the United States, the Debtors are subject to gross receipt taxes in Ohio, Oregon, and Washington.   The Debtors also incur use taxes when they purchase materials and services from a vendor that is not registered to collect sales taxes for the state where the property is delivered or the services are provided.   In these circumstances, vendors are not obligated to charge or remit sales taxes.   As purchasers, however, the Debtors must self-assess and pay the use taxes to the appropriate Authority.   The Debtors pay amounts owed to the Authorities for U.S. Sales and Use Taxes through GTM.

15.     In addition to the foregoing, and in connection with their global businesses, the Debtors also incur, collect, and remit other sales-related taxes in certain foreign jurisdictions. In Canada, the Debtors are subject to goods and services taxes ("GST Taxes"), which are general consumption taxes imposed on the purchase of goods and services.   GST Taxes owed by the Debtors are paid on a monthly or yearly basis.   Generally, with respect to GST Taxes owed by the Debtors, the Debtors file and pay any amounts due directly to the applicable Authorities.

16.     The Debtors also incur, collect, and remit certain value-added taxes ("VAT Taxes") in certain foreign jurisdictions, specifically, in Belgium, Ireland, Italy, Spain, and United Kingdom.  VAT Taxes are general consumption taxes imposed at the point of entry or the point of sale of goods and services, depending on the applicable Authority.  Generally, with respect to any VAT Taxes owed by the Debtors, the Debtors use the services of Meridian to file the VAT Taxes to the applicable Authorities on behalf of the Debtors.  While Meridian files on behalf of Debtors, any amounts due are paid directly by the Debtors on a quarterly, bi-monthly, or monthly basis.

17.     The manner in which the Debtors pay VAT Taxes varies depending on the applicable jurisdiction.  Specifically, in Ireland, Debtors file a consolidated VAT Tax return for Endo Global Aesthetics Limited, Endo Global Biologics Limited, and Endo Ventures Limited.  In all other jurisdictions, VAT Taxes owed by Endo Ventures Limited are paid by Endo Ventures Limited as a registered VAT payer for those jurisdictions.

18.     As of the Petition Date, the Debtors estimate that they currently have $497,000 in outstanding accrued prepetition amounts on account of U.S. Sales and Use Taxes, GST Taxes, and VAT Taxes.  The Debtors request authority to pay any prepetition amounts that may come due on account of such Taxes and Fees.  Following the Petition Date, the Debtors intend to make future payments on account of any such postpetition Taxes and Fees in the ordinary course.

## III.     Income and Franchise Taxes

19.     The Debtors are subject to federal and state income tax liabilities in the United States ("U.S. Income Taxes").  Certain Debtors pay the applicable Authorities for U.S. Income Taxes owed on behalf of a consolidated tax group of certain other Debtors.  Any U.S. Income Taxes that are owed are paid to the applicable Authority on a quarterly, annually, or ad hoc basis as they come due, depending on the jurisdiction.  In addition, the Debtors are subject to

franchise tax liabilities in the United States as a result of their business operations ("U.S. Franchise Taxes").  Generally, any U.S. Franchise Taxes owed by the Debtors are paid either quarterly or annually to the applicable Authorities.

20.    The Debtors are also subject to income tax liabilities in certain foreign jurisdictions as a result of certain of the Debtors' foreign business operations, specifically, in Cyprus, Canada, Ireland, Netherlands, Luxembourg, and the United Kingdom.  Generally, any foreign income taxes owed by the Debtors are paid on a frequency determined by the laws of the corresponding foreign jurisdiction.  Additionally, in the ordinary course, the Debtors and certain non-Debtor affiliates share certain foreign tax attributes to maximize their use and value to the Debtors' businesses.

21.    As of the Petition Date, the Debtors estimate that they currently have $1,942,000 in outstanding accrued prepetition amounts on account of U.S. Income Taxes, U.S. Franchise Taxes, and foreign income and franchise tax liabilities.  The Debtors request authority to pay any prepetition amounts that may come due on account of such Taxes and Fees.  Following the Petition Date, the Debtors intend to make future payments on account of any such postpetition Taxes and Fees in the ordinary course.

## IV.    License, Reporting, and Regulatory Taxes and Fees

### A.    United States License, Reporting, and Regulatory Taxes and Fees

22.    In the United States, many state and local Authorities require the Debtors to pay license, reporting, excise, and regulatory Taxes and Fees as a condition to the Debtors conducting business within the applicable jurisdiction.  Specifically, the Debtors are obligated to pay these types of Taxes and Fees to maintain licenses and permits issued by Authorities that govern the regulation and use of air, water, wastewater, solid waste, and hazardous waste.  The Debtors are also obligated to pay Taxes and Fees in connection with certain United States

regulatory and filing requirements, which are generally paid in arrears to the applicable Authorities

on an annual basis.  For example, the Securities and Exchange Commission (the "SEC") requires

the Debtors to pay Taxes and Fees in connection with SEC-related filings.

23.    Additionally, the Debtors are obligated to pay Taxes and Fees specifically

related to their pharmaceutical production and distribution, including, but not limited to, the FDA

Fees, the Branded Prescription Drug Fee, and the Opioid Excise Taxes (each as defined and further

described below).  License, reporting, excise, and regulatory Taxes and Fees are paid to the

applicable Authority, depending on the jurisdiction, either on a periodic basis as invoices are

received or on an ad hoc basis as they come due.  The manner in which the Debtors' license,

reporting, and regulatory Taxes and Fees are paid varies.  The Debtors pay certain Taxes and Fees

directly to the applicable Authority, and other Taxes and Fees through certain Administrators.  For

example, the Debtors contract with GTM to administer and deliver Taxes and Fees for state

business licenses to the applicable Authority.  In addition, certain outside counsel of the Debtors

administer and deliver payments of certain environmental permit fees to the applicable Authority.

Finally, certain Debtors pay Taxes and Fees on behalf of the other Debtors, as further described

below.

i.    **FDA Fees**

24.    The United States Food and Drug Administration (the "FDA") imposes

certain fees on the Debtors in connection with the Debtors' pharmaceutical production.

Specifically, the FDA requires the Debtors to pay: (a) applicant or filing fees for various drug

product applications or filings (collectively, the "FDA User Fees") and (b) certain facility

establishment registration fees for each site where the Debtors manufacture materials regulated by

the FDA (collectively, the "FDA Establishment Fees," and together with the FDA User Fees,

the "FDA Fees").  The FDA Establishment Fees are prepaid.  The FDA User Fees, on the other

hand, are paid on an ad hoc basis as they come due and vary in amount depending on the nature of

the relevant application or filing.  In October 2022, the Debtors will be obligated to pay a FDA

Establishment Fee for the 12-month period ending on December 31, 2023.

25.    As of the Petition Date, there are no prepetition amounts outstanding on

account of any FDA Fees.  Following the Petition Date, the Debtors intend to make payments for

FDA Fees on account of postpetition operations in the ordinary course.

ii.    **Branded Prescription Drug Fee**

26.    The Debtors are required to pay a fee imposed on pharmaceutical

manufacturers (the "Branded Prescription Drug Fee") pursuant to the Patient Protection and

Affordable Care Act.  The Branded Prescription Drug Fee is paid annually and in arrears, based

on applicable branded prescription drug sales for the two prior years.  The Debtors remit amounts

owed on account of the Branded Prescription Drug Fee on an annual basis to the Internal Revenue

Service (the "IRS").  In addition, the IRS conducts an assessment of the Branded Prescription Drug

Fee on an annual basis, and may request additional amounts from the Debtors following that

assessment process.  The return and payments for the Branded Prescription Drug Fee are generally

due on September 30 of each year.  In September 2022, the Debtors will be obligated to pay a

Branded Prescription Drug Fee in the amount of $3,314,439 for the 2022 annual period.

27.    As of the Petition Date, the Debtors estimate that they currently have

$2,321,000 in outstanding accrued prepetition amounts on account of the Branded Prescription

Drug Fee.  The Debtors request authority to pay any prepetition amounts that may come due on

account of such Branded Prescription Drug Fee.  The Debtors intend to make Branded Prescription

Drug Fee payments that may come due on or after the Petition Date in the ordinary course.

### iii.        Opioid Excise Taxes

28.      The Debtors are also subject to state opioid excise taxes and related fees in the ordinary course of business (the "Opioid Excise Taxes").  The Debtors are presently subject to Opioid Excise Taxes in four states: Delaware, Maine, New York, and Rhode Island.  In addition, a number of other states have proposed legislation to institute state opioid excise taxes.  If such legislation is enacted, the Debtors could be subject to additional Opioid Excise Taxes.  The current Opioid Excise Taxes are described in further detail below:

(a)      Delaware: Effective as of July 1, 2019, Delaware imposed a prescription opioid impact fee on manufacturers of certain opioid products.  The prescription opioid impact fee is calculated based on sales of morphine milligram equivalent ("MME") and whether the prescription opioid is a brand or a generic substitution.  The Debtors are invoiced quarterly and required to remit any applicable excise tax to Delaware within 30 days of the invoice date.

(b)      Maine: Effective as of January 10, 2020, Maine imposed an annual license fee of $55,000 on manufacturers of opioid products and an annual registration fee of $250,000 for manufacturers meeting certain statutory requirements.  The Debtors must pay such fees annually on December 31 of each year.

(c)      New York: Effective as of July 1, 2019, New York imposed an excise tax on the first sale of an opioid product into New York by a registrant.[4]  New York's opioid excise tax is calculated based on MME and the wholesale acquisition cost per unit.  The Debtors are required to file returns and remit any applicable excise tax to New York in arrears on a quarterly basis.

(d)      Rhode Island: Effective as of July 1, 2019, Rhode Island imposed an opioid stewardship payment on certain opioid manufacturers, distributors, and wholesalers based on the entity's prorated "market share" of sales in the state. The Debtors are obligated to pay such fee annually, on December 31 of each year for the preceding year.

---

[4]      A "registrant," in relevant part, "means any person, firm, corporation, or association that holds and transfers title to an opioid unit and . . . is required to register with the New York State Department of Health as a manufacturer or distributor of a controlled substance."  *See* Opioid Excise Tax, New York State Department of Taxation and Finance, https://www.tax.ny.gov/bus/oet/oetidx.htm.

