SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Paul D. Leake
Lisa Laukitis
Shana A. Elberg
Evan A. Hill
One Manhattan West
New York, New York 10001
Telephone: (212) 735-3000
Fax: (212) 735-2000

*Proposed Counsel to Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re* | **Chapter 11** |
| **ENDO INTERNATIONAL plc, *et al.*,** | **Case No. 22-22549 (___)** |
| Debtors.[1] | **(Joint Administration Pending)** |

**MOTION OF THE DEBTORS FOR ENTRY OF INTERIM AND FINAL ORDERS
(I) ESTABLISHING NOTICE AND OBJECTION PROCEDURES FOR TRADING IN
EQUITY SECURITIES OF THE DEBTORS; AND (II) GRANTING RELATED RELIEF**

Endo International plc and its debtor affiliates, as debtors and debtors in possession

(collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"),

respectfully represent in support of this motion (this "Motion") as follows:

**RELIEF REQUESTED**

1.    By this Motion, and pursuant to sections 105(a), 362(a), and 541 of title 11

of the United States Code (the "Bankruptcy Code") and Rules 3001, 3002, 6003, and 9014 of the

---

[1]    The last four digits of Debtor Endo International plc's tax identification number are 3755.  Due to the large number of debtors in these chapter 11 cases, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Endo. The location of the Debtors' service address for purposes of these chapter 11 cases is: 1400 Atwater Drive, Malvern, PA 19355.

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Debtors seek entry of interim and final orders, substantially in the forms attached hereto as **Exhibit A** (the "Proposed Interim Order") and **Exhibit B** (the "Proposed Final Order," together with the Proposed Interim Order, the "Proposed Orders"), respectively, (a) approving notice and objection procedures for certain transfers of Ordinary Shares (as defined below) in Endo International plc ("Endo") or of any beneficial interest therein (including, but not limited to, any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable (an "Option")) (collectively, "Equity Securities"), that must be complied with before such transfers of Equity Securities are deemed effective, and (b) granting related relief so as to protect the potential value of the Debtors' net operating losses (the "NOLs") (such NOLs, together with disallowed interest carryovers, capital losses, unrealized built-in losses, and certain other tax credits and tax attributes, the "Tax Attributes").

## JURISDICTION AND VENUE

2.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3.      Venue of the Chapter 11 Cases and this Motion is proper in this district under 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

4.      Endo is publicly traded on the NASDAQ (ticker symbol ENDP).  As of August 1, 2022, there were approximately 235,142,889 ordinary shares of Endo ("Ordinary Shares").[2,3]

5.      On the date hereof (the "Petition Date"), the Debtors each commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors have requested that the Chapter 11 Cases be jointly administered.

6.      The Debtors are authorized to continue to operate their businesses and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7.      No trustee, examiner, or statutory committee of creditors has been appointed in the Chapter 11 Cases.

8.      Additional information regarding the Debtors, including their business operations, their corporate and capital structure, and the events leading to the commencement of the Chapter 11 Cases is set forth in the *Declaration of Mark Bradley in Support of Chapter 11 Petitions and First Day Papers* (the "First Day Declaration") filed contemporaneously herewith and incorporated herein by reference.

## TAX ATTRIBUTES

### I.      Potential Limitations on Use of the Debtors' NOLs

9.      Section 172 of the Internal Revenue Code of 1986, as amended (the "IRC"), and the regulations promulgated thereunder, permit a corporate taxpayer to use NOLs in years

---

[2]      *See* Endo International plc, Quarterly Report (Form 10-Q) (August 9, 2022).

[3]      Ordinary Shares are the equivalent under Irish law of the common stock of a U.S. corporation.

following the years in which they were incurred, including years after the corporate taxpayer has

experienced an ownership change.  26 U.S.C. § 172.  However, section 382 of the IRC ("<u>Section</u>

<u>382</u>") limits the income against which the NOLs can be deducted after an ownership change.  26

U.S.C. § 382.

10.     The general purpose of Section 382 is to prevent a company with taxable

income from reducing its tax obligations by acquiring control of another company with NOLs, net

unrealized built-in losses (as such term is defined in section 382(h)(3) of the IRC), or certain other

tax attributes.  To achieve this objective, Section 382 limits the amount of taxable income that can

be offset by a pre-change loss to an amount equal to the long-term tax-exempt interest rate (as

published monthly by the U.S. Department of the Treasury) as of the ownership change date

*multiplied by* the value of the equity of the loss corporation immediately before the ownership

change (a "<u>Section 382 Limitation</u>").  *See* IRC § 382(b).  Net unrealized built-in losses (as such

term is defined in section 382(h)(3) of the IRC) recognized during the five-year period after the

ownership change may be subject to similar limitations.

## II.     Ownership Change Outside the Context of a Chapter 11 Plan

11.     As a general matter, in the context of a corporation, an "ownership change"

within the meaning of Section 382 could severely limit or eliminate a corporation's ability to use

its tax attributes to offset future taxable income.  *See* 26 U.S.C. §§ 382, 383.  Pursuant to Section

382, an "ownership change" generally occurs if the percentage (by value) of the stock of a

corporation owned by one or more 5% shareholders has increased by more than 50 percentage

points over the lowest percentage of stock owned by such shareholders at any time during the

testing period (usually three years) ending on the date of the ownership change.[4]  *See* 26 U.S.C. §

382(g).

        12.      In the context of an ownership change occurring pursuant to a consummated

chapter 11 plan, the rules relating to the limitations on the use of attributes are more relaxed,

particularly where the plan involves the retention or receipt of at least 50% of the stock of the

reorganized debtor by shareholders or "Qualified Creditors" (as defined below).  *See* 26 U.S.C.

382(l)(5), (6).  Specifically, under section 382(l)(5) of the IRC, a corporation is not subject to

Section 382 Limitations if (a) the ownership change resulted from consummation of a chapter 11

plan, and (b) under the plan, the debtor's pre-ownership change shareholders (*i.e.*, persons or

entities who owned the debtor's stock immediately before the relevant ownership change) and/or

Qualified Creditors emerge from the reorganization owning at least 50% of the total value and

voting power of the debtor's stock immediately after the ownership change (the "Section 382(l)(5)

Safe Harbor").  Under section 382(l)(5)(E) of the IRC and the regulations promulgated thereunder,

a creditor whose claim is exchanged for a debtor's stock under a plan of reorganization or pursuant

to an applicable bankruptcy court order is a "Qualified Creditor" for Section 382 purposes if such

claim either (a) has been owned by such creditor for 18 or more months prior to the petition date,

or (b) arose in the ordinary course of the debtor's business and was, at all times, beneficially owned

by such creditor.  26 U.S.C. § 382(l)(5)(E).

---

[4]      For example, an ownership change would occur in the following situation: An individual ("A") owns 50.1% of corporation XYZ's stock.  A sells their 50.1% interest to another individual ("B") who owns 5% of XYZ's stock.  Under Section 382, an ownership change has occurred because B's interest in XYZ has increased more than 50 percentage points (from 5% to 55.1%) during the testing period.  The same result follows even if B owned no XYZ stock prior to the transaction with A, because B would then simultaneously become a 5% shareholder *and* increase their ownership by more than 50 percentage points during the testing period.

### III.    The Debtors' Tax Attributes

13.    The Debtors have generated, and may currently be generating, U.S. federal and state NOLs and Tax Attributes.  As of December 31, 2021, the Debtors had approximately $32,726,000 of NOLs available to offset taxable income for U.S. federal income tax purposes and approximately $237,414,000 of NOLs available to offset taxable income for U.S. state income tax purposes.[5]  In addition, as of December 31, 2021, the Debtors had approximately $347,501,000 of disallowed interest carryovers and approximately $13,339,000 of tax credits available to offset taxable income for U.S. federal income tax purposes and approximately $3,256,000 of tax credits available to offset taxable income for U.S. state income tax purposes.[6]

14.    The Debtors do not believe that Endo has undergone an ownership change prior to the Petition Date.  Accordingly, the Debtors believe that they continue to have significant Tax Attributes that would be adversely affected (and perhaps effectively eliminated) by the occurrence of an ownership change during the pendency of the Chapter 11 Cases.  If such an ownership change were to occur, the availability and value of such Tax Attributes would be adversely impacted.  Therefore, it is in the best interests of the Debtors and their stakeholders to restrict the trading of Equity Securities that could result in an ownership change occurring *before* Endo's Tax Attributes are fully utilized.  Such a restriction would protect the Debtors' ability to use the Tax Attributes during the pendency of the Chapter 11 Cases or, potentially, in the event of a future transaction, to offset gain or other income recognized in connection with the Debtors' sale or ownership of their assets, which may be significant in amount.

---

[5]    *See* Endo International plc, Annual Report (Form 10-K) (Mar. 1, 2022).

[6]    This amount reflects the value reported in the Debtors' most recent annual report filed with the SEC.  Prior to the Petition Date, the Debtors' financial advisor commenced a study of the Debtors' current Tax Attributes. That study remains in process, but preliminary analysis confirms that the Debtors have substantial unrestricted NOLs that could be impaired by unrestricted trading in Equity Securities.

## PROPOSED PROCEDURES

15.     At present the Debtors believe that it is in the best interest of their estates and stakeholders to consummate the section 363 sale (as described in paragraphs 73-78 of the First Day Declaration) instead of reorganizing pursuant to a chapter 11 plan of reorganization. Accordingly, given the current posture of the Chapter 11 Cases, the Debtors would not be able to avail themselves of the exemptions contained in 382(l)(5) and (6) of the IRC.  However, because the Debtors may still be at risk of losing the ability to use even a portion of their Tax Attributes (which Tax Attributes could be used to reduce the tax burden of the section 363 sale on the estates) as a result of an ownership change, the Debtors believe they require the ability to closely monitor certain transfers of Equity Securities, so as to be in a position to act expeditiously if necessary to preserve their Tax Attributes.  If no such restrictions are imposed by this Court, the Debtors' ability to use their Tax Attributes could be severely limited or even eliminated.

## I.     Proposed Equity Securities Procedures

16.     By establishing procedures for monitoring the transfer of Equity Securities (the "Equity Securities Procedures"), the Debtors can preserve their ability to seek the necessary relief if it appears that any such transfer(s) may jeopardize the Debtors' ability to utilize their Tax Attributes.  Therefore, the Debtors propose the following Equity Securities Procedures[7]:

(a)     Certain Defined Terms.    For purposes of these Equity Securities Procedures: (i) a "Substantial Equityholder" is any person or entity that beneficially owns at least 10,581,430 Ordinary Shares (representing approximately 4.5% of the 235,142,889 issued and outstanding Ordinary Shares)[8] of Endo; (ii) "beneficial ownership" of Equity Securities shall be

---

[7]     With respect to the procedures set forth herein, the Debtors request that the Court permit the Debtors to waive, in writing and in their sole and absolute discretion, any and all restrictions, stays, and notice procedures contained in the Motion or in any order entered with respect hereto should the Debtors conclude in their sole discretion, that any such restriction, stay or notice procedure is not necessary to protect their Tax Attributes.

