SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
Paul D. Leake
Abigail E. Davis
Jason N. Kestecher
Jacob G. Lefkowitz
One Manhattan West
New York, New York 10001
Telephone: (212) 735-3000
Fax: (212) 735-2000

*Proposed Counsel for Debtor Endo Ventures
Limited*

O'MELVENY & MYERS LLP
Brett J. Williamson
Daniel B. O'Boyle
O'Melveny & Myers LLP
610 Newport Center Drive, 17th Floor
Newport Beach, CA  92660
Telephone: (949) 823-7947
Fax: (212) 326-2023

*Proposed Ordinary Course Counsel for Endo
Ventures Limited*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re* | Chapter 11 |
| **ENDO INTERNATIONAL plc,** *et al.*, | Case No. 22-22549 (JLG) |
| **Debtors.**[1] | **Jointly Administered** |

### DEBTOR ENDO VENTURES LIMITED'S MOTION FOR AN ORDER AUTHORIZING THE FILING OF CERTAIN INFORMATION UNDER SEAL

Endo Ventures Limited ("<u>EVL</u> and together with its debtor affiliates, the "<u>Debtors</u>") in the above-captioned proceedings (the "<u>Chapter 11 Cases</u>"), respectfully states as follows in support of this motion:

---

[1]     The last four digits of Debtor Endo International plc's tax identification number are 3755.  Due to the large number of debtors in these chapter 11 cases, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Endo. The location of the Debtors' service address for purposes of these chapter 11 cases is: 1400 Atwater Drive, Malvern, PA 19355.

## RELIEF REQUESTED

1.      By this motion, EVL seeks entry of an order, substantially in the form attached hereto as Exhibit A (the "Order"), authorizing EVL to redact and file under seal certain portions of EVL's *Adversary Complaint for Declaratory and Injunctive Relief, Breach of Contract, Breach of the Covenant of Good Faith and Fair Dealing, and Tortious Interference with Prospective Economic Advantage* (the "Adversary Complaint"), and supporting exhibits.

## JURISDICTION AND VENUE

2.      The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding under to 28 U.S.C. §157(b).  Venue is proper before this court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are sections 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 9018-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

## BASIS FOR RELIEF

4.      Section 105(a) of the Bankruptcy Code, which codifies the bankruptcy court's inherent equitable powers, also empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).  Further, pursuant to section 107(b) of the Bankruptcy Code, the Court is authorized to issue orders to protect entities from potential harm caused by disclosure of confidential information.  11 U.S.C. § 107(b).  Specifically, section 107(b) of the Bankruptcy Code provides, in relevant part, that a court may "protect an entity with respect to a trade secret or confidential research, development, or commercial information." *Id.*

2

5.      Bankruptcy Rule 9018 sets forth the procedure by which a party in interest may obtain a protective order authorizing the filing of a document under seal pursuant to section 107(b) of the Bankruptcy Code.  Bankruptcy Rule 9018 provides, in relevant part, that a court "may make any order which justice requires . . . to protect the estate or an entity in respect of a trade secret or other confidential research, development, or commercial information . . . ." Fed. R. Bankr. P. 9018.

6.      Once a court determines that a party in interest seeks to protect information that falls within a category enumerated in section 107(b), "the court is required to protect a requesting interested party and has no discretion to deny the application." *In re Orion Pictures Corp.*, 21 F.3d 24, 27-28 (2d Cir. 1994); *see also In re Global Crossing Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003) (the purpose of Bankruptcy Rule 9018(1) is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury").

