**Hearing Date: December 15, 2022 at 11:00 a.m. (Prevailing Eastern Time)**
**Objection Deadline: December 8, 2022 at 4:00 p.m. (Prevailing Eastern Time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Paul D. Leake
Lisa Laukitis
Shana A. Elberg
Evan A. Hill
One Manhattan West
New York, New York 10001
Telephone: (212) 735-3000
Fax: (212) 735-2000

*Counsel to Debtors and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In re* | Chapter 11 |
| **ENDO INTERNATIONAL plc,** *et al.*, | Case No. 22-22549 (JLG) |
| **Debtors.**[1] | **(Jointly Administered)** |

## NOTICE OF HEARING ON THE MOTION OF DEBTORS FOR ENTRY OF AN ORDER (I) ESTABLISHING DEADLINES FOR FILING PROOFS OF CLAIM; (II) APPROVING PROCEDURES FOR FILING PROOFS OF CLAIM; (III) APPROVING THE PROOF OF CLAIM FORMS; (IV) APPROVING THE FORM AND MANNER OF NOTICE THEREOF; AND (V) APPROVING THE CONFIDENTIALITY PROTOCOL

**PLEASE TAKE NOTICE** that the debtors and debtors-in-possession in the

above-captioned jointly administered bankruptcy cases (collectively, the "Debtors") hereby file

the *Motion of Debtors for Entry of an Order (I) Establishing Deadlines for Filing Proofs of Claim;*

*(II) Approving Procedures for Filing Proofs of Claim; (III) Approving the Proof of Claim Forms;*

---

[1]     The last four digits of Debtor Endo International plc's tax identification number are 3755.  Due to the large number of debtors in these chapter 11 cases, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Endo. The location of the Debtors' service address for purposes of these chapter 11 cases is: 1400 Atwater Drive, Malvern, PA 19355.

*(IV) Approving The Form And Manner Of Notice Thereof; And (V) Approving The Confidentiality*

*Protocol* (the "Motion").[2]

> **PLEASE TAKE FURTHER NOTICE** that the hearing (the "Hearing") on the Motion will be held on **December 15, 2022, at 11:00 a.m. (Prevailing Eastern Time)** before the Honorable James L. Garrity, Jr., United States Bankruptcy Judge for the Southern District of New York, in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), Courtroom 723, One Bowling Green, New York, NY 10004-1408.

> **PLEASE TAKE FURTHER NOTICE** that the Hearing will be conducted both in person and "live" via Zoom for Government. Parties wishing to participate in person or via a "live" or "listen only" line must make an electronic appearance through the "eCourtAppearances" tab on the Court's website, https://www.nysb.uscourts.gov/ecourt-appearances, no later than **December 13, 2022, at 11:00 a.m. (Prevailing Eastern Time)** (the "Appearance Deadline"). Following the Appearance Deadline, the Court will circulate by e-mail the Zoom link to those parties who have made an electronic appearance. Parties wishing to appear in person at the Hearing must submit an electronic appearance through the Court's website by the Appearance Deadline and not by emailing or otherwise contacting the Court.

> **PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Motion or the relief requested therein must be made in writing, filed with the Bankruptcy Court, One Bowling Green, New York, NY 10004-1408, and served so as to be received by the following parties no later than **December 8, 2022, at 4:00 p.m. (Prevailing Eastern Time)**:

---

[2]      Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

      (i)    the Honorable James L. Garrity, Jr., United States Bankruptcy Judge for the Southern District of New York, United States Bankruptcy Court for the Southern District of New York One Bowling Green, Courtroom 723, New York, NY 10004-1408;

      (ii)    counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, One Manhattan West, New York, NY 10001, Attn:  Paul D. Leake, Esq. (paul.leake@skadden.com); and Lisa Laukitis, Esq. (lisa.laukitis@skadden.com);

      (iii)    co-counsel for the Debtors, Togut, Segal & Segal LLP, One Penn Plaza, Suite 3335, New York, NY 10119, Attn: Albert Togut, Esq.  (altogut@teamtogut.com) and Kyle J. Ortiz, Esq. (kortiz@teamtogut.com);  and

      (iv)    the Office of the United States Trustee for the Southern District of New York (the "United States Trustee"), 201 Varick Street, Suite 1006, New York, NY 10014, Attn: Paul Schwartzberg, Esq. (Paul.Schwartzberg@usdoj.gov) and Susan Arbeit, Esq. (Susan.Arbeit@usdoj.gov).

**PLEASE TAKE FURTHER NOTICE** that a copy of the Motion along with its underlying exhibits thereto can be viewed and/or obtained by:  (i) accessing the Court's website at www.nysb.uscourts.gov, (ii) contacting the Office of the Clerk of the Court at United States Bankruptcy Court, for the Southern District of New York, or (iii)  on the website of the Debtors' claims and noticing agent, Kroll Restructuring Administration LLC, at https://restructuring.ra.kroll.com/Endo; or by contacting Kroll directly at (877) 542-1878 (toll free for callers within the United States and Canada) and (929) 284-1688 (for international callers).

**PLEASE TAKE FURTHER NOTICE** that if no Objections to the approval of the Motion are timely filed and received in accordance with the above procedures, the Court may grant the relief requested in the Motion without further notice of a hearing.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

Dated:   November 23, 2022
         New York, New York

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

*/s/ Paul D. Leake*
Paul D. Leake
Lisa Laukitis
Shana A. Elberg
Evan A. Hill
One Manhattan West
New York, New York 10001
Telephone: (212) 735-3000
Fax: (212) 735-2000

*Counsel to Debtors and Debtors in Possession*

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Paul D. Leake
Lisa Laukitis
Shana A. Elberg
Evan A. Hill
One Manhattan West
New York, New York 10001
Telephone: (212) 735-3000
Fax: (212) 735-2000

*Counsel to Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re* | **Chapter 11** |
| **ENDO INTERNATIONAL plc, *et al.*,** | **Case No. 22-22549 (JLG)** |
| **Debtors.**[1] | **(Jointly Administered)** |

**MOTION OF DEBTORS**
**FOR ENTRY OF AN ORDER (I) ESTABLISHING**
**DEADLINES FOR FILING PROOFS OF CLAIM; (II) APPROVING**
**PROCEDURES FOR FILING PROOFS OF CLAIM; (III) APPROVING THE**
**PROOF OF CLAIM FORMS; (IV) APPROVING THE FORM AND MANNER OF**
**NOTICE THEREOF; AND (V) APPROVING THE CONFIDENTIALITY PROTOCOL**

---

[1] The last four digits of Debtor Endo International plc's tax identification number are 3755. Due to the large number of debtors in these chapter 11 cases, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Endo. The location of the Debtors' service address for purposes of these chapter 11 cases is: 1400 Atwater Drive, Malvern, PA 19355.

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................. iii

RELIEF REQUESTED ......................................................................................1

JURISDICTION AND VENUE ............................................................................3

BACKGROUND ...............................................................................................3

     I.     ESTABLISHMENT OF THE BAR DATES .......................................5

          A.     The General Bar Date ...............................................................5

          B.     Governmental Bar Date ...........................................................6

          C.     Amended Schedules Bar Date ...................................................6

          D.     The Rejection Damages Bar Date .............................................7

     II.     PROCEDURES FOR FILING PROOFS OF CLAIM .........................7

          A.     Procedures for Filing Proofs of Claim.......................................7

          B.     Parties Required to File Proofs of Claim ..................................10

          C.     Parties Not Required to File Proofs of Claim ...........................10

          D.     Effect of Failure to File Proofs of Claim ..................................12

     III.     NOTICE PROCEDURES ...............................................................13

          A.     Actual Notice to Known Claimants..........................................13

          B.     Supplemental Notice Plan for Unknown Claimants..................14

     IV.     THE CONFIDENTIALITY PROTOCOL ........................................15

BASIS FOR RELIEF .......................................................................................16

     V.     The Bar Dates and Bar Date Notice are Reasonably Calculated to Provide
          Notice Pursuant to the Bankruptcy Code, the Bankruptcy Rules, the Local
          Rules, and the Guidelines. ......................................................16

          A.     The Proposed Procedures for Submitting Proofs of Claim are
                 Appropriate and Satisfy the Guidelines' Requirements ...........18

VI.    The Notice Procedures and the Supplemental Notice Plan Satisfy the
Guidelines and Due Process for Known Claimants, Unknown Creditors,
and Parties in Interest in the Chapter 11 Cases ....................................................19

       A.    Known Creditors Are Receiving Actual Notice of the Bar Dates.............19

       B.    The Supplemental Notice Plan Provides Reasonable and Adequate
             Notice to Unknown Claimants .................................................................20

       C.    Providing Notice of the Bar Dates Through the Supplemental
             Notice Plan Will Promote Substantial Cost Savings for the Benefit
             of the Debtors' Estates ............................................................................22

VII.   The Proposed Proof of Claim Forms Should be Approved...................................22

       A.    The Proof of Claim Forms are Necessary and Appropriate Under
             the Circumstances of the Chapter 11 Cases .............................................23

       B.    The Confidentiality Protocol is Necessary and Appropriate to
             Protect Confidential Information Submitted in Connection with a
             Proof of Claim.........................................................................................24

RESERVATION OF RIGHTS .................................................................................24

NOTICE ..................................................................................................................25

NO PRIOR REQUEST ...........................................................................................25

CONCLUSION........................................................................................................25

## <u>TABLE OF AUTHORITIES</u>

### CASES

*In re A.H. Robins Co.*,
862 F.2d 1092 (4th Cir. 1988)......................................................................21, 22

*In re Babcock & Wilcox Co.*,
Case No. 00-CV-0558 (Bankr. E.D. La. Oct. 30, 2000), ECF No. 70 ...........................22

*In re Best Products Co.*,
140 B.R. 353 (Bankr. S.D.N.Y. 1992)............................................................20

*Chemetron Corp. v. Jones*,
72 F.3d 341 (3d Cir. 1995)....................................................................18, 19

*Fogel v. Zell*,
221 F.3d 955 (7th Cir. 2000)........................................................................18

*In re Imerys Talc America, Inc.*,
Case No. 19 10289 (Bankr. D. Del. 2021).....................................................20

*In re Insys Therapeutics, Inc.*,
Case No. 19-11292 (KGG) (Bankr. D. Del. July 15, 2019), ECF No. 294 .... 15, 17, 22, 23

*Louisiana Department of Environmental Quality v. Crystal Oil Co. (In re Crystal Oil Co.)*,
158 F.3d 291 (5th Cir. 1998).......................................................................18

*Mullane v. Central Hanover Bank & Trust Co.*,
339 U.S. 306 (1950) ...........................................................................18, 19

*In re PG&E Corp.*,
Case No. 19-30088 (Bankr. N.D. Cal. 2019)..................................................20

*In re Purdue Pharma L.P.*,
Case No. 19-23649 (RDD) (Bankr. S.D.N.Y. Feb. 3, 2020),
ECF No. 800.....................................................................15, 17, 20, 22, 23

*In re Residential Capital, LLC*,
No. 12-12020 (MG), 2015 WL 2256683 (Bankr. S.D.N.Y. May 11, 2015) ...................20

*In re Specialty Products Holding Corp.*,
Case No. 10-11780 (JKF) (Bankr. D. Del. July 20, 2011), ECF No. 1466 ......................22

*In re TK Holdings Inc.*,
Case No. 17-11375 (BLS) (Bankr. D. Del. Oct. 4, 2017), ECF No. 959 ..................15, 20

*Vancouver Women's Health Collective Society v. A.H. Robins Co.*,
    820 F.2d 1359 (4th Cir. 1987) ...........................................................................19

## STATUTES

11 U.S.C. § 105(a) ...........................................................................................11

11 U.S.C. § 502(b)(9) ................................................................................. 11, 15

11 U.S.C. §502(b)(9)(A) ....................................................................................6

28 U.S.C. § 156(c) ...........................................................................................10

28 U.S.C. § 157..................................................................................................3

28 U.S.C. § 157(b) .............................................................................................3

28 U.S.C. § 1334................................................................................................3

28 U.S.C. § 1408................................................................................................3

28 U.S.C. § 1409................................................................................................3

28 U.S.C. § 1930..............................................................................................10

## RULES

Fed. R. Bankr. P. 2002(a)(7) ...........................................................................15

Fed. R. Bankr. P. 3001(a)................................................................................21

Fed. R. Bankr. P. 3003(c)(2) ........................................................................5, 11

Fed. R. Bankr. P. 3003(c)(3) ...........................................................................15

Fed. R. Bankr. P. 9009 .....................................................................................21

## OTHER AUTHORITIES

*United States Bankruptcy Court for the Southern District of New York Procedural
    Guidelines for Filing Requests for Orders to Set the Last Date for Filing Proof of
    Claim*..............................................................................................................15

Endo International plc and its debtor affiliates, as debtors and debtors in possession (collectively, the "Debtors" and together with their non-Debtor affiliates, the "Company")[1] in the above-captioned chapter 11 cases (the "Chapter 11 Cases") respectfully submit this motion (the "Motion") seeking, among other things, the establishment of certain bar dates. In support of this Motion, the Debtors rely upon the *Declaration of Jeanne C. Finegan, APR in Connection With Sale Motion and Bar Date Motion* (the "Kroll Declaration") filed contemporaneously herewith and incorporated herein by reference.

## RELIEF REQUESTED[2]

1.     By this Motion, the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), that establishes the following dates and deadlines:

| | |
|---|---|
| Mailing Deadline | January 17, 2023 at 5:00 p.m. (Prevailing Eastern Time) |
| General Bar Date | April 21, 2023 at 5:00 p.m. (Prevailing Eastern Time) |
| Governmental Bar Date | April 21, 2023 at 5:00 p.m. (Prevailing Eastern Time) |
| Amended Schedules Bar Date | For claimants holding Claims negatively impacted by the filing of a previously unfiled schedule of assets and liabilities or statement of financial affairs (together, the "Schedules" and "Statements") or an amendment or supplement to the Schedules or Statements, the later of (i) the General Bar Date or the Governmental Bar Date, as applicable, or (ii) 5:00 p.m. (Prevailing Eastern Time) on the date that is 30 days from the date on which the Debtors provide notice of such filing, amendment or supplement |
| Rejection Damages Bar Date | For counterparties to executory contracts or unexpired leases that have been rejected by the Debtors, the later of (i) the General Bar Date or the Governmental Bar Date, as applicable, or (ii) 5:00 p.m. (Prevailing Eastern Time) on the date that is 30 days after the effective date of such rejection |

---

[1]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the First-Day Declaration (as defined below).

[2]    Certain capitalized terms used in this section are defined elsewhere in this Motion.

2.      Additionally, the Debtors request that the Proposed Order (a) provides that the
Debtors' claims and noticing agent, Kroll Restructuring Administration LLC (the "Claims and
Noticing Agent"), will mail the Bar Date Notice by January 17, 2023, or as soon as reasonably
practicable thereafter (the "Mailing Deadline"), (b) approves the proposed procedures for filing
proofs of claim (each a "Proof of Claim"), (c) approves the proposed procedures for providing
notice of Bar Dates, including, among other things, the form of notice of the Bar Dates to be sent
to parties in interest (the "Bar Date Notice") substantially in the form annexed hereto as **Exhibit B**,
(d) approves the manner for providing publication notice of the Bar Dates to unknown creditors
and parties in interest through the Supplemental Notice Plan (as defined below),[3] (e) approves the
procedures for maintaining the confidentiality of certain information in certain Proofs of Claim,
and (f) approves the proposed Proof of Claim forms for (i) personal injury opioid claimants, (ii) all
other opioid claimants (i.e., non-personal injury), including Governmental Units (as defined
below), Native American tribes and other entities, and (iii) all other potential claimants,
substantially in the forms attached as **Exhibit C-1**, **Exhibit C-2** and **Exhibit C-3** to the Proposed
Order, respectively (the "Personal Injury Opioid Proof of Claim Form," the "General Opioid Proof
of Claim Form" and the "Non-Opioid Proof of Claim Form," respectively, and together, the "Proof
of Claim Forms").

---

[3]    The Debtors are separately requesting approval of the Supplemental Notice Plan in the *Debtors' Motion for an
Order (i) Establishing Bidding, Noticing, and Assumption and Assignment Procedures, (ii) Approving Certain
Transaction Steps, (iii) Approving the Sale of Substantially all of the Debtors' Assets and (iv) Granting Related
Relief* (the "Bidding Procedures Motion"), filed on the date hereof, as well as the manner for providing publication
notice of the sale transaction contemplated therein (the "Sale") to unknown creditors and parties in interest
through the Supplemental Notice Plan.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and

1334, and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska,

C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b).

4.      Venue of the Chapter 11 Cases and this Motion is proper in this District under

28 U.S.C. §§ 1408 and 1409.

5.      The legal predicates for the relief requested herein are sections 105(a), 501, 502,

503, and 1111(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002,

3003(c)(3), 9007, and 9008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"), Rule 3003-1 of the Local Bankruptcy Rules for the Southern District of New York (the

"Local Rules"), and the *United States Bankruptcy Court for the Southern District of New York*

*Procedural Guidelines for Filing Requests for Orders to Set the Last Date for Filing Proof of*

*Claim* (the "Guidelines").

## BACKGROUND

6.      On August 16, 2022 (the "Petition Date"), the Debtors each commenced the

Chapter 11 Cases by filing a petition for relief under chapter 11 of the Bankruptcy Code. The

Chapter 11 Cases are being jointly administered.

7.      The Debtors are authorized to continue to operate their business and manage their

properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the

Bankruptcy Code.

8.      On September 2, 2022, the Office of the United States Trustee for the Southern

District of New York (the "U.S. Trustee") appointed an Official Committee of Unsecured

Creditors (the "UCC") and an Official Committee of Opioid Claimants (the "OCC") in the

Chapter 11 Cases. No trustee or examiner has been appointed in the Chapter 11 Cases.

3

9.      On September 9, 2022, the Court entered an order granting the Debtors' application to employ and retain the Claims and Noticing Agent [Docket No. 190].

10.     On November 10, 2022, the Debtors filed their Schedules and Statements.

11.     Additional information regarding the Debtors, including their business operations, their corporate and capital structure, and the events leading to the commencement of the Chapter 11 Cases is set forth in the *Declaration of Mark Bradley in Support of Chapter 11 Petitions and First Day Papers* [Docket No. 38] (the "First Day Declaration").

## THE BAR DATES

12.     The Debtors are preparing to launch a marketing process for the sale of substantially all of their assets. In order to provide notice of the proposed Sale transaction to all known and unknown claimants whose rights may be impacted by the Sale,[4] the Debtors, with the assistance of their Claims and Noticing Agent, have developed a multi-faceted supplemental outreach plan (the "Supplemental Outreach Plan") and media notice plan (the "Media Notice Plan" and, together with the Supplemental Outreach Plan, the "Supplemental Notice Plan") that will aim to reach more than 90% of the adult population in the United States. Like comparable noticing strategies utilized in other mass tort bankruptcies (as described in detail in the Kroll Declaration), implementing the Supplemental Notice Plan with respect to the Sale will require the Debtors to incur substantial but necessary costs. Importantly, the parties entitled to receive notice of the Sale are substantially identical to the parties entitled to receive notice of the Bar Dates. For this reason, the Debtors seek to set Bar Dates at this time and provide concurrent notice of the Sale and Bar Dates to all parties in interest. The Debtors believe that providing notice of the Bar Dates as part of the Supplemental

---

[4]    As described in the First Day Declaration, the Debtors operate a global specialty biopharmaceutical company and have a large number of creditors of various types. In addition, the Debtors face lawsuits from thousands of litigation claimants relating to, among other things, the Debtors' opioid, transvaginal mesh and ranitidine products.

Notice Plan will result in substantial cost-savings and is far more efficient than running a separate mass-noticing program at a later date solely with respect to the Bar Dates. Setting the Bar Dates at this time will also facilitate the efficient administration of these Chapter 11 Cases by providing the Debtors with complete and accurate information regarding the nature, validity and amount of Claims that will be asserted against them.[5]

13.    While the Debtors intend to provide notice of the Bar Dates to all unknown claimants through the Supplemental Notice Plan, the Debtors have also proposed standard procedures for providing direct notice of the Bar Dates and the Proof of Claim Forms to all "known" claimants. The Debtors believe that the combination of the Bar Date Notice and Supplemental Notice Plan will provide sufficient notice of the Bar Dates.

## I.    ESTABLISHMENT OF THE BAR DATES

### A.    The General Bar Date

14.    Bankruptcy Rule 3003(c)(3) provides that the Court shall fix the time within which proofs of claim may be filed. Moreover, Bankruptcy Rule 3003(c)(2) provides that any creditor whose claim (a) is not scheduled in the Debtors' Schedules and Statements or (b) is scheduled as disputed, contingent, or unliquidated must file a proof of claim by a bar date fixed by the Court. Bankruptcy Rule 3003(c)(2) further provides that "any creditor who fails to do so shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution." Fed. R. Bankr. P. 3003(c)(2).

15.    The Debtors request that the Court set April 21, 2023 at 5:00 p.m. (Prevailing Eastern Time) (the "General Bar Date") as the deadline for each person or entity (including,

---

[5]    At this time, the Debtors are not seeking to set a bar date for claims represented by the Future Claimants' Representative appointed in these cases (the "Future Claimants' Representative" and such claimants, "Future Claimants"). The Debtors reserve the right to seek relief at a later date establishing a deadline for Future Claimants to file proofs of claim. The Future Claimants' Representative reserves all rights with respect thereto.

without limitation, individuals, partnerships, joint ventures, and trusts) to file a Proof of Claim in respect of a Claim against any of the Debtors, including, but not limited to, secured claims, priority claims, non-governmental litigation claims, and claims arising under section 503(b)(9) of the Bankruptcy Code.

**B.    Governmental Bar Date**

16.    Section 502(b)(9) of the Bankruptcy Code provides that the "claim of a governmental unit shall be timely filed if it is filed before 180 days after the date of the order for relief or such later time as the Federal Rules of Bankruptcy Procedure may provide." 11 U.S.C. §502(b)(9)(A). Accordingly, the Debtors seek to establish April 21, 2023 at 5:00 p.m. (Prevailing Eastern Time) as the deadline for governmental units (as defined in section 101(27) of the Bankruptcy Code) ("Governmental Units") to file a Proof of Claim in respect of a Claim against any of the Debtors (the "Governmental Bar Date"). The proposed Governmental Bar Date is 248 days after the Petition Date, thus complying with section 502(b)(9) of the Bankruptcy Code.

**C.    Amended Schedules Bar Date**

17.    In the event that the Debtors amend, modify or supplement their Schedules to reduce the undisputed, noncontingent, and liquidated amount, or to change the nature or classification, of a scheduled Claim against the Debtors, the Debtors request that the Court establish the later of (i) the General Bar Date or the Governmental Bar Date, as applicable, or (ii) 5:00 p.m. (Prevailing Eastern Time) on the date that is thirty (30) days from the date on which the Debtors provide notice of such filing, amendment or supplement as the deadline by which claimants holding Claims negatively impacted thereby must file Proofs of Claim with respect to such Claim or amend any previously filed Proof of Claim in respect of such Claim (the "Amended Schedules Bar Date").

