**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------X
:
In re: : Chapter 11
:
ENDO INTERNATIONAL plc, *et al.*,[1] : Case No. 22-22549 (JLG)
:
Debtors. : (Jointly Administered)
:
------------------------------------------------------------------ X   Related Dkt. No. 705

**STIPULATION AND ORDER PURSUANT TO**
**RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY**
**PROCEDURE BY AND BETWEEN THE DEBTORS AND THE**
**OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

The above-captioned Debtors and the Official Committee of Unsecured Creditors (the "**Committee,**" and together with the Debtors, the "**Parties**") hereby stipulate to entry of this Stipulation and Order authorizing the Committee to seek the production of documents from, and oral examination of, the Debtors pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

### A.  RECITALS

A.    On August 16, 2022 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under Chapter 11 (collectively, the "**Chapter 11 Cases**") in the United States Bankruptcy Court for the Southern District of New York.

B.    The Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered.

---

[1] The last four digits of Debtor Endo International plc's tax identification number are 3755. Due to the large number of debtors in these chapter 11 cases, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Endo. The location of the Debtors' service address for purposes of these chapter 11 cases is: 1400 Atwater Drive, Malvern, PA 19355.

C.  On September 2, 2022, the United States Trustee appointed the Committee [Dkt. No. 161].

D.  The Committee seeks to engage in an examination pursuant to Bankruptcy Rule 2004 concerning potential sources of value to fund distributions to unsecured creditors, and other efforts to understand the Debtors' past, present and projected financial affairs needed to evaluate the Debtors' businesses, and prospects for sale or reorganization.

E.  The Debtors have agreed, subject to the terms of this stipulation and order, to the Committee engaging in such a Rule 2004 examination.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between the Parties hereto, through their undersigned counsel that:

1.  The Committee is authorized pursuant to Bankruptcy Rule 2004 to conduct examinations of the Debtors relating to the following topics (the "**Rule 2004 Topics**"):

   a. The extent (if any) to which the prepetition secured parties have perfected liens on cash;

   b. The identity and value of the Debtors' unencumbered assets;

   c. Insider bonus and retention prepayments/executive compensation issues;

   d. Intercompany claims/recharacterization;

   e. The Debtors' business plans, financial affairs, valuation, and decision to sell substantially all of Debtors' assets pursuant to Bankruptcy Code § 363 (the "**363 Sale**");

   f. Tax-related issues (including prepetition tax matters and those that may relate to the 363 Sale);

   g. Prepetition M&A-style transactions, and prepetition debt or equity issuances, repurchases, exchanges and related transactions;

   h. Issues arising from a legal malpractice claim; and

        i.    Prepetition litigation and litigation settlements.[2]

        Provided, that the identification of the Rule 2004 Topics in this Paragraph 1 does not mean that each and every document request, deposition and deposition topic, or other manner of discovery relating to such Rule 2004 Topics is proper and/or authorized by this Order; and provided, further, that all of the Debtors' rights and objections to any Rule 2004 discovery and any other discovery relating to such Rule 2004 Topics are expressly preserved, except that the Committee is authorized by this Order to serve Rule 2004 discovery on the Rule 2004 Topics.

    2.    The Committee reserves the right to seek discovery concerning additional topics pursuant to Bankruptcy Rule 2004, and the Debtors reserve all rights to oppose the same. The Committee also reserves the right to obtain discovery from third parties, including pursuant to Bankruptcy Rule 2004, either by agreement or by Court order, and all parties' rights to object to such efforts are preserved.

    3.    The Committee is authorized, pursuant to Bankruptcy Rules 2004 and 9016, to serve document and deposition subpoenas to the Debtors (each, a "**Rule 2004 Examination Request**"), concerning the Rule 2004 Topics; and all of the Debtors' rights and objections to any such Rule 2004 Examination Requests are expressly preserved.

