**Hearing Date: February 16, 2023 at 11:00 a.m. (ET)**
**Objection Deadline: February 9, 2023 at 4:00 p.m. (ET)**

YOUNG CONAWAY
STARGATT & TAYLOR, LLP
James L. Patton, Jr.
Robert S. Brady
Edwin J. Harron
Sean T. Greecher
Rockefeller Center
1270 Avenue of the Americas, Suite 2210
New York, New York 10020
Telephone: (212) 332-8840
Facsimile: (212) 332-8855

- and -

FRANKEL WYRON LLP
Richard H. Wyron
2101 L Street, NW, Suite 300
Washington, DC 20037
Telephone: (202) 367-9127

*Counsel to the Future Claimants' Representative*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re* | Chapter 11 |
| **ENDO INTERNATIONAL plc,** *et al.*, | Case No. 22-22549 (JLG) |
| Debtors.[1] | (Jointly Administered) |

**NOTICE OF HEARING ON THE FUTURE CLAIMANTS' REPRESENTATIVE'S**
**MOTION TO PRESERVE STANDING TO SEEK TO INTERVENE**

   **PLEASE TAKE NOTICE** that Roger Frankel, the legal representative for future claimants (the "Future Claimants' Representative" or "FCR"), hereby files the *Future Claimants' Representative's Motion to Preserve Standing to Seek to Intervene* (the "Motion").[2]

---

[1] The last four digits of Debtor Endo International plc's tax identification number are 3755. Due to the large number of debtors in these chapter 11 cases, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Endo. The location of the Debtors' service address for purposes of these chapter 11 cases is: 1400 Atwater Drive, Malvern, PA 19355.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

30061665.1

**PLEASE TAKE FURTHER NOTICE** that a hearing (the "Hearing") on the Motion will be held on **February 16, 2023 at 11:00 a.m. (Prevailing Eastern Time)** before the Honorable James L. Garrity, Jr., United States Bankruptcy Judge for the Southern District of New York, in the United States Bankruptcy Court for the Southern District of New York (the "Court"), Courtroom 723, One Bowling Green, New York, NY 10004-1408.

**PLEASE TAKE FURTHER NOTICE** that parties wishing to participate at the Hearing must make an electronic appearance through the "eCourtAppearances" tab on the Court's website: https://www.nysb.uscourts.gov/ecourtappearances, no later than **February 14, 2023 at 11:00 a.m. (Prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Motion or the relief requested therein must be made in writing, filed with the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004-1408, and served so as to be received by the undersigned counsel to the FCR and the following parties no later than **February 9, 2023 at 4:00 p.m. (Prevailing Eastern Time)**:

(a) the Chambers of the Honorable Judge James L. Garrity, Jr., United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004;

(b) the Debtors, c/o Endo International plc, 1400 Atwater Drive, Malvern, PA 19355 (Attn: Matthew Maletta, Esq. and Brian Morrissey, Esq.);

(c) counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, One Manhattan West, New York, New York 10001 (Attn: Paul D. Leake (paul.leake@skadden.com), Lisa Laukitis (lisa.laukitis@skadden.com), Shana A. Elberg (shana.elberg@skadden.com), and Evan A. Hill (evan.hill@skadden.com));

(d) the Office of the United States Trustee for Region 2, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: Paul Schwartzberg (paul.schwartzberg@usdoj.gov), Susan Arbeit (susan.arbeit@usdoj.gov), Andy Velez-Rivera (andy.velezrivera@usdoj.gov), and Tara Tiantian (tara.tiantian@usdoj.gov));

2

30061665.1

(e) Simpson Thacher & Bartlett LLP (Attn: Sandeep Qusba (squsba@stblaw.com)), attorneys for JPMorgan Chase Bank, N.A., administrative agent under the Debtors' first lien credit facility;

(f) ArentFox Schiff LLP (Attn: Beth M. Brownstein (beth.brownstein@afslaw.com), Andrew Silfen (andrew.silfen@afslaw.com), and Nicholas A. Marten (nicholas.marten@afslaw.com)), attorneys for Computershare Trust Company, N.A., indenture trustee under each of the Debtors' first lien secured notes;