29.     As of the Petition Date, the Debtors estimate that they currently have $479,000 in outstanding accrued prepetition amounts on account of Opioid Excise Taxes.  The Debtors request authority to pay any prepetition amounts that may come due on account of such Opioid Excise Taxes.  Following the Petition Date, the Debtors intend to make future payments on account of postpetition Opioid Excise Taxes in the ordinary course.

### B.     Foreign License, Reporting, and Regulatory Taxes and Fees

30.     Outside the United States, the Debtors incur, in the ordinary course of business, certain regulatory Taxes and Fees as a condition to the Debtors conducting business within the applicable foreign jurisdiction.  Ireland, Austria, Spain, the Netherlands, and the United Kingdom require the Debtors to pay various license, reporting, and regulatory Taxes and Fees as a condition to the Debtors conducting business in their respective countries.  The Debtors typically remit the foreign regulatory Taxes and Fees to the relevant Authorities, depending on the jurisdiction, on a monthly, quarterly, annual, other recurring, or ad hoc basis as they come due.

31.     For example, certain Irish Authorities require the Debtors to pay various regulatory Taxes and Fees as a condition to the Debtors conducting business in Ireland.  Specifically, the Debtors are presently subject to the following Irish regulatory Taxes and Fees (collectively, the "Irish Regulatory Fees"):

(a)     Irish Takeover Panel Fee: The Debtors are subject to a fee imposed by the Irish Takeover Panel (the "ITP Fee") in connection with regulations for public companies incorporated in Ireland.  The ITP Fee is paid annually for a 12-month period commencing in July of the applicable year.  Typically, the Debtors are billed in advance for the subsequent 12-month period with respect to the ITP Fee.

(b)     Health Products Regulatory Authority Fees: The Debtors are subject to fees imposed by the Health Products Regulatory Authority (the "HPRA Fees") in connection with the Debtors' production of pharmaceuticals.  The HPRA Fees are paid upon receipt of the invoice for the relevant period.  HPRA Fees are also incurred on an ad hoc basis when Health Products Regulatory Authority conducts other related regulatory activities, such as inspections.

(c)     Ireland's Environmental Protection Agency Fees: The Debtors are subject to fees imposed by Ireland's Environmental Protection Agency (the "IEPA Fees"). Specifically, the Debtors are subject to an annual IEPA Fee in connection with the provision of certain environmental permits. IEPA Fees are also incurred on an ad hoc basis when Ireland's Environmental Protection Agency conducts other related regulatory activities, such as license reviews, during the calendar year. Typically, the Debtors are billed in advance for the subsequent 12-month period with respect to the annual IEPA Fee.

32.     As of the Petition Date, the Debtors estimate that they currently have no outstanding accrued prepetition amounts on account of such license, reporting, and regulatory Taxes and Fees in Ireland, Austria, Spain, the Netherlands, and the United Kingdom. Following the Petition Date, the Debtors intend to make future payments on account of such postpetition Taxes and Fees in the ordinary course.

## C.     Miscellaneous License, Reporting, and Regulatory Taxes and Fees

33.     In the United States and foreign jurisdictions, the Debtors also incur various other Taxes and Fees on account of licenses, reporting requirements, and applicable regulations, including, but not limited to, duties on foreign supplies imported into such territory, merchandise processing fees, harbor maintenance fees, environmental fees, and health products regulatory authority fees (collectively, the "Miscellaneous Taxes and Fees"). As of the Petition Date, the Debtors estimate that they currently have approximately $100,000 in outstanding accrued prepetition amounts on account of the Miscellaneous Taxes and Fees. The Debtors request authority to pay any prepetition amounts that may come due on account of such Miscellaneous Taxes and Fees. Following the Petition Date, the Debtors intend to make future payments on account of any postpetition Miscellaneous Taxes and Fees in the ordinary course.

34.     In conclusion, as of the Petition Date, the Debtors estimate that they currently have $2,900,000 in outstanding accrued prepetition amounts on account of the license, reporting, and regulatory Taxes and Fees (including the Miscellaneous Taxes and Fees) in the

United States, Ireland, Austria, Spain, the Netherlands, and the United Kingdom. The Debtors

request authority to pay any prepetition amounts that may come due on account of such Taxes and

Fees. Following the Petition Date, the Debtors intend to make future payments on account of any

such postpetition Taxes and Fees in the ordinary course.

## V.    Real and Personal Property Taxes

35.    Where the Debtors have operations and real and personal property, the

Debtors may be subject to property taxes levied by state and local governments. To avoid the

imposition of statutory liens on their real and personal property, the Debtors typically pay property

taxes in the ordinary course of business on an annual or semi-annual basis, depending on the

Authority. Nonpayment of property taxes could also result in additional fees and penalties. The

Debtors pay amounts owed to the Authorities for real and personal property taxes directly.

36.    As of the Petition Date, the Debtors estimate that they currently have

$34,000 in outstanding accrued prepetition amounts on account of the real and personal property

taxes. The Debtors request authority to pay any prepetition amounts that may come due on account

of such real and personal property taxes. Following the Petition Date, the Debtors intend to make

future payments on account of postpetition real and personal property taxes in the ordinary course.

## BASIS FOR RELIEF

37.    Ample cause exists to authorize the payment of the Taxes and Fees,

including that (a) certain of the prepetition Taxes and Fees may not be property of the Debtors'

estates, (b) the failure to pay the Taxes and Fees may interfere with the Debtors' continued

operations, (c) payment of the Taxes and Fees is appropriate under section 507(a)(8) of the

Bankruptcy Code, and (d) the Court has authority to grant the requested relief under sections

363(b) and 105(a) of the Bankruptcy Code.

I.     **Certain of the Prepetition Taxes and Fees May Not Be the Property of the Debtors'
Estates**

38.     Section 541(d) of the Bankruptcy Code provides, in relevant part, that
"[p]roperty in which the debtor holds, as of the commencement of the case, only legal title and not
an equitable interest . . . becomes property of the estate under subsection (a)(1) or (2) of this section
only to the extent of the debtor's legal title to such property, but not to the extent of any equitable
interest in such property that the debtor does not hold."  11 U.S.C. § 541(d).

39.     Certain of the prepetition Taxes and Fees are "trust fund" taxes, which the
Debtors are required to collect and hold in trust for the Authorities.  *See, e.g.*, I.R.C. § 7501 (stating
that certain taxes are held in trust).  Courts have held these taxes are not property of a debtor's
estate.  *See, e.g.*, *Begier v. IRS*, 496 U.S. 53, 57-60 (1990) (stating that withholding taxes are
property held by debtor in trust for another and, as such, are not property of debtor's estate); *Off.
Comm. of Unsecured Creditors of the Columbia Gas Transmission Corp. v. Columbia Gas Sys.
Inc. (In re Columbia Gas Sys. Inc.)*, 997 F.2d 1039, 1051 (3d Cir. 1993) (indicating that refunds
required to be collected by federal law created a trust fund that was not property of the debtor's
estate); *Al Copeland Enters., Inc. v. Texas (In re Al Copeland Enters., Inc.)*, 991 F.2d 233, 235-37
(5th Cir. 1993) (holding that debtors' prepetition collection of sales taxes and interest thereon were
held subject to trust and were not property of the estate); *Shank v. Wash. State Dep't of Revenue
(In re Shank)*, 792 F.2d 829, 830 (9th Cir. 1986) (concluding that sales taxes required by state law
to be collected by sellers from their customers are "trust fund" taxes); *DeChiaro v. N.Y. State Tax
Comm'n*, 760 F.2d 432, 433-34 (2d Cir. 1985) (concluding that sales taxes are "trust fund" taxes);
*In re Am. Int'l Airways, Inc.*, 70 B.R. 102, 103 (Bankr. E.D. Pa. 1987) (holding that excise and
withholding taxes are "trust fund" taxes); *Shipley Co. v. Darr (In re Tap, Inc.)*, 52 B.R. 271, 277
(Bankr. D. Mass. 1985) (finding that withholding taxes are "trust fund" taxes).  Because these

15

funds are not property of the Debtors' estates, they are not available for the satisfaction of creditors' claims, and therefore, timely payment of the trust fund taxes will not prejudice the Debtors' estates and their creditors.  Accordingly, the Debtors request the Court authorize payment of the trust fund taxes to the applicable Authorities as they come due.

## II.     Payment of the Taxes and Fees Eliminates Unnecessary Distractions From the Administration of the Debtors' Chapter 11 Cases

40.     Many federal and state statutes hold certain directors, officers, and other employees responsible for remitting certain taxes personally liable for the failure to do so.  *See, e.g.*, I.R.C. § 6672 (imposing personal liability in connection with nonpayment of employment taxes).  Any claims or litigation related to the failure to pay the Taxes and Fees would be distracting for the Debtors and their directors, officers, and other employees, as well as for this Court, much to the detriment of the Debtors' restructuring efforts.  Payment of the Taxes and Fees would avoid the loss of focus and harm to director, officer, and employee morale that results from the risk of personal liability.  Thus, it is in the best interests of the Debtors' estates to eliminate the possibility of these distractions and enable the Debtors to continue their businesses uninterrupted.

## III.    Payment of Certain Taxes and Fees Is Appropriate Under Section 507(a)(8) of the Bankruptcy Code

41.     Claims for some or all of the Taxes and Fees owed by the Debtors are entitled to priority status under section 507(a)(8) of the Bankruptcy Code.  As priority claims, those Taxes and Fees must be paid in full before any general unsecured obligations of the Debtors can be satisfied.  Payment of the Taxes and Fees will also save the Debtors potential interest expense, legal expense, and penalties that might otherwise accrue on, or be incurred, in connection with such Taxes and Fees.

42.     Section 507(a)(8) of the Bankruptcy Code grants priority status to unsecured claims of governmental units for (a) taxes on or measured by income or gross receipts

16

for a taxable year ending on or before the Petition Date, for which a return, if required, is last due after three years before the Petition Date, and, which is assessed within 240 days on or before the Petition Date, *see* 11 U.S.C. § 507(a)(8)(A); (b) property taxes incurred before the Petition Date, *see* 11 U.S.C. § 507(a)(8)(B); and (c) taxes required to be collected or withheld and for which the debtor is liable in whatever capacity, *see* 11 U.S.C. § 507(a)(8)(C).