[8]     To allow for a prudent margin of error and in a good faith effort to avoid underestimating the threshold, the Debtors have calculated the threshold using 4.5% instead of 5%.

determined in accordance with applicable rules under Section 382 and the regulations promulgated thereunder and shall include (A) direct and indirect ownership (*e.g.*, a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (B) ownership by such holder's family members and persons acting in concert with such holder to make a coordinated acquisition of stock and (C) ownership of options to acquire stock; and (iii) a "Transfer" means any transfer of Equity Securities to the extent described in Paragraph 16(c) below ("Stock Acquisition Notice") and/or Paragraph 16(d) below ("Stock Disposition Notice").

(b)     Notice of Substantial Equityholder Status.  Any person or entity who currently is or becomes a Substantial Equityholder shall (i) file with the Court and (ii) serve upon (A) the Debtors, c/o Endo International plc, 1400 Atwater Drive, Malvern, PA 19355 (Attn: General Counsel), and (B) Skadden, Arps, Slate, Meagher & Flom LLP, One Manhattan West, New York, New York 10001 (Attn: Lisa Laukitis, Esq. and Evan A. Hill, Esq.), a notice of such status, in the form attached as **Exhibit 1** to the Proposed Orders (a "Notice of Substantial Equityholder Status"), on or before the later of 14 calendar days after the date of the Notice of Order (as defined below) or 14 calendar days after becoming a Substantial Equityholder.

(c)     Stock Acquisition Notice.  At least 21 days prior to any Transfer of Equity Securities that would result in an increase in the amount of Equity Securities beneficially owned by a Substantial Equityholder or would result in a person or entity becoming a Substantial Equityholder, such Substantial Equityholder or potential Substantial Equityholder shall (i) file with the Court and (ii) serve on the Debtors and counsel to the Debtors (at the addresses set forth in Paragraph 16(b) above), advance written notice of the intended Transfer of Equity Securities, in the form attached as **Exhibit 2** to the Proposed Orders.

(d)     Stock Disposition Notice.  At least 21 days prior to any Transfer of Equity Securities that would result in a decrease in the amount of Equity Securities beneficially owned by a Substantial Equityholder or would result in a person or entity ceasing to be a Substantial Equityholder, such Substantial Equityholder shall (i) file with the Court and (ii) serve on the Debtors and counsel to the Debtors (at the addresses set forth in Paragraph 16(b) above), advance written notice of the intended Transfer of Equity Securities, in the form attached as **Exhibit 3** to the Proposed Orders.

(e)     Objection Procedures.  The Debtors and the Ad Hoc First Lien Group (as defined in the First Day Declaration) shall have 21 days after receipt of a Stock Acquisition Notice or Stock Disposition Notice to file with the Court and serve on the party filing such notice an objection to any proposed Transfer of such Equity Securities described in the Stock Acquisition Notice or Stock Disposition Notice on the grounds that such Transfer of such

8

Equity Securities might adversely affect the Debtors' ability to utilize their Tax Attributes.  If the Debtors or the Ad Hoc First Lien Group file an objection, such Transfer of such Equity Securities will not be permitted unless and until approved by a final and nonappealable order of this Court. If the Debtors and the Ad Hoc First Lien Group do not object within such 21-day period, such Transfer of such Equity Securities may be permitted solely as set forth in the applicable notice.

(f)     Unauthorized Transfer of Equity Securities.  Effective as of the Petition Date and until further order of this Court to the contrary, any purchase, sale, or other Transfer of Equity Securities in violation of the procedures set forth herein shall be null and void *ab initio* as an act in violation of sections 362 and 105(a) of the Bankruptcy Code.

## II.    Proposed Notice of the Equity Securities Procedures

17.    To ensure parties-in-interest receive appropriate notice of the Equity Securities Procedures, the Debtors request that this Court approve the following notice provisions:

(a)     Within two (2) business days following entry of the interim order and final order granting this Motion, or as soon as reasonably practicable thereafter, the Debtors will provide a notice in substantially the form attached as **Exhibit 4** to the Proposed Orders (the "Notice of Order") to (i) the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee"), (ii) the United States Securities and Exchange Commission (the "SEC"), (iii) the Internal Revenue Service (the "IRS"), (iv) counsel to the administrative agent under the Debtors' prepetition credit agreement, (v) counsel to the indenture trustee under each of the Debtors' outstanding bond issuances, (vi) Gibson, Dunn & Crutcher LLP, as counsel to the Ad Hoc First Lien Group (as defined in the First Day Declaration); (vii) Paul, Weiss, Rifkind, Wharton & Garrison LLP, as counsel to the Ad Hoc Cross-Holder Group (as defined in the First Day Declaration), (viii) those creditors holding the 50 largest unsecured claims against the Debtors' estates, (ix) any broker, bank, dealer or other agent or nominee of a beneficial holder of Equity Securities (each a "Nominee"), (x) any known registered holders of Equity Securities, and (xi) any known Substantial Equityholders (collectively, the "Notice Parties").

(b)     Following entry of the interim order granting this Motion, the Debtors will (i) publish the Notice of Order once in the national edition of either the *New York Times* or *Wall Street Journal*; *provided, however*, that the Debtors' have discretion to publish in both the *New York Times* and *Wall Street Journal* if they desire; and (ii) post the Notice of Order to the website established by the Debtors' Claims and Noticing Agent, Kroll Restructuring Administration LLC (f/k/a Prime Clerk LLC) for the Chapter 11 cases (which website address shall be identified in the Notice of Order), such

notice being reasonably calculated to provide notice to all parties that may be affected by the procedures, whether known or unknown, and no further notice of the procedures shall be necessary.

(c)     Following entry of the interim order granting this Motion, the Debtors will provide the date and time (the "Objection Deadline") by which parties must file an objection to the Motion ("Objection").  If an Objection is timely filed and served by the Objection Deadline, a final hearing on the Motion will be held at the date and time set forth in the interim order entered by the court and **Exhibit 4** attached thereto.

(d)     Upon receipt of such Notice of Order, a Nominee will be required, within five business days of receipt of such notice and on at least a quarterly basis thereafter, to send such Notice of Order to all beneficial holders of Equity Securities on whose behalf such Nominee holds Equity Securities.  To the extent such beneficial holder is also a Nominee, such Nominee must, in turn, promptly provide the Notice of Order to any holder for whose account such holder holds Equity Securities, and so on down the chain of ownership. Additionally, any person, entity, broker or agent acting on behalf of any holder who sells at least 10,581,430 Ordinary Shares (representing approximately 4.5% of the 235,142,889 issued and outstanding Ordinary Shares) to another person or entity must provide a copy of the Notice of Order to such purchaser or any broker or agent acting on such purchaser's behalf.

## BASIS FOR RELIEF

### I.     The Debtors' Tax Attributes are Property of the Debtors' Estates and are Entitled to Court Protection

18.     As a result of past and current operations, the Debtors presently have significant Tax Attributes.  The Debtors generally can carry forward their Tax Attributes to reduce or eliminate their income tax liability, which can help offset taxable income generated by ordinary course activities and other transactions during the Chapter 11 Cases (including pursuant to any potential sale of the Debtors' assets under section 363 of the Bankruptcy Code), thereby potentially freeing up funds to meet working capital requirements or to allow the Debtors to maintain liquidity for the benefit of the Debtors' estates.  *See* 26 U.S.C. §§ 39, 163(j), 172.

19.     Courts have uniformly held that a debtor's NOLs and other tax attributes constitute property of the debtor's estate under section 541 of the Bankruptcy Code and that, as

such, courts have authority to implement certain protective measures to preserve such NOLs and tax attributes. The seminal case articulating this rule is *Official Committee of Unsecured Creditors v. PSS Steamship Co. (In re Prudential Lines, Inc.)*, 107 B.R. 832 (Bankr. S.D.N.Y. 1989), where this Court held that a "debtor's potential ability to utilize NOLs is property of an estate." *In re Prudential Lines*, 107 B.R. at 838-39. *See also Nisselson v. Drew Indus., Inc. (In re White Metal Rolling & Stamping Corp.)*, 222 B.R. 417, 424 (Bankr. S.D.N.Y. 1998) ("It is beyond peradventure that NOL carrybacks and carryovers are property of the estate of the loss corporation that generated them.").

20.     Because the Debtors' NOLs are property of the Debtors' estates, this Court has the authority under section 362 of the Bankruptcy Code to enforce the automatic stay by restricting any transfer of Equity Securities that could adversely impact the Debtors' ability to use these valuable assets. Courts ordering such relief generally have done so by imposing notice and objection requirements regarding proposed transfers of shares on persons whose holdings of such shares exceed (or would exceed, as a result of the proposed transfers), a certain threshold amount.

21.     Courts in this jurisdiction have granted similar relief in other chapter 11 cases with respect to transfers of equity securities. *See*, *e.g.*, *In re GBG USA Inc.*, Case No. 21-11369 (MEW) (Bankr. S.D.N.Y. Sept. 1, 2021) [Docket No. 152] (approving notice procedures and restrictions on certain transfers of equity interests in the debtors); *In re Centric Brands Inc.*, Case No. 20-22637 (SHL) (June 10, 2020) [Docket No. 175] (same); *In re JCK Legacy Company, et al.*, Case No. 20-10418 (MEW) (Bankr. S.D.N.Y. Mar. 26, 2020) [Docket No. 228] (same); *In re Avaya Inc.*, Case No. 17-10089 (SMB) (Bankr. S.D.N.Y. Mar. 7, 2017) [Docket No. 202] (same); *In re ARO Liquidation, Inc.*, Case No. 16-11275 (SHL) (Bankr. S.D.N.Y. June 3, 2016)

[Docket No. 240] (same); *In re SunEdison, Inc., et al.*, Case No. 16-10992 (DSJ) (Bankr. S.D.N.Y.

May 12, 2016) [Docket No. 253] (same).[9]

## II.    The Relief Requested with Respect to the Proposed Procedures is Narrowly Tailored

22.    The Debtors have limited the relief requested herein to the extent necessary

to preserve estate value.  The requested relief does not bar all trading of the Equity Securities.  At

this early juncture, the Debtors seek only to establish procedures enabling them to monitor those

types of trading in Equity Securities which pose a serious risk under the Section 382 ownership

change test, so as to preserve the Debtors' ability to seek substantive relief if it appears that a

proposed trade of Equity Securities will jeopardize the use of their Tax Attributes.  The procedures

requested by the Debtors in this Motion would permit most trading in Equity Securities to continue

subject only to Bankruptcy Rules 3001(e) and 3002 and applicable securities, corporate, and other

laws.  Because of the Tax Attributes' importance to the Debtors' restructuring, and thus all parties-

in-interest, implementation of the requested relief outweighs any burdens that would by imposed

on holders of Equity Securities by subjecting a limited number of transfers to the procedures

described above.

23.    In addition, the Debtors submit that the foregoing notice procedures satisfy

due process and the strictures of Bankruptcy Rule 9014 by providing the counterparties with a

notice and an opportunity to object and attend a hearing.  *See*, *e.g.*, *Flynn v. Eley (In re Colo.