7.      Accordingly, section 107(b) relief should be granted if the information sought to be protected is "commercial information." *See Global Crossing*, 295 B.R. at 725. Moreover, Bankruptcy Code section 107(b) does not require an entity seeking such protection to demonstrate "good cause." *Orion*, 21 F.3d at 28.  Nor does it require a finding of "extraordinary circumstances or compelling need." *Id.* at 27.  Rather, "in the bankruptcy area . . . congress has established a special rule for trade secrets and confidential research, development, and commercial information." *Id.*  To qualify as "commercial information"—one of several enumerated categories under section 107(b)—an interested party need only show that the information it wishes to seal is "'confidential' and 'commercial' in nature." *Id.*

8.      EVL respectfully requests that the Court permit EVL to redact and file under seal certain portions of the Adversary Complaint and supporting exhibits.  As described therein, Nevakar, Inc. ("Nevakar") and Nevakar's subsidiary, Nevakar Injectables, Inc. ("Nevakar Injectables") (collectively, the "Defendants") have breached two agreements between EVL and the Defendants: (1) a 2018 agreement governing the terms and conditions for EVL's licensing and commercialization of certain injectable products developed by Nevakar; and (2) a 2022 asset purchase agreement transferring certain patents and patent applications, contracts, tangible assets, product technology, and books and records from Nevakar Injectables to EVL.  In recognition of the commercially sensitive subject matter of these agreements, both contain extensive confidentiality and public disclosure restrictions designed to prevent and restrain the disclosure of confidential information shared between EVL and Defendants, including non-public intellectual property.  To enforce these strict confidentiality obligations, EVL and Defendants each acknowledged in the 2018 Agreement that non-compliance would cause irreparable harm.

9.      To ensure that EVL and the Debtors do not face any civil liability for pursuing this adversary action, EVL requests that the Court permit it to redact and file under seal certain portions of the Adversary Complaint and supporting exhibits that may reference confidential information shared under, or related to, the relevant agreements (the "Confidential Information").  EVL submits that the proposed limited redactions are necessary and appropriate under section 107 of the Bankruptcy Code.  EVL therefore requests that the Court grant the requested relief.

## MOTION PRACTICE

10.     This motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this motion.  Accordingly, EVL submits that this motion satisfies Local Rule 9013-1(a).

4

## **NOTICE**

11.     EVL will provide notice of this motion to the Standard Parties set forth in the Case Management Procedures.  EVL submits that, in light of the nature of the relief requested, no other or further notice need be given.

## **NO PRIOR REQUEST**

12.     No prior request for the relief sought in this motion has been made to this or any other court.

WHEREFORE, EVL respectfully requests that the Court enter an order, substantially in the form annexed hereto, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: August 21, 2022
      New York, New York

/s/ Abigail E. Davis

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

Paul D. Leake
Abigail E. Davis
Jason N. Kestecher
Jacob G. Lefkowitz
One Manhattan West
New York, New York 10001
Telephone: (212) 735-3000
Fax: (212) 735-2000
Email: abigail.sheehan@skadden.com

*Proposed Counsel for Debtor Endo Ventures Limited*

/s/ Brett J. Williamson

O'MELVENY & MYERS LLP

Brett J. Williamson (BW6717)
Daniel B. O'Boyle (DO8821)
7 Times Square
New York, New York 10036
Telephone: (949) 823-7947
Fax: (212) 326-2023
Email: bwilliamson@omm.com

*Proposed Ordinary Course Counsel for Endo Ventures Limited*

**Exhibit A**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re* | **Chapter 11** |
| **ENDO INTERNATIONAL plc, *et al.*,** | **Case No. 22-22549 (JLG)** |
| **Debtors.**[1] | **(Jointly Administered)** |

## ORDER AUTHORIZING DEBTOR ENDO VENTURES
## LIMITED TO FILE CERTAIN INFORMATION UNDER SEAL

Upon the motion (the "Motion")[2] of Endo Ventures Limited ("EVL" and, together

with its debtor affiliates, the "Debtors") for entry of an order (this "Order") authorizing EVL to

redact and file under seal certain portions of EVL's *Adversary Complaint for Declaratory and*

*Injunctive Relief, Breach of Contract, Breach of the Covenant of Good Faith and Fair Dealing,*

*and Tortious Interference with Prospective Economic Advantage* (the "Adversary Complaint") and

supporting exhibits as more fully set forth in the Motion; and this Court having jurisdiction over

this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding

pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with

Article III of the United States Constitution; and this Court having found that venue of this

proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and

this Court having found that the relief requested in the Motion is in the best interests of the Debtors,

---

[1]     The last four digits of Debtor Endo International plc's tax identification number are 3755. Due to the large number of debtors in these chapter 11 cases, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Endo. The location of the Debtors' service address for purposes of these chapter 11 cases is: 1400 Atwater Drive, Malvern, PA 19355.