D.     **The Rejection Damages Bar Date**

18.     The Debtors request that, for any Claim relating to the Debtors' rejection of an executory contract or unexpired lease as approved by the Court pursuant to an order (including any order approving the Debtors' proposed Sale) entered prior to confirmation of a chapter 11 plan, the Court establish the later of (i) the General Bar Date or the Governmental Bar Date, as applicable, or (ii) 5:00 p.m. (Prevailing Eastern Time) on the date that is thirty (30) days after the effective date of rejection of such executory contract or unexpired lease as the deadline by which claimants asserting Claims for damages arising from such rejection must file Proofs of Claim (the "Rejection Damages Bar Date" and, together with the General Bar Date, the Governmental Bar Date, and the Amended Schedules Bar Date, the "Bar Dates").

## II.     PROCEDURES FOR FILING PROOFS OF CLAIM

A.     **Procedures for Filing Proofs of Claim**

19.     The Debtors propose the following procedures for filing Proofs of Claim:

(a)     Except as otherwise provided herein, all holders of Claims against the Debtors must file a Proof of Claim. Each Proof of Claim must: (i) be written in the English language; (ii) be denominated in lawful currency of the United States as of the Petition Date (using the exchange rate, if applicable, as of the Petition Date); (iii) conform substantially to the applicable Proof of Claim Forms attached hereto as **Exhibit C-1**, **Exhibit C-2** and **Exhibit C-3,** or Official Bankruptcy Form No. 410; (iv) set forth with specificity the legal and factual basis for the alleged Claim; and (v) be signed by the claimant, the claimant's attorney, or, if the claimant is not an individual, by an authorized agent or representative of the claimant; *provided* that, in the in the case of Proofs of Claim submitted on behalf of minors with Neonatal Abstinence Syndrome, such Proofs of Claim may be signed by parents, foster parents, and legal guardians.

(b)     A claimant may attach to the claimant's completed Proof of Claim any documents on which the Claim is based (if voluminous, a summary may be attached) if the claimant would like, but the claimant is not required to do so, and failure to attach any such documents will not affect the claimant's ability to submit a Proof of Claim or result in the denial of the Claim. A claimant may be required, in the future, to provide supporting documents for the Claim. A claimant may also amend or supplement the claimant's Proof of Claim after it is filed, including, for the avoidance of doubt, after the applicable Bar Date, but not, without permission from the Court, to assert a new or additional Claim. Claimants must not send original documents with their Proofs of Claim, as they will not be returned to claimants and may be destroyed after they are processed and reviewed.

7

(c)     Holders asserting Claims on Non-Opioid Proof of Claim Forms that do not relate to the Debtors' transvaginal mesh or ranitidine products are required to (i) specify by name and case number the Debtor against which such Proof(s) of Claim is filed and (ii) file separate Proofs of Claim against each Debtor with respect to which any such holder may have a Claim.

(d)     All Proofs of Claim asserted on Non-Opioid Proof of Claim Forms that relate to the Debtors' transvaginal mesh or ranitidine products will be docketed against the lead case, *In re Endo International plc, et al.,* No. 22-22549 (JLG), without the need for further designation by a holder, and shall be deemed filed as against each of the Debtors that are defendants in prepetition litigation that relate to transvaginal mesh or ranitidine products, respectively. For the avoidance of doubt, holders asserting Claims on Non-Opioid Proof of Claim Forms that relate to the Debtors' transvaginal mesh or ranitidine products are <u>not</u> required to (i) specify by name and case number the Debtor against which such Proof(s) of Claim is filed and (ii) file separate Proofs of Claim against each Debtor with respect to which any such holder may have a Claim.

(e)     All Proofs of Claim asserted on Personal Injury Opioid Proof of Claim Forms and General Opioid Proof of Claim Forms will be docketed against the lead case, *In re Endo International plc, et al.,* No. 22-22549 (JLG), without the need for further designation by a holder, and shall be deemed filed as against each of the Debtors that are defendants in prepetition opioid-related litigation. For the avoidance of doubt, holders asserting Claims on Personal Injury Opioid Proof of Claim Forms and General Opioid Proof of Claim Forms are <u>not</u> required to (i) specify by name and case number the Debtor against which such Proof(s) of Claim is filed and (ii) file separate Proofs of Claim against each Debtor with respect to which any such holder may have a Claim.

(f)     Proofs of Claim must be filed either (i) electronically through the Claims and Noticing Agent's website (the "<u>Case Website</u>") using the interface available on such website located at https://restructuring.ra.kroll.com/endo under the link entitled "Submit a Claim" (the "<u>Electronic Filing System</u>") or (ii) by delivering the original Proof of Claim Form by hand or mailing the original Proof of Claim Form so that it is actually received by the Claims and Noticing Agent on or before the applicable Bar Date. Original Proof of Claim Forms should be sent to:

<table>
<tr><td align="center"><u>If by first class mail:</u></td><td align="center"><u>If by hand delivery, or overnight courier:</u></td></tr>
<tr><td align="center">Endo International plc Claims Processing Center<br>c/o Kroll Restructuring Administration LLC<br>Grand Central Station, PO Box 4850<br>New York, NY 10163-4850</td><td align="center">Endo International plc Claims Processing Center<br>c/o Kroll Restructuring Administration LLC<br>850 3rd Avenue, Suite 412<br>Brooklyn, NY 11232 <u>OR</u></td></tr>
<tr><td></td><td align="center">United States Bankruptcy Court<br>Southern District of New York<br>One Bowling Green, Courtroom 723<br>New York, NY 10004-1408</td></tr>
</table>

(g)     A Proof of Claim shall be deemed timely filed only if it is actually received by the Clerk of this Court or the Claims and Noticing Agent (i) at the applicable address listed above in subparagraph (e) or (ii) electronically through the Electronic Filing System on or before the applicable Bar Date.

(h) Proofs of Claim sent by facsimile, telecopy, or electronic mail transmission (other than Proofs of Claim filed electronically through the Electronic Filing System) will not be accepted.

(i) Any Proof of Claim asserting a Claim entitled to priority under section 503(b)(9) of the Bankruptcy Code also must: (i) include the value of the goods delivered to and received by the Debtors in the 20 days prior to the Petition Date; and (ii) attach any documentation identifying the particular invoices for which such Claim is being asserted.

(j) If a creditor wishes to receive acknowledgement of the Claims and Noticing Agent's receipt of a Proof of Claim, the creditor also must submit to the Claims and Noticing Agent by the applicable Bar Date and concurrently with its original Proof of Claim (i) a copy of the original Proof of Claim and (ii) a self-addressed, stamped return envelope. Claimants who submit Proofs of Claim through the Claims and Noticing Agent's website interface will receive an electronic mail confirmation of such submission.

(k) The following categories of claimants may file one or more consolidated Proof(s) of Claim as set forth below (each a "Consolidated Claim"):

(i) Any member of an ad hoc committee or ad hoc group that has filed verified statements pursuant to Bankruptcy Rule 2019 in these cases as of the date of the Proposed Order on behalf of each and every member of the applicable ad hoc committee or ad hoc group, or any subgroup thereof, that elects to be included in the applicable Consolidated Claim, which Consolidated Claim may be filed by lead counsel for such ad hoc committee or ad hoc group and docketed against the lead case, *In re Endo International plc, et al.,* No. 22-22549 (JLG), without the need for further designation by such ad hoc committee or group or such counsel, *provided* that such Consolidated Claim has attached either (1) individual Proof of Claim Forms for each member, or (2) a spreadsheet or other form of documentation that lists each member and provides individualized information that substantially conforms to information requested in the applicable Proof of Claim Form;

(ii) Any individual or entity that holds an opioid claim and provides requisite authorization, reasonably acceptable to the Debtors and the OCC, to counsel for an ad hoc committee or ad hoc group (each, a "Consenting Claimant") to be included in a Consolidated Claim, which Consolidated Claim may be filed, amended, or modified by counsel for the applicable ad hoc committee or ad hoc group and docketed against the lead case, *In re Endo International plc, et al.,* No. 22-22549 (JLG), *provided* that such Consolidated Claim has attached either (1) individual Proof of Claim Forms for each member, or (2) a spreadsheet or other form of documentation that lists each member and provides individualized information that substantially conforms to information requested in the applicable Proof of Claim Form; and

(iii) Any health plan, health insurer, health plan administrator, or other third party payor of relevant claims (each a "TPP"), on account of any or all plan sponsors, employer groups, or fully insured or self-funded programs administered by such TPP; *provided* that such Consolidated Claim must provide a spreadsheet or other form of documentation reasonably acceptable to the Debtors that lists the employer group or plan sponsor of each self-funded program administered by the TPP, the amount of such sponsor's Claim, and a description of the Claim basis;

and each Consolidated Claim shall be deemed filed as against each of the Debtors, as applicable, (x) identified in such Consolidated Claim (in the case of Claims asserted on the Non-Opioid Proof of Claim Form that do not relate to the Debtors' transvaginal mesh or ranitidine products), (y) that are defendants in prepetition litigation that relate to transvaginal mesh or ranitidine products (in the case of Claims asserted on the Non-Opioid Proof of Claim Form that relate to the Debtors' transvaginal mesh or ranitidine products) or (z) that are defendants in prepetition opioid-related litigation (in the case of Claims that are asserted on the Personal Injury Opioid Proof of Claim Form or the General Opioid Proof of Claim Form).

**B.      Parties Required to File Proofs of Claim**

20.      The Debtors propose that, except as otherwise provided herein, the following persons or entities must file Proofs of Claim with respect to Claims on or before the applicable Bar Date:

(a)      any person or entity (i) whose Claim against a Debtor is not listed in the Debtors' Schedules or is listed as disputed, contingent, or unliquidated and (ii) that desires to participate in these Chapter 11 Cases or share in any distribution in these Chapter 11 Cases;

(b)      any person or entity that (i) believes that its Claim is improperly classified in the Schedules or is listed in an incorrect amount and (ii) desires to have its Claim allowed in a classification or amount different from the classification or amount identified in the Schedules;

(c)      any person or entity that believes that its Claim as listed in the Schedules is not an obligation of the specific Debtor against which such Claim is listed and that desires to have its Claim allowed against a Debtor other than the Debtor identified in the Schedules; and

(d)      any person or entity holding a Claim that is allowable under section 503(b)(9) of the Bankruptcy Code as an administrative expense in the Chapter 11 Cases.

**C.      Parties Not Required to File Proofs of Claim**

21.      The Debtors propose that parties in interest shall not be required to file Proofs of Claim in these Chapter 11 Cases on or before the applicable Bar Date, solely with respect to the following categories of Claims:

(a)      claims represented by the Future Claimants' Representative;

(b)      equity securities (as defined in section 101(16) of the Bankruptcy Code and including, without limitation, common stock, preferred stock, warrants or stock options) or other ownership interests in the Debtors (the holder of such interest, an "Interest Holder"); *provided, however*, that an Interest Holder that wishes to assert Claims against the Debtors that arise out of or relate to the ownership or purchase of an equity security or other ownership interest, including, but not limited to, a Claim for damages or rescission based

10

on the purchase or sale of such equity security or other ownership interest, must file a Proof of Claim on or before the applicable Bar Date;[6]

(c)    Claims against the Debtors for which a signed Proof of Claim has already been properly filed with the Clerk of the Bankruptcy Court for the Southern District of New York or the Claims and Noticing Agent in a form substantially similar to Official Bankruptcy Form No. 410;

(d)    Claims against the Debtors (i) that are not listed as disputed, contingent, or unliquidated in the Schedules and (ii) where the holder of such Claim agrees with the nature, classification, and amount of its Claim as identified in the Schedules;

(e)    Claims against the Debtors that have previously been allowed by, or paid pursuant to, an order of the Court;[7]

(f)    claims allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense of the Chapter 11 Cases (other than any Claim allowable under section 503(b)(9) of the Bankruptcy Code);

(g)    administrative expense claims for postpetition fees and expenses incurred by any professional allowable under sections 328, 330, 331, and 503(b) of the Bankruptcy Code or 28 U.S.C. § 156(c);

(h)    Claims for which specific deadlines have been fixed by an order of this Court entered on or before the applicable Bar Date;

(i)    Claims asserted by any party that is exempt from filing a Proof of Claim pursuant to an order entered by the Court (including the *Amended Final Order (I) Authorizing Debtors to Use Cash Collateral; (II) Granting Adequate Protection to Prepetition Secured Parties; (III) Modifying Automatic Stay; and (IV) Granting Related Relief* [Docket No 535]);

(j)    Claims by any current officers and directors of the Debtors for indemnification, contribution, or reimbursement arising as a result of such officers' or directors' prepetition or postpetition services to the Debtors;

(k)    claims that are payable to the Court or to the United States Trustee Program pursuant to 28 U.S.C. § 1930;

(l)    Claims of any Debtor against another Debtor or any Claims of a direct or indirect non-Debtor subsidiary or affiliate of Endo International plc against a Debtor;

(m)    Claims asserted by a current or former employee of the Debtors, if an order of this Court authorized the Debtors to honor such Claim in the ordinary course of business as a wage, commission, or benefit, including pursuant to the final wages order [Docket No. 695]; *provided* that a current or former employee must submit a Proof of Claim by the General Bar Date for all other Claims arising on or before the Petition Date, including Claims for benefits not provided for pursuant to an order of the Court, wrongful termination, discrimination, harassment, hostile work environment, or retaliation; and

---

[6]    The Debtors reserve the right to seek relief at a later date establishing a deadline for Interest Holders to file proofs of interest.

[7]    To the extent that any amounts paid by the Debtors to a creditor are subject to disgorgement pursuant to a postpetition trade agreement or otherwise, that creditor shall have until the later of (i) the General Bar Date and (ii) 30 days from the date of any disgorgement to file a Proof of Claim for the disgorged amount.

(n)    any Claims limited exclusively to the repayment of principal, interest, fees, expenses, and any other amounts owing under any agreements governing any revolving credit facility, term loans, notes, bonds, debentures, or other debt securities or instruments issued or entered into by any of the Debtors (a "<u>Debt Claim</u>") pursuant to an indenture, note, credit agreement or similar form of documentation, as applicable (together, the "<u>Debt Instruments</u>"); *provided* that the relevant indenture trustee, administrative agent, registrar, paying agent, loan or collateral agent, or any other entity serving in a similar capacity however designated (each, a "<u>Debt Agent</u>") under the applicable Debt Instrument shall file a single master Proof of Claim, on or before the applicable Bar Date, against all Debtors under the applicable Debt Instrument on account of all Debt Claims, which shall be filed and docketed against the lead case, *In re Endo International plc, et al.,* No. 22-22549 (JLG), without the need for further designation by such Debt Agent, and shall be deemed filed as against each such Debtors; *provided, however,* that any holder of a Debt Claim wishing to assert a Claim arising out of or relating to a Debt Instrument, other than a Debt Claim, must file a Proof of Claim with respect to such Claim on or before the applicable Bar Date, unless another exception identified herein applies; *provided, further,* that in lieu of attaching voluminous documentation, including documentation for compliance with Bankruptcy Rule 3001(d), the Debt Agent under the Debt Instrument may include a summary of the operative documents with respect to the Debt Claims.

### D.    Effect of Failure to File Proofs of Claim

22.    The Debtors propose that, unless the Court orders otherwise, pursuant to sections 105(a) and 502(b)(9) of the Bankruptcy Code[8] and Bankruptcy Rule 3003(c)(2),[9] any person or entity that is required to file a Proof of Claim in these Chapter 11 Cases pursuant to the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, or the Proposed Order sought herein with respect to a particular Claim against the Debtors, but that fails to do so by the applicable Bar Date, should be forever barred, estopped, and enjoined from: (a) asserting any such Claim against the Debtors or their estates or property (and the Debtors and their properties and estates shall be forever discharged from any and all indebtedness or liability with respect to such Claim) that (i) is in an amount that exceeds the amount, if any, that is identified in the Schedules on behalf of such

---

[8]    Section 502(b)(9) of the Bankruptcy Code provides that the Court may disallow a claim if the related proof of claim "is not timely filed." 11 U.S.C. § 502(b)(9). Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

[9]    Bankruptcy Rule 3003(c)(2) provides that "[a]ny creditor . . . whose claim . . . is not scheduled or scheduled as disputed, contingent or unliquidated shall file a proof of claim . . . within the time prescribed by subdivision (c)(3) of this rule; any creditor who fails to do so shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution." Fed. R. Bankr. P. 3003(c)(2).

person or entity as undisputed, noncontingent, and liquidated or (ii) is of a different nature or

classification than any such claim identified in the Schedules on behalf of such person or entity

(any such claim under this subsection (a), an "Unscheduled Claim"); or (b) voting on, or receiving

distributions under, any chapter 11 plan in these Chapter 11 Cases in respect of an Unscheduled

Claim.

## III.    NOTICE PROCEDURES

23.    The Debtors' proposed notice program will provide (a) direct notice of the Bar

Dates to known claimants with (i) actual Claims against the Debtors and (ii) parties known to the

Debtors as having potential Claims against the Debtors; and (b) publication notice via the

Supplemental Notice Plan to unknown claimants, i.e., claimants whose identities or addresses are

not presently known or reasonably ascertainable by the Debtors.

### A.    Actual Notice to Known Claimants

24.    The Debtors propose to cause to be mailed by January 17, 2023, or as soon as

reasonably practicable thereafter, a Bar Date Notice, the applicable Proof of Claim Form, and the

Proof of Claim instructions (collectively, the "Bar Date Notice Package") (together with the Sale

notice) by first-class United States mail, postage prepaid, to (a) known claimants with actual or

potential Claims against the Debtors; and (b) other known parties in interest entitled to notice of

the Bar Dates.[10]

25.    In the event that: (a) one or more Bar Date Notice Packages are returned by the post

office, necessitating a mailing to a new address; (b) certain parties acting on behalf of parties in

interest decline to forward the Bar Date Notice Packages to such parties in interest and instead

return their names and addresses to the Claims and Noticing Agent for direct mailing; or

---

[10]    The complete lists of "Known Actual Claimants," "Known Potential Claimants" and "Known Parties in Interest
Entitled to Notice" are included in ¶¶ 18 and 9 of the Kroll Declaration and Proposed Order, respectively.

(c) additional potential holders of Claims become known to the Debtors, the Debtors request authority to make supplemental mailings of the Bar Date Notice Package up to and including the date that is 30 days in advance of the applicable Bar Date, with any such supplemental mailings being deemed timely.

### B. Supplemental Notice Plan for Unknown Claimants

26.    In light of the nature of the Debtors' businesses, the size, complexity, and geography of the Debtors' operations and the types of claims that may be asserted against the Debtors (i.e., mass tort and personal injury claims), the Debtors will also implement the Supplemental Notice Plan. Developed based on similar notice programs that have been utilized in other recent mass tort cases and, in particular, the recent opioid cases of *Purdue* and *Mallinckrodt*, the program will be one of the largest deployed in chapter 11 cases. Kroll Decl. ¶ 4. It has been tailored to the facts and circumstances of these cases in order to ensure the greatest possible reach to all known and potentially unknown claimants relating to the Debtors' sale and marketing of opioids and the Debtors' sale of transvaginal mesh and ranitidine products and other parties in interest. As further described in the Kroll Declaration, the Media Notice Plan component of the Supplemental Notice Plan will seek to reach at least 90% of all adults in the United States and more than 80% of all adults in Canada. *Id.* Print and social media notice will also be provided in certain other countries where the Debtors' products have been sold. *Id.* The scope and selection of media channels and geographical considerations have been guided by careful analysis of multiple data sources providing information concerning all opioid, ranitidine, and transvaginal mesh distribution. *Id.* at ¶ 5. The total estimated cost of the Supplemental Notice Plan is expected to be approximately $16,300,000 in the aggregate. *Id.* at ¶ 6. The Debtors will continue to work following the filing of this Motion to identify cost efficiencies that may enable this amount to be reduced.

## IV.    THE CONFIDENTIALITY PROTOCOL

27.    In order to prevent the unintentional disclosure of sensitive personal health information, and consistent with the Court's order with respect to the redaction of personally identifiable information [Docket No. 567] (the "Redaction Order"), the Debtors propose the following confidentiality protocol (the "Confidentiality Protocol"):

(a)    All Proofs of Claim submitted by personal injury opioid claimants on Personal Injury Opioid Proof of Claim Forms and any other Proof of Claim submitted by a personal injury claimant (as indicated by marking the appropriate selection included in the Non-Opioid Proof of Claim Form), and any supporting documentation submitted with the forms, shall be held and treated as *highly confidential* by the (i) Debtors, (ii) the Debtors' advisors, including their counsel and financial advisor, and (iii) the Claims and Noticing Agent, and shall be provided upon request, on a professional eyes only basis, to (1) the Ad Hoc First Lien Group, (2) the UCC, (3) the OCC, (4) the Future Claimants' Representative and (5) such other persons as the Court determines should have the information in order to evaluate any personal injury Claims (the parties listed in subclauses (1)-(5) collectively, the "Permitted Parties") subject to each Permitted Party agreeing to be bound by the Protective Order (as defined below), and shall not be made available to the public.

(b)    For the avoidance of doubt, only the Claim number, Claim amount, and the total number of personal injury Claims, including any subcategories thereof (such as Claims relating to opioids (including for the avoidance of doubt claims on behalf of minors with Neonatal Abstinence Syndrome), transvaginal mesh and ranitidine), will be made publicly available on the Case Website and included in the publicly available claims register.  Copies of Proofs of Claim submitted by personal injury claimants and supporting documentation shall be treated as Professionals' Eyes Only/Confidential Information as set forth in the Stipulation and Protective Order entered by the Court on November 9, 2022 [Docket No. 623] (the "Protective Order"), and, as applicable, as Information Protected Pursuant to the Health Insurance Portability and Accountability Act of 1996, and made available only to the Court and to those Permitted Parties that agree to be bound by the Protective Order.

(c)    The Claims Agent, in its discretion, may keep Proof of Claim Forms confidential if it reasonably determines that a claimant mistakenly neglected to indicate that their Claim relates to a personal injury.[11]

---

[11]    The Claims Agent shall be exculpated from liability for, and shall be under no obligation or duty to advise Claimants and/or make determinations as to whether the appropriate information was included in, a Proof of Claim.

**BASIS FOR RELIEF**

**V.     The Bar Dates and Bar Date Notice are Reasonably Calculated to Provide Notice Pursuant to the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Guidelines.**

28.     Bankruptcy Rule 3003(c)(3) provides that a court shall fix the time within which proofs of claim must be filed in a chapter 11 case pursuant to section 501 of the Bankruptcy Code. Fed. R. Bankr. P. 3003(c)(3). Bankruptcy Rule 2002(a)(7) requires that debtors provide Claimants at least 21 days' notice by mail of the time fixed for submitting proofs of claim pursuant to Bankruptcy Rule 3003(c). Fed. R. Bankr. P. 2002(a)(7). In addition, the Guidelines provide that creditors should be given at least 35 days' notice after the mailing date and at least 28 days' notice after the publication date. *See* Guidelines ¶ 3. Finally, section 502(b)(9) of the Bankruptcy Code requires that governmental units have at least 180 days after the petition date to file a proof of claim. 11 U.S.C. § 502(b)(9).

29.     The proposed Bar Dates will provide Claimants with an adequate amount of time after the mailing of the Bar Date Notice Packages and implementation of the Supplemental Notice Plan within which to review the Schedules, compare the information contained therein with their own books and records and, if necessary, prepare and file Proofs of Claim.