    4.    Any objections to a Rule 2004 Examination Request shall be served within five (5) business days of receipt of a Rule 2004 Examination Request. Objections may be served in any form or format, including by letter or email. To the extent that any such objections cannot be resolved by the parties, the Committee shall be entitled to seek relief from the Court on an

---

[2] The Committee expects that the Official Committee of Opioid Creditors (the "**OCC**") will lead the investigation relating to prepetition Opioid litigation and such settlements. Accordingly, to avoid duplication of efforts, the Committee has withdrawn without prejudice its own requests to the Debtors for specific documents related to such litigation, and has instead merely asked the Debtors to provide the Committee access to the documents produced to the OCC. The Debtors agree to provide such access.

expedited basis after providing written notice to the Debtors of the Committee's intent to seek such relief. In raising any dispute, the parties shall comply with ¶ 50 of the Case Management Order. Nothing in this Order is intended to, or shall, limit the Debtors' ability to seek relief from the Court for any purpose and on any time frame, or the Committee's ability to object to any such application.

5. The Debtors acknowledge receipt of the Committee's Request for Production of Documents dated November 1, 2022, which the parties agree shall constitute a Rule 2004 Examination Request. Subject to any objections thereto, the Debtors shall make best efforts to produce all documents requested in that Rule 2004 Examination Request by November 23, 2022. In addition, should the Committee serve any additional Rule 2004 Examination Request seeking the production of documents, subject to any objections thereto, the Debtors shall begin rolling productions of the requested documents not later than ten (10) business days after service of such Rule 2004 Examination Request. The Debtors shall also provide a good faith estimate of the date of completion for the production of documents no later than ten (10) business days after service of such Rule 2004 Examination Request. The parties will confer in good faith concerning the timing for completion of the production. If the parties are unable to reach an agreement concerning the timing for completion of the production, the parties shall be entitled to seek relief from the Court on an expedited basis after providing written notice of their intent to seek such relief. In raising any such request, the parties shall comply with ¶ 50 of the Case Management Order.

6. The Committee shall provide a minimum of fourteen (14) days' notice of a Rule 2004 Examination Request seeking an oral examination of any company representative. Subject to the Debtors' objections to such Rule 2004 Examination Request, the Debtors shall designate and produce such representative(s) for oral examination under oath by counsel for the Committee. The first sentence of this paragraph notwithstanding, the parties will confer concerning the date,

time, means, and location (including over remote means such as Zoom) for such oral examination in good faith, and, if the parties are unable to reach an agreement, any party may seek a conference with the Court in accordance with the procedures set forth in ¶ 50 of the Case Management Order.

7. The Debtors' responses and document productions to the Rule 2004 discovery requests contemplated by this Order are subject to all applicable privileges and immunities of any kind or nature, including but not limited to privileges and immunities provided under federal, state, bankruptcy, or other applicable rule or law. Upon request by the Committee, the parties will meet and confer concerning the need for and nature of any privilege log by the Debtors.

8. This Court retains jurisdiction over all matters arising from or related to implementing this Order.

Dated: November 17, 2022
      New York, New York

                    **KRAMER LEVIN NAFTALIS & FRANKEL LLP**

                    By: /s/ *Kenneth H. Eckstein*
                    Kenneth H. Eckstein
                    Amy Caton
                    Rachael L. Ringer
                    David E. Blabey, Jr.
                    Natan M. Hamerman
                    1177 Avenue of the Americas
                    New York, New York 10036
                    Telephone: (212) 715-9100

                    *Counsel to the Official Committee of Unsecured Creditors*

                    **SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**

                    By: */s/ Albert L. Hogan III*

                    Paul D. Leake
                    Lisa Laukitis
                    Shana A. Elberg
                    Albert L. Hogan III
                    Evan A. Hill
                    One Manhattan West
                    New York, New York 10001
                    Telephone: (212) 735-3000
                    Fax: (212) 735-2000

                    *Counsel for the Debtors*

Dated: December 1, 2022
      New York, New York

                    /s/ *James L. Garrity, Jr.*
                    United States Bankruptcy Judge
                    The Honorable James L. Garrity, Jr.