(g) Wilmer Cutler Pickering Hale & Dorr LLP (Attn: Andrew Goldman (andrew.goldman@wilmerhale.com), and Benjamin Loveland (benjamin.loveland@wilmerhale.com), attorneys for Wilmington Savings Fund Society, FSB, indenture trustee under the Debtors' second lien secured notes;

(h) Kelley Drye & Warren LLP (Attn: James Carr (jcarr@kelleydrye.com), Eric Wilson (ewilson@kelleydrye.com), Pamela Bruzzese-Szczygiel (pbruzzese-szczygiel@kelleydrye.com), and Kristin Elliott (kelliott@kelleydrye.com)), attorneys for UMB Bank, N.A., indenture trustee under certain of the Debtors' unsecured notes;

(i) Seward & Kissel LLP (Attn: John Ashmead (ashmead@sewkis.com), Kalyan Das (das@sewkis.com), and Sagar Patel (patel@sewkis.com)), attorneys for U.S. Bank Trust Company, N.A., indenture trustee under certain of the Debtors' unsecured notes;

(j) Alston & Bird LLP (Attn: Antone Little (antone.little@alston.com)), attorneys for Wilmington Trust, N.A., collateral trustee for the Debtors' first lien credit facility and secured notes;

(k) Gibson, Dunn & Crutcher, 200 Park Avenue, New York, NY 10166 (Attn: Scott J. Greenberg (sgreenberg@gibsondunn.com), Michael J. Cohen (mcohen@gibsondunn.com), and Joshua K. Brody (jbrody@gibsondunn.com)), attorneys for the Ad Hoc First Lien Group (as defined in the First Day Declaration);

(l) Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, NY 10019 (Attn: Andrew N. Rosenberg (arosenberg@paulweiss.com), Alice B. Eaton (aeaton@paulweiss.com), Andrew Parlen (aparlen@paulweiss.com), and Alexander Woolverton (awoolverton@paulweiss.com)), attorneys for the Ad Hoc Cross-Holder Group (as defined in the First Day Declaration);

30061665.1

(m) Goodmans LLP, 3400-333 Bay Street, Toronto, Ontario, Canada, M5H 2S7 (Attn: Robert Chadwick (rchadwick@goodmans.ca) and Bradley Wiffen (bwiffen@goodmans.ca)), attorneys for Paladin Labs Inc. in its capacity as the Canadian Foreign Representative;

(n) Bennet Jones LLP, 3400-One First Canadian Place, P.O. Box 130, Toronto, Ontario, Canada, M5X 1A4 (Attn: Sean Zweig (zweigs@bennettjones.com) and Joshua Foster (fosterj@bennettjones.com)), attorneys for KSV Restructuring Inc. in its capacity as information officer in the Canadian Proceeding (as defined in the First Day Declaration);

(o) Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attn: Kenneth H. Eckstein (keckstein@kramerlevin.com), Amy Caton (acaton@kramerlevin.com), Rachael L. Ringer (rringer@kramerlevin.com), David E. Blabey, Jr. (dblabey@kramerlevin.com), and Megan Wasson (mwasson@kramerlevin.com)), as counsel to the Official Committee of Unsecured Creditors;

(p) Cooley LLP, 55 Hudson Yards, New York, NY 10001 (Attn: Cullen D. Speckhart (cspechart@cooley.com), Summer McKee (smckee@cooley.com), and Evan Lazerowitz (elazerowitz@cooley.com), as lead counsel to the Official Committee of Opioid Claimants;

(q) Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, NY 10036 (Attn: Arik Preis (apreis@akingump.com)), as co-counsel to the OCC;

(r) The United States Securities and Exchange Commission (Attn: Neal Jacobson (jacobsonn@sec.gov) and Patricia Schrage (schragep@sec.gov);

(s) the United States Department of Justice;

(t) the United States Attorney's office for the Southern District of New York, 86 Chambers Street, New York, NY 10007 (Attn: Lawrence H. Fogelman (LFogelman@usa.doj.gov) and Jean-David Barnea (JDBarnea@usa.doj.gov));

(u) Pillsbury Winthrop Shaw Pittman LLP, 31 West 52nd Street, New York, New York 10019 (Attn: Andrew M. Troop (andrew.troop@pillsburylaw.com), Hugh M. McDonald (hugh.mcdonald@pillsburylaw.com), and Andrew V. Alfano (andrew.alfano@pillsburylaw.com)), as counsel to the multi-state Endo executive committee;