43.     Obligations labeled "fees" or "charges" may also be deemed taxes entitled to priority status.  *See* 11 U.S.C. § 507(a)(8).  A fee or charge is a tax if it is an involuntary pecuniary burden (a) laid upon individuals or their property; (b) imposed by or under authority of a legislative body; (c) assumed for public purposes, including the purposes of defraying expenses of government or undertakings authorized by it; and (d) assessed under the police or taxing power of the state.  *See LTV Steel Co. v. Shalala (In re Chateaugay Corp.)*, 53 F.3d 478, 498 (2d Cir. 1995).  Substantially all of the Taxes and Fees are involuntary pecuniary burdens imposed by the authority of a federal, state, or local legislature under its police or taxing power.  As a result, many of the claims in respect of the Taxes and Fees would qualify for priority status under section 507(a)(8) of the Bankruptcy Code even if styled "fees" or "charges."  Those claims also must be paid in full before any general unsecured obligations of a debtor may be satisfied.

44.     Thus, payment of the Taxes and Fees will likely give the Authorities no more than that to which they would otherwise be entitled under a chapter 11 plan.  The payment of these Taxes and Fees amounts to a timing issue and will not prejudice the rights of the general unsecured creditors of these estates.  Moreover, timely payment will save the Debtors potential interest expense, legal expense, and penalties that otherwise might accrue on, or be incurred, in connection with the Taxes and Fees.

17

**IV.      Payment of Taxes and Fees Is Appropriate Under Section 363 of the Bankruptcy Code and the Doctrine of Necessity**

45.     The Court may grant the requested relief under section 363 of the Bankruptcy Code.  Section 363(b)(1) of the Bankruptcy Code empowers the Court to allow the debtor to "use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1).  Under section 363 of the Bankruptcy Code, a court may authorize a debtor to pay certain prepetition claims where supported by a sound business purpose.  *See Off.  Comm. of Unsecured Creditors of LTV Aerospace & Def. Co. v. LTV Corp (In re Chateaugay Corp.)*, 973 F.2d 141, 143 (2d Cir. 1992) (holding that a judge deciding a section 363(b) application must find from the evidence presented before him or her a good business reason to grant such application); *see also Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1071 (2d Cir. 1983); *In re Global Crossing Ltd.*, 295 B.R. 726, 743 (Bankr. S.D.N.Y. 2003); *In re Ionosphere Clubs, Inc.*, 100 B.R. 670, 675 (Bankr. S.D.N.Y. 1989) (noting the standard for determining a section 363(b) motion is "a good business reason").

46.     The business judgment rule is satisfied "when the following elements are present:  (1) a business decision, (2) disinterestedness, (3) due care, (4) good faith, and (5) according to some courts and commentators, no abuse of discretion or waste of corporate assets."  *Off.  Comm. of Subordinated Bondholders v. Integrated Res., Inc. (In re Integrated Res., Inc.)*, 147 B.R. 650, 656 (S.D.N.Y. 1992) (internal quotations omitted).  In fact, "[w]here the debtor articulates a reasonable basis for its business decisions (as distinct from a decision made arbitrarily or capriciously), courts will generally not entertain objections to the debtor's conduct."  *Comm. of Asbestos-Related Litigants and/or Creditors v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986).  Courts in this district have consistently and appropriately been reluctant to interfere with corporate decisions absent a showing of bad faith,

self-interest, or gross negligence and will uphold a board's decisions as long as they are attributable to any "rational business purpose." *In re Integrated Res. Inc.*, 147 B.R. at 656 (citation omitted).

47.     This Court may also authorize the payment of prepetition claims under section 105(a) of the Bankruptcy Code when such payment is essential to the continued operation of a debtor's business.  Section 105(a) of the Bankruptcy Code empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).  A bankruptcy court's use of its equitable powers to "authorize the payment of pre-petition debt when such payment is needed to facilitate the rehabilitation of the debtor is not a novel concept." *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989). Under section 105 of the Bankruptcy Code, "the court can permit pre-plan payment of a pre-petition obligation when essential to the continued operation of the debtor." *In re NVR L.P.*, 147 B.R. 126, 127 (Bankr. E.D. Va. 1992) (citing *Ionosphere Clubs*, 98 B.R. at 177).

48.     In a long line of well-established cases, federal courts have consistently permitted postpetition payment of prepetition obligations where necessary to preserve or enhance the value of a debtor's estate for the benefit of all creditors.  *See, e.g.*, *Miltenberger v. Logansport C. & Sw. Ry. Co.*, 106 U.S. 286, 312 (1882) (permitting payment of a pre-receivership claim prior to reorganization to prevent "stoppage of [crucial] business relations"); *Mich. Bureau of Workers' Disability Comp. v. Chateaugay Corp. (In re Chateaugay Corp.)*, 80 B.R. 279, 285-86 (S.D.N.Y. 1987) (affirming order authorizing payment of prepetition wages, salaries, expenses, and benefits).

49.     This doctrine of necessity functions in a chapter 11 case as a mechanism by which the bankruptcy court can exercise its equitable power to allow payment of critical prepetition claims not explicitly authorized by the Bankruptcy Code.  *See In re Bos. & Me. Corp.*, 634 F.2d 1359, 1382 (1st Cir. 1980) (recognizing existence of judicial power to authorize trustees to pay

19

claims for goods and services that are indispensably necessary to debtors' continued operation). The doctrine is frequently invoked early in a bankruptcy case, particularly in connection with those chapter 11 sections that relate to payment of prepetition claims.

50.     The Debtors submit that the timely payment of the Taxes and Fees represents a sound exercise of the Debtors' business judgment and is justified under sections 363(b) and 105(a) of the Bankruptcy Code.  As noted above, payment of the Taxes and Fees will allow the Debtors to continue their business operations uninterrupted.  Moreover, if the Debtors do not pay the Taxes and Fees, Authorities could take costly, distracting actions that would interfere with the Debtors' restructuring efforts.  Accordingly, the Debtors submit the proposed relief is warranted in the Chapter 11 Cases and should be granted.

51.     The relief requested in this Motion has been granted in comparable chapter 11 cases in this jurisdiction.  *See, e.g.*, *In re GTT Communications, Inc.*, Case No. 21-11880 (MEW) (Bankr. S.D.N.Y. Nov. 30, 2021) [Docket No. 145]; *In re Grupo Posadas S.A.B. de C.V.*, Case No. 21-11831 (SHL) (Bankr. S.D.N.Y. Nov. 17, 2021) [Docket No. 75]; *In re Purdue Pharma L.P.*, Case No. 19-23649 (RDD) (Bankr. S.D.N.Y. Oct. 16, 2019) [Docket No. 311]; *In re Ditech Holding Corp.*, Case No. 19-10412 (JLG) (Bankr. S.D.N.Y. Mar. 21, 2019) [Docket No. 230]; *In re Synergy Pharm. Inc.*, Case No. 18-14010 (JLG) (Bankr. S.D.N.Y. Jan. 23, 2019) [Docket No. 257]; *In re Waypoint Leasing Holdings Ltd.*, Case No. 18-13648 (SMB) (Bankr. S.D.N.Y. Dec. 19, 2018) [Docket No. 128]; *In re Aegean Marine Petroleum Network Inc.*, Case No. 18-13374 (MEW) (Bankr. S.D.N.Y. Dec. 6, 2018) [Docket No. 154]; *In re Sears Holding Corp.*, Case No. 18-23538 (RDD) (Bankr. S.D.N.Y. Nov. 16, 2018) [Docket No. 797]; *In re Aralez*

*Pharm. US Inc.*, Case No. 18-12425 (MG) (Bankr. S.D.N.Y. Sept. 14, 2018) [Docket No. 100].[5]

The Debtors submit that the circumstances described herein warrant similar relief.

### V.      The Proposed Payment-Processing Procedures Are Appropriate

52.     The Debtors also request that this Court authorize Banks (a) to receive, process, honor, and pay all checks presented for payment of, and to honor all fund transfer requests made by the Debtors related to the claims that the Debtors request authority to pay in this Motion, regardless of whether the checks were presented or fund transfer requests were submitted before, on, or after the Petition Date; *provided, however*, that sufficient funds are on deposit in the applicable accounts to cover such payments; and (b) to rely on the Debtors' designation of any particular check as approved by the orders authorized by this Court.

53.     The Debtors have sufficient liquidity to pay the amounts set forth in this Motion in the ordinary course of business and have implemented controls to ensure that prepetition claims will not be paid out except as authorized by this Court.  The Debtors therefore submit that the payment-processing procedures described in this Motion are appropriate.

### <u>RESERVATION OF RIGHTS</u>

54.     Nothing contained herein is or should be construed as: (a) an implication or admission as to the validity of any claim against the Debtors, (b) a waiver of the Debtors' or any other party-in-interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors, (c) a waiver of any claims or causes of action that may exist against any creditor or interest holder, (d) a promise to pay any claim, (e) a concession by the Debtors that any liens (contractual, common law, statutory or otherwise) satisfied pursuant to the Motion are valid (and

---

[5]      Because of the voluminous nature of the orders cited herein, they are not attached to this Motion.  Copies of these orders, however, are available on request.

all rights to contest the extent, validity or perfection or seek avoidance of all such liens are

expressly reserved), (f) an approval, assumption, adoption, or rejection of any agreement, contract,

program, policy, or lease between the Debtors and any third party under section 365 of the

Bankruptcy Code, (g) a waiver of the obligation of any party in interest to file a proof of claim, or

(h) otherwise affecting the Debtors' rights under section 365 of the Bankruptcy Code to assume or

reject any executory contract or unexpired lease.  If this Court grants the relief sought herein, any

payment made pursuant to this Court's order is not intended to be and should not be construed as

an admission to the validity of any claim or a waiver of the Debtors' rights to subsequently dispute

such claim.