Mountain Cellars, Inc.)*, 226 B.R. 244, 246 (D. Colo. 1998) (noting that hearing is not required to

satisfy Bankruptcy Rule 9014).

---

[9]    Because of the voluminous nature of the orders cited herein, they are not attached to this Motion.  Copies of
these orders, however, are available on request.

24.     Furthermore, once a Tax Attribute is limited under Section 382, its use is limited forever.  The relief sought herein is necessary to avoid an irrevocable loss or reduction in the availability of the Tax Attributes and the irreparable harm which could be caused by unrestricted trading of Equity Securities and the Debtors' resulting inability to offset taxable income freely with their Tax Attributes.  As such, the requested relief is narrowly tailored to allow the Debtors to preserve their ability to seek substantive relief if it appears that a proposed transfer will jeopardize the use of the Debtors' Tax Attributes.

## RESERVATION OF RIGHTS

25.     Nothing contained herein is or should be construed as: (a) an implication or admission as to the validity of any claim against the Debtors, (b) a waiver of the Debtors' or any other party-in-interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors, (c) a waiver of any claims or causes of action that may exist against any creditor or interest holder, (d) a promise to pay any claim, (e) a concession by the Debtors that any liens (contractual, common law, statutory or otherwise) satisfied pursuant to the Motion are valid (and all rights to contest the extent, validity or perfection or seek avoidance of all such liens are expressly reserved), (f) an approval, assumption, adoption, or rejection of any agreement, contract, program, policy, or lease between the Debtors and any third party under section 365 of the Bankruptcy Code, (g) a waiver of the obligation of any party in interest to file a proof of claim, or (h) otherwise affecting the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease.  If this Court grants the relief sought herein, any payment made pursuant to this Court's order is not intended to be and should not be construed as an admission to the validity of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

**DEBTORS HAVE SATISFIED BANKRUPTCY RULE 6003(b)**

26.     Bankruptcy Rule 6003 provides that the relief requested in this Motion may

be granted if the "relief is necessary to avoid immediate and irreparable harm."  Fed. R. Bankr. P.

6003; *see also In re First NLC Fin. Servs., LLC*, 382 B.R. 547, 549-50 (Bankr. S.D. Fla. 2008)

(holding that Bankruptcy Rule 6003 permits entry of retention orders on an interim basis to avoid

irreparable harm).  The Second Circuit has interpreted the language "immediate and irreparable

harm" in the context of preliminary injunctions.  In that context, the Second Circuit has instructed

that irreparable harm "'is a continuing harm which cannot be adequately redressed by final relief

on the merits' and for which 'money damages cannot provide adequate compensation.'"

*Kamerling v. Massanari*, 295 F.3d 206, 214 (2d Cir. 2002) (quoting *N.Y. Pathological & X-Ray

Labs., Inc. v. INS*, 523 F.2d 79, 81 (2d Cir. 1975)).  Furthermore, the "harm must be shown to be

actual and imminent, not remote or speculative."  *Id.*; *see also Rodriguez ex rel. Rodriguez v.

DeBuono*, 175 F.3d 227, 234 (2d Cir. 1998).

27.     The relief sought herein is necessary to avoid an irrevocable loss of the

Debtors' NOLs and the irreparable harm that could be caused by unfettered transfers of Equity

Securities, which, unmonitored, could jeopardize the Debtors' ability to offset taxable income with

their NOLs and other Tax Attributes, thereby risking the Debtors' ability to increase liquidity.

**NOTICE**

28.     Notice of this Motion shall be given to (a) the U.S. Trustee, (b) the SEC, (c)

the IRS, (d) counsel to the administrative agent under the Debtors' prepetition credit agreement,

(e) counsel to the indenture trustee under each of the Debtors' outstanding bond issuances, (f)

Gibson, Dunn & Crutcher LLP, as counsel to the Ad Hoc First Lien Group (as defined in the First

Day Declaration), (g) Paul, Weiss, Rifkind, Wharton & Garrison LLP, as counsel to the Ad Hoc

Cross-Holder Group (as defined in the First Day Declaration), (h) those creditors holding the 50

largest unsecured claims against the Debtors' estates, (i) any known Substantial Equityholders, (j) the U.S. Attorney for the Southern District of New York, (k) the attorneys general for all 50 states and the District of Columbia, (l) the Debtors' 50 largest unsecured creditors on a consolidated basis, (m) any party that has requested notice pursuant to Bankruptcy Rule 2002, and (n) the proposed future claimants representative in the Chapter 11 Cases; and (p) any other party entitled to notice pursuant to Local Rule 9013-1(b).  The Debtors submit that no other or further notice need be provided.

**<u>NO PRIOR REQUEST</u>**

29.    No prior request for the relief sought herein has been made to this or any other court.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

## **CONCLUSION**

WHEREFORE, the Debtors respectfully request that this Court (a) enter the

Proposed Orders in substantially the forms attached hereto as **Exhibit A** and **Exhibit B**, and (b)

grant such other and further relief as may be just and proper.

Dated: August 16, 2022
      New York, New York        SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

                        By:    */s/ Paul D. Leake*
                              Paul D. Leake
                              Lisa Laukitis
                              Shana A. Elberg
                              Evan A. Hill
                              One Manhattan West
                              New York, New York 10001
                              Telephone: (212) 735-3000
                              Fax: (212) 735-2000

                              *Proposed Counsel for the Debtors*
                              *and Debtors in Possession*

## Exhibit A

**Proposed Interim Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| *In re* | **Chapter 11** |
| **ENDO INTERNATIONAL plc, *et al.*,** | **Case No. 22-22549 (___)** |
| **Debtors.**[1] | **(Jointly Administered Pending)** |
|  | **Related Docket No. ____** |

**INTERIM ORDER (I) ESTABLISHING**
**NOTICE AND OBJECTION PROCEDURES FOR TRADING IN**
**EQUITY SECURITIES OF THE DEBTORS; AND (II)  GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the debtors and debtors in possession (collectively, the "Debtors") in the above-captioned cases (the "Chapter 11 Cases") for entry of an interim order (the "Interim Order") and a final order (i) approving notice and objection procedures for certain transfers of Ordinary Shares in Endo International plc ("Endo") or of any beneficial interest therein (including, but not limited to, any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable) (collectively, "Equity Securities"), and (ii) granting related relief, all as more fully set forth in the Motion; and the Court having reviewed the Motion and the First Day Declaration and having heard the statements of counsel regarding the relief requested in the Motion at a hearing before the Court (the "Hearing"); and the Court having found that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§

---

[1]     The last four digits of Debtor Endo International plc's tax identification number are 3755.  Due to the large number of debtors in these chapter 11 cases, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Endo. The location of the Debtors' service address for purposes of these chapter 11 cases is: 1400 Atwater Drive, Malvern, PA 19355.

[2]     Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012

(Preska, C.J.); (b) this is a core proceeding pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b); (c)

venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and (d) due and proper

notice of the Motion and the Hearing was sufficient under the circumstances; and the Court having

determined that the legal and factual bases set forth in the Motion establish just cause for the relief

granted herein; and it appearing that the relief requested in the Motion is necessary to avoid

immediate and irreparable harm to the Debtors and their estates and is in the best interests of the

Debtors, their estates, creditors, and other parties-in-interest; and upon all of the proceedings had

before the Court and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1.       The Motion is GRANTED on an interim basis as set forth herein.

2.       Any purchase, sale, or other transfer of Equity Securities in violation of the

procedures set forth herein shall be null and void *ab initio* as an act in violation of sections 362

and 105(a) of the Bankruptcy Code.

3.       The following Equity Securities Procedures shall apply in the Chapter 11

Cases:

(a)      <u>Certain Defined Terms.</u>    For purposes of these Equity Securities
Procedures: (i) a "<u>Substantial Equityholder</u>" is any person or entity that
beneficially owns at least 10,581,430 Ordinary Shares (representing
approximately 4.5% of the 235,142,889 issued and outstanding Ordinary
Shares)[3] of Endo; (ii) "<u>beneficial ownership</u>" of Equity Securities shall be
determined in accordance with applicable rules under Section 382 and the
regulations promulgated thereunder and shall include (A) direct and indirect
ownership (*e.g.*, a holding company would be considered to beneficially
own all shares owned or acquired by its subsidiaries), (B) ownership by
such holder's family members and persons acting in concert with such
holder to make a coordinated acquisition of stock and (C) ownership of

---

[3]      To allow for a prudent margin of error and in a good faith effort to avoid underestimating the threshold, the
Debtors have calculated the threshold using 4.5% instead of 5%.

2

options to acquire stock; and (iii) a "Transfer" means any transfer of Equity Securities to the extent described in Paragraph 3(c) below ("Stock Acquisition Notice") and/or Paragraph 3(d) below ("Stock Disposition Notice").

(b)     Notice of Substantial Equityholder Status.  Any person or entity who currently is or becomes a Substantial Equityholder shall (i) file with the Court and (ii) serve upon (A) the Debtors, c/o Endo International plc, 1400 Atwater Drive, Malvern, PA 19355 (Attn: General Counsel), and (B) Skadden, Arps, Slate, Meagher & Flom LLP, One Manhattan West, New York, New York 10001 (Attn: Lisa Laukitis, Esq. and Evan A. Hill, Esq.), a notice of such status, in the form attached hereto as **Exhibit 1** (a "Notice of Substantial Equityholder Status"), on or before the later of 14 calendar days after the date of the Notice of Order or 14 calendar days after becoming a Substantial Equityholder.

(c)     Stock Acquisition Notice.  At least 21 days prior to any Transfer of Equity Securities that would result in an increase in the amount of Equity Securities beneficially owned by a Substantial Equityholder or would result in a person or entity becoming a Substantial Equityholder, such Substantial Equityholder or potential Substantial Equityholder shall (i) file with the Court and (ii) serve on the Debtors and counsel to the Debtors (at the addresses set forth in Paragraph 3(b) above), advance written notice of the intended Transfer of Equity Securities, in the form attached hereto as **Exhibit 2**.

(d)     Stock Disposition Notice.  At least 21 days prior to any Transfer of Equity Securities that would result in a decrease in the amount of Equity Securities beneficially owned by a Substantial Equityholder or would result in a person or entity ceasing to be a Substantial Equityholder, such Substantial Equityholder shall (i) file with the Court and (ii) serve on the Debtors and counsel to the Debtors (at the addresses set forth in Paragraph 3(b) above), advance written notice of the intended Transfer of Equity Securities, in the form attached hereto as **Exhibit 3**.

(e)     Objection Procedures.  The Debtors and the Ad Hoc First Lien Group shall have 21 days after receipt of a Stock Acquisition Notice or Stock Disposition Notice to file with the Court and serve on the party filing such notice an objection to any proposed Transfer of such Equity Securities described in the Stock Acquisition Notice or Stock Disposition Notice on the grounds that such Transfer of such Equity Securities might adversely affect the Debtors' ability to utilize their Tax Attributes.  If the Debtors or the Ad Hoc First Lien Group file an objection, such Transfer of such Equity Securities will not be permitted unless and until approved by a final and nonappealable order of this Court.  If the Debtors and the Ad Hoc First Lien Group do not object within such 21-day period, such Transfer of such

3

Equity Securities may be permitted solely as set forth in the applicable notice.