[2]     Capitalized terms used but not defined herein shall have the definitions given to them in the Motion.

their estates, their creditors, and other parties in interest; and it appearing that notice of the Motion

has been given as set forth in the Motion and that such notice is adequate under the circumstances

and no other or further notice need be given; and the Court having determined that the legal and

factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all

of the proceedings had before the Court and after due deliberation and sufficient cause appearing

therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted as set forth herein.

2.      Pursuant to section 107(b) of the Bankruptcy Code, EVL is authorized to

file the Confidential Information contained in the Adversary Complaint and supporting exhibits

under seal.  The Confidential Information shall remain under seal and shall not be made available

to anyone other than this Court, the Debtors, Nevakar, Inc., Nevakar Injectables Inc., or the U.S.

Trustee (on a confidential basis) without further order of this Court.  The Clerk of the Court shall

treat the Confidential Information as confidential.  To the extent that the Confidential Information

is attached or referred to in any further pleadings or documents filed with this Court related to the

Chapter 11 Cases, this Order shall apply to such pleading or document.

3.      Any party permitted access to the Confidential Information from the Clerk

of the Court or the U.S. Trustee shall not share any information contained in such documents with

any third party, without the consent of the Debtors or further order of this Court.  Any party found

to have violated these conditions shall be subject to sanctions.

4.      Nothing in this Order prejudices the rights of any party in interest, including

the U.S. Trustee, to seek, on appropriate motion, the unsealing of the Confidential Information or

any part thereof.

5.    Upon the closure of these Chapter 11 Cases, the Court is directed to destroy its hard copies of the unsealed Adversary Complaint and supporting exhibits.  If anyone wishes to view the unsealed Adversary Complaint and exhibits following the closure of these Chapter 11 Cases, such person is directed to contact Nicholas S. Hagen (nicholas.hagen@skadden.com) of Skadden, Arps, Slate, Meagher & Flom LLP at One Manhattan West, New York, New York 10001.

6.    Notwithstanding anything to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

7.    The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

8.    This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated:                    , 2022
        New York, New York

_____
THE HONORABLE JAMES L. GARRITY, JR
U.S. BANKRUPTCY JUDGE

3

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Paul D. Leake
Abigail E. Davis
Jason N. Kestecher
Jacob G. Lefkowitz
One Manhattan West
New York, New York 10001
Telephone: (212) 735-3000
Fax: (212) 735-2000

*Proposed Counsel for Debtor Endo Ventures Limited*

O'MELVENY & MYERS LLP
Brett J. Williamson
Daniel B. O'Boyle
O'Melveny & Myers LLP
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
Telephone: (949) 823-7947
Fax: (212) 326-2023

*Proposed Ordinary Course Counsel for Endo Ventures Limited*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re* <br><br> **ENDO INTERNATIONAL plc, *et al.*,** <br><br> Debtors.[1] | Chapter 11 <br><br> Case No. 22-22549 (JLG) <br><br> **(Joint Administration Pending)** |

**AFFIDAVIT OF BRETT J. WILLIAMSON**
**IN SUPPORT OF ENDO VENTURES LIMITED'S MOTION FOR**
**ORDER AUTHORIZING THE FILING OF CERTAIN INFORMATION UNDER SEAL**

I, Brett J. Williamson, being duly sworn, depose and say:

1.      I am a member of the bar of this Court and of the law firm O'Melveny & Myers LLP, proposed ordinary course counsel for Debtor Endo Ventures Limited ("EVL").

2.      I submit this affidavit in support of *Endo Ventures Limited's Motion for Order Authorizing the Filing of Certain Information Under Seal* (the "Motion"). Except as otherwise

---

[1]      The last four digits of Debtor Endo International plc's tax identification number are 3755. Due to the large number of debtors in these chapter 11 cases, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Endo. The location of the Debtors' service address for purposes of these chapter 11 cases is: 1400 Atwater Drive, Malvern, PA 19355.

noted, I have personal knowledge of the matters set forth herein, either directly or through professionals working at my direction, or through officers and employees of EVL and, if called as a witness, I would testify competently thereto.