30.     First, the General Bar Date, which will be approximately 120 days from entry of the Proposed Order sought by this Motion, is not only consistent with, but in many cases exceeds, the time allowed for the filing of proofs of claim in other mass tort cases. *See, e.g.*, *In re Purdue Pharma L.P.*, Case No. 19-23649 (RDD) (Bankr. S.D.N.Y. Feb. 3, 2020), ECF No. 800 (approving a 138-day bar date notice period commencing after the mailing of the bar date packages); *In re Insys Therapeutics, Inc.*, Case No. 19-11292 (KGG) (Bankr. D. Del. July 15, 2019), ECF No. 294 (approving a 45-day bar date notice period commencing after the mailing of the bar date packages); *In re TK Holdings Inc.*, Case No. 17-11375 (BLS) (Bankr. D. Del. Oct. 4, 2017), ECF No. 959

(approving a 79-day bar date notice period for individuals asserting personal injury, wrongful death, or property damage that resulted from defective airbag inflator). Furthermore, the Debtors propose to provide notice of the Bar Dates (and the Sale) through the comprehensive Supplemental Notice Plan that is projected to reach at least 90% of the adult United States population. In addition, counsel representing various groups of potential claimants have been actively involved in the Chapter 11 Cases and have remained apprised of developments. Moreover, like other recent opioid mass tort bankruptcies (including Purdue Pharma and Mallinckrodt) the Debtors' Chapter 11 Cases have been highly publicized in the media. For these reasons, the Debtors believe that the General Bar Date provides more than adequate time for the filing of Proofs of Claim.

31.     Second, the Rejection Damages Bar Date and Amended Schedules Bar Date are necessary to provide the Debtors with flexibility to handle situations in which a Claim's status may change during the Chapter 11 Cases (such as in the event of contract or lease rejections) and to ensure that any impacted claimants receive proper notice and an opportunity to assert a Claim.

32.     In addition, the Bar Date Notice substantively conforms to the form notice annexed to the Guidelines, varying only to the extent appropriate and necessary given the size, complexity, and circumstances of the Chapter 11 Cases. Moreover, the version of the Bar Date Notice that will be published in *The Wall Street Journal* in connection with the Supplemental Notice Plan will be substantially similar to the attached Bar Date Notice. Kroll Decl. ¶ 54.[12] Accordingly, the Bar Dates and the Bar Date Notice proposed herein comply with the Guidelines and the applicable provisions of the Bankruptcy Code and the Bankruptcy Rules, and thus, should be approved.

---

[12]    A simplified version of the Bar Date Notice will also be published in approximately 78 local newspapers in 11 states. Kroll Decl. ¶ 55. As set forth in the Kroll Declaration, the simplified notice will also be published in magazines and Native American newspapers. *Id.* at ¶ 56.

A.    **The Proposed Procedures for Submitting Proofs of Claim are Appropriate and Satisfy the Guidelines' Requirements**.

33.    The Debtors have designed procedures that: (a) provide creditors with ample notice and opportunity to submit Proofs of Claim, (b) provide a clear process for the submission of Proofs of Claim, and (c) achieve administrative and judicial efficiency. The procedures described above are calibrated to achieve the twin goals of providing comprehensive notice and clear instructions to creditors, on the one hand, and allowing the Chapter 11 Cases to move forward quickly without undue delay, on the other hand.

34.    Among other things, the proposed procedures provide clear instructions for submitting a Proof of Claim that are calculated to avoid confusion or uncertainty among creditors that might lead them to submit multiple Proofs of Claim, which would result in unnecessary expense and delay in the Claims reconciliation process. The Debtors propose that claimants be permitted to submit Proofs of Claim by hand delivery or via mail. Although Proofs of Claim submitted by facsimile or electronic mail will not be accepted, the Debtors propose that Proofs of Claim be permitted to be submitted electronically using the interface available on the Case Website at https://restructuring.ra.kroll.com/endo. A similar electronic interface has been utilized in other large bankruptcy cases. *See, e.g.*, *In re Purdue Pharma, L.P.*, Case No. 19-23649 (RDD) (Bankr. S.D.N.Y. Feb. 3, 2020), ECF No. 800 (authorizing proof of claim submission via electronic interface); *In re Insys Therapeutics*, Case No. 19-11292 (KGG) (Bankr. D. Del. July 15, 2019), ECF No. 294 (same). The Debtors believe that these procedures will facilitate the Claims process by establishing guidelines for noticing and publishing the Bar Dates and providing claimants with clear instructions regarding the procedures and other requirements for submitting a Proof of Claim. Accordingly, the Debtors submit that these procedures should be approved.

VI.    **The Notice Procedures and the Supplemental Notice Plan Satisfy the Guidelines and Due Process for Known Claimants, Unknown Creditors, and Parties in Interest in the Chapter 11 Cases.**

35.    The objective of the notice procedures is to successfully reach and inform known and unknown claimants of the deadlines and process for filing Proofs of Claim in the Chapter 11 Cases. To determine the adequacy of notice to a creditor, the case law distinguishes between "known" and "unknown" creditors. Generally, the former is a creditor whose identity is either known or is reasonably ascertainable by the debtor, while the latter is one whose interests are conjectural or future or, although potentially discoverable upon investigation, do not come to the knowledge of the debtor in the ordinary course of business. See *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 317 (1950) (holding that publication is acceptable where it is not "reasonably possible or practicable to give more adequate warning," whereas when names and addresses are available, notice must be mailed).

A.    **Known Creditors Are Receiving Actual Notice of the Bar Dates**.

36.    "As characterized by the Supreme Court, a 'known' creditor is one whose identity is either known or 'reasonably ascertainable by the debtor.'" *Chemetron Corp. v. Jones*, 72 F.3d 341, 346 (3d Cir. 1995) (quoting *Tulsa Prof'l Collection Servs. Inc. v. Pope*, 485 U.S. 478, 490 (1988)). "A creditor is 'reasonably ascertainable' if it can be discovered through 'reasonably diligent efforts.'" *La. Dep't of Env't Quality v. Crustal Oil Co. (In re Crystal Oil Co.)*, 158 F.3d 291, 297 (5th Cir. 1998) (citation omitted). However, "[r]easonable diligence does not require 'impracticable and extended searches . . . in the name of due process.'" *Chemetron Corp.*, 72 F.3d at 346 (second alteration in original) (quoting *Mullane*, 339 U.S. at 317).

37.    Additionally, when examining the appropriate level of notice, courts consider the cost of providing actual written notice to all potential claimants. *See Fogel v. Zell*, 221 F.3d 955, 963 (7th Cir. 2000) (finding that publication notice may be appropriate when "the cost of

ascertaining the claimants' names and addresses and mailing each one a notice of the bar date and processing the responses consume a disproportionate share of the assets of the debtor's estate"). Debtors are not required to conduct a "vast, open-ended investigation" into all potential claimants. *See Chemetron Corp.*, 72 F.3d at 346 (citing *Mullane*, 339 U.S. at 317). Rather, "[t]he requisite search instead focuses on the debtor's own books and records." *Id.* at 347.

38.    Here, the Debtors, with the assistance of their advisors, engaged in a thorough review of the Debtors' books and records in order to identify all known actual and potential claimants. In addition, as set forth in the Kroll Declaration, the Debtors, with the assistance of their advisors, performed supplemental research in order to obtain additional information regarding parties with potential Claims against the Debtors. Kroll Decl. ¶ 20.

39.    The Debtors will serve these individuals the Bar Date Notice Package based on the procedures set forth herein and in the Proposed Order. Accordingly, the Debtors have satisfied the due process requirements for known claimants.

**B.    The Supplemental Notice Plan Provides Reasonable and Adequate Notice to Unknown Claimants**.

40.    An "unknown" creditor is one whose "interests are either conjectural or future or, although they could be discovered upon investigation, do not in due course of business come to [the] knowledge" of the debtor. *Mullane*, 339 U.S. at 317. "It is well established that, in providing notice to unknown creditors, constructive notice of the bar claims date by publication satisfies the requirements of due process." *Chemetron Corp.*, 72 F.3d at 348. Moreover, in bankruptcy cases, when determining whether a creditor is "known" or "unknown," the appropriate form of notice, and how much to spend on notice, courts balance the interests of the debtor's existing and potential creditors as well as other parties in interest. *Vancouver Women's Health Collective Soc'y v. A.H. Robins Co.*, 820 F.2d 1359, 1364 (4th Cir. 1987) (noting that a bankruptcy estate's resources are

limited and "court[s] must use discretion in balancing these interests when deciding how much to spend on notification").

41.    Bankruptcy Rule 9008 also provides that a court shall determine the form and manner of publication notice, the newspapers used, and the frequency of publication. However, debtors are not required to publish notice in an excessive number of publications. *See In re Best Prods. Co.* 140 B.R. 353, 357-58 (Bankr. S.D.N.Y. 1992) (finding it impracticable to expect a debtor to publish notice in every newspaper that an unknown creditor possibly may read). "The proper inquiry in evaluating notice is whether the party giving notice acted reasonably in selecting means likely to inform persons affected, not whether each person actually received notice." *In re Residential Cap., LLC*, No. 12-12020 (MG), 2015 WL 2256683, at *6 (Bankr. S.D.N.Y. May 11, 2015) (quoting *In re Best Prods. Co.*, 140 B.R. at, 357-58). As such, courts have approved a wide spectrum of publication notice programs in mass tort cases with varying media, effective reach rates, and message frequencies, depending on the facts of the case.

42.    As described above and set forth in the Kroll Declaration, the Debtors will launch the comprehensive Supplemental Notice Plan, which is comparable to approved noticing programs in other mass tort bankruptcies,[13] to provide notice of the Sale and Bar Dates to the greatest possible number of unknown claimants for which direct notice is unavailable, including those who have been prescribed, used, consumed and/or suffered effects from Endo products, including opioids, transvaginal mesh or ranitidine. Kroll Decl. ¶ 7. In light of the foregoing, the Debtors submit that the Supplemental Notice Plan will provide adequate notice to unknown claimants.

---

[13]    As described in the Kroll Declaration, comparable approved noticing programs include those implemented in the following bankruptcy cases, among others: *In re Purdue Pharma, L.P.*, Case No. 19-23649 (RDD) (Bankr. S.D.N.Y. Feb. 3, 2020), ECF No. 800; *In re Imerys Talc America, Inc.*, Case No. 19-10289 (Bankr. D. Del. 2021); *In re PG&E Corp.*, Case No. 19-30088 (Bankr. N.D. Cal. 2019); and *In re TK Holdings* Case No. 17-11375 (BLS) (Bankr. D. Del. Oct. 4, 2017), ECF No. 959. Kroll Decl. ¶ 23.

C.  **Providing Notice of the Bar Dates Through the Supplemental Notice Plan Will Promote Substantial Cost Savings for the Benefit of the Debtors' Estates**.

43.    As described in the Bidding Procedures Motion and Kroll Declaration, the Debtors intend to provide notice of the Sale to all known and unknown claimants through a robust Supplemental Noticing Plan that will, consistent with what has been done in other mass tort bankruptcies, utilize various forms of media with the goal of reaching more than 90% of adults in the United States. Providing notice on such a large scale, while reasonable under the circumstances, is very costly. In light of the substantially identical classes of targeted notice parties, providing simultaneous notice of the Sale and Bar Dates will result in critical efficiencies (i.e., potential, multi-million dollar cost savings) for the Debtors' estates by avoiding the need to potentially undertake another massive and costly noticing program at a later date.[14] For these reasons, the Debtors believe that it is critical to set the Bar Dates now and provide notice to parties in interest through the Supplemental Notice Plan.

**VII.    The Proposed Proof of Claim Forms Should be Approved**.

44.    The Debtors have prepared the Proof of Claim Forms, which substantially conform to Official Form 410, but have been tailored to these Chapter 11 Cases. While Bankruptcy Rule 3001(a) provides that "[a] proof of claim shall conform substantially to the appropriate Official Form," Bankruptcy Rule 9009 authorizes appropriate and necessary alterations to the Official Form. Fed. R. Bankr. P. 9009; *see also In re A.H. Robins Co.*, 862 F.2d 1092 (4th Cir. 1988) (noting that proof of claim forms that deviate from the Official Bankruptcy Form 410 may be used when special circumstances exist). For the reasons stated below, the Debtors submit that

---

[14]    Although projected recoveries to general unsecured creditors, if any, are uncertain at this stage, the Debtors believe that the substantial benefits of providing notice of the Bar Date through the Supplemental Notice Plan far outweigh the additional incremental costs.

their proposed modifications to the Proof of Claim Forms are designed to streamline the Claims analysis and reconciliation process and are necessary and appropriate, including to ensure that no protected health information is inadvertently publicly disclosed.

### A.    The Proof of Claim Forms are Necessary and Appropriate Under the Circumstances of the Chapter 11 Cases.

45.    It is well-established that the Court may authorize modifications of the Official Form 410. *See, e.g.*, *In re A.H. Robins Co.*, 862 F.2d at 1093 (authorizing use of a detailed questionnaire as part of the proof of claim form). The Debtors' proposed Proof of Claim Forms include modifications to account for the different classes of potential claimants, including both opioid and non-opioid personal injury claimants, who are anticipated to file Proofs of Claim. The Debtors have also modified the proposed Non-Opioid Proof of Claim Form to allow claimants to assert claims under section 503(b)(9) of the Bankruptcy Code. The Debtors believe that the proposed modifications reflected in the Proof of Claim Forms will assist them in sorting and evaluating the nature and scope of potential Claims, including in connection with the Sale process. This, in turn, will also facilitate the Claims and Noticing Agents' efforts to preserve the confidentiality of personally identifiable information included in Proofs of Claim filed by personal injury claimants.

46.    The Debtors believe that these modifications are necessary and appropriate under the circumstances of the Chapter 11 Cases and consistent with the approaches adopted in other recent mass-tort bankruptcies, and, therefore, should be approved. *See, e.g.*, *In re Insys Therapeutics*, No. 19-11292 (KGG) (Bankr. D. Del. June 10, 2019), ECF No. 294; *In re Purdue Pharma, L.P.*, No. 19-23649 (RDD) (Bankr. S.D.N.Y. Feb. 3, 2020), ECF No. 800.[15]

---

[15]    *See also, In re Specialty Prods. Holding Corp.*, Case No. 10-11780 (JKF) (Bankr. D. Del. July 20, 2011), ECF No. 1466; *In re Babcock & Wilcox Co.*, Case No. 00-CV-0558 (Bankr. E.D. La. Oct. 30, 2000), ECF No. 70.

**B.    The Confidentiality Protocol is Necessary and Appropriate to Protect
Confidential Information Submitted in Connection with a Proof of Claim**.

47.    The Debtors seek approval of the Confidentiality Protocol to reduce any concerns

personal injury claimants may have about coming forward and asserting Claims that may contain

sensitive, confidential information. Courts have approved similar confidentiality protocols in other

chapter 11 mass-tort cases. *See, e.g.*, *In re Purdue Pharma, L.P.*, Case No. 19-23649 (RDD) ECF

No. 800 (ordering personal injury proof of claim form as highly confidential pursuant to protective

order); *In re Insys Therapeutics*, Case No. 19-11292 (KGG) ECF No. 94 (approving confidentiality

protocol to encourage claimants to file personal injury opioid proof of claim forms). Accordingly,

and consistent with the Redaction Order, the Debtors submit that the Confidentiality Protocol is

necessary and appropriate to encourage the submission of Proofs of Claim, and thus, should be

approved.

## <u>RESERVATION OF RIGHTS</u>

48.    Nothing contained herein is or should be construed as: (a) an admission as to the

validity of any claim against the Debtors, (b) a waiver of the Debtors' rights to dispute the amount

of, basis for, or validity of any claim against the Debtors, (c) a waiver of any claims or causes of

action that may exist against any creditor or interest holder, (d) a promise to pay any claim, (e) an

approval, assumption, adoption, or rejection of any agreement, contract, program, policy, or lease

between the Debtors and any third party under section 365 of the Bankruptcy Code, or

(f) otherwise affecting the Debtors' rights under section 365 of the Bankruptcy Code to assume or

reject any executory contract or unexpired lease. If the Court grants the relief sought herein, any

payment made pursuant to the Court's order is not intended to be and should not be construed as

an admission to the validity of any claim or a waiver of the Debtors' rights to subsequently dispute

such claim.

## NOTICE

49.     Notice of this Motion will be provided in accordance with the procedures set forth

in the *Order Granting Debtors' Motion for Order Authorizing the Establishment of Certain Notice,*

*Case Management, and Administrative Procedures* [Docket No. 374] (the "Case Management

Order"). The Debtors submit that no other or further notice need be provided.

## NO PRIOR REQUEST

50.     No previous request for the relief sought herein has been made to this Court or any

other court.

## CONCLUSION

WHEREFORE  the  Debtors  respectfully  request  that  the  Court  (a) enter  the

Proposed Order, substantially in the form attached hereto as **Exhibit A**, and (b) grant such other

and further relief as may be just and proper.

Dated: November 23, 2022
     New York, New York        SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By:   */s/ Paul D. Leake*
       Paul D. Leake
       Lisa Laukitis
       Shana A. Elberg
       Evan A. Hill
       One Manhattan West
       New York, New York 10001
       Telephone: (212) 735-3000
       Fax: (212) 735-2000

       *Counsel for the Debtors*
       *and Debtors in Possession*

**<u>EXHIBIT A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re* | **Chapter 11** |
| **ENDO INTERNATIONAL plc,** *et al.*, | **Case No. 22-22549 (JLG)** |
| Debtors.[1] | **(Jointly Administered)** |

## ORDER (I) ESTABLISHING DEADLINES FOR FILING PROOFS OF CLAIM; (II) APPROVING PROCEDURES FOR FILING PROOFS OF CLAIM; (III) APPROVING THE PROOF OF CLAIM FORMS; (IV) APPROVING THE FORM AND MANNER OF NOTICE THEREOF; AND (V) APPROVING THE CONFIDENTIALITY PROTOCOL

Upon the motion (the "Motion")[2] of the debtors in possession (collectively, the "Debtors") in the above-captioned cases for entry of an order (this "Order"), among other things, (a) establishing deadlines for filing Proofs of Claim; (b) establishing a deadline for the mailing of the Bar Date Notice; (c) approving the procedures for filing Proofs of Claim; (d) approving the form of notice thereof, and the Debtors' plan for providing notice thereof to known creditors and parties in interest; (e) approving the Supplemental Notice Plan for providing publication notice of the Bar Dates to unknown creditors and parties in interest, as described in the Kroll Declaration [Docket No. [●]]; (f) approving the Confidentiality Protocol; and (g) approving the Proof of Claim Forms, all as more fully set forth in the Motion; and the Court having reviewed the Motion, the Kroll Declaration, and having heard the statements of counsel regarding the relief requested in the

---

[1]   The last four digits of Debtor Endo International plc's tax identification number are 3755. Due to the large number of debtors in these chapter 11 cases, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Endo. The location of the Debtors' service address for purposes of these chapter 11 cases is: 1400 Atwater Drive, Malvern, PA 19355.

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

Motion at a hearing before the Court; and the Court having found that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); (b) this is a core proceeding pursuant to 28 U.S.C. §§ 157 (b) and 1334(b); (c) venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and (d) due and proper notice of the Motion, the Kroll Declaration, and the hearing on the Motion was sufficient under the circumstances, and no other or further notice is necessary; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein, and that such relief is in the best interests of the Debtors, their estates, creditors, and all parties in interest; now, therefore,

**IT IS HEREBY ORDERED THAT:**

1.     The Motion is GRANTED solely to the extent set forth herein.

<u>**The Bar Dates**</u>

2.     Except as otherwise provided in this Order, all persons or entities (including, without limitation, individuals, partnerships, joint ventures, and trusts) holding a Claim against any of the Debtors that arose or is deemed to have arisen prior to the Petition Date, including, but not limited to, secured claims, unsecured priority claims, and unsecured non-priority claims, ***must*** file a Proof of Claim in writing or electronically in accordance with the procedures described herein so that such Proof of Claim is actually received by the Debtors' claims and noticing agent, Kroll Restructuring Administration LLC (the "<u>Claims and Noticing Agent</u>") ***on or before 5:00 p.m. (Prevailing Eastern Time) on April 21, 2023*** (the "<u>General Bar Date</u>"). The General Bar Date shall be identified in the Bar Date Notice, including the publication version of the Bar Date Notice.

3.     Except as otherwise provided in this Order, all governmental units (as defined in section 101(27) of the Bankruptcy Code) ("<u>Governmental Units</u>") that wish to assert a Claim

2

against the Debtors that arose or is deemed to have arisen prior to the Petition Date must file a Proof of Claim in accordance with the procedures described herein so that such Proof of Claim is actually received by the Claims and Noticing Agent *on or before 5:00 p.m. (Prevailing Eastern Time) on April 21, 2023* (the "Governmental Bar Date"). The Governmental Bar Date shall be identified in the Bar Date Notice, including the publication version of the Bar Date Notice.

4.       Except as otherwise provided in this Order, any person entity asserting Claims arising from or relating to the Debtors' rejection of an executory contract or unexpired lease pursuant to an order of this Court that is entered prior to confirmation of a chapter 11 plan is required to file a Proof of Claim, as provided herein, so that it is received by the Claims and Noticing Agent on or before the later of: (a) the General Bar Date or the Governmental Bar Date, as applicable; and (b) 5:00 p.m. (Prevailing Eastern Time) on the date that is 30 days after the effective date of rejection of such executory contract or unexpired lease (the "Rejection Bar Date").

5.       The Debtors retain the right to (a) dispute, or assert offsets or defenses against, any filed Claim or any Claim listed or reflected in the Schedules as to nature, amount, priority, liability, classification, or otherwise; (b) subsequently designate any Claim as disputed, contingent, or unliquidated; and (c) otherwise amend, modify, or supplement the Schedules. If the Debtors amend, modify, or supplement the Schedules to reduce the undisputed, noncontingent, and liquidated amount or to change the nature or classification of any Claim against the Debtors, a negatively impacted claimant may file a timely Proof of Claim or amend any previously filed Proof of Claim in respect of the amended scheduled Claim on or before the later of (y) the General Bar Date or the Governmental Bar Date, as applicable, or (z) 30 days after the date that notice of the applicable amendment to the Schedules is served on the affected claimant (the "Amended Schedule

3

Bar Date" and, together with the General Bar Date, Governmental Bar Date, and Rejection Bar Date, the "Bar Dates").

6.      By contrast, if (a) the amendment to the Schedules improves the amount or treatment of a previously scheduled or filed Claim and (b) the affected claimant previously was served with a notice of the Bar Dates, the affected claimant will be subject to the General Bar Date or the Governmental Bar Date, as applicable. If the Debtors amend, modify, or supplement the Schedules with respect to any Claim that the Debtors state has been satisfied, such paid creditor shall not be required to file a Proof of Claim with respect to the satisfied Claim unless the creditor disputes that such Claim has been satisfied. Notwithstanding the foregoing, nothing contained herein precludes the Debtors from objecting to any Claim, whether scheduled or filed, on any grounds.

**The Bar Date Notice**

7.      The form of the Bar Date Notice and the Proof of Claim Forms substantially in the form attached to the Motion as **Exhibit B** and **Exhibit C-1**, **Exhibit C-2** and **Exhibit C-3,** respectively, the Supplemental Notice Plan, and the manner of providing notice of the Bar Dates, are approved in all respects pursuant to Bankruptcy Rules 2002(a)(7) and 2002(l).