(v) the attorneys general for all 50 states and the District of Columbia; and

   (w) the Internal Revenue Service;

**PLEASE TAKE FURTHER NOTICE** that a copy of the Motion along with its underlying exhibits can be viewed and/or obtained by: (i) accessing the Court's website at www.nysb.uscourts.gov, (ii) contacting the Court's Office of the Clerk, or (iii) on the website of the Debtors' claims and noticing agent, Kroll Restructuring Administration LLC, at https://restructuring.ra.kroll.com/Endo; or by contacting Kroll directly at (877) 542-1878 (toll free for callers within the United States and Canada) and (929) 284-1688 (for international callers).

**PLEASE TAKE FURTHER NOTICE** that if no objections to the approval of the Motion are timely filed and received in accordance with the above procedures, an order may be entered granting the relief requested in the Motion without further notice of a hearing.

*Remainder of page intentionally left blank*

| | |
|---|---|
| Dated: January 23, 2023<br>New York, New York | YOUNG CONAWAY STARGATT & TAYLOR, LLP<br><br>*/s/ Sean T. Greecher*<br>James L. Patton, Jr.<br>Robert S. Brady<br>Edwin J. Harron<br>Sean T. Greecher<br>Rockefeller Center<br>1270 Avenue of the Americas, Suite 2210<br>New York, New York 10020<br>Telephone: (212) 332-8840<br>Facsimile: (212) 332-8855<br>Email:  jpatton@ycst.com<br>  rbrady@ycst.com<br>  eharron@ycst.com<br>  sgreecher@ycst.com<br><br>- and -<br><br>FRANKEL WYRON LLP<br>Richard H. Wyron<br>2101 L Street, NW, Suite 300<br>Washington, DC 20037<br>Telephone: (202) 367-9127<br>Email:  rwyron@frankelwyron.com<br><br>*Counsel to the Future Claimants' Representative* |

Hearing Date: February 16, 2023 at 11:00 a.m. (ET)
Objection Deadline: February 9, 2023 at 4:00 p.m. (ET)

YOUNG CONAWAY STARGATT & TAYLOR, LLP
James L. Patton, Jr.
Robert S. Brady
Edwin J. Harron
Edmon L. Morton
Sean T. Greecher
Rockefeller Center
1270 Avenue of the Americas, Suite 2210
New York, New York 10020
Telephone: (212) 332-8840
Facsimile: (212) 332-8855

- and -

FRANKEL WYRON LLP
Richard H. Wyron
2101 L Street, NW, Suite 300
Washington, DC 20037
Telephone: (202) 367-9127
*Counsel to the Future Claimants' Representative*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re* | Chapter 11 |
| ENDO INTERNATIONAL plc, *et al.*, | Case No. 22-22549 (JLG) |
| Debtors.[1] | (Jointly Administered) |

**THE FUTURE CLAIMANTS' REPRESENTATIVE'S MOTION**
**TO PRESERVE STANDING TO SEEK TO INTERVENE**

---

[1] The last four digits of Debtor Endo International plc's tax identification number are 3755. Due to the large number of debtors in these chapter 11 cases, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Endo. The location of the Debtors' service address for purposes of these chapter 11 cases is: 1400 Atwater Drive, Malvern, PA 19355.

30047817.9

Roger Frankel, as the court-appointed legal representative (the "FCR") for Future Claimants (as defined below), by and through his undersigned counsel, hereby submits this motion (this "Motion") requesting entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), preserving the FCR's standing to seek to intervene in any actions, including adversary proceedings or contested matters, seeking to avoid, object to, or otherwise challenge (A) the validity, enforceability, extent, priority, or perfection of the mortgages, security interests, and liens of the Prepetition Secured Parties; (B) the validity, enforceability, allowability, priority, secured status, or amount of the Prepetition Secured Indebtedness; or (C) the findings, stipulations, admissions, or releases, or Debtors' Stipulations regarding such matters (any such claim, a "Challenge").[2] In support of this Motion, the FCR respectfully states as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (the "Amended Standing Order"). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. The statutory and legal predicates for the relief requested herein are sections 11 U.S.C. §§ 105, 1103, and 1109 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rule 24 of the Federal Rules of Civil Procedure (the "Rules"), Rule 7024 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Court's *Order (I) Appointing Roger Frankel as Future Claimants' Representative, Effective as of the Petition Date; and (II) Granting Related Relief* [Docket No. 318] (the "FCR Appointment Order"), and the

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Cash Collateral Order (defined below).