## **DEBTORS HAVE SATISFIED BANKRUPTCY RULE 6003(b)**

55.     Bankruptcy Rule 6003 provides that the relief requested in this Motion may

be granted if the "relief is necessary to avoid immediate and irreparable harm."  Fed. R. Bankr.

P. 6003; *see also In re First NLC Fin. Servs., LLC*, 382 B.R. 547, 549-50 (Bankr. S.D. Fla. 2008)

(holding that Bankruptcy Rule 6003 permits entry of retention orders on an interim basis to avoid

irreparable harm).  The Second Circuit has interpreted the language "immediate and irreparable

harm" in the context of preliminary injunctions.  In that context, the Second Circuit has instructed

that irreparable harm "'is a continuing harm which cannot be adequately redressed by final relief

on the merits' and for which 'money damages cannot provide adequate compensation.'"

*Kamerling v. Massanari*, 295 F.3d 206, 214 (2d Cir. 2002) (quoting *N.Y. Pathological & X-Ray

Labs., Inc. v. INS*, 523 F.2d 79, 81 (2d Cir. 1975)).  Furthermore, the "harm must be shown to be

actual and imminent, not remote or speculative."  *Id.*; *see also Rodriguez ex rel. Rodriguez v.

DeBuono*, 175 F.3d 227, 234 (2d Cir. 1998).  The Debtors submit that, for the reasons already set

forth herein, the relief requested in this Motion is necessary to avoid immediate and irreparable harm.

### WAIVER OF STAY UNDER BANKRUPTCY RULE 6004(h)

56.     The Debtors also request that this Court waive the stay imposed by Bankruptcy Rule 6004(h), which provides that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h).  As described above, the relief that the Debtors seek in this Motion is necessary for the Debtors to operate without interruption and to preserve value for their estates.  Accordingly, the Debtors respectfully request that this Court waive the 14-day stay imposed by Bankruptcy Rule 6004(h), to the extent applicable, as the exigent nature of the relief sought herein justifies immediate relief.

### NOTICE

57.     Notice of this Motion shall be given to (a) the U.S. Trustee; (b) counsel to the administrative agent under the Debtors' prepetition credit agreement; (c) counsel to the indenture trustee under each of the Debtors' outstanding bond issuances; (d) Gibson, Dunn & Crutcher LLP, as counsel to the Ad Hoc First Lien Group (as defined in the First Day Declaration); (e) Paul, Weiss, Rifkind, Wharton & Garrison LLP, as counsel to the Ad Hoc Cross-Holder Group (as defined in the First Day Declaration); (f) the U.S. Attorney for the Southern District of New York; (g) the attorneys general for all 50 states and the District of Columbia; (h) the Debtors' 50 largest unsecured creditors on a consolidated basis; (i) the IRS; (j) the SEC; (k) the Authorities; (l) the proposed future claimants representative in the Chapter 11 Cases; (m) any party that has requested notice pursuant to Bankruptcy Rule 2002; and (n) any other party entitled to notice

pursuant to Local Rule 9013-1(b).  The Debtors submit that no other or further notice need be provided.

## NO PRIOR REQUEST

58.      No prior request for the relief sought herein has been made to this or any other court.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

WHEREFORE, the Debtors respectfully request that this Court (a) enter the Proposed Orders in substantially the forms attached hereto as **Exhibit A** and **Exhibit B**, and (b) grant such other and further relief as may be just and proper.

Dated: August 16, 2022
      New York, New York        SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

                    By:    */s/ Paul D. Leake*
                           Paul D. Leake
                           Lisa Laukitis
                           Shana A. Elberg
                           Evan A. Hill
                           One Manhattan West
                           New York, New York 10001
                           Telephone: (212) 735-3000
                           Fax: (212) 735-2000

                           *Proposed Counsel for the Debtors*
                           *and Debtors in Possession*

## **Exhibit A**

**Proposed Interim Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re* | **Chapter 11** |
| **ENDO INTERNATIONAL plc, *et al.*,** | **Case No. 22-22549 (___)** |
| **Debtors.**[1] | **(Joint Administration Pending)** |

### INTERIM ORDER AUTHORIZING (I) DEBTORS TO PAY CERTAIN PREPETITION TAXES, GOVERNMENTAL ASSESSMENTS AND FEES; AND (II) FINANCIAL INSTITUTIONS TO HONOR AND PROCESS RELATED CHECKS AND TRANSFERS

Upon the motion (the "Motion")[2] of the debtors and debtors in possession (collectively, the "Debtors") in the above-captioned cases (the "Chapter 11 Cases"), pursuant to sections 105(a), 363(b), 507(a) and 541 of title 11 of the Bankruptcy Code for entry of an interim order (this "Interim Order") and a final order authorizing, but not directing, (i) the Debtors, in their sole discretion, to make payments to certain international, federal, state, and local governmental and quasi-governmental units on account of prepetition Taxes and Fees; and (ii) the Banks to receive, process, honor, and pay any and all checks, drafts, and other forms of payment, including, but not limited to, fund transfers, on account of the Taxes and Fees, whether such checks or other requests were submitted before, on, or after the Petition Date, as set forth more fully in the Motion; and the Court having reviewed the Motion and having heard the statements of counsel regarding

---

[1]    The last four digits of Debtor Endo International plc's tax identification number are 3755.  Due to the large number of debtors in these chapter 11 cases, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Endo. The location of the Debtors' service address for purposes of these chapter 11 cases is: 1400 Atwater Drive, Malvern, PA 19355.

[2]    Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

the relief requested in the Motion at a hearing before the Court (the "Hearing"); and the Court

having found that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a)-

(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012

(Preska, C.J.); (b) this is a core proceeding pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b); (c)

venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and (d) due and proper

notice of the Motion and Hearing was sufficient under the circumstances; and the Court having

determined that the legal and factual bases set forth in the Motion establish just cause for the relief

granted herein; and the Court having determined that immediate relief is necessary to avoid

irreparable harm to the Debtors and their estates as contemplated by Bankruptcy Rule 6003(b) and

is in the best interests of the Debtors, their estates, creditors and all parties in interest; now,

therefore,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED on an interim basis as set forth herein.

2.      The Debtors are authorized, but not directed, to pay the Taxes and Fees

(without regard to whether the Taxes and Fees accrued or arose before, on or after the Petition

Date), including, but not limited to, all of those Taxes and Fees subsequently determined, upon

audit or otherwise, to be owed, with all such payments subject to, and in compliance with, any

interim or final order approving the Debtors' use of cash collateral (the "Cash Collateral Order").

3.      All Banks are (a) authorized and directed to receive, process, honor, and

pay any and all checks, drafts, electronic transfers, and other forms of payment used by the Debtors

on account of the Taxes and Fees, whether presented before, on, or after the Petition Date;

*provided, however*, that sufficient funds are on deposit in the applicable accounts to cover such

payments; and (b) prohibited from placing any hold on, or attempting to reverse, any automatic

transfer on account of the Taxes and Fees.    The Banks shall rely on the direction and

2

representations of the Debtors as to which checks and fund transfers should be honored and paid pursuant to this Interim Order without any duty of further inquiry and without liability for following the Debtors' instructions.

4.      Any party receiving payment from the Debtors is authorized and directed to rely on the representations of the Debtors as to which payments are authorized by this Interim Order.

5.      Nothing in the Motion or this Interim Order shall be deemed to authorize the Debtors to accelerate any payments not otherwise due prior to entry of a final order granting the relief requested in the Motion.

6.      The Debtors shall maintain a matrix/schedule of payments made pursuant to this Interim Order, including the following information: (a) the names of the payee; (b) the nature, date and amount of the payment; (c) the category or type of payment as characterized in the Motion; and (d) the Debtor or Debtors that made the payment. The Debtors shall provide a copy of such matrix/schedule to the U.S. Trustee, counsel to the Ad Hoc First Lien Group, counsel to the Ad Hoc Cross-Holder Group, and any statutory committee appointed in the Chapter 11 Cases every 30 days beginning upon entry of this Interim Order.

7.      Notwithstanding anything to the contrary contained herein, any payment to be made hereunder, and any authorization contained, hereunder herein, shall be subject to the Cash Collateral Order and any budget in connection with any such use of cash collateral. To the extent there is any inconsistency between the terms of the Cash Collateral Order and any action taken or proposed to be taken hereunder, the terms of the Cash Collateral Order shall control.

8.      Nothing contained in the Motion or this Interim Order, nor any payment made pursuant to the authority granted by this Interim Order, shall constitute or be construed as

(a) an implication or admission as to the validity of any claim against the Debtors or a finding that any particular claim is an administrative expense claim or other priority claim; (b) a waiver of the Debtors' or any other party-in-interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors; (c) a waiver of any claims or causes of action that may exist against any creditor or interest holder; (d) a promise or requirement to pay any claim; (e) a concession by the Debtors that any liens (contractual, common law, statutory or otherwise) satisfied pursuant to the Motion are valid (and all rights to contest the extent, validity or perfection or seek avoidance of all such liens are expressly reserved); (f) an approval, assumption, adoption or rejection of any agreement, contract, program, policy or lease between the Debtors and any third party under section 365 of the Bankruptcy Code; (g) a waiver of the obligation of any party in interest to file a proof of claim, or (h) otherwise affecting the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease.

9.      Nothing in the Motion or this Interim Order, nor as a result of any payment made pursuant to this Interim Order, shall be deemed or construed as a waiver of the right of the Debtors, or shall impair the ability of the Debtors, to contest the validity and amount of any payment made pursuant to this Interim Order.

10.     Nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

11.     Nothing in the Motion or this Interim Order shall be deemed to authorize the Debtors to make any payments not otherwise due prior to the date of the hearing to consider entry of an order granting the relief requested in the Motion on a final basis (the "Final Hearing").

12.     The Court finds and determines that the requirements of Bankruptcy Rule 6003 are satisfied and that the relief requested is necessary to avoid immediate and irreparable harm.

13.     Under the circumstances of the Chapter 11 Cases, notice of the Motion is adequate under Bankruptcy Rule 6004(a).

14.     Notwithstanding Bankruptcy Rule 6004(h), this Interim Order shall be effective and enforceable immediately upon entry.