(f)   <u>Unauthorized Transfer of Equity Securities</u>.  Effective as of the Petition Date and until further order of this Court to the contrary, any purchase, sale, or other Transfer of Equity Securities in violation of the procedures set forth herein shall be null and void *ab initio* as an act in violation of sections 362 and 105(a) of the Bankruptcy Code.

4.      To ensure parties-in-interest receive appropriate notice of the Equity

Securities Procedures, the following notice procedures shall apply in the Chapter 11 Cases:

(a)   Within two (2) business days following entry of this Interim Order, or as soon as reasonably practicable thereafter, the Debtors will provide a notice in substantially the form attached hereto as **<u>Exhibit 4</u>** (the "<u>Notice of Order</u>") to (i) the Office of the United States Trustee for the Southern District of New York (the "<u>U.S. Trustee</u>"), (ii) the United States Securities and Exchange Commission (the "<u>SEC</u>"), (iii) the Internal Revenue Service (the "<u>IRS</u>"), (iv) counsel to the administrative agent under the Debtors' prepetition credit agreement, (v) counsel to the indenture trustee under each of the Debtors' outstanding bond issuances, (vi) Gibson, Dunn & Crutcher LLP, as counsel to the Ad Hoc First Lien Group (as defined in the First Day Declaration), (vii) Paul, Weiss, Rifkind, Wharton & Garrison LLP, as counsel to the Ad Hoc Cross-Holder Group (as defined in the First Day Declaration), (viii) those creditors holding the 50 largest unsecured claims against the Debtors' estates, (ix) any broker, bank, dealer or other agent or nominee of a beneficial holder of Equity Securities (each a "<u>Nominee</u>"), (x) any known registered holders of Equity Securities, and (xi) any known Substantial Equityholders (collectively, the "<u>Notice Parties</u>").

(b)   Following entry of this Interim Order granting the Motion, the Debtors will (i) publish the Notice of Order once in the national edition of either the *New York Times* or *Wall Street Journal*; *provided, however*, that the Debtors' have discretion to publish in both the *New York Times* and *Wall Street Journal* if they desire; and (ii) post the Notice of Order to the website established by the Debtors' Claims and Noticing Agent, Kroll Restructuring Administration LLC (f/k/a Prime Clerk LLC) for the Chapter 11 cases (which website address shall be identified in the Notice of Order), such notice being reasonably calculated to provide notice to all parties that may be affected by the procedures, whether known or unknown, and no further notice of the procedures shall be necessary.

(c)   Upon receipt of such Notice of Order, a Nominee will be required, within five business days of receipt of such notice and on at least a quarterly basis thereafter, to send such Notice of Order to all beneficial holders of Equity Securities on whose behalf such Nominee holds Equity Securities.  To the

4

extent such beneficial holder is also a Nominee, such Nominee must, in turn, promptly provide the Notice of Order to any holder for whose account such holder holds Equity Securities, and so on down the chain of ownership. Additionally, any person, entity, broker or agent acting on behalf of any holder who sells at least 10,581,430 Ordinary Shares (representing approximately 4.5% of the 235,142,889 issued and outstanding Ordinary Shares) to another person or entity must provide a copy of the Notice of Order to such purchaser or any broker or agent acting on such purchaser's behalf.

5.      The Debtors may waive, in writing and in their sole and absolute discretion, any and all restrictions, stays, and notice procedures contained in this Interim Order.

6.      The notices, substantially in the forms attached hereto as **Exhibit 1**, **Exhibit 2**, **Exhibit 3**, and **Exhibit 4** are approved.

7.      Nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

8.      The requirements set forth in this Interim Order are in addition to the requirements of Bankruptcy Rule 3001(e) and applicable law and do not excuse compliance therewith.

9.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

10.      The Court finds and determines that the requirements of Bankruptcy Rule 6003 are satisfied and that the relief requested is necessary to avoid immediate and irreparable harm.

11.      The final hearing on the Motion shall be held on _____ __, 202__ at __:__ A.M./P.M. (prevailing Eastern Time).  Any objections or responses to the entry of the Proposed Final Order shall be filed and served upon counsel for the Debtors so as to be received by 4:00 p.m. (prevailing Eastern Time) by no later than seven days before the final hearing (the

"<u>Objection Deadline</u>").  If no objections or responses are filed and served by the Objection

Deadline, this Court may enter a final order without any further notice of a hearing.

   12. The Debtors are authorized and empowered to take all action necessary to

effectuate the relief granted in this Interim Order.

   13. This Court shall retain jurisdiction with respect to all matters arising from

or related to the implementation, interpretation, or enforcement of this Interim Order.

Dated: [•], 2022
  [•], New York

        _____
        THE HONORABLE [_____]
        UNITED STATES BANKRUPTCY JUDGE

## <u>Exhibit 1</u>

**Notice of Substantial Equityholder Status**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| *In re* | **Chapter 11** |
| **ENDO INTERNATIONAL plc,** *et al.*, | **Case No. 22-22549 (___)** |
| **Debtors.**[1] | **(Joint Administration Pending)** |
|  | **Related Docket No. ____** |

## NOTICE OF STATUS AS A SUBSTANTIAL EQUITYHOLDER

*PLEASE TAKE NOTICE OF THE FOLLOWING* (this "Notice"):

1.    **[Name of Equityholder]** is/has become a Substantial Equityholder[2] with respect to one or more ordinary shares ("Ordinary Shares") of Endo International plc ("Endo") or of any beneficial interest therein (including, but not limited to, any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable (an "Option")) (collectively, "Equity Securities"), a debtor in Case No. 22-22549 (___), pending in the United States Bankruptcy Court for the Southern District of New York (the "Court").

---

[1]    The last four digits of Debtor Endo International plc's tax identification number are 3755.  Due to the large number of debtors in these chapter 11 cases, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Endo. The location of the Debtors' service address for purposes of these chapter 11 cases is: 1400 Atwater Drive, Malvern, PA 19355.

[2]    For purposes of this Notice: (a) a "Substantial Equityholder" is any person or entity that beneficially owns at least  10,581,430 Ordinary Shares (representing approximately 4.5% of the 235,142,889 issued and outstanding Ordinary Shares); and (b) "beneficial ownership" of Equity Securities shall be determined in accordance with applicable rules under section 382 of the Internal Revenue Code of 1986, as amended (the "IRC"), and the regulations promulgated thereunder and shall include (i) direct and indirect ownership (*e.g.*, a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (ii) ownership by such holder's family members and persons acting in concert with such holder to make a coordinated acquisition of stock and (iii) ownership of options to acquire stock.

2.    As of [DATE], **[Name of Equityholder]** beneficially owns [__] Ordinary Shares.  The following table sets forth the date(s) on which **[Name of Equityholder]** acquired or otherwise became the beneficial owner of such Ordinary Shares:

| Number of Ordinary Shares | Date Acquired |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |

*[Attach additional page if necessary]*

3.    The last four digits of the taxpayer identification number of **[Name of Equityholder]** are [___].

4.    Under penalty of perjury, **[Name of Equityholder]** hereby declares that it has examined this Notice and accompanying attachments (if any) and, to the best of its knowledge and belief, this Notice and any attachments that purport to be part of this Notice are true, correct and complete.

5.    Pursuant to the Interim Order granting the relief requested in the *Motion of Debtors for Entry of Interim and Final Orders (I) Establishing Notice and Objection Procedures For Trading In Equity Securities of The Debtors; and (II) Granting Related Relief*, this Notice is being (a) filed with the Court and (b) served upon (i) the Debtors, c/o Endo International plc, 1400 Atwater Drive, Malvern, PA 19355 (Attn: General Counsel), and (ii) Skadden, Arps, Slate, Meagher & Flom LLP, One Manhattan West, New York, New York 10001 (Attn: Lisa Laukitis, Esq. and Evan A. Hill, Esq.).

Respectfully submitted,

_____
(Signature of Substantial Shareholder)

Name:

_____

Address:

_____

_____

_____

Telephone:

_____

Facsimile:

_____

Dated: _____

**Exhibit 2**

**Stock Acquisition Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re* | **Chapter 11** |
| **ENDO INTERNATIONAL plc, *et al.*,** | **Case No. 22-22549 (___)** |
| **Debtors.**[1] | **(Jointly Administered Pending)** |
| | **Related Docket No. _____** |

<u>**STOCK ACQUISITION NOTICE**</u>

*PLEASE TAKE NOTICE OF THE FOLLOWING* (this "<u>Notice</u>"):

      1.      **[Name of Prospective Acquirer]** hereby provides notice of its intention to purchase, acquire, or otherwise accumulate one or more shares ("<u>Ordinary Shares</u>") of Endo International plc ("<u>Endo</u>") or of any beneficial interest therein (including, but not limited to, any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable (an "<u>Option</u>")) (collectively, "<u>Equity Securities</u>"), a debtor in Case No. 22-22549 (___) pending in the United States Bankruptcy Court for the Southern District of New York (the "<u>Court</u>") (the "<u>Proposed Transfer</u>").

      2.      If applicable, on **[Prior Date(s)]**, **[Name of Prospective Acquirer]** filed a Notice of Substantial Equityholder Status[2] with the Court and served copies thereof on the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") and the Debtors' counsel.

---

[1]    The last four digits of Debtor Endo International plc's tax identification number are 3755. Due to the large number of debtors in the chapter 11 cases, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Endo. The location of the Debtors' service address for purposes of these chapter 11 cases is: 1400 Atwater Drive, Malvern, PA 19355.

[2]    For purposes of this Notice: (a) a "<u>Substantial Equityholder</u>" is any person or entity that beneficially owns at least 10,581,430 Ordinary Shares (representing approximately 4.5% of the 235,142,889 issued and outstanding Ordinary Shares); and (b) "<u>beneficial ownership</u>" of Equity Securities shall be determined in

3.        **[Name of Prospective Acquirer]** currently beneficially owns [__] Ordinary Shares.

4.        Pursuant to the Proposed Transfer, **[Name of Prospective Acquirer]** proposes, as applicable, to purchase, acquire, or otherwise accumulate [__] Ordinary Shares or an Option (or to exercise such an Option) with respect to [__] Ordinary Shares.  If the Proposed Transfer is permitted to occur, **[Name of Prospective Acquirer]** will beneficially own [__] Ordinary Shares after the transfer becomes effective.

5.        The last four digits of the taxpayer identification number of **[Name of Prospective Acquirer]** are [____].

6.        Under penalty of perjury, **[Name of Prospective Acquirer]** hereby declares that it has examined this Notice and accompanying attachments (if any) and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct and complete.

7.        Pursuant to the Interim Order granting the relief requested in the *Motion of Debtors for Entry of Interim and Final Orders (I) Establishing Notice and Objection Procedures For Trading In Equity Securities of The Debtors; and (II) Granting Related Relief* (the "Motion"), this Notice is being (a) filed with the Court and (b) served upon (i) the Debtors, c/o Endo International plc, 1400 Atwater Drive, Malvern, PA 19355 (Attn: General Counsel), and (ii) Skadden, Arps, Slate, Meagher & Flom LLP, One Manhattan West, New York, New York 10001 (Attn: Lisa Laukitis, Esq. and Evan A. Hill, Esq.).