## BASIS FOR RELIEF

3.      I request that the Court permit me or other proposed counsel for EVL to redact and file under seal certain portions of EVL's *Adversary Complaint for Declaratory and Injunctive Relief, Breach of Contract, Breach of the Covenant of Good Faith and Fair Dealing, and Tortious Interference with Prospective Economic Advantage* (the "Adversary Complaint") and supporting exhibits.

4.      The portions of the Adversary Complaint sought to be redacted reveal (i) the terms of the Agreements between EVL and Defendants (the "Nevakar Agreements") which are designated as confidential by the Nevakar Agreements themselves; (ii) terms of a settlement agreement that was entered between EVL, Nevakar Injectables, and Nexus Pharmaceuticals, Inc. ("Nexus"); (iii) confidential communications between EVL and the U.S. Food and Drug Administration relating to a then-pending application for drug product approval, including specific details of test results and procedures; and (iv) confidential details pertaining to development and manufacturing processes for drugs that are in the pre-market stage, including the identities of third-party suppliers, distributors, and other third parties involved in the commercialization of those products, and communications relating to the confidential information exchanged between the parties under the Nevakar Agreements.  The basis for redaction of each exhibit is set forth below.

5.      Exhibits A, B, C, D, E, and F are governed by the specific confidentiality provisions of the Nevakar Agreements, and reveal the specific terms of those Agreements themselves.

6.      Exhibit G reveals the terms of a settlement agreement that was entered into between EVL, Nevakar Injectables, and Nexus to settle a prior litigation between the parties.

7.      Exhibits I and J reflect confidential communications between EVL and the U.S. Food and Drug Administration relating to a then-pending application for drug product approval, including specific details of test results and procedures that reveal confidential and proprietary details relating to the manufacturing process for the pharmaceutical product at issue.

8.      Exhibits K, L, P, Q, T, and U reveal confidential and proprietary details pertaining to the development and manufacturing processes for products under development, the identity of third-party suppliers who are not parties to this action, who are contracted pursuant to the Nevakar Agreements, and communications relating to the confidential and proprietary information exchanged between the parties under the Nevakar Agreements.

9.      Exhibits N, O, R, and S reveal the specific terms of the Nevakar Agreements themselves, which are designated as confidential by the agreements themselves.

**[Remainder of Page Intentionally Left Blank]**

3

I declare under penalty of perjury under the laws of the United States of America that, to the best of my knowledge, information, and belief, the foregoing is true and correct.

Dated:  August **19**, 2022

_____

Brett J. Williamson
*Proposed Ordinary Course Counsel for Endo
Ventures Limited*

**CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT**                    CIVIL CODE § 1189

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California                                    )
County of _ORANGE_____                     )

On _AUGUST 19, 2022_ before me, _ELIZABETH MENICUCCI, NOTARY PUBLIC_
      *Date*                              *Here Insert Name and Title of the Officer*

personally appeared _BRETT J. WILLIAMSON_
                        *Name(s) of Signer(s)*

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

ELIZABETH MENICUCCI
Notary Public - California
Orange County
Commission # 2320989
My Comm. Expires Feb 9, 2024

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _Elizabeth Menicucci_
            *Signature of Notary Public*

*Place Notary Seal Above*

──────────────── **OPTIONAL** ────────────────
*Though this section is optional, completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**
Title or Type of Document: _____ Document Date: _____
Number of Pages: _____ Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: _____
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited  ☐ General
☐ Individual      ☐ Attorney in Fact
☐ Trustee         ☐ Guardian or Conservator
☐ Other: _____
Signer Is Representing: _____

Signer's Name: _____
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited  ☐ General
☐ Individual      ☐ Attorney in Fact
☐ Trustee         ☐ Guardian or Conservator
☐ Other: _____
Signer Is Representing: _____

©2014 National Notary Association • www.NationalNotary.org • 1-800-US NOTARY (1-800-876-6827)    Item #5907