8.      The form and manner of notice of the Bar Dates approved herein (a) are reasonable and adequate and (b) fulfill the notice and other due process requirements of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Guidelines, and applicable law. As such, the Debtors are authorized to serve the Bar Date Notice Package (as defined below), provide publication notice through the Supplemental Notice Plan as described in the Kroll Declaration and publish the Bar Date Notice in the manner described herein.

9.       By January 17, 2023, or as soon as reasonably practicable thereafter (the "Mailing Deadline"), the Debtors will cause to be mailed a Bar Date Notice, the applicable Proof of Claim Form, and Proof of Claim instructions (collectively, the "Bar Date Notice Package") by first class United States mail, postage prepaid, to the following (a) known claimants with (i) actual Claims against the Debtors and (ii) parties known to the Debtors as having potential Claims against the Debtors; and (b) other known parties in interest entitled to notice of the Bar Dates:

1.       **Known Actual Claimants**

(a)      all claimants that have filed a Proof of Claim prior to the date of entry of this Order;

(b)      all creditors and other known holders of Claims prior to the date of entry of this Order, including all claimants listed in the Schedules as holding Claims, at the addresses stated therein;

(c)      all counterparties to the unexpired leases or executory contracts listed on the Schedules at the addresses stated therein;

(d)      all persons and entities known by the Debtors to have asserted any lien, claim, interest, or encumbrance on, in or against the Debtors' assets (for whom identifying information and addresses are available to the Debtors);

(e)      all Debt Agents (as defined below);

(f)      members of the Ad Hoc First Lien Group and counsel to the Ad Hoc First Lien Group;

(g)      counsel to the Ad Hoc Cross-Holder Group;

(h)      counsel to the Ad Hoc Group of Personal Injury Victims;

(i)      counsel to the Ad Hoc Committee of NAS Children;

(j)      counsel to the Multi-State Endo Executive Committee;

(k)      all parties to litigation with the Debtors that are known as of the date of entry of this Order, and/or their counsel, including:

(i)      all known parties to litigation or administrative proceedings with the Debtors as of the date of entry of this Order (including, without limitation, all co-defendants in the Debtors' prepetition (1) opioid; (2) generic pricing; (3) transvaginal mesh; (4) other antitrust; and (5) ranitidine litigations) for

5

whom identifying information and addresses are available to the Debtors, and their counsel; and

(ii)     all known parties to litigation that concluded after July 1, 2021 (for whom identifying information and addresses are available to the Debtors) and their counsel;

(l)     all (i) current employees of the Debtors and (ii) all former employees of the Debtors terminated on or after January 1, 2016;

## 2.     Known Potential Claimants

(a)     subject to entry of an order authorizing the Debtors to obtain such information, all persons or parties who have filed a Proof of Claim related to opioids in *In re Purdue Pharma L.P.*, Case No. 19-23649 (Bankr. S.D.N.Y. 2019);

(b)     all parties known to the Debtors as having potential Claims against the Debtors' estates (each for whom identifying information and addresses are available to the Debtors) including:

(i)     all U.S. corporate pharmacy headquarters and pharmacy benefit managers in all 50 U.S. states and all U.S. territories;

(ii)     users and prescribers of Endo products who are included in an adverse event report or who have filed a product complaint and provided contact information;

(iii)     parties who have threatened, but not filed, litigation against the Debtors (including, but not limited to, product disputes, employment disputes, and contract disputes), and such parties' counsel;

(iv)     entities and individuals other than current, former, and retired employees, officers, and directors, that have requested indemnification, and such entities' or individuals' counsel;

(v)     individuals who: (1) filed potential Claims via the census registry ordered in *In re: Zantac (Ranitidine) Products Liability Litigation Master Personal Injury Complaint*, No. 9:20-md-02924-RLR (S.D.F.L 2020); (2) reported using prescription ranitidine products during the time the Debtors' product was on the market; and (3) claim to have developed one of the designated cancers, and such parties' counsel;

(vi)     parties who have entered into either individualized or aggregate settlement agreements with the Debtors surrounding transvaginal mesh products, but whose distribution rights pursuant to such agreements were unclaimed or otherwise not finalized as of the Petition Date;

(vii)    governmental or regulatory bodies that, as of August 16, 2021, have commenced or maintained ongoing investigations regarding the Debtors' businesses of which the Debtors have been made aware;

**3.    Known Parties in Interest Entitled to Notice**

(a)    the U.S. Trustee;

(b)    the United States Attorney General, the Office of the United States Attorney for the Southern District of New York, and the Offices of Attorneys General and Offices of the Secretaries of State for all 50 U.S. states and all U.S. territories;

(c)    counsel to the UCC;

(d)    counsel to the OCC;

(e)    counsel to the FCR;

(f)    the Internal Revenue Service;

(g)    all other state and local taxing authorities for the jurisdictions in which the Debtors maintain or conduct business or own property;

(h)    all environmental authorities having jurisdiction over any of the Debtors businesses or assets, including the Environmental Protection Agency, if applicable;

(i)    all regulatory authorities that regulate the Debtors' businesses;

(j)    the Antitrust Division of the United States Department of Justice;

(k)    the Federal Trade Commission;

(l)    the Securities Exchange Commission;

(m)    any other governmental authority in any country in which the Debtors are organized, which is known to have a claim against the Debtors in these Chapter 11 Cases;

(n)    all persons and entities known by the Debtors to have expressed an interest to the Debtors in a transaction involving any material portion of the Debtors' assets during the past 12 months;

(o)    entities on the Master Services List;

(p)    all parties who have requested notice pursuant to Bankruptcy Rule 2002; and

(q)    all other persons and entities as directed by this Court.

10.     In the event that: (a) one or more Bar Date Notice Packages are returned by the post office, necessitating a mailing to a new address; (b) certain parties acting on behalf of parties in interest decline to forward the Bar Date Notice Packages to such parties in interest and instead return their names and addresses to the Claims and Noticing Agent for direct mailing; or (c) additional potential holders of Claims become known to the Debtors, the Debtors may make supplemental mailings of the Bar Date Notice Package up to and including the date that is 30 days in advance of the applicable Bar Date, with any such supplemental mailings being deemed timely.

11.     As part of the Bar Date Notice Package, the Debtors, through the Claims and Noticing Agent, shall mail the applicable Proof of Claim Form(s) to the parties receiving the Bar Date Notice. For holders of potential Claims listed in the Schedules, the applicable Proof of Claim Form(s) mailed to such entities shall state, along with the claimant's name, whether the Debtors have scheduled the creditor's Claim in the Schedules and, if so, whether the claimant's Claim is listed as: (a) disputed, contingent, or unliquidated; and (b) secured, unsecured, or priority. If a Claim is listed in the Schedules, the dollar amount of the Claim (as listed in the Schedules) also will be identified on the applicable Proof of Claim Form(s).

**<u>Parties Required to File Proofs of Claim</u>**

12.     Except as otherwise provided herein, the following parties in interest must file a Proof of Claim in these Chapter 11 Cases on or before the applicable Bar Date:

(a)     any person or entity (i) whose Claim against a Debtor is not listed in the Debtors' Schedules or is listed as disputed, contingent, or unliquidated and (ii) that desires to participate in these Chapter 11 Cases or share in any distribution in these Chapter 11 Cases;

(b)     any person or entity that (i) believes that its Claim is improperly classified in the Schedules or is listed in an incorrect amount and (ii) desires to have its Claim allowed in a classification or amount different from the classification or amount identified in the Schedules;

8

(c)    any person or entity that believes that its Claim as listed in the Schedules is not an obligation of the specific Debtor against which such Claim is listed and that desires to have its Claim allowed against a Debtor other than the Debtor identified in the Schedules; and

(d)    any person or entity holding a Claim that is allowable under section 503(b)(9) of the Bankruptcy Code as an administrative expense in these Chapter 11 Cases.

## Parties Not Required to File Proofs of Claim

13.    The following parties in interest shall not be required to file a Proof of Claim in these Chapter 11 Cases on or before the applicable Bar Date, solely with respect to the following categories of Claims:

(a)    claims represented by the Future Claimants' Representative;

(b)    equity securities (as defined in section 101(16) of the Bankruptcy Code and including, without limitation, common stock, preferred stock, warrants or stock options) or other ownership interests in the Debtors (the holder of such interest, an "Interest Holder"); *provided, however*, that an Interest Holder that wishes to assert Claims against the Debtors that arise out of or relate to the ownership or purchase of an equity security or other ownership interest, including, but not limited to, a Claim for damages or rescission based on the purchase or sale of such equity security or other ownership interest, must file a Proof of Claim on or before the applicable Bar Date;

(c)    Claims against the Debtors for which a signed Proof of Claim has already been properly filed with the Clerk of this Court or the Claims and Noticing Agent in a form substantially similar to Official Bankruptcy Form No. 410;

(d)    Claims against the Debtors (i) that are not listed as disputed, contingent, or unliquidated in the Schedules and (ii) where the holder of such Claim agrees with the nature, classification, and amount of its Claim as identified in the Schedules;

(e)    Claims against the Debtors that have previously been allowed by, or paid pursuant to, an order of this Court;[3]

(f)    claims allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense of these Chapter 11 Cases (other than any Claim allowable under section 503(b)(9) of the Bankruptcy Code);

---

[3]    To the extent that any amounts paid by the Debtors to a creditor are subject to disgorgement pursuant to a postpetition trade agreement or otherwise, that creditor shall have until the later of (i) the General Bar Date and (ii) 30 days from the date of any disgorgement to file a Proof of Claim for the disgorged amount.

(g)     administrative expense claims for postpetition fees and expenses incurred by any professional allowable under sections 328, 330, 331, and 503(b) of the Bankruptcy Code or 28 U.S.C. § 156(c);

(h)     Claims for which specific deadlines have been fixed by an order of this Court entered on or before the applicable Bar Date;

(i)     Claims asserted by any party that is exempt from filing a Proof of Claim pursuant to an order entered by this Court (including the *Amended Final Order (I) Authorizing Debtors to Use Cash Collateral; (II) Granting Adequate Protection to Prepetition Secured Parties; (III) Modifying Automatic Stay; and (IV) Granting Related Relief* [Docket No 535]);

(j)     Claims by any current officers and directors of the Debtors for indemnification, contribution, or reimbursement arising as a result of such officers' or directors' prepetition or postpetition services to the Debtors;

(k)     claims that are payable to the Court or to the United States Trustee Program pursuant to 28 U.S.C. § 1930;

(l)     Claims of any Debtor against another Debtor or any Claims of a direct or indirect non-Debtor subsidiary or affiliate of Endo International plc against a Debtor;

(m)     Claims asserted by a current or former employee of the Debtors, if an order of this Court authorized the Debtors to honor such Claim in the ordinary course of business as a wage, commission, or benefit, including pursuant to the final wages order [Docket No. 695]; *provided* that a current or former employee must submit a Proof of Claim by the General Bar Date for all other Claims arising on or before the Petition Date, including Claims for benefits not provided for pursuant to an order of the Court, wrongful termination, discrimination, harassment, hostile work environment, or retaliation; and

(n)     any Claims limited exclusively to the repayment of principal, interest, fees, expenses, and any other amounts owing under any agreements governing any revolving credit facility, term loans, notes, bonds, debentures, or other debt securities or instruments issued or entered into by any of the Debtors (a "Debt Claim") pursuant to an indenture, note, credit agreement or similar form of documentation, as applicable (together, the "Debt Instruments"); *provided* that the relevant indenture trustee, administrative agent, registrar, paying agent, loan or collateral agent, or any other entity serving in a similar capacity however designated (each, a "Debt Agent") under the applicable Debt Instrument shall file a single master Proof of Claim, on or before the applicable Bar Date, against all Debtors under the applicable Debt Instrument on account of all Debt Claims, which shall be filed and docketed against the lead case, *In re Endo International plc, et al.,* No. 22-22549 (JLG), without the need for further designation by such Debt Agent, and shall be deemed filed as against each such Debtors; *provided, however*, that any holder of a Debt Claim wishing to assert a Claim arising out of or relating to a Debt

10

Instrument, other than a Debt Claim, must file a Proof of Claim with respect to such Claim on or before the applicable Bar Date, unless another exception identified herein applies; *provided, further*, that in lieu of attaching voluminous documentation, including documentation for compliance with Bankruptcy Rule 3001(d), the Debt Agent under the Debt Instrument may include a summary of the operative documents with respect to the Debt Claims.

14.    The Debtors reserve the right to seek relief at a later date establishing a deadline for (a) Future Claimants to file Proofs of Claim and (b) Interest Holders to file proofs of interest. The Future Claimants' Representative reserves all rights with respect to the establishment of any deadlines for Future Claimants to file Proofs of Claim.

## **Effect of Failure to File Proofs of Claim**

15.    Unless this Court orders otherwise, pursuant to sections 105(a) and 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(2), any party that is required to file a Proof of Claim in these Chapter 11 Cases pursuant to the Bankruptcy Code, the Bankruptcy Rules, the Local Rules or this Order with respect to a particular Claim against the Debtors, but that fails to do so by the applicable Bar Date, shall be forever barred, estopped, and enjoined from: (a) asserting any such Claim against the Debtors or their estates or properties (and the Debtors and their properties and estates shall be forever discharged from any and all indebtedness or liability with respect to such Claim) that (i) is in an amount that exceeds the amount, if any, that is identified in the Schedules on behalf of such person or entity as undisputed, noncontingent, and liquidated or (ii) is of a different nature or classification than any such Claim identified in the Schedules on behalf of such person or entity (any such Claim under this subsection (a), an "Unscheduled Claim"); or (b) voting on, or receiving distributions under, any chapter 11 plan in these Chapter 11 Cases in respect of an Unscheduled Claim.

## **Procedures for Filing Proofs of Claim**

16.    The following procedures shall apply for the filing of Proofs of Claim:

(a)    Except as otherwise provided herein, all holders of Claims against the Debtors must file a Proof of Claim. Each Proof of Claim must: (i) be written in the English language; (ii) be denominated in lawful currency of the United States as of the Petition Date (using the exchange rate, if applicable, as of the Petition Date); (iii) conform substantially to the applicable Proof of Claim Forms attached to the Motion as **Exhibit C-1**, **Exhibit C-2** and **Exhibit C-3**, or Official Bankruptcy Form No. 410; (iv)  set forth with specificity the legal and factual basis for the alleged Claim; and (v) be signed by the claimant, the claimant's attorney, or, if the claimant is not an individual, by an authorized agent or representative of the claimant; *provided* that, in the in the case of Proofs of Claim submitted on behalf of minors with Neonatal Abstinence Syndrome, such Proofs of Claim may be signed by parents, foster parents, and legal guardians.

(b)    A claimant may attach to the claimant's completed Proof of Claim any documents on which the Claim is based (if voluminous, a summary may be attached) if the claimant would like, but the claimant is not required to do so, and failure to attach any such documents will not affect the claimant's ability to submit a Proof of Claim or result in the denial of the Claim. A claimant may be required, in the future, to provide supporting documents for the Claim. A claimant may also amend or supplement the claimant's Proof of Claim after it is filed, including, for the avoidance of doubt, after the applicable Bar Date, but not, without permission from the Court, to assert a new or additional Claim. Claimants must not send original documents with their Proofs of Claim, as they will not be returned to claimants and may be destroyed after they are processed and reviewed.

(c)    Holders asserting Claims on Non-Opioid Proof of Claim Forms that do not relate to the Debtors' transvaginal mesh or ranitidine products are required to (i) specify by name and case number the Debtor against which such Proof(s) of Claim is filed and (ii) file separate Proofs of Claim against each Debtor with respect to which any such holder may have a Claim.

(d)    All Proofs of Claim asserted on Non-Opioid Proof of Claim Forms that relate to the Debtors' transvaginal mesh or ranitidine products will be docketed against the lead case, *In re Endo International plc, et al.,* No. 22-22549 (JLG), without the need for further designation by a holder, and shall be deemed filed as against each of the Debtors that are defendants in prepetition litigation that relate to transvaginal mesh or ranitidine products, respectively. For the avoidance of doubt, holders asserting Claims on Non-Opioid Proof of Claim Forms that relate to the Debtors' transvaginal mesh or ranitidine products are not required to (i) specify by name and case number the Debtor against which such Proof(s) of Claim is filed and (ii) file separate Proofs of Claim against each Debtor with respect to which any such holder may have a Claim.

(e)     All Proofs of Claim asserted on Personal Injury Opioid Proof of Claim Forms and General Opioid Proof of Claim Forms will be docketed against the lead case, *In re Endo International plc, et al.,* No. 22-22549 (JLG), without the need for further designation by a holder, and shall be deemed filed as against each of the Debtors that are defendants in prepetition opioid-related litigation. For the avoidance of doubt, holders asserting Claims on Personal Injury Opioid Proof of Claim Forms and General Opioid Proof of Claim Forms are <u>not</u> required to (i) specify by name and case number the Debtor against which such Proof(s) of Claim is filed and (ii) file separate Proofs of Claim against each Debtor with respect to which any such holder may have a Claim.

(f)     Proofs of Claim must be filed either (i) electronically through the Claims and Noticing Agent's website (the "<u>Case Website</u>") using the interface available on such website located at https://restructuring.ra.kroll.com/endo under the link entitled "Submit a Claim" (the "<u>Electronic Filing System</u>") or (ii) by delivering the original Proof of Claim Form by hand or mailing the original Proof of Claim Form so that it is actually received by the Claims and Noticing Agent on or before the applicable Bar Date. Original Proof of Claim Forms should be sent to:

**If by first class mail:**
Endo International plc Claims Processing Center
c/o Kroll Restructuring Administration LLC
Grand Central Station, PO Box 4850
New York, NY 10163-4850

**If by hand delivery, or overnight courier:**
Endo International plc Claims Processing Center
c/o Kroll Restructuring Administration LLC
850 3rd Avenue, Suite 412
Brooklyn, NY 11232

<u>OR</u>

United States Bankruptcy Court
Southern District of New York
One Bowling Green, Courtroom 723
New York, NY 10004-1408

(g)     A Proof of Claim shall be deemed timely filed only if it is actually received by the Clerk of this Court or the Claims and Noticing Agent (i) at the applicable address listed above in subparagraph (e) or (ii) electronically through the Electronic Filing System on or before the applicable Bar Date.

(h)     Proofs of Claim sent by facsimile, telecopy, or electronic mail transmission (other than Proofs of Claim filed electronically through the Electronic Filing System) will not be accepted.

(i)     Any Proof of Claim asserting a Claim entitled to priority under section 503(b)(9) of the Bankruptcy Code also must: (i) include the value of the goods delivered to

and received by the Debtors in the 20 days prior to the Petition Date; and (ii) attach any documentation identifying the particular invoices for which such Claim is being asserted.

(j)     If a creditor wishes to receive acknowledgement of the Claims and Noticing Agent's receipt of a Proof of Claim, the creditor also must submit to the Claims and Noticing Agent by the applicable Bar Date and concurrently with its original Proof of Claim (i) a copy of the original Proof of Claim and (ii) a self-addressed, stamped return envelope. Claimants who submit Proofs of Claim through the Claims and Noticing Agent's website interface will receive an electronic mail confirmation of such submission.

(k)     The following categories of claimants may file one or more consolidated Proofs of Claim as set forth below (each a "Consolidated Claim"):

    (i)     Any member of an ad hoc committee or ad hoc group that has filed verified statements pursuant to Bankruptcy Rule 2019 in these cases as of the date of this Order on behalf of each and every member of the applicable ad hoc committee or ad hoc group, or any subgroup thereof, that elects to be included in the applicable Consolidated Claim, which Consolidated Claim may be filed by lead counsel for such ad hoc committee or ad hoc group and docketed against the lead case, *In re Endo International plc, et al.,* No. 22-22549 (JLG), without the need for further designation by such ad hoc committee or group or such counsel, *provided* that such Consolidated Claim has attached either (1) individual Proof of Claim Forms for each member, or (2) a spreadsheet or other form of documentation that lists each member and provides individualized information that substantially conforms to information requested in the applicable Proof of Claim Form;

    (ii)     Any individual or entity that holds an opioid claim and provides requisite authorization, reasonably acceptable to the Debtors and the OCC, to counsel for an ad hoc committee or ad hoc group (each, a "Consenting Claimant") to be included in a Consolidated Claim, which Consolidated Claim may be filed, amended, or modified by counsel for the applicable ad hoc committee or ad hoc group and docketed against the lead case, *In re Endo International plc, et al.,* No. 22-22549 (JLG), *provided* that such Consolidated Claim has attached either (1) individual Proof of Claim Forms for each member, or (2) a spreadsheet or other form of documentation that lists each member and provides individualized information that substantially conforms to information requested in the applicable Proof of Claim Form; and

    (iii)     Any health plan, health insurer, health plan administrator, or other third party payor of relevant claims (each a "TPP"), on account of any or all plan sponsors, employer groups, or fully insured or self-funded programs administered by such TPP; *provided* that such Consolidated Claim must provide a spreadsheet or other form of documentation reasonably acceptable to the Debtors that lists the employer group or plan sponsor of each self-funded program administered by the TPP, the amount of such sponsor's Claim, and a description of the Claim basis;

and each Consolidated Claim shall be deemed filed as against each of the Debtors, as applicable, (x) identified in such Consolidated Claim (in the case of Claims asserted on the Non-Opioid Proof of Claim Form that do not relate to the Debtors' transvaginal mesh or ranitidine products), (y) that are defendants in prepetition litigation that relate to transvaginal mesh or ranitidine products (in the case of Claims asserted on the Non-Opioid Proof of Claim Form that relate to the Debtors' transvaginal mesh or ranitidine products) or (z) that are defendants in prepetition opioid-related litigation (in the case of Claims that are asserted on the Personal Injury Opioid Proof of Claim Form or the General Opioid Proof of Claim Form).

17.     Notwithstanding anything to the contrary in this Order, the Motion, any provision of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Guidelines, any other order of this Court, any Proof of Claim Form or notice of the Bar Dates, the Consolidated Claim(s) shall have the same effect as if each member of the applicable ad hoc group or committee (or sponsor in the case of a TPP) had individually filed its own Proof of Claim against each of the Debtors as applicable, (x) identified in such Consolidated Claim (in the case of Claims asserted on the Non-Opioid Proof of Claim Form that do not relate to the Debtors' transvaginal mesh or ranitidine products), (y) that are defendants in prepetition litigation that relate to transvaginal mesh or ranitidine products (in the case of Claims asserted on the Non-Opioid Proof of Claim Form that relate to the Debtors' transvaginal mesh or ranitidine products) or (z) that are defendants in prepetition opioid-related litigation (in the case of Claims that are asserted on the Personal Injury Opioid Proof of Claim Form or the General Opioid Proof of Claim Form).

## The Confidentiality Protocol

18.     All Proofs of Claim submitted by personal injury opioid claimants on Personal Injury Opioid Proof of Claim Forms and any other Proof of Claim submitted by a personal injury claimant (as indicated by marking the appropriate selection included in the Non-Opioid Proof of Claim Form), and any supporting documentation submitted with the forms, shall be held and treated as ***highly confidential*** by the (i) Debtors, (ii) the Debtors' advisors, including their counsel

and financial advisor, and (iii) the Claims and Noticing Agent, and shall be provided upon request, on a professional eyes only basis, to (1) the Ad Hoc First Lien Group, (2) the UCC, (3) the OCC, (4) the Future Claimants' Representative and (5) such other persons as the Court determines should have the information in order to evaluate any personal injury Claims (the parties listed in subclauses (1)-(5) collectively, the "Permitted Parties") subject to each Permitted Party agreeing to be bound by the Protective Order (as defined below), and shall not be made available to the public.