30047817.9

2

Court's *Amended Final Order (I) Authorizing Debtors to Use Cash Collateral; (II) Granting Adequate Protection to Prepetition Secured Parties; (III) Modifying Automatic Stay; and (IV) Granting Related Relief* [Docket No. 535] (the "Cash Collateral Order").

## BACKGROUND

### A.    General Background

3.    On August 16, 2022 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, commencing their chapter 11 cases (the "Chapter 11 Cases"). The Debtors remain in possession of their properties and continue to operate as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' cases are being jointly administered pursuant to Bankruptcy Rule 1015(b) and the *Order (I) Directing Joint Administration of the Chapter 11 Cases Pursuant to Bankruptcy Rule 1015(b); (II) Waiving the Requirements of Section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rule 2002(n); and (III) Granting Related Relief* [Docket No. 45] entered by the Court.

4.    On September 2, 2022, the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed an official committee of unsecured creditors [Docket No. 161] (the "UCC") and an official committee of opioid-related claimants [Docket No. 163] (the "OCC" and together with the UCC, the "Committees") pursuant to section 1102 of the Bankruptcy Code.

5.    Additional information regarding the Debtors is set forth in the *Declaration of Mark Bradley in Support of Chapter 11 Petitions and First Day Papers* [Docket No. 19] (the "First Day Declaration").

### B.    The Appointment & Role of the FCR

6.    On August 17, 2022, the Debtors filed a motion seeking entry of an order appointing Roger Frankel as the FCR in the Chapter 11 Cases, effective as of the Petition Date

30047817.9

3

[Docket No. 21] (the "FCR Appointment Motion"). Through the FCR Appointment Motion, the Debtors sought to have the FCR appointed to ensure that "[t]he Debtors' restructuring will ultimately address any personal injury claims against the Debtors based upon the Debtors' prepetition conduct, including, but not limited to, opioid-, mesh-, and ranitidine-related claims."[3] As the Debtors noted in the FCR Appointment Motion, and as other parties agreed,[4] certain individuals, because of the nature of their claims, may not be able to assert their claims and protect their interests in the Chapter 11 Cases (the "Future Claimants" and the claims held by such individuals, the "Future Claims"). *Id.* ¶ 13. The Future Claimants include individuals:

i. who assert one or more personal injury claims against a Debtor or a successor of the Debtors' businesses based on a Debtor's conduct either (x) before the effective date of the Debtors' plan of reorganization or liquidation or after such other date as the Court may determine (the "Effective Date") (as it relates to opioid products); or (y) before the Petition Date (as it relates to transvaginal mesh and ranitidine products);

ii. whose claims relate to opioid products, transvaginal mesh products, or ranitidine products; and

iii. who could not be compelled by virtue of any bar date order pursuant to Bankruptcy Rule 3003(c)(3) (whether or not any such order is issued in the Chapter 11 Cases) to assert such claims in the Chapter 11 Cases or otherwise be barred from asserting such claims under applicable law because, among other reasons, the claimant: (x) was unaware of the injury as of the Effective Date; (y) has a latent manifestation of the injury after the Effective Date; or (z) as of the Effective Date, was otherwise unable or incapable of asserting such claims.[5]

---

[3]  FCR Appointment Motion ¶ 12.

[4]  *See* U.S. Trustee's Objection to FCR Appointment Motion [Docket No. 186] at ¶10 ("Because Future Claimants, as defined in the Motion, may be unable to object to the sale, assert their claims and protect their interests in these chapter 11 cases, the FCR will play a critical role in this process. For those victims—who may not know they have claims against the Debtors for years or even decades after the sale is consummated—the sale of the Debtors' business may impact any right they may have to any recovery. The rights of the future claimants will be determined by a sale long before they become ill, and they will have no opportunity for involvement in this process.").