15.     The Debtors are authorized and empowered to take all action necessary to effectuate the relief granted in this Interim Order (including, without limitation, making copies of this Interim Order, the Motion and any materials or other information related thereto available in any local language in a jurisdiction in which the Debtors or their affiliates operate).

16.     The Final Hearing on the Motion shall be held on _____ __, 202__ at __:__ A.M./P.M. (prevailing Eastern Time).  Any objections or responses to the entry of the Proposed Final Order shall be filed and served upon counsel for the Debtors so as to be received by 4:00 p.m. (prevailing Eastern Time) by no later than seven days before the Final Hearing (the "Objection Deadline").  If no objections or responses are filed and served by the Objection Deadline, the Court may enter a final order without any further notice of a hearing.

17.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation or enforcement of this Interim Order.

Dated: [•], 2022
       [•], New York

_____
THE HONORABLE [_____]
U.S. BANKRUPTCY JUDGE

5

**<u>Exhibit B</u>**

**Proposed Final Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re* | **Chapter 11** |
| **ENDO INTERNATIONAL plc,** *et al.*, | **Case No. 22-22549 (___)** |
| **Debtors.**[1] | **(Joint Administration Pending)** |

## FINAL ORDER AUTHORIZING (I) DEBTORS TO PAY CERTAIN PREPETITION TAXES, GOVERNMENTAL ASSESSMENTS, AND FEES; AND (II) FINANCIAL INSTITUTIONS TO HONOR AND PROCESS RELATED CHECKS AND TRANSFERS

Upon the motion (the "Motion")[2] of the debtors and debtors in possession (collectively, the "Debtors") in the above-captioned cases (the "Chapter 11 Cases"), pursuant to sections 105(a), 363(b), 507(a) and 541 of the Bankruptcy Code for entry of an interim order and a final order (this "Final Order") authorizing, but not directing, (i) the Debtors, in their sole discretion, to make payments to certain international, federal, state, and local governmental and quasi-governmental units on account of prepetition Taxes and Fees; and (ii) the Banks to receive, process, honor, and pay any and all checks, drafts, and other forms of payment, including, but not limited to, fund transfers, on account of the Taxes and Fees, whether such checks or other requests were submitted before, on, or after the Petition Date, as set forth more fully in the Motion; and the Court having reviewed the Motion and held a hearing to consider the relief requested in the Motion

---

[1]     The last four digits of Debtor Endo International plc's tax identification number are 3755.  Due to the large number of debtors in the chapter 11 cases, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/endo/.  The location of the Debtors' service address for purposes of the chapter 11 cases is: 1400 Atwater Drive, Malvern, PA 19355.

[2]     Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

(the "Hearing"); and the Court having found that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); (b) this is a core proceeding pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b); (c) venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and (d) due and proper notice of the Motion and Hearing was sufficient under the circumstances; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and the Court having determined that immediate relief is necessary to avoid irreparable harm to the Debtors and their estates as contemplated by Bankruptcy Rule 6003(b) and is in the best interests of the Debtors, their estates, creditors and all parties in interest; now, therefore,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED on a final basis as set forth herein.

2.      The Debtors are authorized, but not directed, in their sole discretion, to pay the Taxes and Fees (without regard to whether the Taxes and Fees accrued or arose before, on, or after the Petition Date), including, but not limited to, all of those Taxes and Fees subsequently determined, upon audit or otherwise, to be owed, with all such payments subject to, and in compliance with, any interim or final order approving the Debtors' use of cash collateral (the "Cash Collateral Order").

3.      All Banks are (a) authorized and directed to receive, process, honor, and pay any and all checks, drafts, electronic transfers, and other forms of payment used by the Debtors on account of the Taxes and Fees, whether presented before, on, or after the Petition Date; *provided, however*, that sufficient funds are on deposit in the applicable accounts to cover such payments; and (b) prohibited from placing any hold on, or attempting to reverse, any automatic

2

transfer on account of the Taxes and Fees.  The Banks shall rely on the representations of the

Debtors as to which checks and fund transfers should be honored and paid pursuant to this Final

Order without any duty of further inquiry and without liability for following the Debtors'

instructions.

4.      Any party receiving payment from the Debtors is authorized and directed to

rely on the representations of the Debtors as to which payments are authorized by this Final Order.

5.      The Debtors shall maintain a matrix/schedule of payments made pursuant

to this Final Order, including the following information: (a) the names of the payee; (b) the nature,

date and amount of the payment; (c) the category or type of payment as characterized in the

Motion; and (d) the Debtor or Debtors that made the payment. The Debtors shall provide a copy

of such matrix/schedule to the U.S. Trustee, counsel to the Ad Hoc First Lien Group, counsel to

the Ad Hoc Cross-Holder Group and any statutory committee appointed in the Chapter 11 Cases

every 30 days beginning upon entry of this Final Order.

6.      Notwithstanding anything to the contrary contained herein, any payment to

be made hereunder, and any authorization contained, hereunder herein, shall be subject to the Cash

Collateral Order and any budget in connection with any such use of cash collateral. To the extent

there is any inconsistency between the terms of the Cash Collateral Order and any action taken or

proposed to be taken hereunder, the terms of the Cash Collateral Order shall control.

7.      Nothing contained in the Motion or this Final Order, nor any payment made

pursuant to the authority granted by this Final Order, shall constitute or be construed as (a) an

implication or admission as to the validity of any claim against the Debtors or a finding that any

particular claim is an administrative expense claim or other priority claim; (b) a waiver of the

Debtors' or any other party-in-interest's rights to dispute the amount of, basis for, or validity of

3

any claim against the Debtors; (c) a waiver of any claims or causes of action that may exist against

any creditor or interest holder; (d) a promise or requirement to pay any claim; (e) a concession by

the Debtors that any liens (contractual, common law, statutory or otherwise) satisfied pursuant to

the Motion are valid (and all rights to contest the extent, validity or perfection or seek avoidance

of all such liens are expressly reserved); (f) an approval, assumption, adoption or rejection of any

agreement, contract, program, policy or lease between the Debtors and any third party under

section 365 of the Bankruptcy Code; (g) a waiver of the obligation of any party in interest to file a

proof of claim, or (h) otherwise affecting the Debtors' rights under section 365 of the Bankruptcy

Code to assume or reject any executory contract or unexpired lease.

8.      Nothing in the Motion or this Final Order, nor as a result of any payment

made pursuant to this Final Order, shall be deemed or construed as a waiver of the right of the

Debtors, or shall impair the ability of the Debtors, to contest the validity and amount of any

payment made pursuant to this Final Order.

9.      Nothing herein shall create, nor is intended to create, any rights in favor of

or enhance the status of any claim held by any party.

10.     Notwithstanding Bankruptcy Rule 6004(h), this Final Order shall be

effective and enforceable immediately upon entry.

11.     The Debtors are authorized and empowered to take all action necessary to

effectuate the relief granted in this Final Order (including, without limitation, making copies of

this Final Order, the Motion and any materials or other information related thereto available in any

local language in a jurisdiction in which the Debtors or their affiliates operate).

4

12.     This Court shall retain jurisdiction with respect to all matters arising from

or related to the implementation, interpretation or enforcement of this Final Order.

Dated: [•], 2022
        [•], New York

_____

THE HONORABLE [____]
U.S. BANKRUPTCY JUDGE

**<u>Exhibit C</u>**

**Authorities**

| TAXING AUTHORITY | NOTICE ADDRESS | TAX TYPE |
|---|---|---|
| ALABAMA DEPARTMENT OF REVENUE | ALABAMA DEPARTMENT OF REVENUE<br>SALES & USE TAX DIVISION<br>P.O. BOX 327790<br>MONTGOMERY, AL 36132-7790<br>UNITED STATES | SALES AND USE TAX |
| ALABAMA DEPARTMENT OF REVENUE | ALABAMA DEPARTMENT OF REVENUE<br>SALES & USE TAX DIVISION<br>P.O. BOX 327790<br>MONTGOMERY, AL 36132-7790<br>UNITED STATES | SALES AND USE TAX |
| ALABAMA DEPARTMENT OF REVENUE | ALABAMA DEPARTMENT OF REVENUE<br>PO BOX 327431<br>MONTGOMERY, AL 36132-7431<br>UNITED STATES | INCOME TAX |
| ALABAMA DEPARTMENT OF REVENUE | ALABAMA DEPARTMENT OF REVENUE<br>PO BOX 327431<br>MONTGOMERY, AL 36132-7431<br>UNITED STATES | FRANCHISE TAX |
| ALASKA DEPARTMENT OF REVENUE | ALASKA DEPARTMENT OF REVENUE<br>TAX DIVISION<br>P.O. BOX 110420<br>JUNEAU, AK 99811-0420<br>UNITED STATES | INCOME TAX |
| ARIZONA DEPARTMENT OF REVENUE | ARIZONA DEPARTMENT OF REVENUE<br>1600 WEST MONROE STREET<br>PHOENIX, AZ 85007<br>UNITED STATES | SALES AND USE TAX |
| ARIZONA DEPARTMENT OF REVENUE | ARIZONA DEPARTMENT OF REVENUE<br>PO BOX 29079<br>PHOENIX, AZ 85038-9079<br>UNITED STATES | INCOME TAX |
| BELGIUM GENERAL ADMINISTRATION OF TAXATION | BELGIUM GENERAL ADMINISTRATION OF TAXATION<br>BOULEVARD DU ROI ALBERT II 33<br>BRUXELLES, 1030<br>BELGIUM | VAT |