---

accordance with applicable rules under section 382 of the Internal Revenue Code of 1986, as amended (the "IRC"), and the regulations promulgated thereunder and shall include (i) direct and indirect ownership (*e.g.*, a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (ii) ownership by such holder's family members and persons acting in concert with such holder to make a coordinated acquisition of stock and (iii) ownership of options to acquire stock.

8.     The Debtors and the Ad Hoc First Lien Group (as defined in the Motion) have 21 calendar days after receipt of this Notice to object to the Proposed Transfer described herein.  If the Debtors file an objection, such Proposed Transfer will not be effective unless approved by a final and nonappealable order of the Court.  If the Debtors and the Ad Hoc First Lien Group do not object within such 21-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in this Notice.

9.     The undersigned Prospective Acquirer understands that any further transactions that may result in **[Name of Prospective Acquirer]** purchasing, acquiring, or otherwise accumulating additional Equity Securities will each require an additional notice to be filed with the Court and served in the same manner as this Notice.

Respectfully submitted,


_____

(Signature of Prospective Acquirer)

Name:

_____

Address:

_____

_____

_____

Telephone:

_____

Facsimile:

_____


Dated: _____

**<u>Exhibit 3</u>**

**Stock Disposition Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| *In re* | **Chapter 11** |
| **ENDO INTERNATIONAL plc,** *et al.*, | **Case No. 22-22549 (___)** |
| **Debtors.**[1] | **(Joint Administration Pending)** |
|  | **Related Docket No. ____** |

<u>**STOCK DISPOSITION NOTICE**</u>

*PLEASE TAKE NOTICE OF THE FOLLOWING* (this "<u>Notice</u>"):

      1.    **[Name of Prospective Seller]**, a Substantial Equityholder[2], hereby provides

notice of its intention to sell, trade, or otherwise transfer one or more shares ("<u>Ordinary Shares</u>")

of Endo International plc ("<u>Endo</u>") or of any beneficial interest therein (including, but not limited

to, any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture,

contract to acquire stock or similar interest, regardless of whether it is contingent or otherwise not

currently exercisable (an "<u>Option</u>")) (collectively, "<u>Equity Securities</u>"), a debtor in Case No. 22-

22549 (___) pending in the United States Bankruptcy Court for the Southern District of New York

(the "<u>Court</u>") (the "<u>Proposed Transfer</u>").

---

[1]     The last four digits of Debtor Endo International plc's tax identification number are 3755.  Due to the large number of debtors in these chapter 11 cases, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Endo. The location of the Debtors' service address for purposes of these chapter 11 cases is: 1400 Atwater Drive, Malvern, PA 19355.

[2]     For purposes of this Notice: (a) a "<u>Substantial Equityholder</u>" is any person or entity that beneficially owns at least  10,581,430 Ordinary Shares (representing approximately 4.5% of the 235,142,889 issued and outstanding Ordinary Shares); and (b) "<u>beneficial ownership</u>" of Equity Securities shall be determined in accordance with applicable rules under section 382 of the Internal Revenue Code of 1986, as amended (the "<u>IRC</u>"), and the regulations promulgated thereunder and shall include (i) direct and indirect ownership (*e.g.*, a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (ii) ownership by such holder's family members and persons acting in concert with such holder to make a coordinated acquisition of stock and (iii) ownership of options to acquire stock.

2.      If applicable, on **[Prior Date(s)]**, **[Name of Prospective Seller]** filed a Notice of Substantial Equityholder Status with the Court and served copies thereof on the above-captioned debtors and debtors in possession (collectively, the "Debtors") and the Debtors' counsel.

3.      **[Name of Prospective Seller]** currently beneficially owns [__] Ordinary Shares.

4.      Pursuant to the Proposed Transfer, **[Name of Prospective Seller]** proposes to sell, trade or otherwise transfer [__] Ordinary Shares or an Option with respect to [__] Ordinary Shares.  If the Proposed Transfer is permitted to occur, **[Name of Prospective Seller]** will beneficially own [__] Ordinary Shares after the transfer becomes effective.

5.      The last four digits of the taxpayer identification number of **[Name of Prospective Seller]** are [____].

6.      Under penalty of perjury, **[Name of Prospective Seller]** hereby declares that it has examined this Notice and accompanying attachments (if any) and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

7.      Pursuant to the Interim Order granting the relief requested in the *Motion of Debtors for Entry of Interim and Final Orders (I) Establishing Notice and Objection Procedures For Trading In Equity Securities of The Debtors; and (II) Granting Related Relief* (the "Motion"), this Notice is being (a) filed with the Court and (b) served upon (i) the Debtors, c/o Endo International plc, 1400 Atwater Drive, Malvern, PA 19355 (Attn: General Counsel), and (ii) Skadden, Arps, Slate, Meagher & Flom LLP, One Manhattan West, New York, New York 10001 (Attn: Lisa Laukitis, Esq. and Evan A. Hill, Esq.).

8.      The Debtors and the Ad Hoc First Lien Group (as defined in the Motion) have 21 calendar days after receipt of this Notice to object to the Proposed Transfer described herein.  If the Debtors file an objection, such Proposed Transfer will not be effective unless approved by a final and nonappealable order of the Court.  If the Debtors and the Ad Hoc First Lien Group do not object within such 21 period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in this Notice.

9.      The undersigned Prospective Acquirer understands that any further transactions that may result in **[Name of Prospective Seller]** selling, trading, or otherwise transferring Equity Securities will each require an additional notice to be filed with the Court and served in the same manner as this Notice.

Respectfully submitted,

_____
(Signature of Prospective Seller)
Name:

_____

Address:

_____

_____

_____

Telephone:

_____

Facsimile:

_____

Dated: _____

3

## **EXHIBIT 4**

**Notice of Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re* | **Chapter 11** |
| **ENDO INTERNATIONAL plc,** *et al.*, | **Case No. 22-22549 (___)** |
| **Debtors.**[1] | **(Jointly Administered Pending)** |
| | **Related Docket No. ____** |

### NOTICE OF INTERIM ORDER ESTABLISHING NOTICE AND OBJECTION PROCEDURES FOR TRADING IN EQUITY SECURITIES OF THE DEBTORS

*PLEASE TAKE NOTICE OF THE FOLLOWING* (this "Notice of Order"):

1.      On August 16, 2022, (the "Petition Date"), the above-captioned debtors and debtors in possession (collectively, the "Debtors") commenced cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2.      On August 16, 2022, the Debtors filed the *Motion of Debtors for Entry of Interim and Final Orders (I) Establishing Notice and Objection Procedures For Trading In Equity Securities of The Debtors; and (II) Granting Related Relief* (the "Motion")[2].

3.      On [DATE], the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an interim order (the "Interim Order"), approving notice and objection procedures for certain transfers of Ordinary Shares in Endo International plc ("Endo") or of any beneficial interest therein (including, but not limited to, any contingent purchase, warrant,

---

[1]      The last four digits of Debtor Endo International plc's tax identification number are 3755.  Due to the large number of debtors in these chapter 11 cases, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Endo. The location of the Debtors' service address for purposes of these chapter 11 cases is: 1400 Atwater Drive, Malvern, PA 19355.

[2]      Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable (an "Option")) (collectively, "Equity Securities").

4.      Any purchase, sale, or other transfer of Equity Securities in violation of the procedures set forth herein shall be null and void *ab initio* as an act in violation of sections 362 and 105(a) of the Bankruptcy Code.

5.      The following Equity Securities Procedures shall apply in the Chapter 11 Cases:

(a)      Certain Defined Terms.   For purposes of these Equity Securities Procedures: (i) a "Substantial Equityholder" is any person or entity that beneficially owns at least 10,581,430 Ordinary Shares (representing approximately 4.5% of the 235,142,889 issued and outstanding Ordinary Shares)[3] of Endo; (ii) "beneficial ownership" of Equity Securities shall be determined in accordance with applicable rules under Section 382 and the regulations promulgated thereunder and shall include (A) direct and indirect ownership (*e.g.*, a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (B) ownership by such holder's family members and persons acting in concert with such holder to make a coordinated acquisition of stock and (C) ownership of options to acquire stock; and (iii) a "Transfer" means any transfer of Equity Securities to the extent described in Paragraph 5(c) below ("Stock Acquisition Notice") and/or Paragraph 5(d) below ("Stock Disposition Notice").

(b)      Notice of Substantial Equityholder Status.   Any person or entity who currently is or becomes a Substantial Equityholder shall (i) file with the Court and (ii) serve upon (A) the Debtors, c/o Endo International plc, 1400 Atwater Drive, Malvern, PA 19355 (Attn: General Counsel), and (B) Skadden, Arps, Slate, Meagher & Flom LLP, One Manhattan West, New York, New York 10001 (Attn: Lisa Laukitis, Esq. and Evan A. Hill, Esq.), a notice of such status, in the form attached as **Exhibit 1** to the Interim Order (a "Notice of Substantial Equityholder Status"), on or before the later of 14 calendar days after the date of this Notice of Order or 14 calendar days after becoming a Substantial Equityholder.

---

[3]      To allow for a prudent margin of error and in a good faith effort to avoid underestimating the threshold, the Debtors have calculated the threshold using 4.5% instead of 5%.

(c)     Stock Acquisition Notice.  At least 21 days prior to any Transfer of Equity Securities that would result in an increase in the amount of Equity Securities beneficially owned by a Substantial Equityholder or would result in a person or entity becoming a Substantial Equityholder, such Substantial Equityholder or potential Substantial Equityholder shall (i) file with the Court and (ii) serve on the Debtors and counsel to the Debtors (at the addresses set forth in Paragraph 5(b) above), advance written notice of the intended Transfer of Equity Securities, in the form attached as **Exhibit 2** to the Interim Order.

(d)     Stock Disposition Notice.  At least 21 days prior to any Transfer of Equity Securities that would result in a decrease in the amount of Equity Securities beneficially owned by a Substantial Equityholder or would result in a person or entity ceasing to be a Substantial Equityholder, such Substantial Equityholder shall (i) file with the Court and (ii) serve on the Debtors and counsel to the Debtors (at the addresses set forth in Paragraph 5(b) above), advance written notice of the intended Transfer of Equity Securities, in the form attached as **Exhibit 3** to the Interim Order.

(e)     Objection Procedures.  The Debtors and the Ad Hoc First Lien Group (as defined in the First Day Declaration) shall have 21 days after receipt of a Stock Acquisition Notice or Stock Disposition Notice to file with the Court and serve on the party filing such notice an objection to any proposed Transfer of such Equity Securities described in the Stock Acquisition Notice or Stock Disposition Notice on the grounds that such Transfer of such Equity Securities might adversely affect the Debtors' ability to utilize their Tax Attributes.  If the Debtors or the Ad Hoc First Lien Group file an objection, such Transfer of such Equity Securities will not be permitted unless and until approved by a final and nonappealable order of this Court. If the Debtors and the Ad Hoc First Lien Group do not object within such 21-day period, such Transfer of such Equity Securities may be permitted solely as set forth in the applicable notice.