19.    For the avoidance of doubt, only the Claim number, Claim amount, and the total number of personal injury Claims, including any subcategories thereof (such as Claims relating to opioids (including for the avoidance of doubt claims on behalf of minors with Neonatal Abstinence Syndrome), transvaginal mesh and ranitidine), will be made publicly available on the Case Website and included in the publicly available claims register.  Copies of Proofs of Claim submitted by personal injury claimants and supporting documentation shall be treated as Professionals' Eyes Only/Confidential Information as set forth in the Stipulation and Protective Order entered by the Court on November 9, 2022 [Docket No. 623] (the "Protective Order"), and, as applicable, as Information Protected Pursuant to the Health Insurance Portability and Accountability Act of 1996, and made available only to the Court and to those Permitted Parties that agree to be bound by the Protective Order.

20.    Other than as set forth in paragraphs 18 and 19, all Proofs of Claim will be made publicly available on the Case Website in their entirety (unless the Claims and Noticing Agent, in its discretion, reasonably determines that a personal injury claimant mistakenly neglected to indicate that its Claim relates to a personal injury; *provided, however*, the Claims and Noticing Agent shall be exculpated and shall have no liability for making an improperly completed Proof

of Claim publicly available on its Case Website). The Claims and Noticing Agent shall be under no obligation or duty to advise claimants or make determinations as to whether the Proof of Claim was appropriately completed, and shall be exculpated from liability, and shall be under no obligation or duty to advise claimants and/or make determinations as to whether the appropriate information was included in a Proof of Claim; *provided*, *however*, to the extent that a claimant seeks such advice, the Claims and Notice Agent shall refer the claimant to the instructions detailing the Proof of Claim Forms in the Bar Date Notice and to the Case Website at https://restructuring.ra.kroll.com/endo/Home-DocketInfo; *provided, further*, *however*, that in no event shall the Claims and Noticing Agent be exculpated in the case of its own bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence or willful misconduct.

### The Supplemental Notice Plan for Unknown Claimants and Parties in Interest

21.     The Supplemental Notice Plan, as described in the Kroll Declaration**,** is hereby approved and shall be deemed good, adequate, and sufficient publication notice to unknown claimants of the Bar Dates and the procedures for filing Proofs of Claim in these Chapter 11 Cases.

22.     Pursuant to Bankruptcy Rule 2002(l) and the Guidelines, the Debtors shall cause the Bar Date Notice to be published in *The Wall Street Journal* and a simplified version of the Bar Date Notice to be published in local state newspapers, each in accordance with the Media Notice Plan set forth in the Kroll Declaration.

23.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) are satisfied by such notice.

24.     Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

25.     The Debtors are authorized and empowered to take all actions necessary or appropriate to implement the relief granted in this Order.

26.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Order.

27.     Nothing contained in this Order, the Motion, or any Proof of Claim or notice of the Bar Dates is intended to be or shall be construed as an admission of the Debtors' liability, an admission as to the validity of any Claim against the Debtors, or a waiver of the Debtors' or any appropriate party in interest's rights to dispute any Claim.

28.     Entry of this Order is without prejudice to the right of the Debtors to seek a further order of this Court fixing a date by which holders of Claims or interests not subject to the Bar Dates established herein must file such Proofs of Claim or interest or be barred from doing so.

29.     To the extent that the Debtors, with the consent of the UCC, the OCC and the Ad Hoc First Lien Group, seek to extend the General Bar Date, the Debtors may do so upon notice including a statement that the relief requested therein may be granted, pursuant to Local Rule 9074-1, without a hearing if no objection is timely filed and served in accordance with the *Order Authorizing the Establishment of Certain Notice, Case Management, and Administrative Procedures,* entered on October 12, 2022 [Docket No. 374].

30.     The Debtors and the Claims and Noticing Agent are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

31.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.


Dated: _____, 2022
            New York, New York

_____
HONORABLE JAMES L. GARRITY, JR.
UNITED STATES BANKRUPTCY JUDGE

**<u>EXHIBIT B</u>**

**Bar Date Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re* | **Chapter 11** |
| **ENDO INTERNATIONAL plc,** *et al.*, | **Case No. 22-22549 (JLG)** |
| **Debtors.**[1] | **(Jointly Administered)** |

<u>**NOTICE OF DEADLINES FOR FILING OF PROOFS OF CLAIM**</u>

**GENERAL BAR DATE IS APRIL 21, 2023 AT 5:00 P.M. (EASTERN TIME)**

**GOVERNMENTAL BAR DATE IS APRIL 21, 2023 AT 5:00 P.M. (EASTERN TIME)**

TO: ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST THE ABOVE-CAPTIONED DEBTORS:

On _____, 2022, the United States Bankruptcy Court for the Southern District of New York (the "<u>Court</u>") entered an order [Docket No. __] (the "<u>Bar Date Order</u>") establishing, among other things, certain deadlines for the filing of proofs of claim (each, a "<u>Proof of Claim</u>") in the cases of the above-captioned debtors and debtors-in-possession (collectively, the "<u>Debtors</u>") filed under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>").

By the Bar Date Order, the Court established **April 21, 2023 at 5:00 p.m., prevailing Eastern Time** (the "<u>General Bar Date</u>") as the general deadline for all persons and entities other than Governmental Units (as defined below) to file Proofs of Claim in the Debtors' chapter 11 cases for all Claims (as defined below) against the Debtors that arose or are deemed to have arisen prior to the date on which the Debtors commenced their chapter 11 cases, August 16, 2022 (the "<u>Petition Date</u>"), including, but not limited to, secured claims, priority claims, personal injury claims, and claims arising under section 503(b)(9) of the Bankruptcy Code,[2] except as otherwise provided in the Bar Date Order and as described in the section titled "Proofs of Claim not Required to be Filed by the General Bar Date" below.

---

[1]    The last four digits of Debtor Endo International plc's tax identification number are 3755. Due to the large number of debtors in these chapter 11 cases, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Endo. The location of the Debtors' service address for purposes of these chapter 11 cases is: 1400 Atwater Drive, Malvern, PA 19355.

[2]    A claim arising under section 503(b)(9) of the Bankruptcy Code is a claim arising from the value of any goods received by the Debtors within 20 days before the Petition Date, provided that the goods were sold to the Debtors in the ordinary course of business.

By the Bar Date Order, the Court also established **April 21, 2023 at 5:00 p.m., prevailing Eastern Time** (the "Governmental Bar Date") as the general deadline for all Governmental Units to file Proofs of Claim in the Debtors' chapter 11 cases for all Claims against the Debtors that arose or are deemed to have arisen prior to the Petition Date, except as otherwise provided in the Bar Date Order. As described below, the Bar Date Order also establishes different bar dates for certain categories of Claims.

For your convenience, enclosed with this notice (this "Notice") is your applicable proof of claim form(s) for (a) personal injury opioid claimants (the "Personal Injury Opioid Proof of Claim Form"), and/or (b) all other opioid claimants (i.e., non-personal injury), including any person, Governmental Units, Native American tribes and other entities (the "General Opioid Proof of Claim Form") and/or (c) all other potential claimants (the "Non-Opioid Proof of Claim Form," and together with the Personal Injury Opioid Proof of Claim Form and the General Opioid Proof of Claim Form, the "Proof of Claim Forms"). The Proof of Claim Form will state, along with your name, whether your Claim is listed in the Debtors' schedules of assets and liabilities and statements of financial affairs filed in the Debtors' chapter 11 cases (as may be amended) (collectively, the "Schedules" and "Statements") and, if so, whether your Claim is listed as: (y) disputed, contingent, or unliquidated; and (z) secured, unsecured, or priority. The dollar amount of the Claim (as listed in the Schedules) also will be identified on the Proof of Claim Form. In the event of any conflict between the Claim information included in the Proof of Claim Form and the information provided in the Schedules, the Schedules shall control. If the Debtors believe that you may hold different classifications of Claims against the Debtors, you will receive multiple Proof of Claim Forms, each of which will reflect the nature, amount, and classification of your Claim against the Debtors, as listed in the Schedules.

Contact information for the Debtors' claims and noticing agent, Kroll Restructuring Administration LLC (the "Claims and Noticing Agent"), is provided below. The Claims and Noticing Agent will have representatives available to provide you with additional information regarding the chapter 11 cases and the filing of a Proof of Claim.

**This Notice is being sent to many persons and entities that have had some relationship with or have done business with the Debtors but may not have an unpaid claim against the Debtors. The fact that you have received this Notice does not mean that you have a Claim or that the Debtors or the Court believe that you have a Claim against the Debtors.**

**General Information about the Debtors' Chapter 11 Cases.** The Debtors' cases are being jointly administered under case number 22-22549 (JLG). On September 2, 2022, the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "UCC") and an Official Committee of Opioid Claimants (the "OCC") in the chapter 11 cases. No trustee or examiner has been appointed in the chapter 11 cases.

**Individual Debtor Information.** The last four digits of each Debtor's federal tax identification number are set forth below. The Debtors' mailing address is 1400 Atwater Drive Malvern, PA 19355.

| Debtor | Case No. | Federal Tax ID |
|---|---|---|
| Par Pharmaceutical, Inc. | Case No. 22-22546 (JLG) | XX-XXX8342 |
| Actient Pharmaceuticals LLC | Case No. 22-22547 (JLG) | XX-XXX7232 |
| 70 Maple Avenue, LLC | Case No. 22-22548 (JLG) | XX-XXX1491 |
| Endo International plc | Case No. 22-22549 (JLG) | XX-XXX3755 |
| Endo Ventures Limited | Case No. 22-22550 (JLG) | XX-XXX6029 |
| Anchen Incorporated | Case No. 22-22552 (JLG) | XX-XXX8760 |
| Generics International (US), Inc. | Case No. 22-22554 (JLG) | XX-XXX6489 |
| Anchen Pharmaceuticals, Inc. | Case No. 22-22556 (JLG) | XX-XXX9179 |
| DAVA Pharmaceuticals, LLC | Case No. 22-22558 (JLG) | XX-XXX7354 |
| Endo Par Innovation Company, LLC | Case No. 22-22561 (JLG) | XX-XXX2435 |
| Generics Bidco I, LLC | Case No. 22-22563 (JLG) | XX-XXX6905 |
| Innoteq, Inc. | Case No. 22-22565 (JLG) | XX-XXX3381 |
| JHP Acquisition, LLC | Case No. 22-22567 (JLG) | XX-XXX7861 |
| JHP Group Holdings, LLC | Case No. 22-22569 (JLG) | XX-XXX7688 |
| Kali Laboratories, LLC | Case No. 22-22572 (JLG) | XX-XXX4898 |
| Moores Mill Properties L.L.C. | Case No. 22-22574 (JLG) | XX-XXX9523 |
| Par Pharmaceutical Companies, Inc. | Case No. 22-22576 (JLG) | XX-XXX8301 |
| Par Pharmaceutical Holdings, Inc. | Case No. 22-22578 (JLG) | XX-XXX3135 |
| Par Sterile Products, LLC | Case No. 22-22580 (JLG) | XX-XXX0105 |
| Par, LLC | Case No. 22-22582 (JLG) | XX-XXX1286 |
| Quartz Specialty Pharmaceuticals, LLC | Case No. 22-22584 (JLG) | XX-XXX5368 |
| Vintage Pharmaceuticals, LLC | Case No. 22-22586 (JLG) | XX-XXX7882 |
| Actient Therapeutics LLC | Case No. 22-22588 (JLG) | XX-XXX2019 |
| Astora Women's Health Ireland Limited | Case No. 22-22591 (JLG) | XX-XXX5829 |
| Astora Women's Health, LLC | Case No. 22-22594 (JLG) | XX-XXX0427 |
| Auxilium International Holdings, LLC | Case No. 22-22596 (JLG) | XX-XXX9643 |
| Auxilium Pharmaceuticals, LLC | Case No. 22-22598 (JLG) | XX-XXX6883 |
| Auxilium US Holdings, LLC | Case No. 22-22601 (JLG) | XX-XXX8967 |
| Bermuda Acquisition Management Limited | Case No. 22-22603 (JLG) | N/A |
| BioSpecifics Technologies LLC | Case No. 22-22605 (JLG) | XX-XXX4851 |
| Branded Operations Holdings, Inc. | Case No. 22-22608 (JLG) | XX-XXX6945 |
| DAVA International, LLC | Case No. 22-22610 (JLG) | XX-XXX9945 |
| Endo Aesthetics LLC | Case No. 22-22613 (JLG) | XX-XXX0218 |
| Endo Bermuda Finance Limited | Case No. 22-22615 (JLG) | XX-XXX4093 |
| Endo Designated Activity Company | Case No. 22-22551 (JLG) | XX-XXX7135 |
| Endo Eurofin Unlimited Company | Case No. 22-22553 (JLG) | XX-XXX2009 |
| Endo Finance IV Unlimited Company | Case No. 22-22555 (JLG) | XX-XXX2779 |
| Endo Finance LLC | Case No. 22-22557 (JLG) | XX-XXX6481 |

| Debtor | Case No. | Federal Tax ID |
|---|---|---|
| Endo Finance Operations LLC | Case No. 22-22559 (JLG) | XX-XXX6355 |
| Endo Finco Inc. | Case No. 22-22560 (JLG) | XX-XXX5794 |
| Endo Generics Holdings, Inc. | Case No. 22-22562 (JLG) | XX-XXX4834 |
| Endo Global Aesthetics Limited | Case No. 22-22564 (JLG) | XX-XXX2898 |
| Endo Global Biologics Limited | Case No. 22-22566 (JLG) | XX-XXX2735 |
| Endo Global Development Limited | Case No. 22-22568 (JLG) | XX-XXX4785 |
| Endo Global Finance LLC | Case No. 22-22570 (JLG) | XX-XXX7754 |
| Endo Global Ventures | Case No. 22-22571 (JLG) | XX-XXX4244 |
| Endo Health Solutions Inc. | Case No. 22-22573 (JLG) | XX-XXX2871 |
| Endo Innovation Valera, LLC | Case No. 22-22575 (JLG) | XX-XXX3622 |
| Endo Ireland Finance II Limited | Case No. 22-22577 (JLG) | XX-XXX0535 |
| Endo LLC | Case No. 22-22579 (JLG) | XX-XXX6640 |
| Endo Luxembourg Finance Company I S.à r.l. | Case No. 22-22581 (JLG) | XX-XXX3863 |
| Endo Luxembourg Holding Company S.à r.l. | Case No. 22-22583 (JLG) | XX-XXX7168 |
| Endo Luxembourg International Financing S.à r.l. | Case No. 22-22585 (JLG) | XX-XXX2905 |
| Endo Management Limited | Case No. 22-22587 (JLG) | XX-XXX4866 |
| Endo Pharmaceuticals Finance LLC | Case No. 22-22589 (JLG) | XX-XXX5768 |
| Endo Pharmaceuticals Inc. | Case No. 22-22590 (JLG) | XX-XXX5829 |
| Endo Pharmaceuticals Solutions Inc. | Case No. 22-22592 (JLG) | XX-XXX7911 |
| Endo Pharmaceuticals Valera Inc. | Case No. 22-22593 (JLG) | XX-XXX9931 |
| Endo Procurement Operations Limited | Case No. 22-22595 (JLG) | XX-XXX7840 |
| Endo TopFin Limited | Case No. 22-22597 (JLG) | XX-XXX8086 |
| Endo U.S. Inc. | Case No. 22-22599 (JLG) | XX-XXX0786 |
| Endo US Holdings Luxembourg I S.à r.l. | Case No. 22-22600 (JLG) | XX-XXX7910 |
| Endo Ventures Aesthetics Limited | Case No. 22-22602 (JLG) | XX-XXX9967 |
| Endo Ventures Bermuda Limited | Case No. 22-22604 (JLG) | XX-XXX0688 |
| Endo Ventures Cyprus Limited | Case No. 22-22606 (JLG) | XX-XXX1544 |
| Generics International (US) 2, Inc. | Case No. 22-22607 (JLG) | XX-XXX5075 |
| Generics International Ventures Enterprises LLC | Case No. 22-22609 (JLG) | XX-XXX4685 |
| Hawk Acquisition Ireland Limited | Case No. 22-22611 (JLG) | XX-XXX4776 |
| Kali Laboratories 2, Inc. | Case No. 22-22612 (JLG) | XX-XXX6751 |
| Luxembourg Endo Specialty Pharmaceuticals Holding I S.à r.l. | Case No. 22-22614 (JLG) | XX-XXX0601 |
| Paladin Labs Canadian Holding Inc. | Case No. 22-22616 (JLG) | N/A |
| Paladin Labs Inc. | Case No. 22-22617 (JLG) | XX-XXX1410 |
| Par Laboratories Europe, Ltd. | Case No. 22-22618 (JLG) | XX-XXX9597 |
| Par Pharmaceutical 2, Inc. | Case No. 22-22619 (JLG) | XX-XXX4895 |
| Slate Pharmaceuticals, LLC | Case No. 22-22620 (JLG) | XX-XXX6201 |

| Debtor | Case No. | Federal Tax ID |
|---|---|---|
| Timm Medical Holdings, LLC | Case No. 22-22621 (JLG) | XX-XXX8744 |

**A CLAIMANT SHOULD CONSULT AN ATTORNEY IF THE CLAIMANT HAS ANY QUESTIONS, INCLUDING WHETHER SUCH CLAIMANT SHOULD FILE A PROOF OF CLAIM.**

## KEY DEFINITIONS

As used in this Notice, the terms "Entity" or "entity," "Governmental Unit," "affiliate" and "Claim" or "claim" have the meanings given to them under section 101 of the Bankruptcy Code.

As used herein, "Future Claim" means a claim represented by the Future Claimants' Representative ("Future Claimants' Representative") appointed in these chapter 11 cases.

## WHO MUST FILE A PROOF OF CLAIM AND THE APPLICABLE BAR DATES

The Bar Date Order establishes the following deadlines for filing Proofs of Claim in the Debtors' chapter 11 cases (collectively, the "Bar Dates"):

(a)    **The General Bar Date**.  Pursuant to the Bar Date Order, except as described below, all persons or entities holding Claims (whether secured, unsecured priority, or unsecured nonpriority) against a Debtor that arose, or are deemed to have arisen, before the Petition Date are required to file a Proof of Claim so that it is received by the Claims and Noticing Agent on or before the General Bar Date.

(b)    **The Governmental Bar Date**.  Pursuant to the Bar Date Order, except as described below, all Governmental Units holding Claims (whether secured, unsecured priority, or unsecured nonpriority) against a Debtor that arose, or are deemed to have arisen, before the Petition Date are required to file a Proof of Claim so that it is received by the Claims and Noticing Agent on or before the Governmental Bar Date.

(c)    **The Rejection Bar Date**.  Any person or entity asserting Claims arising from or relating to the Debtors' rejection of an executory contract or unexpired lease pursuant to an order of the Court that is entered prior to confirmation of a chapter 11 plan is required to file a proof of claim, as provided herein, so that it is received by the Claims and Noticing Agent on or before the later of: (i) the General Bar Date or the Governmental Bar Date, as applicable; and (ii) 5:00 p.m., prevailing Eastern Time, on the date that is 30 days after the effective date of rejection of such executory contract or unexpired lease (the "Rejection Bar Date").

(d)    **The Amended Schedule Bar Date**.  If, after the date of this Notice, the Debtors amend or modify the Schedules to reduce the undisputed, noncontingent, and liquidated amount or to change the nature or classification of any Claim against the Debtors, the negatively impacted claimant may file a timely proof of claim or amend any previously filed proof of claim in respect of the amended scheduled Claim on or before the later of (i) the General Bar Date or the Governmental Bar Date, as

5

applicable; and (ii) 30 days after the date that notice of the applicable amendment to the Schedules is served on the affected claimant (the "Amended Schedule Bar Date"). By contrast, if (i) the amendment to the Schedules improves the amount or treatment of a previously scheduled or filed Claim and (ii) the affected claimant previously was served with a notice of the Bar Dates, the affected claimant will be subject to the General Bar Date or the Governmental Bar Date, as applicable. If the Debtors amend or modify their Schedules with respect to any Claim that the Debtors state has been satisfied, such paid creditor shall not be required to file a proof of claim with respect to the satisfied Claim unless the creditor disputes that such Claim has been satisfied. Notwithstanding the foregoing, nothing contained herein precludes the Debtors from objecting to any Claim, whether scheduled or filed, on any grounds.

Subject to the terms described above for holders of claims subject to the Rejection Bar Date and the Amended Schedule Bar Date, and unless they hold a type of claim described in the below section, "Proofs of Claim Not Required to Be Filed By the General Bar Date," or unless the Court orders otherwise, the following persons and entities must file Proofs of Claim in the chapter 11 cases on or before the applicable Bar Date:

(a)    any person or entity (i) whose Claim against a Debtor is not listed in the Debtors' Schedules or is listed as disputed, contingent, or unliquidated and (ii) that desires to participate in the Debtors' chapter 11 cases or share in any distribution in these chapter 11 cases;

(b)    any person or entity that (i) believes that its Claim is improperly classified in the Schedules or is listed in an incorrect amount and (ii) desires to have its Claim allowed in a classification or amount different from the classification or amount identified in the Schedules;

(c)    any person or entity that believes that its Claim as listed in the Schedules is not an obligation of the specific Debtor against which such Claim is listed and that desires to have its Claim allowed against a Debtor other than the Debtor identified in the Schedules; and

(d)    any person or entity holding a Claim that is allowable under section 503(b)(9) of the Bankruptcy Code as an administrative expense in these chapter 11 cases.

If it is unclear from the Schedules whether your prepetition Claim is disputed, contingent, or unliquidated as to amount or is otherwise properly listed and classified, you must file a Proof of Claim on or before the applicable Bar Date or your rights and claims may be waived. Any party that relies on the information in the Schedules bears responsibility for determining that its Claim is accurately listed therein. In addition, failure to file a Proof of Claim may prevent you from sharing in distributions from the Debtors' bankruptcy estates if you have a Claim that arose prior to Petition Date, and is not one of the types of claims described in the below section, "Proofs of Claim Not Required to Be Filed By the General Bar Date."

## WHICH PROOF OF CLAIM FORM TO FILE

You should file the appropriate case-specific Proof of Claim Form(s) that accompanies this Notice.

Personal Injury Opioid Proof of Claim Form:

If you have a Claim against the Debtors based on your own personal injury or another person's personal injury (for example, you are filing on behalf of a deceased or incapacitated individual or a minor) related to the taking of an opioid product manufactured, marketed, and/or sold by the Debtors, you should file a proof of claim form that is substantially similar to (or is) the Personal Injury Opioid Proof of Claim Form.

For example, individuals seeking damages for death, addiction or dependence, lost wages, loss of consortium, or Neonatal Abstinence Syndrome ("NAS"), regardless of the legal cause of action (fraud, negligence, misrepresentation, conspiracy, etc.), must file the Personal Injury Opioid Proof of Claim Form.

General Opioid Proof of Claim Form:

If you are a Governmental Unit, Native American Tribe, person, or entity and you have a Claim against the Debtors based on the Debtors' marketing, and/or sale of opioids, excluding claims for personal injury, you must file a proof of claim form that is substantially similar to (or is) the General Opioid Proof of Claim Form.