[5]  For the avoidance of doubt, if an individual could be required by virtue of any bar date order issued pursuant to Bankruptcy Rule 3003(c)(3) (whether or not any such order is issued in the Chapter 11 Cases) to assert its claims in the Chapter 11 Cases, or otherwise would be barred under applicable law from asserting such claims after the

30047817.9

4

7. The FCR was appointed[6] in these Chapter 11 Cases to serve as an advocate for the Future Claimants, who, based on their individual circumstances, are unable to participate in the Chapter 11 Cases. To that end, the Court granted the FCR "the powers and duties set forth in section 1103 of the Bankruptcy Code" with "standing under section 1109(b) of the Bankruptcy Code to be heard as a party-in-interest in all matters relating to the Chapter 11 Cases[.]"[7]

C. The Cash Collateral Order and Challenges

8. On October 27, 2022, the Court entered the Cash Collateral Order, which, among other things, set a period (the "Challenge Period") to assert Challenges to the Debtors' Prepetition Secured Indebtedness.[8] The Cash Collateral Order further provided, among other things, that if a party did not assert a Challenge prior to the expiration of the Challenge Period, any and all such Challenges by any such party would be deemed to be forever barred.

9. The FCR understands that the Committees intend to file Challenges to the Debtors' Prepetition Secured Indebtedness. The FCR does not intend to file his own Challenges but rather, for the sake of efficiency and judicial economy, will evaluate the Committees' Challenges and may seek to intervene, pursuant to Rule 24, in any Challenges that they commence. While the Cash Collateral Order does not appear to address the FCR's potential intervener status with respect to any Challenges commenced by the Committees, for the reasons set forth below, the FCR has filed the instant Motion out of an abundance of caution to ensure that such rights are timely preserved.

---

passing of the applicable deadlines for asserting such claims in the Chapter 11 Cases, then such individual is not a Future Claimant.

[6] The Court entered the FCR Appointment Order on September 30, 2022.

[7] FCR Appointment Order ¶ 6.

[8] Cash Collateral Order ¶ 19(a). The Challenge Period was subsequently extended to January 23, 2023.

30047817.9

5

**RELIEF REQUESTED AND BASIS THEREFOR**

10. The FCR respectfully requests that the Court enter the Proposed Order, preserving his standing to seek to intervene in any Challenges pursuant to Rule 24, as made applicable by Bankruptcy Rule 7024. The FCR will move for such intervention at the appropriate time, and he does not believe that anything in the Cash Collateral prevents him from doing so. The FCR nevertheless files this Motion out of an abundance of caution to ensure that nothing in the Cash Collateral Order is deemed to deny him standing to seek to intervene in any Challenges.

11. As explained above, the FCR represents the unique and particularized interests of individuals who, because of the nature of their claims, may not be able to assert their claims and protect their interests in the Chapter 11 Cases. For the sake of efficiency and cost, the FCR determined that the Committees should take the lead in investigating the Prepetition Secured Indebtedness and any alleged liens related thereto. Nevertheless, the FCR and his professionals have engaged with the Committees and their professionals and have been apprised of the types of Challenges the Committees intend to file. For example, the FCR has received a presentation from the UCC about the Challenges it intends to commence. However, as of the filing of this Motion, the Challenges have not yet been filed, nor has the FCR seen drafts of any Challenge complaints that the Committees may file.

12. On its face, the Cash Collateral Order does not address intervention or other related rights relative to any potential Challenges. Rather, the Cash Collateral Order provides:

> [T]he stipulations, admissions, and waivers contained in [the Cash Collateral Order] . . . shall be binding upon all parties in interest . . . unless and to the extent that a party in interest with proper standing granted by order of the Court (or other court of competent jurisdiction) has timely and properly filed an adversary proceeding or contested matter under the Bankruptcy Rules . . . *provided, further,* that either Committee and/or the FCR may file a standing motion seeking to commence any Challenge and an adversary proceeding seeking to prosecute such Challenge in parallel without

30047817.9

6

> having to first obtain standing to pursue such adversary proceeding . . . .[9]

As such, the procedure under the Cash Collateral Order would appear to be that a potential challenger must, prior to the end of the Challenge Period, seek to obtain standing to pursue a Challenge essentially in the shoes of the Debtors and then also commence an adversary proceeding (or some other vehicle) to initiate the actual Challenge. The FCR merely intends to assert his standing to intervene, if he determines it is appropriate to do so after reviewing any complaints filed, and not to initiate his own separate Challenge on behalf of the Debtors.