| TAXING AUTHORITY | NOTICE ADDRESS | TAX TYPE |
|---|---|---|
| CALIFORNIA DEPARTMENT OF TAX AND FEE ADMINISTRATION | CALIFORNIA DEPARTMENT OF TAX AND FEE ADMINISTRATION<br>P.O. BOX 942879<br>SACRAMENTO, CA 94279<br>UNITED STATES | SALES AND USE TAX |
| CANADA MANITOBA FINANCE | CANADA MANITOBA FINANCE<br>101 - 401 YORK AVENUE<br>WINNIPEG, MB R3C 0P8<br>CANADA | SALES TAX |
| CANADA MINISTRY OF FINANCE-BC | CANADA MINISTRY OF FINANCE-BC<br>PO BOX 9412 STN PROV GOVT<br>VICTORIA, BC V8W 9V1<br>CANADA | SALES TAX |
| CANADA MINISTRY OF FINANCE-SASK | CANADA MINISTRY OF FINANCE-SASK<br>2350 ALBERT STREET<br>REGINA, SK S4P 4A6<br>CANADA | SALES TAX |
| CANADA PRINCE EDWARD ISLAND TAX CENTRE | CANADA PRINCE EDWARD ISLAND TAX CENTRE<br>275 POPE ROAD<br>SUMMERSIDE, PE C1N 6A2<br>CANADA | INCOME TAX |
| CANADA PRINCE EDWARD ISLAND TAX CENTRE | CANADA PRINCE EDWARD ISLAND TAX CENTRE<br>275 POPE ROAD<br>SUMMERSIDE, PE C1N 6A2<br>CANADA | EXCISE TAX ON INSURANCE |
| CANADA REVENU QUÉBEC | CANADA REVENU QUÉBEC<br>C. P. 3000, SUCCURSALE PLACE-DESJARDINS<br>MONTRÉAL, QC H5B 1A4<br>CANADA | INCOME TAX |
| CANADA REVENU QUÉBEC | CANADA REVENU QUÉBEC<br>C. P. 3000, SUCCURSALE PLACE-DESJARDINS<br>MONTRÉAL, QC H5B 1A4<br>CANADA | GST/HST SALES TAX |
| CITY OF COLUMBUS - INCOME TAX DIVISION | CITY OF COLUMBUS - INCOME TAX DIVISION<br>77 N. FRONT STREET<br>COLUMBUS, OH 43215<br>UNITED STATES | INCOME TAX |

| TAXING AUTHORITY | NOTICE ADDRESS | TAX TYPE |
|---|---|---|
| CITY OF ROCHESTER TREASURER | CITY OF ROCHESTER TREASURER<br>30 CHURCH STREET, RM 100A<br>ROCHESTER, NY 14614<br>UNITED STATES | PROPERTY TAX |
| COLORADO DEPARTMENT OF REVENUE | COLORADO DEPARTMENT OF REVENUE<br>1881 PIERCE ST.<br>ENTRANCE B<br>LAKEWOOD, CO 80214<br>UNITED STATES | SALES AND USE TAX |
| COLORADO DEPARTMENT OF REVENUE | COLORADO DEPARTMENT OF REVENUE<br>1375 SHERMAN STREET<br>DENVER, CO 80261-0013<br>UNITED STATES | INCOME TAX |
| COMPTROLLER OF MARYLAND | COMPTROLLER OF MARYLAND<br>GOLDSTEIN TREASURY BUILDING<br>80 CALVERT ST.<br>ANNAPOLIS, MD 21404 - 0466<br>UNITED STATES | INCOME TAX |
| COMPTROLLER OF MARYLAND | COMPTROLLER OF MARYLAND<br>REVENUE ADMINISTRATION CENTER<br>TAXPAYER SERVICE DIVISION<br>110 CARROLL STREET<br>ANNAPOLIS, MD 21411-0001<br>UNITED STATES | SALES AND USE TAX |
| CONNECTICUT DEPARTMENT OF REVENUE SERVICES | CONNECTICUT DEPARTMENT OF REVENUE SERVICES<br>450 COLUMBUS BLVD., SUITE 1<br>HARTFORD, CT 06103<br>UNITED STATES | INCOME TAX |
| CONNECTICUT DEPARTMENT OF REVENUE SERVICES | CONNECTICUT DEPARTMENT OF REVENUE SERVICES<br>450 COLUMBUS BLVD., SUITE 1<br>HARTFORD, CT 06103<br>UNITED STATES | SALES AND USE TAX |
| COUNTY OF ORANGE | COUNTY OF ORANGE<br>ATTN: TREASURER-TAX COLLECTOR<br>P.O. BOX 1438<br>SANTA ANA, CA 92702-1438<br>UNITED STATES | PROPERTY TAX |

| TAXING AUTHORITY | NOTICE ADDRESS | TAX TYPE |
|---|---|---|
| COUNTY OF ORANGE, CA | COUNTY OF ORANGE, CA<br>ATTN: TREASURER-TAX COLLECTOR<br>P.O. BOX 1438<br>SANTA ANA, CA 92702-1438<br>UNITED STATES | PERSONAL PROPERTY TAX |
| CYPRUS GONIA MICHAEL KARAOLI & GRIGORI AUXENTIOU | CYPRUS GONIA MICHAEL KARAOLI & GRIGORI AUXENTIOU<br>NICOSIA, 1439<br>CYPRUS | INCOME TAX |
| DC TREASURER | DC TREASURER<br>DC OFFICE OF TAX AND REVENUE<br>CORP ESTIMATED FRANCHISE TAX<br>PO BOX 96019<br>WASHINGTON, DC 20090-6019<br>UNITED STATES | INCOME TAX |
| DELAWARE DIVISION OF REVENUE | DELAWARE DIVISION OF REVENUE<br>540 SOUTH DUPONT HIGHWAY<br>SUITE 2<br>DOVER, DE 19901<br>UNITED STATES | INCOME TAX |
| FLORIDA DEPARTMENT OF REVENUE | FLORIDA DEPARTMENT OF REVENUE<br>5050 WEST TENNESSEE STREET<br>TALLAHASSEE, FL 32399<br>UNITED STATES | SALES AND USE TAX |
| FLORIDA DEPARTMENT OF REVENUE | FLORIDA DEPARTMENT OF REVENUE<br>5050 W TENNESSEE STREET<br>TALLAHASSEE, FL 32399-0125<br>UNITED STATES | INCOME TAX |
| FRANCHISE TAX BOARD | FRANCHISE TAX BOARD<br>PO BOX 942857<br>SACRAMENTO, CA 94257-0500<br>UNITED STATES | INCOME TAX |
| GEORGIA DEPARTMENT OF REVENUE | GEORGIA DEPARTMENT OF REVENUE<br>1800 CENTURY BOULEVARD, NE<br>ATLANTA, GA 30345<br>UNITED STATES | SALES AND USE TAX |

| TAXING AUTHORITY | NOTICE ADDRESS | TAX TYPE |
|---|---|---|
| GEORGIA DEPARTMENT OF REVENUE | GEORGIA DEPARTMENT OF REVENUE PROCESSING CENTER P.O. BOX 105136 ATLANTA, GA 30348-5136 UNITED STATES | INCOME/FRANCHISE TAX |
| IDAHO STATE TAX COMMISSION | IDAHO STATE TAX COMMISSION PO BOX 36 BOISE, ID 83704 UNITED STATES | INCOME TAX |
| ILLINOIS DEPARTMENT OF REVENUE | ILLINOIS DEPARTMENT OF REVENUE SUITE 1100 555 W MONROE STREET CHICAGO, IL 60661 UNITED STATES | SALES AND USE TAX |
| ILLINOIS DEPARTMENT OF REVENUE | ILLINOIS DEPARTMENT OF REVENUE PO BOX 19045 SPRINGFIELD, IL 62794-9045 UNITED STATES | INCOME TAX |
| INDIANA DEPARTMENT OF REVENUE | INDIANA DEPARTMENT OF REVENUE INDIVIDUAL INCOME TAX P.O. BOX 40 INDIANAPOLIS, IN 46206-0040 UNITED STATES | SALES AND USE TAX |
| INDIANA DEPARTMENT OF REVENUE | INDIANA DEPARTMENT OF REVENUE TAX ADMINISTRATION PO BOX 7228 INDIANAPOLIS, IN 46207 UNITED STATES | INCOME TAX |
| INTERNAL REVENUE SERVICE | INTERNAL REVENUE SERVICE 1973 RULON WHITE BOULEVARD MAIL STOP 4916 BPDF OGDEN, UT 84201-0051 UNITED STATES | FEDERAL INCOME TAX |
| IOWA DEPARTMENT OF REVENUE | IOWA DEPARTMENT OF REVENUE HOOVER STATE OFFICE BUILDING 1305 E. WALNUT DES MOINES, IA 50319 UNITED STATES | SALES AND USE TAX |

| TAXING AUTHORITY | NOTICE ADDRESS | TAX TYPE |
|---|---|---|
| IRELAND COLLECTOR GENERAL'S DIVISION | IRELAND COLLECTOR GENERAL'S DIVISION<br>SARSFIELD HOUSE<br>FRANCIS STREET<br>LIMERICK,  V94 R972<br>IRELAND | INCOME TAX |
| IRELAND VAT OSS UNIT | IRELAND VAT OSS UNIT<br>OFFICE OF THE REVENUE COMMISSIONERS<br>MILLENNIUM CENTRE<br>CO. LOUTH,  A91 PP5W<br>IRELAND | VAT |
| ITALY MINISTRY OF ECONOMY AND FINANCE | ITALY MINISTRY OF ECONOMY AND FINANCE<br>VIA VENTI SETTEMBRE, 97<br>ROMA,  00187<br>ITALY | VAT |
| KANSAS CITY, MO DEPARTMENT OF REVENUE | KANSAS CITY, MO DEPARTMENT OF REVENUE<br>414 E. 12TH STREET<br>KANSAS CITY, MO 64106<br>UNITED STATES | PROFITS TAX |
| KANSAS DEPARTMENT OF REVENUE | KANSAS DEPARTMENT OF REVENUE<br>SCOTT STATE OFFICE BUILDING<br>120 SE 10TH AVENUE<br>TOPEKA, KS 66612-1103<br>UNITED STATES | INCOME TAX |
| KANSAS DEPARTMENT OF REVENUE | KANSAS DEPARTMENT OF REVENUE<br>SCOTT STATE OFFICE BUILDING<br>120 SE 10TH AVENUE<br>TOPEKA, KS 66612-1103<br>UNITED STATES | RETAILER S TAX RETURN CT9U |
| KENTUCKY DEPARTMENT OF REVENUE | KENTUCKY DEPARTMENT OF REVENUE<br>DIVISION OF SALES AND USE TAX<br>STATION 67<br>PO BOX 181<br>FRANKFORT, KY 40602-0181<br>UNITED STATES | SALES AND USE TAX |
| KENTUCKY STATE TREASURER | KENTUCKY STATE TREASURER<br>KENTUCKY DEPARTMENT OF REVENUE<br>501 HIGH STREET<br>FRANKFORT, KY 40601-2103<br>UNITED STATES | INCOME TAX |