(f)     Unauthorized Transfer of Equity Securities.  Effective as of the Petition Date and until further order of this Court to the contrary, any purchase, sale, or other Transfer of Equity Securities in violation of the procedures set forth herein shall be null and void *ab initio* as an act in violation of sections 362 and 105(a) of the Bankruptcy Code.

**FAILURE TO FOLLOW THE PROCEDURES SET FORTH IN THIS NOTICE AND IN THE INTERIM ORDER SHALL CONSTITUTE A VIOLATION OF THE AUTOMATIC STAY UNDER SECTION 362 OF THE BANKRUPTCY CODE.  ANY PROHIBITED PURCHASE, SALE, TRADE OR OTHER TRANSFER OF EQUITY SECURITIES IN ENDO INTERNATIONAL PLC IN VIOLATION OF THE INTERIM ORDER WILL BE NULL AND VOID *AB INITIO* AND MAY RESULT IN THE IMPOSITION OF SANCTIONS BY THE BANKRUPTCY COURT.**

6.     Complete copies of the Motion and the Interim Order are available via PACER via the Court's website at https://ecf.nysb.uscourts.gov for a fee, or through the Debtors' Claims and Noticing Agent, Kroll Restructuring Administration LLC (f/k/a Prime Clerk LLC)[4], by accessing their website at https://restructuring.ra.kroll.com/Endo, or by calling (877) 542-1878 (Toll-free) or (929) 284-1688 (International)].   If a hearing is held and a Final Order is entered, such Final Order will also be available as described in the preceding sentence.

7.     The requirements set forth in this Notice of Order are in addition to the requirements of Rule 3001(e) of the Federal Rules of Bankruptcy Procedure and applicable law, and do not excuse compliance therewith.

8.     The final hearing to consider the relief requested in the Motion and the entry of an order (the "Final Order") implementing the proposed procedures on a final and permanent basis shall be held on _____ __, 202__ at __:__ A.M./P.M. (prevailing Eastern Time). Any objections or responses to the entry of the Final Order shall be filed and served upon on (a) the Office of the United States Trustee, [U.S. Federal Office Buidiling, 201 Varick Street, Suite 1006, New York, NY 10014], and (b) (i) the Debtors, c/o Endo International plc, 1400 Atwater Drive, Malvern, PA 19355 (Attn: General Counsel) and (ii) Skadden, Arps, Slate, Meagher & Flom LLP, One Manhattan West, New York, New York 10001 (Attn: Lisa Laukits, Esq. and Evan A. Hill, Esq.) so as to be received by 4:00 p.m. (prevailing Eastern Time) by no later than seven days before the final hearing (the "Objection Deadline").   If no objections or responses are filed and served by the Objection Deadline, the Court may enter a final order without any further notice of a hearing.

---

[4]     Effective March 29, 2022, Prime Clerk LLC changed its name to Kroll Restructuring Administration LLC. There has not been any change in the company's leadership, ownership, or organizational structure.

Dated: [_____]
      New York, New York       SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

                    By:   _DRAFT_____
                           Paul D. Leake
                           Lisa Laukitis
                           Shana A. Elberg
                           Evan A. Hill
                           One Manhattan West
                           New York, New York 10001
                           Telephone: (212) 735-3000
                           Fax: (212) 735-2000

                           *Proposed Counsel for the Debtors*
                           *and Debtors in Possession*

## Exhibit B

## Proposed Final Order

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re* | **Chapter 11** |
| **ENDO INTERNATIONAL plc,** *et al.*, | **Case No. 22-22549 (___)** |
| **Debtors.**[1] | **(Jointly Administered Pending)** |
| | **Related Docket No. ____** |

### FINAL ORDER (I) ESTABLISHING
### NOTICE AND OBJECTION PROCEDURES FOR TRADING IN
### EQUITY SECURITIES OF THE DEBTORS; AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the debtors and debtors in possession (collectively, the

"Debtors") in the above-captioned cases (the "Chapter 11 Cases") for entry of an interim order and

a final order (this "Final Order") (i) approving notice and objection procedures for certain transfers

of Ordinary Shares in Endo International plc ("Endo") or of any beneficial interest therein

(including, but not limited to, any contingent purchase, warrant, convertible debt, put, stock subject

to risk of forfeiture, contract to acquire stock or similar interest, regardless of whether it is

contingent or otherwise not currently exercisable (an "Option")) (collectively, "Equity

Securities"), and (ii) granting related relief, all as more fully set forth in the Motion; and the Court

having reviewed the Motion and the First Day Declaration and having heard the statements of

counsel regarding the relief requested in the Motion at a final hearing before the Court, (the

"Hearing"); and the Court having found that (a) the Court has jurisdiction over this matter pursuant

---

[1]     The last four digits of Debtor Endo International plc's tax identification number are 3755.  Due to the large number of debtors in these chapter 11 cases, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Endo. The location of the Debtors' service address for purposes of these chapter 11 cases is: 1400 Atwater Drive, Malvern, PA 19355.

[2]     Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January

31, 2012 (Preska, C.J.); (b) this is a core proceeding pursuant to 28 U.S.C. §§ 157(a)-(b) and

1334(b); (c) venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and (d) due

and proper notice of the Motion and the Final Hearing was sufficient under the circumstances; and

the Court having determined that the legal and factual bases set forth in the Motion establish just

cause for the relief granted herein; and it appearing that the relief requested in the Motion is

necessary to avoid immediate and irreparable harm to the Debtors and their estates and is in the

best interests of the Debtors, their estates, creditors, and other parties-in-interest; and upon all of

the proceedings had before the Court and after due deliberation and sufficient cause appearing

therefor;

### IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED on a final basis as set forth herein.

2. All objections to the Motion not previously withdrawn are overruled.

3. Any purchase, sale, or other transfer of Equity Securities in violation of the

procedures set forth herein shall be null and void *ab initio* as an act in violation of sections 362

and 105(a) of the Bankruptcy Code.

4. The following Equity Securities Procedures shall apply in the Chapter 11

Cases:

    (a)   <u>Certain Defined Terms.</u>   For purposes of these Equity Securities Procedures: (i) a "<u>Substantial Equityholder</u>" is any person or entity that beneficially owns at least 10,581,430 Ordinary Shares (representing approximately 4.5% of the 235,142,889 issued and outstanding Ordinary Shares)[3] of Endo; (ii) "<u>beneficial ownership</u>" of Equity Securities shall be determined in accordance with applicable rules under Section 382 and the regulations promulgated thereunder and shall include (A) direct and indirect

---

[3]    To allow for a prudent margin of error and in a good faith effort to avoid underestimating the threshold, the Debtors have calculated the threshold using 4.5% instead of 5%.

2

ownership (*e.g.*, a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (B) ownership by such holder's family members and persons acting in concert with such holder to make a coordinated acquisition of stock and (C) ownership of options to acquire stock; and (iii) a "Transfer" means any transfer of Equity Securities to the extent described in Paragraph 4(c) below ("Stock Acquisition Notice") and/or Paragraph 4(d) below ("Stock Disposition Notice").

(b)     Notice of Substantial Equityholder Status. Any person or entity who currently is or becomes a Substantial Equityholder shall (i) file with the Court and (ii) serve upon (A) the Debtors, c/o Endo International plc, 1400 Atwater Drive, Malvern, PA 19355 (Attn: General Counsel), and (B) Skadden, Arps, Slate, Meagher & Flom LLP, One Manhattan West, New York, New York 10001 (Attn: Lisa Laukitis, Esq. and Evan A. Hill, Esq.), a notice of such status, in the form attached hereto as **Exhibit 1** (a "Notice of Substantial Equityholder Status"), on or before the later of 14 calendar days after the date of the Notice of Order or 14 calendar days after becoming a Substantial Equityholder.

(c)     Stock Acquisition Notice. At least 21 days prior to any Transfer of Equity Securities that would result in an increase in the amount of Equity Securities beneficially owned by a Substantial Equityholder or would result in a person or entity becoming a Substantial Equityholder, such Substantial Equityholder or potential Substantial Equityholder shall (i) file with the Court and (ii) serve on the Debtors and counsel to the Debtors (at the addresses set forth in Paragraph 4(b) above), advance written notice of the intended Transfer of Equity Securities, in the form attached hereto as **Exhibit 2**.

(d)     Stock Disposition Notice. At least 21 days prior to any Transfer of Equity Securities that would result in a decrease in the amount of Equity Securities beneficially owned by a Substantial Equityholder or would result in a person or entity ceasing to be a Substantial Equityholder, such Substantial Equityholder shall (i) file with the Court and (ii) serve on the Debtors and counsel to the Debtors (at the addresses set forth in Paragraph 4(b) above), advance written notice of the intended Transfer of Equity Securities, in the form attached hereto as **Exhibit 3**.

(e)     Objection Procedures. The Debtors and the Ad Hoc First Lien Group shall have 21 days after receipt of a Stock Acquisition Notice or Stock Disposition Notice to file with the Court and serve on the party filing such notice an objection to any proposed Transfer of such Equity Securities described in the Stock Acquisition Notice or Stock Disposition Notice on the grounds that such Transfer of such Equity Securities might adversely affect the Debtors' ability to utilize their Tax Attributes. If the Debtors or the Ad Hoc First Lien Group file an objection, such Transfer of such Equity

3

Securities will not be permitted unless and until approved by a final and nonappealable order of this Court. If the Debtors and the Ad Hoc First Lien Group do not object within such 21-day period, such Transfer of such Equity Securities may be permitted solely as set forth in the applicable notice.

(f)  Unauthorized Transfer of Equity Securities. Effective as of the Petition Date and until further order of this Court to the contrary, any purchase, sale, or other Transfer of Equity Securities in violation of the procedures set forth herein shall be null and void *ab initio* as an act in violation of sections 362 and 105(a) of the Bankruptcy Code.

5.  To ensure parties-in-interest receive appropriate notice of the Equity

Securities Procedures, the following notice procedures shall apply in the Chapter 11 Cases:

(a)  Within two (2) business days following entry of this Final Order, or as soon as reasonably practicable thereafter, the Debtors will provide a notice in substantially the form attached hereto as **Exhibit 4** (the "Notice of Order") to (i) the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee"), (ii) the United States Securities and Exchange Commission (the "SEC"), (iii) the Internal Revenue Service (the "IRS"), (iv) counsel to the administrative agent under the Debtors' prepetition credit agreement, (v) counsel to the indenture trustee under each of the Debtors' outstanding bond issuances, (vi) Gibson, Dunn & Crutcher LLP, as counsel to the Ad Hoc First Lien Group (as defined in the First Day Declaration), (vii) Paul, Weiss, Rifkind, Wharton & Garrison LLP, as counsel to the Ad Hoc Cross-Holder Group (as defined in the First Day Declaration), (viii) those creditors holding the 50 largest unsecured claims against the Debtors' estates, (ix) any broker, bank, dealer or other agent or nominee of a beneficial holder of Equity Securities (each a "Nominee"), (x) any known registered holders of Equity Securities, and (xi) any known Substantial Equityholders (collectively, the "Notice Parties").