For example, Governmental Units, hospitals, insurers, third-party payors, or insureds seeking damages for an injury other than a personal injury, such as a financial or economic injury, must file the General Opioid Proof of Claim Form.

Non-Opioid Proof of Claim Form:

If you are a person or entity and you have a Claim against the Debtors based on non-opioid related injuries or harm, including any alleged personal injuries arising from any non-opioid product manufactured, marketed, and/or sold by the Debtors, you should file a proof of claim form that is substantially similar to (or is) the Non-Opioid Proof of Claim Form.

For example, trade creditors seeking outstanding payments or Governmental Units asserting tax claims must file the Non-Opioid Proof of Claim Form.

If you have a Claim against more than one Debtor based on non-opioid related injuries or harm (other than a personal injury claim arising from the Debtors' transvaginal mesh or ranitidine products), you are required to file separate Non-Opioid Proof of Claims against each Debtor with respect to which you have or may have a Claim or specify by name the Debtor against which the Claim is filed or the case number of such Debtor's bankruptcy case. A list of the names of the Debtors and their case numbers is set forth in the table on pages 3-5 of this Notice.

**Confidentiality of Forms (applicable to all Personal Injury Opioid Proof of Claim Forms and certain Non-Opioid Proof of Claim Forms)**: All Proofs of Claim submitted by personal injury

7

opioid claimants on Personal Injury Opioid Proof of Claim Forms and any other Proof of Claim submitted by a personal injury claimant (as indicated by marking the appropriate selection included in the Non-Opioid Proof of Claim Form), and any supporting documentation submitted with the forms, shall be held and treated as ***highly confidential*** by the (i) Debtors, (ii) the Debtors' advisors, including their counsel and financial advisor, and (iii) the Claims and Noticing Agent, and shall be provided upon request, on a professional eyes only basis, to (1) the Ad Hoc First Lien Group, (2) the UCC, (3) the OCC, (4) the Future Claimants' Representative and (5) such other persons as the Court determines should have the information in order to evaluate any personal injury Claims (the parties listed in subclauses (x)-(z) collectively, the "Permitted Parties") subject to each Permitted Party agreeing to be bound by the Protective Order (as defined below), and shall not be made available to the public.  For the avoidance of doubt, only the Claim number, Claim amount, and the total number of personal injury Claims, including any subcategories thereof (such as Claims relating to opioids (including for the avoidance of doubt claims on behalf of minors with Neonatal Abstinence Syndrome), transvaginal mesh and ranitidine), will be made publicly available on the Case Website and included in the publicly available claims register.  Copies of Proofs of Claim submitted by personal injury claimants and supporting documentation shall be treated as Professionals' Eyes Only/Confidential Information as set forth in the Stipulation and Protective Order entered by the Court on November 9, 2022 [Docket No. 623] (the "Protective Order"), and, as applicable, as Information Protected Pursuant to the Health Insurance Portability and Accountability Act of 1996, and made available only to the Court and to those Permitted Parties that agree to be bound by the Protective Order.

Your proof of claim form must **not** contain complete social security numbers or taxpayer identification numbers (only the last four digits), a complete birth date (only the year), the name of a minor (only the minor's initials), or a financial account number (only the last four digits of such financial account).

All proof of claim forms that are not submitted by personal injury opioid claimants on Personal Injury Opioid Proof of Claim Forms and any other Proof of Claim submitted by a personal injury claimant (as indicated by marking the appropriate selection included in the Non-Opioid Proof of Claim Form) will be made publicly available on the Claims and Noticing Agent's website in their entirety. For the avoidance of doubt, General Opioid Proof of Claim Forms and Non-Opioid Proof of Claim Forms (not submitted by a personal injury claimant) will be made publicly available on the Claims and Noticing Agent's website in their entirety.

Applicable to All Proof of Claim Forms:

The Debtors are enclosing the appropriate Proof of Claim Form for use in these cases; if your Claim is scheduled by the Debtors, the form also sets forth the amount of your Claim as scheduled by the Debtors, the specific Debtor against which the Claim is scheduled, and whether the Claim is scheduled as disputed, contingent, or unliquidated. You will receive a different Proof of Claim form for each Claim scheduled in your name by the Debtors. Additional Proof of Claim forms may be obtained at the website established by the Claims and Noticing Agent, located at https://restructuring.ra.kroll.com/endo.

All Proof of Claim Forms must be signed by the claimant or such individual authorized to act on behalf of the claimant. If the claimant is not an individual, an authorized agent or

representative of the claimant must sign the Proof of Claim Form. In addition, if a Proof of Claim is being submitted on behalf of minors with Neonatal Abstinence Syndrome, a parent, foster parent, or legal guardian may sign the Proof of Claim Form. It must be written in English and be denominated in United States currency.

You may attach to your completed Proof of Claim any documents on which the Claim is based (if voluminous, a summary may be attached) if you would like, but you are not required to do so, and failure to attach any such documents will not affect your ability to submit a Proof of Claim form or result in the denial of your Claim. You may be required, in the future, to provide supporting documents for your Claim. You may also amend or supplement your Proof of Claim after it is filed, including, for the avoidance of doubt, after the applicable Bar Date, but not, without permission from the Court, to assert a new or additional Claim. Do not send original documents with your Proof of Claim, as they will not be returned to you and may be destroyed after they are processed and reviewed.

Your Proof of Claim Form must not contain complete social security numbers or taxpayer identification numbers (only the last four digits), a complete birth date (only the year), the name of a minor (only the minor's initials), or a financial account number (only the last four digits of such financial account).

All Proof of Claim Forms that are not Personal Injury Opioid Proof of Claim Forms or Non-Opioid Proof of Claim Forms that were submitted by personal injury claimants and designated accordingly, will be made publicly available on the Case Website in their entirety. For the avoidance of doubt, the General Opioid Claimant Proof of Claim Forms and the Non-Opioid Proof of Claim Forms submitted by non-personal injury claimants will be made publicly available on the Case Website in their entirety.

**PROOFS OF CLAIM NOT REQUIRED
TO BE FILED BY THE GENERAL BAR DATE**

The Bar Date Order further provides that parties, including holders of Future Claims, shall not be required to file proofs of claim in these chapter 11 cases on or before the applicable Bar Date, solely with respect to the following categories of claims:

(a)      claims represented by the Future Claimants' Representative;[3]

(b)      equity securities (as defined in section 101(16) of the Bankruptcy Code and including, without limitation, common stock, preferred stock, warrants or stock options) or other ownership interests in the Debtors (the holder of such interest, an "Interest Holder"); *provided, however*, that an Interest Holder that wishes to assert Claims against the Debtors that arise out of or relate to the ownership or purchase of an equity security or other ownership interest, including, but not limited to, a Claim for damages or rescission based on the purchase or sale of such equity

---

[3]    The Debtors reserve the right to seek relief at a later date establishing a deadline for Future Claimants to file proofs of claim. The Future Claimants' Representative reserves all rights with respect thereto.

security or other ownership interest, must file a Proof of Claim on or before the applicable Bar Date;[4]

(c)      Claims against the Debtors for which a signed Proof of Claim has already been properly filed with the Clerk of the Court or the Claims and Noticing Agent in a form substantially similar to Official Bankruptcy Form No. 410;

(d)      Claims against the Debtors (i) that are not listed as disputed, contingent, or unliquidated in the Schedules and (ii) where the holder of such Claim agrees with the nature, classification, and amount of its Claim as identified in the Schedules;

(e)      Claims against the Debtors that have previously been allowed by, or paid pursuant to, an order of the Court;[5]

(f)      Claims allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense of these chapter 11 cases (other than any Claim allowable under section 503(b)(9) of the Bankruptcy Code);

(g)      administrative expense Claim for postpetition fees and expenses incurred by any professional allowable under sections 328, 330, 331, and 503(b) of the Bankruptcy Code or 28 U.S.C. § 156(c);

(h)      Claims for which specific deadlines have been fixed by an order of the Court entered on or before the applicable Bar Date;

(i)      Claims asserted by any party that is exempt from filing a Proof of Claim pursuant to an order entered by the Court (including the *Amended Final Order (I) Authorizing Debtors to Use Cash Collateral; (II) Granting Adequate Protection to Prepetition Secured Parties; (III) Modifying Automatic Stay; and (IV) Granting Related Relief* [Docket No 535]);

(j)      Claims by any current officers and directors of the Debtors for indemnification, contribution, or reimbursement arising as a result of such officers' or directors' prepetition or postpetition services to the Debtors;

(k)      Claims that are payable to the Court or to the United States Trustee Program pursuant to 28 U.S.C. § 1930;

(l)      Claims of any Debtor against another Debtor or any Claims of a direct or indirect non-Debtor subsidiary or affiliate of Endo International plc against a Debtor;

---

[4]    The Debtors reserve the right to seek relief at a later date establishing a deadline for Interest Holders to file proofs of interest.

[5]    To the extent that any amounts paid by the Debtors to a creditor are subject to disgorgement pursuant to a postpetition trade agreement or otherwise, that creditor shall have until the later of (i) the General Bar Date and (ii) 30 days from the date of any disgorgement to file a Proof of Claim for the disgorged amount.

(m)    Claims asserted by a current or former employee of the Debtors, if an order of the Court authorized the Debtors to honor such Claim in the ordinary course of business as a wage, commission, or benefit, including pursuant to the final wages order [Docket No. 695]; *provided* that a current or former employee must submit a Proof of Claim by the General Bar Date for all other Claims arising on or before the Petition Date, including Claims for benefits not provided for pursuant to an order of the Court, wrongful termination, discrimination, harassment, hostile work environment, or retaliation; and

(n)    any Claims limited exclusively to the repayment of principal, interest, fees, expenses, and any other amounts owing under any agreements governing any revolving credit facility, term loans, notes, bonds, debentures, or other debt securities or instruments issued or entered into by any of the Debtors (a "Debt Claim") pursuant to an indenture, note, credit agreement or similar form of documentation, as applicable (together, the "Debt Instruments"); *provided* that the relevant indenture trustee, administrative agent, registrar, paying agent, loan or collateral agent, or any other entity serving in a similar capacity however designated (each, a "Debt Agent") under the applicable Debt Instrument shall file a single master Proof of Claim, on or before the applicable Bar Date, against all Debtors under the applicable Debt Instrument on account of all Debt Claims, which shall be filed and docketed against the lead case, *In re Endo International plc, et al.,* No. 22-22549 (JLG), without the need for further designation by such Debt Agent, and shall be deemed filed as against each such Debtors; *provided, however,* that any holder of a Debt Claim wishing to assert a Claim arising out of or relating to a Debt Instrument, other than a Debt Claim, must file a Proof of Claim with respect to such Claim on or before the applicable Bar Date, unless another exception identified herein applies; *provided, further,* that in lieu of attaching voluminous documentation, including documentation for compliance with Bankruptcy Rule 3001(d), the Debt Agent under the Debt Instrument may include a summary of the operative documents with respect to the Debt Claims.

## NO REQUIREMENT TO FILE CERTAIN ADMINISTRATIVE EXPENSE CLAIMS

All administrative claims under section 503(b) of the Bankruptcy Code, other than Claims under section 503(b)(9) of the Bankruptcy Code, must be made by separate requests for payment in accordance with section 503(a) of the Bankruptcy Code and shall not be deemed proper if made by proof of claim. Notwithstanding the foregoing, the filing of a Proof of Claim Form as provided herein shall be deemed to satisfy the procedural requirements for the assertion of any administrative priority claim under section 503(b)(9) of the Bankruptcy Code.

## CONSEQUENCES OF FAILURE TO FILE
## A PROOF OF CLAIM BY THE APPLICABLE BAR DATE

**UNLESS THE COURT ORDERS OTHERWISE, PURSUANT TO SECTIONS 105(A) AND 502(B)(9) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 3003(C)(2), ANY PERSON OR ENTITY THAT IS REQUIRED TO FILE A PROOF OF CLAIM IN THESE CHAPTER 11 CASES PURSUANT TO THE BANKRUPTCY**

**CODE, THE BANKRUPTCY RULES, THE LOCAL RULES, OR THE BAR DATE ORDER WITH RESPECT TO A PARTICULAR CLAIM AGAINST THE DEBTORS, BUT THAT FAILS TO DO SO BY THE APPLICABLE BAR DATE, SHALL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM: (A) ASSERTING ANY SUCH CLAIM AGAINST THE DEBTORS OR THEIR ESTATES OR PROPERTY (AND THE DEBTORS AND THEIR PROPERTIES AND ESTATES SHALL BE FOREVER DISCHARGED FROM ANY AND ALL INDEBTEDNESS OR LIABILITY WITH RESPECT TO SUCH CLAIM) THAT (I) IS IN AN AMOUNT THAT EXCEEDS THE AMOUNT, IF ANY, THAT IS IDENTIFIED IN THE SCHEDULES ON BEHALF OF SUCH PERSON OR ENTITY AS UNDISPUTED, NONCONTINGENT, AND LIQUIDATED OR (II) IS OF A DIFFERENT NATURE OR CLASSIFICATION THAN ANY SUCH CLAIM IDENTIFIED IN THE SCHEDULES ON BEHALF OF SUCH PERSON OR ENTITY (ANY SUCH CLAIM UNDER THIS SUBSECTION (A), AN "UNSCHEDULED CLAIM"); OR (B) VOTING ON, OR RECEIVING DISTRIBUTIONS UNDER, ANY CHAPTER 11 PLAN IN THESE CHAPTER 11 CASES IN RESPECT OF AN UNSCHEDULED CLAIM.**

## PROCEDURES FOR FILING PROOFS OF CLAIM

The following procedures shall apply for the filing of Proofs of Claim:

(a)     Except as otherwise provided herein, all holders of Claims against the Debtors must file a Proof of Claim. Each Proof of Claim must: (i) be written in the English language; (ii) be denominated in lawful currency of the United States as of the Petition Date (using the exchange rate, if applicable, as of the Petition Date); (iii) conform substantially to the applicable Proof of Claim Forms attached to the Motion as **Exhibit C-1**, **Exhibit C-2** and **Exhibit C-3,** or Official Bankruptcy Form No. 410; (iv) set forth with specificity the legal and factual basis for the alleged Claim; and (v) be signed by the claimant, the claimant's attorney, or, if the claimant is not an individual, by an authorized agent or representative of the claimant; *provided* that, in the in the case of Proofs of Claim submitted on behalf of minors with Neonatal Abstinence Syndrome, such Proofs of Claim may be signed by parents, foster parents, and legal guardians.

(b)     A claimant may attach to the claimant's completed Proof of Claim any documents on which the Claim is based (if voluminous, a summary may be attached) if the claimant would like, but the claimant is not required to do so, and failure to attach any such documents will not affect the claimant's ability to submit a Proof of Claim or result in the denial of the Claim. A claimant may be required, in the future, to provide supporting documents for the Claim. A claimant may also amend or supplement the claimant's Proof of Claim after it is filed, including, for the avoidance of doubt, after the applicable Bar Date, but not, without permission from the Court, to assert a new or additional Claim. Claimants must not send original documents with their Proofs of Claim, as they will not be returned to claimants and may be destroyed after they are processed and reviewed.

12

(c)     Holders asserting Claims on Non-Opioid Proof of Claim Forms that do not relate to the Debtors' transvaginal mesh or ranitidine products are required to (i) specify by name and case number the Debtor against which such Proof(s) of Claim is filed and (ii) file separate Proofs of Claim against each Debtor with respect to which any such holder may have a Claim.

(d)     All Proofs of Claim asserted on Non-Opioid Proof of Claim Forms that relate to the Debtors' transvaginal mesh or ranitidine products will be docketed against the lead case, *In re Endo International plc, et al.,* No. 22-22549 (JLG), without the need for further designation by a holder, and shall be deemed filed as against each of the Debtors that are defendants in prepetition litigation that relate to transvaginal mesh or ranitidine products, respectively. For the avoidance of doubt, holders asserting Claims on Non-Opioid Proof of Claim Forms that relate to the Debtors' transvaginal mesh or ranitidine products are <u>not</u> required to (i) specify by name and case number the Debtor against which such Proof(s) of Claim is filed and (ii) file separate Proofs of Claim against each Debtor with respect to which any such holder may have a Claim.

(e)     All Proofs of Claim asserted on Personal Injury Opioid Proof of Claim Forms and General Opioid Proof of Claim Forms will be docketed against the lead case, *In re Endo International plc, et al.,* No. 22-22549 (JLG), without the need for further designation by a holder, and shall be deemed filed as against each of the Debtors that are defendants in prepetition opioid-related litigation. For the avoidance of doubt, holders asserting Claims on Personal Injury Opioid Proof of Claim Forms and General Opioid Proof of Claim Forms are <u>not</u> required to (i) specify by name and case number the Debtor against which such Proof(s) of Claim is filed and (ii) file separate Proofs of Claim against each Debtor with respect to which any such holder may have a Claim.

(f)     Proofs of Claim must be filed either (i) electronically through the Claims and Noticing Agent's website (the "<u>Case Website</u>") using the interface available on such website located at https://restructuring.ra.kroll.com/endo under the link entitled "Submit a Claim" (the "<u>Electronic Filing System</u>") or (ii) by delivering the original Proof of Claim Form by hand or mailing the original Proof of Claim Form so that it is actually received by the Claims and Noticing Agent on or before the applicable Bar Date. Original Proof of Claim Forms should be sent to:

**If by first class mail:**
Endo International plc Claims Processing Center
c/o Kroll Restructuring Administration LLC
Grand Central Station, PO Box 4850
New York, NY 10163-4850

**If by hand delivery, or overnight courier:**
Endo International plc Claims Processing Center
c/o Kroll Restructuring Administration LLC
850 3rd Avenue, Suite 412

Brooklyn, NY 11232

OR

United States Bankruptcy Court
Southern District of New York
One Bowling Green, Courtroom 723
New York, NY 10004-1408

(g)     A Proof of Claim shall be deemed timely filed only if it is actually received by the Clerk of the Bankruptcy Court or the Claims and Noticing Agent (i) at the applicable address listed above in subparagraph (e) or (ii) electronically through the Electronic Filing System on or before the applicable Bar Date.

(h)     Proofs of Claim sent by facsimile, telecopy, or electronic mail transmission (other than Proofs of Claim filed electronically through the Electronic Filing System) will not be accepted.

(i)     Any Proof of Claim asserting a Claim entitled to priority under section 503(b)(9) of the Bankruptcy Code also must: (i) include the value of the goods delivered to and received by the Debtors in the 20 days prior to the Petition Date; and (ii) attach any documentation identifying the particular invoices for which such Claim is being asserted.

(j)     If a creditor wishes to receive acknowledgement of the Claims and Noticing Agent's receipt of a Proof of Claim, the creditor also must submit to the Claims and Noticing Agent by the applicable Bar Date and concurrently with its original Proof of Claim (i) a copy of the original Proof of Claim and (ii) a self-addressed, stamped return envelope. Claimants who submit Proofs of Claim through the Claims and Noticing Agent's website interface will receive an electronic mail confirmation of such submission.

(k)     The following categories of claimants may file one or more consolidated Proof(s) of Claim as set forth below (each a "Consolidated Claim"):

    (i)     Any member of an ad hoc committee or ad hoc group that has filed verified statements pursuant to Bankruptcy Rule 2019 in these cases as of the date of the Bar Date Order on behalf of each and every member of the applicable ad hoc committee or ad hoc group, or any subgroup thereof, that elects to be included in the applicable Consolidated Claim, which Consolidated Claim may be filed by lead counsel for such ad hoc committee or ad hoc group and docketed against the lead case, *In re Endo International plc, et al.,* No. 22-22549 (JLG), without the need for further designation by such ad hoc committee or group or such counsel, *provided* that such Consolidated Claim has attached either (1) individual Proof of Claim Forms for each member, or (2) a spreadsheet or other form of documentation that lists each

14

member and provides individualized information that substantially conforms to information requested in the applicable Proof of Claim Form;

(ii)     Any individual or entity that holds an opioid claim and provides requisite authorization, reasonably acceptable to the Debtors and the OCC, to counsel for an ad hoc committee or ad hoc group (each, a "Consenting Claimant") to be included in a Consolidated Claim, which Consolidated Claim may be filed, amended, or modified by counsel for the applicable ad hoc committee or ad hoc group and docketed against the lead case, *In re Endo International plc, et al.,* No. 22-22549 (JLG), *provided* that such Consolidated Claim has attached either (1) individual Proof of Claim Forms for each member, or (2) a spreadsheet or other form of documentation that lists each member and provides individualized information that substantially conforms to information requested in the applicable Proof of Claim Form; and

(iii)    Any health plan, health insurer, health plan administrator, or other third party payor of relevant claims (each a "TPP"), on account of any or all plan sponsors, employer groups, or fully insured or self-funded programs administered by such TPP; *provided* that such Consolidated Claim must provide a spreadsheet or other form of documentation reasonably acceptable to the Debtors that lists the employer group or plan sponsor of each self-funded program administered by the TPP, the amount of such sponsor's Claim, and a description of the Claim basis;

and each Consolidated Claim shall be deemed filed as against each of the Debtors, as applicable, (x) identified in such Consolidated Claim (in the case of Claims asserted on the Non-Opioid Proof of Claim Form that do not relate to the Debtors' transvaginal mesh or ranitidine products), (y) that are defendants in prepetition litigation that relate to transvaginal mesh or ranitidine products (in the case of Claims asserted on the Non-Opioid Proof of Claim Form that relate to the Debtors' transvaginal mesh or ranitidine products) or (z) that are defendants in prepetition opioid-related litigation (in the case of Claims that are asserted on the Personal Injury Opioid Proof of Claim Form or the General Opioid Proof of Claim Form).

## THE DEBTORS' SCHEDULES AND ACCESS THERETO

The Debtors are enclosing one or more Proof of Claim Form(s) for use in these chapter 11 cases; if your Claim is scheduled by the Debtors, the form also sets forth the amount of your Claim as scheduled by the Debtors, the specific Debtor against which the Claim is scheduled, and whether the Claim is scheduled as disputed, contingent, or unliquidated.  You will receive a separate Proof of Claim Form for each Claim scheduled in your name by the Debtors.

## ADDITIONAL PROOF OF CLAIM

Forms may be obtained at the website established by the Claims and Noticing Agent, located at https://restructuring.ra.kroll.com/endo.

## RESERVATION OF RIGHTS

The Debtors retain the right to (a) dispute, or assert offsets or defenses against, any filed Claim or any Claim listed or reflected in the Schedules as to nature, amount, priority, liability, classification, or otherwise; (b) subsequently designate any Claim as disputed, contingent, or unliquidated; and (c) otherwise amend, modify, or supplement the Schedules.  Nothing contained in this Notice or the Bar Date Order shall preclude the Debtors from objecting to any Claim, whether scheduled or filed, on any grounds.

## ADDITIONAL INFORMATION

A copy of the Bar Date Order, Bar Date Notice, Proof of Claim Form, and the Debtors' Schedules may be obtained free of charge by contacting the Claims and Noticing Agent, in writing, at Endo International plc Claims Processing Center, c/o Kroll Restructuring Administration LLC, 850 3rd Avenue, Suite 412, Brooklyn, NY 11232, or online at https://restructuring.ra.kroll.com/endo, by clicking the tab marked "Submit a Claim."  The Bar Date Order can also be viewed on the Court's website at www.nysb.uscourts.gov, for a fee.  If you have questions concerning the filing or processing of claims, you may contact the Claims and Noticing Agent at (877) 542-1878 (toll free), (929) 284-1688 (local/international), or EndoInfo@kroll.com.