13. While the FCR is supportive of the Committees being granted standing to bring Challenges likely to be commenced, as they generally inure to the benefit of unsecured creditors as a whole, the particularized nature of the claimants represented by the FCR gives rise to a stake in the outcome of the Challenges that is inherently distinct from the Committees. Under the circumstances, the FCR believes preserving his right to seek intervention under Rule 24 is the more appropriate tool than bringing an additional duplicative Challenge. The FCR has an absolute right under Rule 24(a)(1)-(2) to intervene in the Challenges if (1) a federal statue gives him an unconditional right to intervene or (2) disposing of the Challenges would impair or impede the FCR's ability to protect Future Claimants' interest in the Debtors' unencumbered assets and existing parties to the Challenges would not adequately represent that interest. Permitting the FCR's intervention is mandatory if either prong is met. Moreover, Rule 24(b) authorizes the Court to permit the FCR to intervene if he "has a claim or defense that shares with the main action a common question of law or fact."

---

[9] *Id.*

14. As the FCR will demonstrate (if necessary) when he seeks to intervene, his intervention easily meets the standards for either mandatory or permissive intervention under Rule 24. The FCR Appointment Order explicitly granted the FCR "standing under section 1109(b) of the Bankruptcy Code to be heard as a party-in-interest in all matters relating to the Chapter 11 Cases."[10] And, although Future Claimants' interests may often be aligned with current claimants, it is only the FCR who can provide the "vigorous and faithful vicarious representation" that ameliorates the due-process concerns associated with the unknown and asymptomatic individuals whose rights to compensation will be affected by the outcome of the Challenges.[11] Without independent representation, Future Claimants risk receiving less favorable treatment than current claimants in any potential resolution of the Challenges, which implicate hundreds of millions of dollars in potential recovery.[12] Indeed, it is the unknown Future Claimants who bear the greatest risks in proceedings such as these. Given these unique concerns pertaining to this subset of creditors who otherwise share the common goal of maximizing recovery, utilizing intervention under Rule 24 is the appropriate mechanism here.

15. Although the Cash Collateral Order is clear that standing motions and Challenges would have to be filed by January 20, 2023 (which has since been extended to January 23, 2023), it does not speak to the rights of parties to intervene once a Challenge has been initiated. To the extent that any additional standing must be independently obtained pursuant to the terms of the Cash Collateral Order in order for the FCR to fulfill his role and preserve his rights to advocate

---

[10] FCR Appointment Order ¶ 6.

[11] *See Ivy v. Diamond Shamrock Chems. Co. (In re Agent Orange Prod. Liab. Litig.)*, 996 F.2d 1425, 1435 (2d Cir. 1993), *abrogated on other grounds by Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 31, 123 S. Ct. 366, 369, 154 L. Ed. 2d 368 (2002).

[12] *See In re Combustion Eng'g, Inc.*, 391 F.3d 190, 242 (3d Cir. 2004) (recounting how future claimants received "demonstrably unequal" treatment under deal struck before appointment of future claimants' representative).

30047817.9

8

on behalf of the Future Claimants with respect to the subject matter of the Challenges, the FCR is filing this Motion out of an abundance of caution.

## CONCLUSION

16.   For the reasons set forth above, the FCR respectfully requests that the Court enter the Proposed Order and grant such other and further relief as the Court may deem just and proper.

| | |
|---|---|
| Dated: January 23, 2023<br>New York, New York | YOUNG CONAWAY STARGATT & TAYLOR, LLP<br><br>*/s/ Sean T. Greecher*<br>James L. Patton, Jr.<br>Robert S. Brady<br>Edwin J. Harron<br>Edmon L. Morton<br>Sean T. Greecher<br>Rockefeller Center<br>1270 Avenue of the Americas, Suite 2210<br>New York, New York 10020<br>Telephone: (212) 332-8840<br>Facsimile: (212) 332-8855<br>Email: jpatton@ycst.com<br>          rbrady@ycst.com<br>          eharron@ycst.com<br>          emorton@ycst.com<br>          sgreecher@ycst.com<br><br>- and -<br><br>FRANKEL WYRON LLP<br>Richard H. Wyron<br>2101 L Street, NW, Suite 300<br>Washington, DC 20037<br>Telephone: (202) 367-9127<br>Email: rwyron@frankelwyron.com<br><br>*Counsel to the Future Claimants' Representative* |