| TAXING AUTHORITY | NOTICE ADDRESS | TAX TYPE |
|---|---|---|
| LEXINGTON DEPARTMENT OF REVENUE | LEXINGTON DEPARTMENT OF REVENUE<br>200 E MAIN ST<br>LEXINGTON, KY 40507<br>UNITED STATES | PROFITS TAX |
| LOUISIANA DEPARTMENT OF REVENUE | LOUISIANA DEPARTMENT OF REVENUE<br>617 NORTH THIRD STREET<br>BATON ROUGE, LA 70802<br>UNITED STATES | SALES AND USE TAX |
| LOUISIANA DEPARTMENT OF REVENUE | LOUISIANA DEPARTMENT OF REVENUE<br>617 NORTH THIRD STREET<br>BATON ROUGE, LA 70802<br>UNITED STATES | SALES AND USE TAX |
| LOUISIANA DEPARTMENT OF REVENUE | LOUISIANA DEPARTMENT OF REVENUE<br>PO BOX 91011<br>BATON ROUGE, LA 70821-9011<br>UNITED STATES | INCOME/FRANCHISE TAX |
| LOUISVILLE KY REVENUE COMMISSION | LOUISVILLE KY REVENUE COMMISSION<br>617 W. JEFFERSON STREET<br>LOUISVILLE, KY 40202<br>UNITED STATES | OCCUPATIONAL LICENSE FEE |
| MAINE REVENUE SERVICES | MAINE REVENUE SERVICES<br>P.O. BOX 1060<br>AUGUSTA, ME 04332-1060<br>UNITED STATES | INCOME TAX |
| MASSACHUSETTS DEPARTMENT OF REVENUE | MASSACHUSETTS DEPARTMENT OF REVENUE<br>PROBLEM RESOLUTION OFFICE<br>P.O. BOX 9552<br>BOSTON, MA 02114<br>UNITED STATES | SALES AND USE TAX |
| MASSACHUSETTS DEPT. REVENUE | MASSACHUSETTS DEPT. REVENUE<br>PO BOX 7065<br>BOSTON, MA 02204<br>UNITED STATES | INCOME TAX |
| MICHIGAN DEPARTMENT OF TREASURY | MICHIGAN DEPARTMENT OF TREASURY<br>LANSING, MI 48922<br>UNITED STATES | INCOME TAX |

7

| TAXING AUTHORITY | NOTICE ADDRESS | TAX TYPE |
|---|---|---|
| MINNESOTA DEPARTMENT OF REVENUE | MINNESOTA DEPARTMENT OF REVENUE<br>INDIVIDUAL INCOME TAX<br>600 NORTH ROBERT STREET<br>ST. PAUL, MN 55101<br>UNITED STATES | INCOME TAX |
| MINNESOTA DEPARTMENT OF REVENUE | MINNESOTA DEPARTMENT OF REVENUE<br>INDIVIDUAL INCOME TAX<br>MAIL STATION 6330<br>600 NORTH ROBERT STREET<br>ST. PAUL, MN 55146-6330<br>UNITED STATES | SALES AND USE TAX |
| MISSISSIPPI DEPARTMENT OF REVENUE | MISSISSIPPI DEPARTMENT OF REVENUE<br>500 CLINTON CENTER DRIVE<br>CLINTON, MS 39056<br>UNITED STATES | SALES AND USE TAX |
| MISSISSIPPI STATE TAX COMMISSION | MISSISSIPPI STATE TAX COMMISSION<br>PO BOX 23050<br>JACKSON, MS 39225-3050<br>UNITED STATES | INCOME/FRANCHISE TAX |
| MISSOURI DEPARTMENT OF REVENUE | MISSOURI DEPARTMENT OF REVENUE<br>PO BOX 3365<br>JEFFERSON CITY, MO 65105-3365<br>UNITED STATES | INCOME TAX |
| MONTANA DEPARTMENT OF REVENUE | MONTANA DEPARTMENT OF REVENUE<br>PO BOX 8021<br>HELENA, MT 59604-8021<br>UNITED STATES | INCOME TAX |
| NEBRASKA DEPARTMENT OF REVENUE | NEBRASKA DEPARTMENT OF REVENUE<br>PO BOX 94818<br>LINCOLN, NE 68509-4818<br>UNITED STATES | INCOME TAX |
| NEBRASKA DEPARTMENT OF REVENUE | NEBRASKA DEPARTMENT OF REVENUE<br>PO BOX 94818<br>LINCOLN, NE 68509-4818<br>UNITED STATES | SALES AND USE TAX |

| TAXING AUTHORITY | NOTICE ADDRESS | TAX TYPE |
|---|---|---|
| NETHERLAND TAX AND CUSTOMS ADMINISTRATION/DEPARTMENT OF INTERNATIONAL ISSUES | NETHERLAND TAX AND CUSTOMS ADMINISTRATION /DEPARTMENT OF INTERNATIONAL ISSUES KLOOSTERWEG 22 PO BOX 2865 HEERLEN, DJ, 6401 THE NETHERLANDS | INCOME TAX |
| NEVADA DEPARTMENT OF TAXATION | NEVADA DEPARTMENT OF TAXATION 1550 COLLEGE PARKWAY SUITE 115 CARSON CITY, NV 89706 UNITED STATES | SALES AND USE TAX |
| NEW HAMPSHIRE DEPARTMENT OF REVENUE ADMINISTRATION | NEW HAMPSHIRE DEPARTMENT OF REVENUE ADMINISTRATION TAXPAYER SERVICES DIVISION PO BOX 637 CONCORD, NH 03302-0637 UNITED STATES | INCOME TAX |
| NEW JERSEY DEPARTMENT OF THE TREASURY | NEW JERSEY DEPARTMENT OF THE TREASURY DIVISION OF TAXATION PO BOX 281 TRENTON, NJ 08695-0281 UNITED STATES | SALES AND USE TAX |
| NEW MEXICO TAXATION AND REVENUE | NEW MEXICO TAXATION AND REVENUE DEPARTMENT PO BOX 630 SANTA FE, NM 87504-0630 UNITED STATES | INCOME TAX |
| NEW YORK STATE CORPORATION TAX | NEW YORK STATE CORPORATION TAX NYS ESTIMATED CORPORATION TAX PO BOX 15200 ALBANY, NY 12201-2109 UNITED STATES | INCOME TAX |
| NEW YORK STATE DEPT OF TAXATION AND FINANCE | NEW YORK STATE DEPT OF TAXATION AND FINANCE BANKRUPTCY SECTION PO BOX 5300 ALBANY, NY 12205-0300 UNITED STATES | SALES AND USE TAX |

9

| TAXING AUTHORITY | NOTICE ADDRESS | TAX TYPE |
|---|---|---|
| NORTH CAROLINA DEPARTMENT OF REVENUE | NORTH CAROLINA DEPARTMENT OF REVENUE<br>PO BOX 25000<br>RALEIGH, NC 27640-0640<br>UNITED STATES | SALES AND USE TAX |
| NORTH CAROLINA DEPT OF REVENUE | NORTH CAROLINA DEPT OF REVENUE<br>PO BOX 25000<br>RALEIGH, NC 27640-0650<br>UNITED STATES | INCOME/FRANCHISE TAX |
| NORTH CAROLINA DEPT OF REVENUE | NORTH CAROLINA DEPT OF REVENUE<br>PO BOX 25000<br>RALEIGH, NC 27640-0650<br>UNITED STATES | MACHINERY, EQUIPMENT, & FUEL TAX RETURN |
| NORTH DAKOTA OFFICE OF STATE TAX COMMISSIONER | NORTH DAKOTA OFFICE OF STATE TAX COMMISSIONER<br>600 E. BOULEVARD AVE., DEPT. 127<br>BISMARCK, ND 58505-0599<br>UNITED STATES | INCOME TAX |
| NYC DEPARTMENT OF FINANCE | NYC DEPARTMENT OF FINANCE<br>PO BOX 5070<br>KINGSTON, NY 12402-5070<br>UNITED STATES | INCOME TAX |
| OAKLAND COUNTY TREASURER | OAKLAND COUNTY TREASURER<br>1200 NORTH TELEGRAPH ROAD<br>PONTIAC, MI 48341<br>UNITED STATES | PERSONAL PROPERTY TAX |
| OHIO DEPARTMENT OF TAXATION | OHIO DEPARTMENT OF TAXATION<br>ATTN: COMPLIANCE BUSINESS TAX DIVISION<br>PO BOX 2678<br>COLUMBUS, OH 43216-2678<br>UNITED STATES | SALES AND USE TAX |
| OHIO DEPARTMENT OF TAXATION | OHIO DEPARTMENT OF TAXATION<br>ATTN: COMPLIANCE BUSINESS TAX DIVISION<br>PO BOX 16678<br>COLUMBUS, OH 43216-6678<br>UNITED STATES | COMMERCIAL ACTIVITY TAX RETURN |
| OKLAHOMA TAX COMMISSION | OKLAHOMA TAX COMMISSION<br>FRANCHISE TAX<br>PO BOX 26930<br>OKLAHOMA CITY, OK 73126-0930<br>UNITED STATES | INCOME TAX |