(b)  Upon receipt of such Notice of Order, a Nominee will be required, within five business days of receipt of such notice and on at least a quarterly basis thereafter, to send such Notice of Order to all beneficial holders of Equity Securities on whose behalf such Nominee holds Equity Securities. To the extent such beneficial holder is also a Nominee, such Nominee must, in turn, promptly provide the Notice of Order to any holder for whose account such holder holds Equity Securities, and so on down the chain of ownership. Additionally, any person, entity, broker or agent acting on behalf of any holder who sells at least 10,581,430 Ordinary Shares (representing approximately 4.5% of the 235,142,889 issued and outstanding Ordinary Shares) to another person or entity must provide a copy of the Notice of Order to such purchaser or any broker or agent acting on such purchaser's behalf.

4

6.    The Debtors may waive, in writing and in their sole and absolute discretion, any and all restrictions, stays, and notice procedures contained in this Final Order.

7.    The notices, substantially in the forms attached hereto as **Exhibit 1**, **Exhibit 2**, **Exhibit 3**, and **Exhibit 4** are approved.

8.    Any of the Debtors may waive in writing, in their sole and absolute discretion, any and all restrictions, stays, and notice procedures contained in this Final Order.

9.    The requirements set forth in this Final Order are in addition to the requirements of Bankruptcy Rule 3001(e) and applicable law and do not excuse compliance therewith.

10.    Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

11.    Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

12.    The Debtors are authorized and empowered to take all action necessary to effectuate the relief granted in this Final Order.

13.    This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Final Order.

Dated: [•], 2022
        [•], New York

_____
THE HONORABLE [_____]
UNITED STATES BANKRUPTCY JUDGE

## **Exhibit 1**

**Notice of Substantial Equityholder Status**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| *In re* | **Chapter 11** |
| **ENDO INTERNATIONAL plc,** *et al.,* | **Case No. 22-22549 (\_\_\_)** |
| **Debtors.**[1] | **(Joint Administration Pending)** |
|  | **Related Docket No. \_\_\_\_** |

<u>**NOTICE OF STATUS AS A SUBSTANTIAL EQUITYHOLDER**</u>

*PLEASE TAKE NOTICE OF THE FOLLOWING* (this "<u>Notice</u>"):

       1.      **[Name of Equityholder]** is/has become a Substantial Equityholder[2] with respect to one or more ordinary shares ("<u>Ordinary Shares</u>") of Endo International plc ("<u>Endo</u>") or of any beneficial interest therein (including, but not limited to, any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable (an "<u>Option</u>")) (collectively, "<u>Equity Securities</u>"), a debtor in Case No. 22-22549 (\_\_\_), pending in the United States Bankruptcy Court for the Southern District of New York (the "<u>Court</u>").

---

[1]     The last four digits of Debtor Endo International plc's tax identification number are 3755. Due to the large number of debtors in these chapter 11 cases, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Endo. The location of the Debtors' service address for purposes of these chapter 11 cases is: 1400 Atwater Drive, Malvern, PA 19355.

[2]     For purposes of this Notice: (a) a "<u>Substantial Equityholder</u>" is any person or entity that beneficially owns at least 10,581,430 Ordinary Shares (representing approximately 4.5% of the 235,142,889 issued and outstanding Ordinary Shares); and (b) "<u>beneficial ownership</u>" of Equity Securities shall be determined in accordance with applicable rules under section 382 of the Internal Revenue Code of 1986, as amended (the "<u>IRC</u>"), and the regulations promulgated thereunder and shall include (i) direct and indirect ownership (*e.g.*, a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (ii) ownership by such holder's family members and persons acting in concert with such holder to make a coordinated acquisition of stock and (iii) ownership of options to acquire stock.

2.      As of [DATE], **[Name of Equityholder]** beneficially owns [__] Ordinary

Shares.  The following table sets forth the date(s) on which **[Name of Equityholder]** acquired or

otherwise became the beneficial owner of such Ordinary Shares:

| Number of Ordinary Shares | Date Acquired |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |

*[Attach additional page if necessary]*

3.      The last four digits of the taxpayer identification number of **[Name of**

**Equityholder]** are [___].

4.      Under penalty of perjury, **[Name of Equityholder]** hereby declares that it

has examined this Notice and accompanying attachments (if any) and, to the best of its knowledge

and belief, this Notice and any attachments that purport to be part of this Notice are true, correct

and complete.

5.      Pursuant to the Final Order granting the relief requested in the *Motion of*

*Debtors for Entry of Interim and Final Orders (I) Establishing Notice and Objection Procedures*

*For Trading In Equity Securities of The Debtors; and (II) Granting Related Relief*, this Notice is

being (a) filed with the Court and (b) served upon (i) the Debtors, c/o Endo International plc, 1400

Atwater Drive, Malvern, PA 19355 (Attn: General Counsel), and (ii) Skadden, Arps, Slate,

Meagher & Flom LLP, One Manhattan West, New York, New York 10001 (Attn: Lisa Laukitis,

Esq. and Evan A. Hill, Esq.).

Respectfully submitted,

_____

(Signature of Substantial Shareholder)

Name:

_____

Address:

_____

_____

_____

Telephone:

_____

Facsimile:

_____

Dated: _____

**<u>Exhibit 2</u>**

**Stock Acquisition Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re* | **Chapter 11** |
| **ENDO INTERNATIONAL plc,** *et al.*, | **Case No. 22-22549 (___)** |
| **Debtors.**[1] | **(Jointly Administration Pending)** |
| | **Related Docket No. _____** |

<u>**STOCK ACQUISITION NOTICE**</u>

*PLEASE TAKE NOTICE OF THE FOLLOWING* (this "<u>Notice</u>"):

1.        **[Name of Prospective Acquirer]** hereby provides notice of its intention to purchase, acquire, or otherwise accumulate one or more shares ("<u>Ordinary Shares</u>") of Endo International plc ("<u>Endo</u>") or of any beneficial interest therein (including, but not limited to, any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable (an "<u>Option</u>")) (collectively, "<u>Equity Securities</u>"), a debtor in Case No. 22-22549 (___) pending in the United States Bankruptcy Court for the Southern District of New York (the "<u>Court</u>") (the "<u>Proposed Transfer</u>").

2.        If applicable, on **[Prior Date(s)]**, **[Name of Prospective Acquirer]** filed a Notice of Substantial Equityholder Status[2] with the Court and served copies thereof on the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") and the Debtors' counsel.

---

[1]        The last four digits of Debtor Endo International plc's tax identification number are 3755. Due to the large number of debtors in these chapter 11 cases, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Endo. The location of the Debtors' service address for purposes of these chapter 11 cases is: 1400 Atwater Drive, Malvern, PA 19355.

[2]        For purposes of this Notice: (a) a "<u>Substantial Equityholder</u>" is any person or entity that beneficially owns at least 10,581,430 Ordinary Shares (representing approximately 4.5% of the 235,142,889 issued and outstanding Ordinary Shares); and (b) "<u>beneficial ownership</u>" of Equity Securities shall be determined in

3.      **[Name of Prospective Acquirer]** currently beneficially owns [__] Ordinary Shares.

4.      Pursuant to the Proposed Transfer, **[Name of Prospective Acquirer]** proposes, as applicable, to purchase, acquire, or otherwise accumulate [__] Ordinary Shares or an Option (or to exercise such an Option) with respect to [__] Ordinary Shares.  If the Proposed Transfer is permitted to occur, **[Name of Prospective Acquirer]** will beneficially own [__] Ordinary Shares after the transfer becomes effective.

5.      The last four digits of the taxpayer identification number of **[Name of Prospective Acquirer]** are [____].

6.      Under penalty of perjury, **[Name of Prospective Acquirer]** hereby declares that it has examined this Notice and accompanying attachments (if any) and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct and complete.

7.      Pursuant to the Final Order granting the relief requested in the *Motion of Debtors for Entry of Interim and Final Orders (I) Establishing Notice and Objection Procedures For Trading In Equity Securities of The Debtors; and (II) Granting Related Relief* (the "Motion"), this Notice is being (a) filed with the Court and (b) served upon (i) the Debtors, c/o Endo International plc, 1400 Atwater Drive, Malvern, PA 19355 (Attn: General Counsel), and (ii) Skadden, Arps, Slate, Meagher & Flom LLP, One Manhattan West, New York, New York 10001 (Attn: Lisa Laukitis, Esq. and Evan A. Hill, Esq.).

---

accordance with applicable rules under section 382 of the Internal Revenue Code of 1986, as amended (the "IRC"), and the regulations promulgated thereunder and shall include (i) direct and indirect ownership (*e.g.*, a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (ii) ownership by such holder's family members and persons acting in concert with such holder to make a coordinated acquisition of stock and (iii) ownership of options to acquire stock.

8.      The Debtors and the Ad Hoc First Lien Group (as defined in the Motion) have 21 calendar days after receipt of this Notice to object to the Proposed Transfer described herein.  If the Debtors file an objection, such Proposed Transfer will not be effective unless approved by a final and nonappealable order of the Court.  If the Debtors and the Ad Hoc First Lien Group do not object within such 21-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in this Notice.

9.      The undersigned Prospective Acquirer understands that any further transactions that may result in **[Name of Prospective Acquirer]** purchasing, acquiring, or otherwise accumulating additional Equity Securities will each require an additional notice to be filed with the Court and served in the same manner as this Notice.

Respectfully submitted,

_____
(Signature of Prospective Acquirer)
Name:

_____

Address:

_____

_____

_____

Telephone:

_____

Facsimile:

_____

Dated: _____

3

## Exhibit 3

**Stock Disposition Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re* | **Chapter 11** |
| **ENDO INTERNATIONAL plc, *et al.*,** | **Case No. 22-22549 (___)** |
| **Debtors.**[1] | **(Joint Administration Pending)** |
| | **Related Docket No. _____** |

<u>**STOCK DISPOSITION NOTICE**</u>

*PLEASE TAKE NOTICE OF THE FOLLOWING* (this "<u>Notice</u>"):

1.    **[Name of Prospective Seller]**, a Substantial Equityholder[2], hereby provides notice of its intention to sell, trade, or otherwise transfer one or more shares ("<u>Ordinary Shares</u>") of Endo International plc ("<u>Endo</u>") or of any beneficial interest therein (including, but not limited to, any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable (an "<u>Option</u>")) (collectively, "<u>Equity Securities</u>"), a debtor in Case No. 22-22549 (___) pending in the United States Bankruptcy Court for the Southern District of New York (the "<u>Court</u>") (the "<u>Proposed Transfer</u>").

---

[1]    The last four digits of Debtor Endo International plc's tax identification number are 3755.  Due to the large number of debtors in these chapter 11 cases, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Endo. The location of the Debtors' service address for purposes of these chapter 11 cases is: 1400 Atwater Drive, Malvern, PA 19355.