**PLEASE NOTE THAT THE CLAIMS AND NOTICING AGENT CANNOT PROVIDE LEGAL ADVICE, NOR CAN IT ADVISE YOU AS TO WHETHER YOU SHOULD FILE A PROOF OF CLAIM. A HOLDER OF A POSSIBLE CLAIM AGAINST THE DEBTORS SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM.**

Dated: [_____], 2022          BY ORDER OF THE COURT

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Paul D. Leake
Lisa Laukitis
Shana A. Elberg
Evan A. Hill
One Manhattan West
New York, New York 10001
Telephone: (212) 735-3000
Fax: (212) 735-2000

*Counsel for the Debtors*
*and Debtors in Possession*

## **EXHIBIT C-1**

**Personal Injury Opioid Proof of Claim Form**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re* | Chapter 11 |
| **ENDO INTERNATIONAL plc, *et al.*,** | **Case No. 22-22549 (JLG)** |
| **Debtors.** | **(Jointly Administered)** |

## Modified Form 410

# Personal Injury Opioid Proof of Claim Form          04/22
**(Including Parents and Guardians)**

**You may file your claim electronically at https://restructuring.ra.kroll.com/Endo/EPOC-Index via the link entitled "Submit a Claim." For questions regarding this Proof of Claim Form, please call Kroll Restructuring Administration LLC at (877) 542-1878 (toll free) or (929) 284-1688 (international) or visit https://restructuring.ra.kroll.com/Endo/EPOC-Index.**

**Read the instructions before filling out this form. This form is for individuals to assert an unsecured claim against the Debtors seeking damages based on actual or potential personal injury to the claimant or another (for example, deceased, incapacitated, or minor family member) related to the taking of <u>opioids</u> manufactured, marketed, and/or sold by the Debtors and/or the taking of another opioid for which you believe the Debtors are responsible for your damages.**

Creditor (also referred to as "<u>you</u>" throughout) shall provide information responsive to the questions set forth below. Creditors may include parents, foster parents, and guardians submitting claims on behalf of minors with Neonatal Abstinence Syndrome ("<u>NAS</u>").

All proofs of claim submitted on the Personal Injury Opioid Proof of Claim Form and any supporting documentation shall remain ***highly confidential*** and shall not be made available to the public. For the avoidance of doubt, ***all pages*** of the Personal Injury Opioid Proof of Claim Form and supporting documentation shall be treated as ***highly confidential*** and shall not be made publicly available.

<u>**Do not**</u> use this form to assert a non-personal injury claim against any of the Debtors based on or involving the manufacturing, marketing, and/or sale of opioids.  File such claim on the General Opioid Proof of Claim Form.  However, if you have a non-personal injury claim against the Debtors based on or involving the manufacturing, marketing, and/or sale of opioids, <u>in addition to</u> your claim based on personal injury, you may include information related to that claim on the Personal Injury Opioid Proof of Claim by completing Part 5 of this form in lieu of filing a separate General Opioid Proof of Claim Form.

<u>**Do not**</u> use this form to assert an unsecured claim against any of the Debtors seeking damages based on actual or potential personal injury to the claimant or another person (for example, deceased, incapacitated, or minor family member) related to the use of any non-opioid products manufactured, marketed, and/or sold by any of the Debtors (e.g., ranitidine and transvaginal mesh products).  Instead, you should file such claim on the Non-Opioid Proof of Claim Form.

<u>**Do not**</u> use this form to assert any other prepetition claims, such as secured claims, claims entitled to priority under 11 U.S.C. § 507(a) and general unsecured claims that are not based on an alleged personal injury relating to opioids.  Instead, you should file such claim on the Non-Opioid Proof of Claim Form.

**Fill in all the information about your claim as of August 16, 2022.**

This form should be completed to the best of your ability with the information available to you.  If you are unable to answer certain questions at this time, the absence of an answer, by itself, will not result in the denial of your claim, though you may be asked or required to provide additional information at a later date.  You may also amend or supplement your claim after it is filed.

<u>**Do not**</u> send original documents as they will not be returned, and they may be destroyed after scanning.

| Part 1: | Identify the Claim |
|---|---|

| 1. | **Who is the current creditor?** | |
|---|---|---|
| | | _____ |
| | | Name of the current creditor to be paid for this claim. |
| | | Other names the creditor used with the Debtors: |
| | | _____ |
| | | If your claim is based on personal injury to another (for example, a deceased, incapacitated, or minor family member), please provide the name of that other person (that is, the injured person).  If the injured person is a minor (under 18), please provide only the minor's initials: |
| | | _____ |
| | | If you are submitting a claim on behalf of another person, please provide your name and relationship to that person: |
| | | _____ |
| | | <u>If you are submitting a claim on behalf of a minor, are you the Legal Guardian?</u> |
| | | ☐ No.                                    ☐ Yes. |

| 2. | **What is the year of birth, gender, and last 4 digits of the social security number of the creditor (or injured person, if the claim is based on the personal injury of another)?** | Year of Birth: _____ |
|---|---|---|
| | | Gender:              ☐ Male              ☐ Female |
| | | Last 4 digits of Social Security Number (if available): XXX-XX-_____  _____  _____  _____ |

| 3. | **Where should notices and payments to the creditor be sent?**<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?** | **Where should payments to the creditor be sent?** (if different) |
|---|---|---|
| | | | _____ |
| | | | Name |
| | | _____ | _____ |
| | | Name | Number          Street |
| | | _____ | _____ |
| | | Number          Street | City                    State          ZIP Code |
| | | _____ | _____ |
| | | City                    State          ZIP Code | Contact phone |
| | | _____ | _____ |
| | | Contact phone | Contact email |
| | | _____ | |
| | | Contact email | |

| 4. | **Does this claim amend one already filed?** | ☐ No. |
|---|---|---|
| | | ☐ Yes.    Claim number on court claims registry (if known) _____ |
| | | Filed on: _____ <br> MM / DD / YYYY |

| 5. | **Do you know if anyone else has filed a proof of claim for this claim?** | ☐ No. |
|---|---|---|
| | | ☐ Yes.    Who made the earlier filing? _____ |

Personal Injury Opioid Proof of Claim Form

| **Part 2:** | **Attorney Information (Optional)** |
|---|---|

| 6. | **Are you represented by an attorney in this matter?**<br><br>You do not need an attorney to file this form. | ☐ No.<br><br>☐ Yes. If yes, please provide the following information:<br><br>_____<br>Law Firm Name<br><br>_____<br>Attorney Name<br><br>_____<br>Address<br><br>_____<br>City                                                State                                ZIP Code<br><br>_____<br>Contact phone                                Contact email |

| **Part 3:** | **Information About Opioid Personal Injury Claim as of August 16, 2022** |
|---|---|

| 7. | **How much is the claim?** | ☐ $_____  or   ☐ Unknown. |
|---|---|---|
| 8. | **Select all that apply.** | ☐ Creditor has been injured by use of an opioid.<br><br>☐ Creditor has a claim arising out of another person's use of an opioid. ***Please answer all questions in Part 4 as if that person (the injured person) is filling out the form.***<br><br>☐ Creditor is submitting a claim on behalf of a minor with NAS. ***Please answer all questions in Part 4 as if the birth mother of the minor is filling out the form (to the extent such information is available to you).*** |
| 9. | **Briefly describe the type of injury alleged from your use or another person's use of an opioid.**<br><br>Check as many boxes as are applicable.<br><br>Attach additional sheets if necessary | ☐ Death<br>☐ Overdose<br>☐ Addition/Dependence/Substance Use Disorder<br>☐ Lost Wages/Earning Capacity<br>☐ Loss of Consortium<br>☐ NAS related<br>    ☐ Learning Disability<br>    ☐ Spina Bifida<br>    ☐ Developmental Disability<br>    ☐ Heart Defects<br>    ☐ Congenital Defects or Malformations<br>☐ Expenses for Treatment<br>☐ Other (describe):_____<br>    _____ |

| 10. | **Describe your opioid-related personal injury claim.** | | |
|---|---|---|---|
| | Attach additional sheets if necessary. | | |
| | Do not describe your non-opioid related claim. Instead, you should file such claim on the Non-Opioid Proof of Claim Form. | | |
| | Do not describe your non-personal injury related opioid claim. Instead, you should file such claim on the General Opioid Proof of Claim Form or complete Part 5 below. | | |

| 11. | **If you did not check "unknown" in box 7, please identify and quantify each category of damages or monetary relief that you seek.  Check as many boxes as are applicable.** | ☐ | Compensatory:  $_____   or   ☐ Unknown. |
| | | | (for example, lost wages, pain and suffering, expenses not reimbursed, loss of consortium, etc.) |
| | | ☐ | Punitive:  $_____   or   ☐ Unknown. |
| | | ☐ | Other (describe): _____ |

| 12. | **Have you ever filed a lawsuit against the Debtors at any time?** | ☐ | No. |
| | | ☐ | Yes.  If yes, please provide the following information and attach supporting documentation: |
| | | | Case Caption:_____ |
| | | | Court and Case/Docket Number:_____ |
| | | | Attorney Information: |
| | | | _____ |
| | | | Law Firm Name |
| | | | _____ |
| | | | Attorney Name |
| | | | _____ |
| | | | Address |
| | | | _____ |
| | | | City                          State                     ZIP Code |
| | | | Contact phone: _____   Email: _____ |

Personal Injury Opioid Proof of Claim Form

| **Part 4:** | Information About Opioid Use |
|---|---|

If you have a claim arising out of another person's use of an opioid, please answer these questions as if the injured person is filling out the form.  If you are submitting a claim on behalf of a minor with NAS, please answer these questions as if the birth mother of the minor is filling out the form (to the extent such information is available to you).

**13.**  **Were you *prescribed or administered* a branded or generic opioid manufactured, marketed, and/or sold by Endo?**

☐ Unknown (select if you were prescribed a prescription opioid but do not know the specific medication).

☐ No.

☐ Yes. If yes, please provide the following information to the extent reasonably available: **Please identify the Endo brand name opioid(s) that you were prescribed or administered by a healthcare professional. Check as many medications as applicable.**

☐ Opana® Extended-Release Tablets CII        ☐ PERCOCET®

☐ Opana®

Other Name of Branded or Generic Opioid, if known: _____

**14.**  **Were you ever *prescribed or administered* any opioid (other than an Endo branded or generic opioid)?**

☐ Unknown (select if you were prescribed a prescription opioid but do not know the specific medication).

☐ No.

☐ Yes. If yes, please provide the following information to the extent reasonably available:

Branded or Generic Name, if known: _____

**15.**  **Did you file a proof of claim asserting an opioid-related personal injury claim in another jointly administered chapter 11 case?**

☐ No.

☐ Yes. *Check all that apply*:

☐ *In re Insys Therapeutics, Inc.,* Case No. 19-11292 (Bankr. D. Del. 2019)

☐ *In re Purdue Pharma L.P.,* Case No. 19-23649 (Bankr. S.D.N.Y. 2019)

☐ *In re Mallinckrodt plc,* Case No. 20-12522 (Bankr. D. Del. 2020)

| **Part 5:** | Other (Non-Personal Injury) Opioid-Related Claims |
|---|---|

**16.**  **Do you believe you have any other claims against the Debtors based on or involving the Debtors' production, marketing and sale of opioids that are not based on personal injury?**

☐ No.

☐ Yes.  If yes, please describe the nature of the claim(s) (Attach additional sheets if necessary).

_____

_____

_____

_____

**17.**  **How much is the claim?**    ☐ $_____ or  ☐ Unknown.

| **Part 6:** | Supporting Documentation |
|---|---|

**18.**  **Please provide the following supporting documentation if you would like to supplement this proof of claim. This is not required.**

Provide any documents supporting your claim, including but not limited to any complaint that you have filed against the Debtors, prescriptions, pharmacy records or statements showing prescriptions, diagnosis for NAS and/or NOWS or any records supporting your claims of damages.

| **Part 7:** | Sign Below |
|---|---|

Check the appropriate box:

☐    I am the creditor.

| | |
|---|---|
| **The person completing this proof of claim must sign and date it.** FRBP 9011(b).<br><br>If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.<br><br>**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**<br><br>18 U.S.C. §§ 152, 157, and 3571. | ☐    I am the creditor's attorney, guardian, kinship (or other authorized) caretaker, executor, or authorized agent.<br><br>☐    Other (describe): _____<br><br>I have examined the information in this *Opioid Proof of Claim* and have a reasonable belief that the information is true and correct.<br><br>I declare under penalty of perjury that the foregoing is true and correct.<br><br>Executed on date _____ (mm/dd/yyyy)<br><br>_____<br>        Signature<br><br>**Print the name of the person who is completing and signing this claim:** |

Name    _____
                 First name            Middle name                    Last name

Title    _____

Company    _____

Address    _____
                   Number        Street

              _____
                   City                                    State        ZIP Code

Contact
phone:    _____    Email:    _____

Personal Injury Opioid Proof of Claim Form

United States Bankruptcy Court

# Instructions for Personal Injury Opioid Proof of Claim Form

These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that Debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. *See* 18 U.S.C. §§ 152, 157 and 3571.

## HOW TO FILL OUT THIS FORM

- **Fill in all the information about your claim as of August 16, 2022.**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.**
  Attach redacted copies of any documents that show that the debt exists.

- **Do not attach original documents because they will not be returned and may be destroyed after scanning.**

- **A *Personal Injury Opioid Proof of Claim Form* and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **A parent, foster parent, or guardian may complete this *Personal Injury Opioid Proof of Claim Form* on behalf of a minor child if there is reason to believe that the birth mother may have taken opioid products manufactured, marketed, and /or sold by the Debtors.**

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent, 123 Main St., City, State*). See Bankruptcy Rule 9037.

- **The questions herein do not seek the discovery of information protected by the attorney-client privilege.**

- **Each question in this proof of claim form should be construed independently, unless otherwise noted.** No question should be construed by reference to any other question if the result is a limitation of the scope of the answer to such question.

- The words "and" and "or" should be construed as necessary to bring within the scope of the request all responses and information that might otherwise be construed to be outside its scope.

- **After reviewing this form and any supporting documentation submitted with this form, additional information and documentation may be requested.**

- **All Personal Injury Opioid Proof of Claim Forms and any supporting documentation submitted with the form claiming personal injury from the use of the Debtors' opioid products shall remain <u>highly confidential</u> and shall not be made available to the public. For the avoidance of doubt, *all pages* of the Personal Injury Opioid Proof of Claim Form and supporting documentation shall be treated as *highly confidential* and shall not be made publicly available.**

## CONFIRMATION THAT THE CLAIM HAS BEEN FILED

To receive confirmation that the claim has been filed, enclose a stamped self-addressed envelope and a copy of this form. You may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at https://restructuring.ra.kroll.com/Endo.

## UNDERSTAND THE TERMS USED IN THIS FORM

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. § 101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth.

**Opioids**: FDA-approved pain-reducing medications consisting of natural, synthetic, or semisynthetic chemicals that bind to opioid receptors in a patient's brain or body to produce an analgesic effect.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Secured claim under 11 U.S.C. § 506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of § 1325(a).

United States Bankruptcy Court

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## OFFERS TO PURCHASE A CLAIM

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtors. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtors. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

### PLEASE SEND COMPLETED PROOF(S) OF CLAIM TO:

**If by first class mail:**
Endo International plc Claims Processing Center
c/o Kroll Restructuring Administration LLC
Grand Central Station, PO Box 4850
New York, NY 10163-4850

**If by hand delivery, or overnight courier:**
Endo International plc Claims Processing Center
c/o Kroll Restructuring Administration LLC
850 3rd Avenue, Suite 412
Brooklyn, NY 11232

**You may also file your claim electronically at** https://restructuring.ra.kroll.com/Endo/EPOC-Index. **via the link entitled "Submit a Claim."**

| Do not file these instructions with your form |
| --- |

2243101-NYCSR03A - MSW

Personal Injury Opioid Proof of Claim Instructions

## **EXHIBIT C-2**

**General Opioid Proof of Claim Form**

United States Bankruptcy Court

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re* | **Chapter 11** |
| **ENDO INTERNATIONAL plc,** *et al.,* | **Case No. 22-22549 (JLG)** |
| **Debtors.** | **(Jointly Administered)** |

## Modified Form 410
# General Opioid Proof of Claim Form                                04/22

**You may file your claim electronically at https://restructuring.ra.kroll.com/Endo/EPOC-Index via the link entitled "Submit a Claim." For questions regarding this Proof of Claim Form, please call Kroll Restructuring Administration LLC at (877) 542-1878 (toll free) or (929) 284-1688 (international) or visit https://restructuring.ra.kroll.com/Endo/EPOC-Index.**

**Read the instructions before filling out this form. This form is for any person or entity, governmental unit, and/or Native American Tribe to assert a general unsecured claim against the Debtors related to any opioid products manufactured, marketed, and/or sold by the Debtors, excluding claims for personal injury.**

Creditor (also referred to as "you" throughout) shall provide information responsive to the questions set forth below.

**Do not** use this form to assert an unsecured claim against the Debtors seeking damages based on actual or potential personal injury to the claimant or another (for example, deceased, incapacitated, or minor family member) related to the taking of opioids manufactured, marketed, and/or sold by the Debtors and/or the taking of another opioid for which you believe the Debtors are responsible for your damages. Instead, you should file such claim on the Personal Injury Opioid Proof of Claim Form.

**Do not** use this form to assert any other prepetition claims, such as secured claims or claims entitled to priority under 11 U.S.C. § 507(a). File such claim on the Non-Opioid Proof of Claim Form. However, if you have a claim against the Debtors based on non-opioid-related injuries or harm, in addition to your claim based on or involving the Debtors' production, marketing and sale of opioids, you may include information related to that claim on this form by completing Part 4 of this form.

**Fill in all the information about your claim as of August 16, 2022.**

This form should be completed to the best of your ability with the information available to you. If you are unable to answer certain questions at this time, the absence of an answer, by itself, will not result in the denial of your claim, though you may be asked or required to provide additional information at a later date. You may also amend or supplement your claim after it is filed.

**Do not** send original documents as they will not be returned, and they may be destroyed after scanning.

United States Bankruptcy Court

| Part 1: | Identify the Claim |
|---------|--------------------|

| 1. | **Who is the current creditor?** | _____ |
|----|----|----|
| | | Name of the individual or entity to be paid for this claim. |
| | | Other names the creditor used with the Debtors:_____ |

| 2. | **Describe the creditor making the claim.** | ☐ Individual ☐ Native American Tribe ☐ Governmental Unit | ☐ Retirement or Pension Fund Administrator ☐ Pharmacy Benefit Manager ☐ Other (describe): _____ | ☐ Third Party Payor ☐ Hospital |
|----|----|----|----|----|

| 3. | **Has this claim been acquired from someone else or some other entity?** | ☐ No. ☐ Yes. From whom?_____ |
|----|----|----|

| 4. | **Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?** | **Where should payments to the creditor be sent?** (if different) |
|----|----|----|----|
| | | _____ Name | _____ Name |
| | | _____ Number      Street | _____ Number      Street |
| | | _____ City            State      ZIP Code | _____ City            State      ZIP Code |
| | | _____ Contact phone | _____ Contact phone |
| | | _____ Contact email | _____ Contact email |

| 5. | **Does this claim amend one already filed?** | ☐ No. ☐ Yes. Claim number on court claims registry (if known): _____ Filed on: _____ MM / DD / YYYY |
|----|----|----|

| 6. | **Do you know if anyone else has filed a proof of claim for this claim?** | ☐ No. ☐ Yes. Who made the earlier filing? _____ |
|----|----|----|

| Part 2: | Attorney Information (Optional) |
|---------|--------------------------------|

| 7. | **Are you represented by an attorney in this matter?** You do not need an attorney to file this form. | ☐ No. ☐ Yes. If yes, please provide the following information: _____ Law Firm Name _____ Attorney Name _____ Address |
|----|----|----|

General Opioid Proof of Claim

United States Bankruptcy Court

| City | State | ZIP Code |
|------|-------|----------|
| | | |

Contact phone                          Contact email

| **Part 3:** | **Information About Opioid Claim as of August 16, 2022** |
|---|---|

| 8. | **Do you have any number you use to identify the debtor?** | ☐ No   or |
| | | ☐ Yes.  Last 4 digits of the debtor's account or any number you use to identify the debtor: _ _ _ _ |

| 9. | **How much is the claim?** | ☐   $_____   or   ☐ Unknown. |

| 10. | **Describe your opioid-related claim and, if applicable, describe the citizens and entities that you represent in this claim. Please also identify each category of damages or monetary relief that you seek.**

Attach additional sheets if necessary.

Do not describe your non-opioid related personal injury claim.  Instead, you should file such claim on the Non-Opioid Proof of Claim Form.

Do not describe your opioid related personal injury claim. Instead, you should file such claim on the Personal Injury Opioid Proof of Claim Form. | _____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____ |

| 11. | **Have you ever filed a lawsuit against the Debtors at any time?** | ☐   No. |
| | | ☐   Yes.  If yes, please provide the following information and attach supporting documentation: |
| | | Case Caption:_____ |
| | | Court and Case/Docket Number:_____ |
| | | Attorney Information: |
| | | _____
Law Firm Name |
| | | _____
Attorney Name |
| | | _____
Address |

General Opioid Proof of Claim

United States Bankruptcy Court

| | City | State | ZIP Code |

Contact phone: _____  Email: _____

| 15. | Did you file a proof of claim asserting an opioid-related claim in another jointly administered chapter 11 case? | ☐ No<br>☐ Yes.  If yes, check all that apply:<br>   ☐ *In re Insys Therapeutics, Inc.*, Case No. 19-11292 (Bankr. D. Del. 2019)<br>   ☐ *In re Purdue Pharma L.P.*, Case No. 19-23649 (Bankr. S.D.N.Y. 2019)<br>   ☐ *In re Mallinckrodt plc*, Case No. 20-12522 (Bankr. D. Del. 2020) |

**Part 4:    Non-Opioid-Related Claims**

| 12. | Do you believe you have any claims against the Debtors based on <u>non-opioid-related</u> claims or harm? | ☐ No<br>☐ Yes.  If yes, please describe the nature of the claims(s) (attach additional sheets if necessary).<br><br>_____<br>_____<br>_____ |

| 13. | How much is the claim? | ☐  $_____  or  ☐ Unknown. |

**Part 5:    Supporting Documentation**

| 14. | Please provide the following supporting documentation if you would like (but you are not required) to supplement this proof of claim. | Provide any documents supporting your claim, including but not limited to any complaint, petition, information, or similar pleading filed in any civil or criminal proceeding involving the Debtors; and any records supporting your claim for damages.<br><br>Governmental units that have filed litigation against the Debtors that is part of the federal multidistrict litigation in Ohio, *In re National Opiate Litigation*, MDL No. 17-02804 (N.D. Ohio 2017) ("<u>Ohio MDL</u>"), and have submitted a Government Plaintiff Fact Sheet in connection with that proceeding, may rely on their Government Plaintiff Fact Sheet to complete these questions. |

General Opioid Proof of Claim

United States Bankruptcy Court

| Part 5: | Sign Below |
|---------|------------|

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**

**18 U.S.C. §§ 152, 157, and 3571.**

Check the appropriate box:

☐    I am the creditor.

☐    I am the creditor's attorney or authorized agent.