| TAXING AUTHORITY | NOTICE ADDRESS | TAX TYPE |
|---|---|---|
| OKLAHOMA TAX COMMISSION | OKLAHOMA TAX COMMISSION<br>FRANCHISE TAX<br>PO BOX 26930<br>OKLAHOMA CITY, OK 73126-0930<br>UNITED STATES | FRANCHISE TAX |
| OREGON DEPARTMENT OF REVENUE | OREGON DEPARTMENT OF REVENUE<br>PO BOX 14725<br>SALEM, OR 97309-5018<br>UNITED STATES | INCOME TAX |
| PA DEPARTMENT OF REVENUE | PA DEPARTMENT OF REVENUE<br>PO BOX 280905<br>HARRISBURG, PA 17128-0905<br>UNITED STATES | SALES AND USE TAX |
| PA DEPARTMENT OF REVENUE | PA DEPARTMENT OF REVENUE<br>DEPT 280422<br>HARRISBURG, PA 17128-0422<br>UNITED STATES | INCOME TAX |
| PHILADELPHIA DEPARTMENT OF REVENUE | PHILADELPHIA DEPARTMENT OF REVENUE<br>CITY OF PHILADELPHIA<br>PO BOX 1393<br>PHILADELPHIA, PA 19105-9761<br>UNITED STATES | GROSS RECEIPTS & INCOME TAX |
| PUERTO RICO DEPARTMENT OF FINANCE | PUERTO RICO DEPARTMENT OF FINANCE<br>MAYOR RAMÍREZ BUILDING<br>10 PASEO COVADONGA<br>SAN JUAN, PR 00901<br>UNITED STATES | SALES AND USE TAX |
| RECEIVER OF TAXES | RECEIVER OF TAXES<br>JEANINE C. DRISCOLL<br>200 N FRANKLIN STREET<br>FIRST FLOOR<br>HEMPSTEAD, NY  11550<br>UNITED STATES | PROPERTY TAX |
| RHODE ISLAND DIV TAXATION | RHODE ISLAND DIV TAXATION<br>DIVISION OF TAXATION<br>ONE CAPITOL HILL<br>PROVIDENCE, RI 02908-5811<br>UNITED STATES | INCOME TAX |

| TAXING AUTHORITY | NOTICE ADDRESS | TAX TYPE |
|---|---|---|
| RHODE ISLAND DIVISION OF TAXATION | RHODE ISLAND DIVISION OF TAXATION<br>ONE CAPITOL HILL<br>PROVIDENCE, RI 02908<br>UNITED STATES | SALES AND USE TAX |
| SAN ANTONIO, TX - TAX ASSESSOR-COLLECTOR | SAN ANTONIO, TX - TAX ASSESSOR-COLLECTOR<br>VISTA VERDE PLAZA BUILDING<br>233 N. PECOS LA TRINIDAD<br>SAN ANTONIO, TX 78207<br>UNITED STATES | PERSONAL PROPERTY TAX |
| SOUTH CAROLINA DEPARTMENT OF REVENUE | SOUTH CAROLINA DEPARTMENT OF REVENUE<br>INCOME TAX<br>PO BOX 125<br>COLUMBIA, SC 29214-0400<br>UNITED STATES | INCOME TAX |
| SPAIN AGENCIA ESTATAL DE ADMINISTRACIÓN TRIBUTARIA | SPAIN AGENCIA ESTATAL DE ADMINISTRACIÓN TRIBUTARIA<br>CALLE INFANTA MERCEDES 37<br>MADRID,  28020<br>SPAIN | VAT |
| STATE OF HAWAII DEPARTMENT OF TAXATION | STATE OF HAWAII DEPARTMENT OF TAXATION<br>830 PUNCHBOWL STREET<br>HONOLULU, HI 96813-5094<br>UNITED STATES | INCOME TAX |
| STATE OF NEW JERSEY | STATE OF NEW JERSEY<br>DIVISION OF TAXATION<br>REVENUE PROCESSING CENTER<br>PO BOX 193<br>TRENTON, NJ 08646-0193<br>UNITED STATES | INCOME TAX |
| SUFFERN CDC LLC | SUFFERN CDC LLC<br>7248 MORGAN ROAD<br>LIVERPOOL, NY 13088<br>UNITED STATES | PROPERTY TAX |
| TARRANT COUNTY, TX | TARRANT COUNTY, TX<br>100 E WEATHERFORD ST.<br>FORT WORTH, TX 76196<br>UNITED STATES | PERSONAL PROPERTY TAX |

| TAXING AUTHORITY | NOTICE ADDRESS | TAX TYPE |
|---|---|---|
| TENNESSEE DEPARTMENT OF REVENUE | TENNESSEE DEPARTMENT OF REVENUE<br>500 DEADERICK STREET<br>NASHVILLE, TN 37242<br>UNITED STATES | SALES AND USE TAX |
| TENNESSEE DEPARTMENT OF REVENUE | TENNESSEE DEPARTMENT OF REVENUE<br>500 DEADERICK STREET<br>NASHVILLE, TN 37242<br>UNITED STATES | INCOME TAX |
| TENNESSEE DEPARTMENT OF REVENUE | TENNESSEE DEPARTMENT OF REVENUE<br>500 DEADERICK STREET<br>NASHVILLE, TN 37242<br>UNITED STATES | FRANCHISE TAX |
| TEXAS COMPTROLLER OF PUBLIC ACCOUNTS | TEXAS COMPTROLLER OF PUBLIC ACCOUNTS<br>LYNDON B. JOHNSON STATE OFFICE BUILDING<br>111 EAST 17TH STREET<br>AUSTIN, TX 78774<br>UNITED STATES | INCOME TAX |
| TEXAS COMPTROLLER OF PUBLIC ACCOUNTS | TEXAS COMPTROLLER OF PUBLIC ACCOUNTS<br>LYNDON B. JOHNSON STATE OFFICE BUILDING<br>111 EAST 17TH STREET<br>AUSTIN, TX 78774<br>UNITED STATES | SALES AND USE TAX |
| TEXAS WILLIAMSON COUNTY TAX OFFICE | TEXAS WILLIAMSON COUNTY TAX OFFICE<br>904 S. MAIN STREET<br>GEORGETOWN, TX 78626<br>UNITED STATES | PERSONAL PROPERTY TAX |
| THE VILLAGE OF CHESTNUT RIDGE | THE VILLAGE OF CHESTNUT RIDGE<br>277 OLD NYACK TURNPIKE<br>CHESTNUT RIDGE, NY 10977<br>UNITED STATES | PROPERTY TAX |
| THE VILLAGE OF CHESTNUT RIDGE | THE VILLAGE OF CHESTNUT RIDGE<br>277 OLD NYACK TURNPIKE<br>CHESTNUT RIDGE, NY 10977<br>UNITED STATES | PROPERTY TAX |

| TAXING AUTHORITY | NOTICE ADDRESS | TAX TYPE |
|---|---|---|
| TOWN OF RAMAPO | TOWN OF RAMAPO<br>RECEIVER OF TAXES<br>YITZCHOK ULLMAN<br>237 RT 59<br>SUFFERN, NY 10901<br>UNITED STATES | PROPERTY TAX |
| TOWN OF RAMAPO | TOWN OF RAMAPO<br>RECEIVER OF TAXES<br>YITZCHOK ULLMAN<br>237 RT 59<br>SUFFERN, NY 10901<br>UNITED STATES | PROPERTY TAX |
| UK BT VAT | UK BT VAT<br>HM REVENUE AND CUSTOMS<br>BX9 1WR<br>UNITED KINGDOM | VAT |
| UK HM REVENUE AND CUSTOMS | UK HM REVENUE AND CUSTOMS<br>BP8002<br>BENTON PARK VIEW<br>NEWCASTLE UPON TYNE<br>NE98 1ZZ<br>UNITED KINGDOM | INCOME TAX |
| UTAH STATE TAX COMMISSION | UTAH STATE TAX COMMISSION<br>210 NORTH 1950 W<br>SALT LAKE CITY, UT 84134-0180<br>UNITED STATES | INCOME TAX |
| VERMONT DEPARTMENT OF TAXES | VERMONT DEPARTMENT OF TAXES<br>109 STATE STREET<br>MONTPELIER, VT 05609-1401<br>UNITED STATES | INCOME TAX |
| VIRGINIA TAX | VIRGINIA TAX<br>OFFICE OF CUSTOMER SERVICES<br>P.O. BOX 1115<br>RICHMOND, VA 23218-1115<br>UNITED STATES | INCOME TAX |

| TAXING AUTHORITY | NOTICE ADDRESS | TAX TYPE |
|---|---|---|
| WASHINGTON SPOKANE COUNTY ASSESSOR | WASHINGTON SPOKANE COUNTY ASSESSOR<br>SPOKANE COUNTY COURTHOUSE<br>1116 W BROADWAY AVENUE<br>SPOKANE, WA 99260<br>UNITED STATES | PERSONAL PROPERTY TAX |
| WASHINGTON STATE DEPARTMENT OF REVENUE | WASHINGTON STATE DEPARTMENT OF REVENUE<br>EXECUTIVE OFFICE<br>PO BOX 47450<br>OLYMPIA, WA 98504-7450<br>UNITED STATES | BUSINESS & OCCUPATION TAX |
| WASHINGTON STATE DEPARTMENT OF REVENUE | WASHINGTON STATE DEPARTMENT OF REVENUE<br>EXECUTIVE OFFICE<br>PO BOX 47450<br>OLYMPIA, WA 98504-7450<br>UNITED STATES | EXCISE TAX |
| WEST VIRGINIA STATE TAX DEPARTMENT | WEST VIRGINIA STATE TAX DEPARTMENT<br>THE REVENUE CENTER<br>1001 LEE STREET EAST<br>CHARLESTON, WV 25301<br>UNITED STATES | INCOME TAX |
| WEST VIRGINIA STATE TAX DEPARTMENT | WEST VIRGINIA STATE TAX DEPARTMENT<br>THE REVENUE CENTER<br>1001 LEE STREET EAST<br>CHARLESTON, WV 25301<br>UNITED STATES | SALES AND USE TAX |
| WISCONSIN DEPARTMENT OF REVENUE | WISCONSIN DEPARTMENT OF REVENUE<br>INDIVIDUAL INCOME TAX ASSISTANCE<br>PO BOX 8906<br>MADISON, WI 53708-8906<br>UNITED STATES | INCOME TAX |
| WYOMING DEPARTMENT OF REVENUE | WYOMING DEPARTMENT OF REVENUE<br>122 WEST 25TH STREET, SUITE E301<br>HERSCHLER BUILDING EAST<br>CHEYENNE, WY 82002<br>UNITED STATES | SALES AND USE TAX |