[2]    For purposes of this Notice: (a) a "<u>Substantial Equityholder</u>" is any person or entity that beneficially owns at least  10,581,430 Ordinary Shares (representing approximately 4.5% of the 235,142,889 issued and outstanding Ordinary Shares); and (b) "<u>beneficial ownership</u>" of Equity Securities shall be determined in accordance with applicable rules under section 382 of the Internal Revenue Code of 1986, as amended (the "<u>IRC</u>"), and the regulations promulgated thereunder and shall include (i) direct and indirect ownership (*e.g.*, a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (ii) ownership by such holder's family members and persons acting in concert with such holder to make a coordinated acquisition of stock and (iii) ownership of options to acquire stock.

2.      If applicable, on **[Prior Date(s)]**, **[Name of Prospective Seller]** filed a
Notice of Substantial Equityholder Status with the Court and served copies thereof on the above-
captioned debtors and debtors in possession (collectively, the "Debtors") and the Debtors' counsel.

3.      **[Name of Prospective Seller]** currently beneficially owns [__] Ordinary
**S**hares.

4.      Pursuant to the Proposed Transfer, **[Name of Prospective Seller]** proposes
to sell, trade or otherwise transfer [__] Ordinary Shares or an Option with respect to [__] Ordinary
**S**hares.  If the Proposed Transfer is permitted to occur, **[Name of Prospective Seller]** will
beneficially own [__] Ordinary Shares after the transfer becomes effective.

5.      The last four digits of the taxpayer identification number of **[Name of
Prospective Seller]** are [____].

6.      Under penalty of perjury, **[Name of Prospective Seller]** hereby declares
that it has examined this Notice and accompanying attachments (if any) and, to the best of its
knowledge and belief, this Notice and any attachments which purport to be part of this Notice are
true, correct, and complete.

7.      Pursuant to the Final Order granting the relief requested in the *Motion of
Debtors for Entry of Interim and Final Orders (I) Establishing Notice and Objection Procedures
For Trading In Equity Securities of The Debtors; and (II) Granting Related Relief* (the "Motion"),
this Notice is being (a) filed with the Court and (b) served upon (i) the Debtors, c/o Endo
International plc, 1400 Atwater Drive, Malvern, PA 19355 (Attn: General Counsel), and (ii)
Skadden, Arps, Slate, Meagher & Flom LLP, One Manhattan West, New York, New York 10001
(Attn: Lisa Laukitis, Esq. and Evan A. Hill, Esq.).

8.      The Debtors and the Ad Hoc First Lien Group (as defined in the Motion) have 21 calendar days after receipt of this Notice to object to the Proposed Transfer described herein.  If the Debtors file an objection, such Proposed Transfer will not be effective unless approved by a final and nonappealable order of the Court.  If the Debtors and the Ad Hoc First Lien Group do not object within such 21 period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in this Notice.

9.      The undersigned Prospective Acquirer understands that any further transactions that may result in **[Name of Prospective Seller]** selling, trading, or otherwise transferring Equity Securities will each require an additional notice to be filed with the Court and served in the same manner as this Notice.

Respectfully submitted,

_____
(Signature of Prospective Seller)
Name:

_____

Address:

_____

_____

_____

Telephone:

_____

Facsimile:

_____

Dated: _____

## **EXHIBIT 4**

**Notice of Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re* | **Chapter 11** |
| **ENDO INTERNATIONAL plc,** *et al.*, | **Case No. 22-22549 (    )** |
| **Debtors.**[1] | **(Joint Administration Pending)** |
| | **Related Docket No. _____** |

**NOTICE OF FINAL ORDER ESTABLISHING NOTICE AND OBJECTION**
**PROCEDURES FOR TRADING IN EQUITY SECURITIES OF THE DEBTORS**

*PLEASE TAKE NOTICE OF THE FOLLOWING* (this "Notice of Order"):

1.      On August 16, 2022, (the "Petition Date"), the above-captioned debtors and

debtors in possession (collectively, the "Debtors") commenced cases under chapter 11 of title 11

of the United States Code (the "Bankruptcy Code").

2.      On August 16, 2022, the Debtors filed the *Motion of Debtors for Entry of*

*Interim and Final Orders (I) Establishing Notice and Objection Procedures for Trading In Equity*

*Securities of The Debtors; and (II) Granting Related Relief* (the "Motion")[2].

3.      On [DATE], the United States Bankruptcy Court for the Southern District

of New York (the "Court") entered an interim order, approving notice and objection procedures

for certain transfers of Ordinary Shares in Endo International plc ("Endo") or of any beneficial

interest therein (including, but not limited to, any contingent purchase, warrant, convertible debt,

---

[1]      The last four digits of Debtor Endo International plc's tax identification number are 3755.  Due to the large number of debtors in these chapter 11 cases, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Endo. The location of the Debtors' service address for purposes of these chapter 11 cases is: 1400 Atwater Drive, Malvern, PA 19355.

[2]      Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

put, stock subject to risk of forfeiture, contract to acquire stock or similar interest, regardless of

whether it is contingent or otherwise not currently exercisable (an "Option")) (collectively, "Equity

Securities").

4.    On [DATE], the Court entered a final order (the "Final Order"), approving

notice and objection procedures for certain transfers of Equity Securities.

5.    Any purchase, sale, or other transfer of Equity Securities in violation of the

procedures set forth herein shall be null and void *ab initio* as an act in violation of the automatic

stay under sections 362 and 105(a) of the Bankruptcy Code.

6.    The following Equity Securities Procedures shall apply in the Chapter 11

Cases:

(a)    Certain Defined Terms.    For purposes of these Equity Securities Procedures: (i) a "Substantial Equityholder" is any person or entity that beneficially owns at least 10,581,430 Ordinary Shares (representing approximately 4.5% of the 235,142,889 issued and outstanding Ordinary Shares)[3] of Endo; (ii) "beneficial ownership" of Equity Securities shall be determined in accordance with applicable rules under Section 382 and the regulations promulgated thereunder and shall include (A) direct and indirect ownership (*e.g.*, a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (B) ownership by such holder's family members and persons acting in concert with such holder to make a coordinated acquisition of stock and (C) ownership of options to acquire stock; and (iii) a "Transfer" means any transfer of Equity Securities to the extent described in Paragraph 6(c) below ("Stock Acquisition Notice") and/or Paragraph 6(d) below ("Stock Disposition Notice").

(b)    Notice of Substantial Equityholder Status.    Any person or entity who currently is or becomes a Substantial Equityholder shall (i) file with the Court and (ii) serve upon (A) the Debtors, c/o Endo International plc, 1400 Atwater Drive, Malvern, PA 19355 (Attn: General Counsel), and (B) Skadden, Arps, Slate, Meagher & Flom LLP, One Manhattan West, New York, New York 10001 (Attn: Lisa Laukitis, Esq. and Evan A. Hill, Esq.), a notice of such status, in the form attached as **Exhibit 1** to the Final Order

---

[3]    To allow for a prudent margin of error and in a good faith effort to avoid underestimating the threshold, the Debtors have calculated the threshold using 4.5% instead of 5%.

(a "Notice of Substantial Equityholder Status"), on or before the later of 14 calendar days after the date of this Notice of Order or 14 calendar days after becoming a Substantial Equityholder.

(c)     Stock Acquisition Notice.  At least 21 days prior to any Transfer of Equity Securities that would result in an increase in the amount of Equity Securities beneficially owned by a Substantial Equityholder or would result in a person or entity becoming a Substantial Equityholder, such Substantial Equityholder or potential Substantial Equityholder shall (i) file with the Court and (ii) serve on the Debtors and counsel to the Debtors (at the addresses set forth in Paragraph 6(b) above), advance written notice of the intended Transfer of Equity Securities, in the form attached as **Exhibit 2** to the Final Order.

(d)     Stock Disposition Notice.  At least 21 days prior to any Transfer of Equity Securities that would result in a decrease in the amount of Equity Securities beneficially owned by a Substantial Equityholder or would result in a person or entity ceasing to be a Substantial Equityholder, such Substantial Equityholder shall (i) file with the Court and (ii) serve on the Debtors and counsel to the Debtors (at the addresses set forth in Paragraph 6(b) above), advance written notice of the intended Transfer of Equity Securities, in the form attached as **Exhibit 3** to the Final Order.

(e)     Objection Procedures.  The Debtors and the Ad Hoc First Lien Group (as defined in the First Day Declaration) shall have 21 days after receipt of a Stock Acquisition Notice or Stock Disposition Notice to file with the Court and serve on the party filing such notice an objection to any proposed Transfer of such Equity Securities described in the Stock Acquisition Notice or Stock Disposition Notice on the grounds that such Transfer of such Equity Securities might adversely affect the Debtors' ability to utilize their Tax Attributes.  If the Debtors or the Ad Hoc First Lien Group file an objection, such Transfer of such Equity Securities will not be permitted unless and until approved by a final and nonappealable order of this Court. If the Debtors and the Ad Hoc First Lien Group do not object within such 21-day period, such Transfer of such Equity Securities may be permitted solely as set forth in the applicable notice.

(f)     Unauthorized Transfer of Equity Securities.  Effective as of the Petition Date and until further order of this Court to the contrary, any purchase, sale, or other Transfer of Equity Securities in violation of the procedures set forth herein shall be null and void *ab initio* as an act in violation of sections 362 and 105(a) of the Bankruptcy Code.

**FAILURE TO FOLLOW THE PROCEDURES SET FORTH IN THIS NOTICE AND IN THE FINAL ORDER SHALL CONSTITUTE A VIOLATION OF THE AUTOMATIC STAY UNDER SECTION 362 OF THE BANKRUPTCY CODE.  ANY PROHIBITED PURCHASE, SALE, TRADE OR OTHER TRANSFER OF EQUITY SECURITIES IN**

**ENDO INTERNATIONAL PLC IN VIOLATION OF THE FINAL ORDER WILL BE NULL AND VOID *AB INITIO* AND MAY RESULT IN THE IMPOSITION OF SANCTIONS BY THE BANKRUPTCY COURT.**

       7.     Complete copies of the Motion and the Final Order are available via PACER via the Court's website at https://ecf.nysb.uscourts.gov for a fee, or through the Debtors' Claims and Noticing Agent, Kroll Restructuring Administration LLC (f/k/a Prime Clerk LLC)[4], by accessing their website at https://restructuring.ra.kroll.com/Endo, or by calling (877) 542-1878 (Toll-free) or (929) 284-1688 (International)].

       8.     The requirements set forth in this Notice of Order are in addition to the requirements of Rule 3001(e) of the Federal Rules of Bankruptcy Procedure and applicable law, and do not excuse compliance therewith.

Dated: [_____]
     New York, New York       SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

                  By:    *DRAFT*_____
                     Paul D. Leake
                     Lisa Laukitis
                     Shana A. Elberg
                     Evan A. Hill
                     One Manhattan West
                     New York, New York 10001
                     Telephone: (212) 735-3000
                     Fax: (212) 735-2000

                     *Proposed Counsel for the Debtors and Debtors in Possession*

---

[4]    Effective March 29, 2022, Prime Clerk LLC changed its name to Kroll Restructuring Administration LLC. There has not been any change in the company's leadership, ownership, or organizational structure.