☐    I am the trustee, or the debtor, or their authorized agent.  Bankruptcy Rule 3004.

☐    I am a guarantor, surety, endorser, or other co-debtor.  Bankruptcy Rule 3005.

I understand that an authorized signature on this General Opioid Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this General Opioid Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date _____ (mm/dd/yyyy)

_____
        Signature

**Print the name of the person who is completing and signing this claim:**

Name _____
        First name                Middle name                Last name

Title _____

Company _____
        Identify the corporate servicer as the company if the authorized agent is a servicer.

Address _____
        Number        Street

_____
        City                        State        ZIP Code

General Opioid Proof of Claim

United States Bankruptcy Court

# Instructions for General Opioid Proof of Claim Form

These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that Debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.

> A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. *See* 18 U.S.C. §§ 152, 157 and 3571.

## HOW TO FILL OUT THIS FORM

- **Fill in all the information about your claim as of August 16, 2022.**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.** Attach redacted copies of any documents that show that the debt exists.

- **Do not attach original documents because they will not be returned and may be destroyed after scanning.**

- **A *General Opioid Proof of Claim Form* and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent, 123 Main St., City, State*). See Bankruptcy Rule 9037.

- **The questions herein do not seek the discovery of information protected by the attorney-client privilege.**

- **Each question in this proof of claim form should be construed independently, unless otherwise noted.** No question should be construed by reference to any other question if the result is a limitation of the scope of the answer to such question.

- The words "and" and "or" should be construed as necessary to bring within the scope of the request all responses and information that might otherwise be construed to be outside its scope.

- **After reviewing this form and any supporting documentation submitted with this form, additional information and documentation may be requested.**

## CONFIRMATION THAT THE CLAIM HAS BEEN FILED

To receive confirmation that the claim has been filed, enclose a stamped self-addressed envelope and a copy of this form. You may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at https://restructuring.ra.kroll.com/Endo.

## UNDERSTAND THE TERMS USED IN THIS FORM

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. § 101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth.

**Opioids:** FDA-approved pain-reducing medications consisting of natural, synthetic, or semisynthetic chemicals that bind to opioid receptors in a patient's brain or body to produce an analgesic effect.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Secured claim under 11 U.S.C. § 506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of § 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## OFFERS TO PURCHASE A CLAIM

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtors. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtors. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

## PLEASE SEND COMPLETED PROOF(S) OF CLAIM TO:

**If by first class mail:**
Endo International plc Claims Processing Center
c/o Kroll Restructuring Administration LLC
Grand Central Station, PO Box 4850
New York, NY 10163-4850

**If by hand delivery, or overnight courier:**
Endo International plc Claims Processing Center
c/o Kroll Restructuring Administration LLC
850 3rd Avenue, Suite 412
Brooklyn, NY 11232

**You may also file your claim electronically at** https://restructuring.ra.kroll.com/Endo/EPOC-Index. **via the link entitled "Submit a Claim."**

| Do not file these instructions with your form |
| --- |

2244371-NYCSR03A - MSW

# EXHIBIT C-3

## Non-Opioid Proof of Claim Form

## UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

**Fill in this information to identify the case (select only one Debtor per claim form):[1]**

| | | |
|---|---|---|
| ☐ Endo International plc (Case No. 22-22549) | ☐ Endo Global Biologics Limited (Case No. 22-22566) | ☐ Generics International (US) 2, Inc. (Case No. 22-22607) |
| ☐ 70 Maple Avenue, LLC (Case No. 22-22548) | ☐ Endo Global Development Limited (Case No. 22-22568) | ☐ Generics International (US), Inc. (Case No. 22-22554) |
| ☐ Actient Pharmaceuticals LLC (Case No. 22-22550) | ☐ Endo Global Finance LLC (Case No. 22-22570) | ☐ Generics International Ventures Enterprises LLC (Case No. 22-22609) |
| ☐ Actient Therapeutics LLC (Case No. 22-22588) | ☐ Endo Global Ventures (Case No. 22-22571) | ☐ Hawk Acquisition Ireland Limited (Case No. 22-22611) |
| ☐ Anchen Incorporated (Case No. 22-22552) | ☐ Endo Health Solutions Inc. (Case No. 22-22573) | ☐ Innoteq, Inc. (Case No. 22-22565) |
| ☐ Anchen Pharmaceuticals, Inc. (Case No. 22-22556) | ☐ Endo Innovation Valera, LLC (Case No. 22-22575) | ☐ JHP Acquisition, LLC (Case No. 22-22567) |
| ☐ Astora Women's Health Ireland Limited (Case No. 22-22591) | ☐ Endo Ireland Finance II Limited (Case No. 22-22577) | ☐ JHP Group Holdings, LLC (Case No. 22-22569) |
| ☐ Astora Women's Health, LLC (Case No. 22-22594) | ☐ Endo LLC (Case No. 22-22579) | ☐ Kali Laboratories 2, Inc. (Case No. 22-22612) |
| ☐ Auxilium International Holdings, LLC (Case No. 22-22596) | ☐ Endo Luxembourg Finance Company I S.à r.l. (Case No. 22-22581) | ☐ Kali Laboratories, LLC (Case No. 22-22572) |
| ☐ Auxilium Pharmaceuticals, LLC (Case No. 22-22598) | ☐ Endo Luxembourg Holding Company S.à r.l. (Case No. 22-22583) | ☐ Luxembourg Endo Specialty Pharmaceuticals Holding I S.à r.l. (Case No. 22-22614) |
| ☐ Auxilium US Holdings, LLC (Case No. 22-22601) | ☐ Endo Luxembourg International Financing S.à r.l. (Case No. 22-22585) | ☐ Moores Mill Properties L.L.C. (Case No. 22-22574) |
| ☐ Bermuda Acquisition Management Limited (Case No. 22-22603) | ☐ Endo Management Limited (Case No. 22-22587) | ☐ Paladin Labs Canadian Holding Inc. (Case No. 22-22616) |
| ☐ BioSpecifics Technologies LLC (Case No. 22-22605) | ☐ Endo Par Innovation Company, LLC (Case No. 22-22561) | ☐ Paladin Labs Inc. (Case No. 22-22617) |
| ☐ Branded Operations Holdings, Inc. (Case No. 22-22608) | ☐ Endo Pharmaceuticals Finance LLC (Case No. 22-22589) | ☐ Par Laboratories Europe, Ltd. (Case No. 22-22618) |
| ☐ DAVA International, LLC (Case No. 22-22610) | ☐ Endo Pharmaceuticals Inc. (Case No. 22-22590) | ☐ Par Pharmaceutical 2, Inc. (Case No. 22-22619) |
| ☐ DAVA Pharmaceuticals, LLC (Case No. 22-22558) | ☐ Endo Pharmaceuticals Solutions Inc. (Case No. 22-22592) | ☐ Par Pharmaceutical Companies, Inc. (Case No. 22-22576) |
| ☐ Endo Aesthetics LLC (Case No. 22-22613) | ☐ Endo Pharmaceuticals Valera Inc. (Case No. 2222593) | ☐ Par Pharmaceutical Holdings, Inc. (Case No. 22-22578) |
| ☐ Endo Bermuda Finance Limited (Case No. 22-22615) | ☐ Endo Procurement Operations Limited (Case No. 22-22595) | ☐ Par Pharmaceutical, Inc. (Case No. 22-22546) |
| ☐ Endo Designated Activity Company (Case No. 22-22551) | ☐ Endo TopFin Limited (Case No. 22-22597) | ☐ Par Sterile Products, LLC (Case No. 22-22580) |
| ☐ Endo Eurofin Unlimited Company (Case No. 22-22553) | ☐ Endo U.S. Inc. (Case No. 22-22599) | ☐ Par, LLC (Case No. 22-22582) |
| ☐ Endo Finance IV Unlimited Company (Case No. 22-22555) | ☐ Endo US Holdings Luxembourg I S.à r.l. (Case No. 22-22600) | ☐ Quartz Specialty Pharmaceuticals, LLC (Case No. 22-22584) |
| ☐ Endo Finance LLC (Case No. 22-22557) | ☐ Endo Ventures Aesthetics Limited (Case No. 22-22602) | ☐ Slate Pharmaceuticals, LLC (Case No. 22-22620) |
| ☐ Endo Finance Operations LLC (Case No. 22-22559) | ☐ Endo Ventures Bermuda Limited (Case No. 22-22604) | ☐ Timm Medical Holdings, LLC (Case No. 22-22621) |
| ☐ Endo Finco Inc. (Case No. 22-22560) | ☐ Endo Ventures Cyprus Limited (Case No. 22-22606) | ☐ Vintage Pharmaceuticals, LLC (Case No. 22-22586) |
| ☐ Endo Generics Holdings, Inc. (Case No. 22-22562) | ☐ Endo Ventures Limited (Case No. 22-22550) | |
| ☐ Endo Global Aesthetics Limited (Case No. 22-22564) | ☐ Generics Bidco I, LLC (Case No. 22-22563) | |

---

[1]    *Note*: If you are asserting a personal injury claim relating to the Debtors' transvaginal mesh or ranitidine products, you do not need to identify a case in this table.

Non-Opioid Proof of Claim Form

Modified Form 410

# Non-Opioid Proof of Claim Form                                                    04/22

**You may file your claim electronically at https://restructuring.ra.kroll.com/Endo/EPOC-Index via the link entitled "Submit a Claim."**

**For questions regarding this Proof of Claim Form, please call Kroll Restructuring Administration LLC at (877) 542-1878 (toll free) or (929) 284-1688 (international) or visit https://restructuring.ra.kroll.com/Endo/Home-SubmitInquiry.**

*Read the instructions at the end of this document before filling out this form*. **This form is for making a claim for payment in a bankruptcy case.**  Creditor (also referred to as "you" throughout) shall provide information responsive to the questions set forth below.  **Fill in all the information about your claim as of August 16, 2022.  Do not** send original documents; they may be destroyed after scanning.

*This form is for claimants to assert any claims against the Debtors other than any claim arising from or relating to the Debtors' manufacturing and sale of opioid products.*  For example, this form should be used to assert a (i) secured claim, (ii) claim entitled to priority under 11 U.S.C. § 507(a), and (iii) general unsecured claim that does not relate to opioids (such as any claim based on alleged personal injury to the claimant or another (for example, deceased, incapacitated, or minor family member) related to the use of any non-opioid products produced, marketed, and/or sold by any of the Debtors, e.g., ranitidine and transvaginal mesh products, or any claim related to the Debtors' funded unsecured debt or trade payables).

Do not use this form to assert an unsecured claim against the Debtors seeking damages based on actual or potential personal injury to the claimant or another (for example, deceased, incapacitated, or minor family member) related to the taking of opioids manufactured, marketed, and/or sold by the Debtors or the taking of another opioid for which you believe Endo is responsible for your damages. Instead, you should file such claim on the Personal Injury Opioid Proof of Claim Form.

Do not use this form to assert an unsecured claim against any of the Debtors seeking damages based on any non-personal injury claims (such as claims asserting financial or economic damages) arising from or relating to the Debtors' marketing and sale of opioids. Instead, you should file such claims on a General Opioid Proof of Claim Form.

Do not use this form to make a request for payment of an administrative expense, other than a claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9).  Make such a request according to 11 U.S.C. § 503.

All proofs of claim submitted on the Non-Opioid Proof of Claim Form and any supporting documentation submitted that are based on an alleged personal injury, including relating to the use of ranitidine and/or transvaginal mesh products produced by any of the Debtors, shall remain *highly confidential* and shall not be made available to the public. If you indicate that your proof of claim is based on alleged personal injury in Part 4 of the proof of claim form, all pages of the proof of claim and supporting documentation shall be treated as *highly confidential* and shall not be made publicly available.

*If you indicate in Part 4, Question 15 of the proof of claim form that your claim is related to the use of ranitidine and/or transvaginal mesh products,* you will not be required to select the name of a Debtor against which the personal injury claim is filed or the case number of such Debtor's bankruptcy case as set forth on the preceding page.  Further, this form should be completed to the best of your ability with the information available to you.  If you are unable to answer certain questions at this time, the absence of an answer, by itself, will not result in the denial of your claim, though you may be asked or required to provide additional information at a later date.  You may also amend or supplement your claim after it is filed. Please note that supporting documentation is requested in certain portions of the form.  Please provide the requested information to the best of your ability.  At your discretion, you may also provide additional information to supplement your claim in any manner available to you.

If your proof of claim is not based on alleged personal injury related to the use of ranitidine and/or transvaginal mesh products or you do not indicate in Part 4, Question 15 of the proof of claim form that your claim is related to the use of ranitidine and/or transvaginal mesh products, you must file separate proofs of claim against each Debtor and specify by name the Debtor against which the claim is filed and the case number of such Debtor's bankruptcy case.  If you have claims against more than one Debtor, you must file a separate proof of claim with respect to each such Debtor. Further, you must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements.  If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Non-Opioid Proof of Claim Form

| Part 1: | Identify the Claim |
|---|---|

| 1. | **Who is the current creditor?** | |
|---|---|---|
| | | _____<br>Name of the current creditor (the person or entity to be paid for this claim)<br><br>Other names the creditor used with the Debtor:<br><br>_____ |

| 2. | **Has this claim been acquired from someone else?** | ☐ No.<br><br>☐ Yes. From whom? _____ |
|---|---|---|

| 3. | **Where should notices and payments to the creditor be sent?**<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?**<br><br>_____<br>Name<br><br>_____<br>Number        Street<br><br>_____<br>City                State        ZIP Code<br><br>_____<br>Contact phone<br><br>_____<br>Contact email | **Where should payments to the creditor be sent?** (if different)<br><br>_____<br>Name<br><br>_____<br>Number        Street<br><br>_____<br>City                State        ZIP Code<br><br>_____<br>Contact phone<br><br>_____<br>Contact email |
|---|---|---|---|

| 4. | **Does this claim amend one already filed?** | ☐ No.<br><br>☐ Yes.   Claim number on court claims registry (if known) _____<br><br>Filed on: _____<br>               MM / DD / YYYY |
|---|---|---|

| 5. | **Do you know if anyone else has filed a proof of claim for this claim?** | ☐ No.<br><br>☐ Yes.  Who made the earlier filing?_____ |
|---|---|---|

Non-Opioid Proof of Claim Form

| Part 2: | Attorney Information (Optional) |
|---|---|

| 6. | **Are you represented by an attorney in this matter?** You do not need an attorney to file this form. | ☐ No. <br><br> ☐ Yes. If yes, please provide the following information: <br><br> _____ <br> Law Firm Name <br><br> _____ <br> Attorney Name <br><br> _____ <br> Address <br><br> _____ <br> City                                State                    ZIP Code <br><br> _____ <br> Contact phone            Contact email |

| Part 3: | Information About the Claim as of August 16, 2022 |
|---|---|

| 7. | **Do you have any number you use to identify the Debtor?** | ☐ No. <br><br> ☐ Yes. Last 4 digits of the Debtor's account or any number you use to identify the Debtor: <br><br> ____ ____ ____ ____ <br><br> ***If you indicate in Part 4, Question 15 of the proof of claim form that your claim is related to the use of ranitidine and/or transvaginal mesh products,** skip Question 7 as you do not have to specify by name the Debtor against which the personal injury claim is filed or the case number of such Debtor's bankruptcy case.* |
| 8. | **How much is the claim?** | $_____. **Does this amount include interest or other charges?** <br> ☐ No. <br><br> ☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
| 9. | **What is the basis of the claim?** <br><br> **If your claim is based on a non-opioid related personal injury, please respond to Question 17 instead of Question 9.** | Examples: Goods sold, money loaned, lease, services performed, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). <br><br> _____ |

Non-Opioid Proof of Claim Form

| 10. | **Is all or part of the claim secured?** | ☐ No. |
| | | ☐ Yes. The claim is secured by a lien on property. |
| | | **Nature of property:** |
| | | ☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*. |
| | | ☐ Motor vehicle |
| | | ☐ Other. Describe: _____ |
| | | **Basis for perfection:** _____ |
| | | Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.) |
| | | **Value of property:**              $_____ |
| | | **Amount of the claim that is secured:**              $____ |
| | | **Amount of the claim that is unsecured:**              $____ (The sum of the secured and unsecured amounts should match the amount stated in Question 8.) |
| | | **Amount necessary to cure any default as of the date of the petition:** $_____ |
| | | **Annual Interest Rate** (when case was filed) _____% |
| | | ☐ Fixed. ☐ Variable. |
| 11. | **Is this claim based on a lease?** | ☐ No. |
| | | ☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____ |
| 12. | **Is this claim subject to a right of setoff?** | ☐ No. |
| | | ☐ Yes.  Identify the property: _____ |

| 13. | **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** | . ☐ No. | |
| | A claim may be partly priority and partly nonpriority.  For example, in some categories, the law limits the amount entitled to priority | ☐ Yes.  *Check one:* | **Amount entitled to priority** |
| | | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | | ☐ Up to $3,350 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use.  11 U.S.C. § 507(a)(7). | $_____ |
| | | ☐ Wages, salaries, or commissions (up to $15,150) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | | ☐ Taxes or penalties owed to governmental units.  11 U.S.C. § 507(a)(8). | $_____ |
| | | ☐ Contributions to an employee benefit plan.  11 U.S.C. § 507(a)(5). | $_____ |
| | | ☐ Other.  Specify subsection of 11 U.S.C. § 507(a)(____) that applies. | $_____ |
| 14. | **Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?** | ☐ No. | |
| | | ☐ Yes.  **Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case(s), in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business.  Attach documentation supporting such claim.** | $_____ |

Non-Opioid Proof of Claim Form

| **Part 4:** | **Information About Non-Opioid Related Personal Injury Claim as August 16, 2022** |
|---|---|

| 15. | **Is your claim based on a non-opioid related personal injury of the creditor (or injured person, if the claim is based on the personal injury of another)?** | ☐ No. *(Skip Part 4)*<br><br>☐ Yes. *Check all that apply.*<br><br>    ☐ Claim arising out of the use of ranitidine.<br><br>    ☐ Claim arising out of the use of transvaginal mesh.<br><br>    ☐ Other (describe): _____ |
| 16. | **What is the year of birth, gender, and last 4 digits of the social security number of the creditor (or injured person, if the claim is based on the personal injury of another)?** | Year of Birth: _____<br><br>Gender:    ☐ Male    ☐ Female<br><br>Last 4 digits of Social Security Number (if available): XXX-XX-_____ _____ _____ _____<br><br>If claim is based on personal injury to another (for example, a deceased, incapacitated, or minor family member), please provide the name of that other person (that is, the injured person).  If the injured person is a minor (under 18), please provide only the minor's initials:<br><br>_____<br><br>If claim is being submitted on behalf of another person, please provide your name and relationship to that person:<br><br>_____<br><br>If you are submitting a claim on behalf of a minor, are you the Legal Guardian?<br><br>☐ No.    ☐ Yes. |
| 17. | **Describe the non-opioid related personal injury claim.** Attach additional sheets if necessary.<br><br>Do not describe your opioid-related personal injury claim. Instead, you should file such claim on the Personal Injury Opioid Proof of Claim Form.<br><br>Do not describe your non-personal injury related opioid claim. Instead, you should file such claim on the General Opioid Proof of Claim Form. | _____<br><br>_____<br><br>_____<br><br>_____<br><br>_____ |
| 18. | **Have you ever filed a lawsuit against the Debtor at any time?** | ☐ No.<br><br>☐ Yes.  If yes, please provide the following information and attach supporting documentation:<br><br>Case Caption:_____<br><br>Court and Case/Docket Number:_____<br><br>Attorney Information:<br><br>_____<br>Law Firm Name<br><br>_____<br>Attorney Name<br><br>_____<br>Address<br><br>_____<br>City                  State          ZIP Code<br><br>Contact phone: _____ Email: _____ |

7

| Part 5: | Sign Below |
|---------|------------|

**The person completing this proof of claim must sign and date it.**
FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
18 U.S.C. §§ 152, 157, and 3571

*Check the appropriate box:*

☐ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date _____ (mm/dd/yyyy)

_____
     Signature

**Print the name of the person who is completing and signing this claim:**

Name          _____
              First Name              Middle Name                Last Name

Title         _____

Company       _____
              Identify the corporate servicer as the company if the authorized agent is a servicer.

Address       _____
              Number        Street

              _____
              City                                State        Zip Code

Contact phone _____        Email  _____

Non-Opioid Proof of Claim Form

United States Bankruptcy Court

# Instructions for Non-Opioid Proof of Claim Form

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that Debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

> **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.** *See* 18 U.S.C. §§ 152, 157 and 3571.

## HOW TO FILL OUT THIS FORM

- **Fill in all the information about your claim as of August 16, 2022.**

- **Check the box for the Debtor against whom you are filing a claim**. If you have claims against more than one Debtor, you must file a separate proof of claim with respect to each such Debtor.

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.**
  Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents because they will not be returned and may be destroyed after scanning.**

- **A** *Non-Opioid Proof of Claim* **form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent, 123 Main St., City, State*). See Bankruptcy Rule 9037.

- **The questions herein do not seek the discovery of information protected by the attorney-client privilege.**

- **Each question in this proof of claim form should be construed independently, unless otherwise noted.** No question should be construed by reference to any other question if the result is a limitation of the scope of the answer to such question.

- The words "and" and "or" should be construed as necessary to bring within the scope of the request all responses and information that might otherwise be construed to be outside its scope.

- **After reviewing this form and any supporting documentation submitted with this form, additional information and documentation may be requested.**

- **All Non-Opioid Proof of Claim Forms and any supporting documentation submitted with the form claiming personal injury related to the use of any non-opioid products manufactured, marketed, and/or sold by the Debtors (e.g., ranitidine and transvaginal mesh products), shall remain *highly confidential* and shall not be made available to the public. If you indicate that your proof of claim is based on alleged personal injury in Part 4 of the Non-Opioid Proof of Claim Form, all pages of the Non-Opioid Proof of Claim Form and supporting documentation shall be treated as *highly confidential* and shall not be made publicly available.**

## CONFIRMATION THAT THE CLAIM HAS BEEN FILED

To receive confirmation that the claim has been filed, enclose a stamped self-addressed envelope and a copy of this form. You may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at https://restructuring.ra.kroll.com/Endo.

## UNDERSTAND THE TERMS USED IN THIS FORM

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Claim Pursuant to 11 U.S.C. § 503(b)(9):** A claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of the Debtor's business. Attach documentation supporting such claim.

United States Bankruptcy Court

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. § 101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth.

**Opioids**: FDA-approved pain-reducing medications consisting of natural, synthetic, or semisynthetic chemicals that bind to opioid receptors in a patient's brain or body to produce an analgesic effect.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. § 507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to privacy on the *Proof of Claim* form and any attached documents.

**Secured claim under 11 U.S.C. § 506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of § 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## OFFERS TO PURCHASE A CLAIM

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

## PLEASE SEND COMPLETED PROOF(S) OF CLAIM TO:

**If by first class mail:**
Endo International plc Claims Processing Center
c/o Kroll Restructuring Administration LLC
Grand Central Station, PO Box 4850
New York, NY 10163-4850

**If by hand delivery, or overnight courier:**
Endo International plc Claims Processing Center
c/o Kroll Restructuring Administration LLC
850 3rd Avenue, Suite 412
Brooklyn, NY 11232

**You may also file your claim electronically at** https://restructuring.ra.kroll.com/Endo/EPOC-Index. **via the link entitled "Submit a Claim."**

---

**Do not file these instructions with your form**

---