UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In re* <br><br> **ENDO INTERNATIONAL plc,** *et at.,* <br><br> Debtors[1] | Chapter 11 <br><br> Case No. 22-22549 (JLG) <br><br> (Jointly Administered) <br><br> Re: Docket Nos. 2568, 2656 |

**ORDER GRANTING DEBTORS' MOTION FOR ORDER PURSUANT TO
BANKRUPTCY CODE SECTIONS 105 AND 365 AND
BANKRUPTCY RULE 9019 APPROVING ENTRY INTO
A SETTLEMENT AGREEMENT WITH CURIA NEW MEXICO, LLC**

Upon the motion (the "Motion") of Endo International plc and its debtor affiliates, as debtors and debtors in possession (collectively, the "Debtors" and, together with their non-debtor affiliates, the "Company") for an order in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), under sections 105 and 365 of title 11 of the United States Code (the "Bankruptcy Code"), and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing, but not directing, the Debtors to enter into that certain Settlement Agreement and Release of Claims (the "Settlement Agreement"), by and among the Debtors, including Debtor Endo Ventures Limited ("EVL"), and Curia New Mexico, LLC ("Curia"); and upon the Declaration of Mark Bradley in Support of the Motion (the "Company Declaration"); and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be provided; **and a Certificate of No Objection**

---

[1] The last four digits of Debtor Endo International plc's tax identification number are 3755. Due to the large number of debtors in these chapter 11 cases, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Endo. The location of the Debtors' service address for purposes of these chapter 11 cases is: 1400 Atwater Drive, Malvern, PA 19355.

**having been filed on August 24, 2023; [JLG]** and it appearing that the relief requested by the Motion is in the best interests of the Debtors, their creditors, their stakeholders, and other parties in interest; and after due deliberation thereon, and sufficient cause appearing therefor, it is hereby,

**ORDERED, ADJUDGED AND DECREED that:**

1. The Motion is **GRANTED** to the extent set forth herein.

2. The Debtors are authorized to enter into and perform under the Settlement Agreement pursuant to sections 105 and 365 of the Bankruptcy Code and Bankruptcy Rule 9019.

3. Any settlement or compromise by the Debtors contained within the Settlement Agreement annexed hereto as **Exhibit 1** is approved under Bankruptcy Rule 9019.

4. The Settlement Agreement was negotiated at arm's-length and in good faith, and at all times each of the Debtors and Curia was represented by competent counsel of their choosing. The consideration provided by each party pursuant to the Settlement Agreement is fair and reasonable. Each of EVL and Curia have received reasonably equivalent value in entering into and performing under the Settlement Agreement. Entry into the Settlement Agreement is not the result of fraud or collusion.

5. Subject to the challenge provisions set forth in the Cash Collateral Order, as may have been modified by the *Stipulation Among the Debtors, Official Committee of Unsecured Creditors, Official Committee of Opioid Claimants, and Ad Hoc First Lien Group Regarding Resolution of Joint Standing Motion and Related Matter* [Docket No. 1505] and any exhibits thereto, the Debtors' rights under the Agreements are subject to the Prepetition Liens (as defined in the Cash Collateral Order[1]) of the Prepetition Secured Parties (as defined in the Cash Collateral

---

[1] "Cash Collateral Order" means the Amended Final Order (I) Authorizing Debtors to Use Cash Collateral; (II) Granting Adequate Protection to Prepetition Secured Parties; (III) Modifying Automatic Stay; and (IV) Granting Related Relief [Docket No. 535].

Order) and the amounts to be paid thereunder pursuant to the Settlement Agreement constitute the cash collateral (as defined under section 363(a) of the Bankruptcy Code) of the Prepetition Secured Parties, and the Debtors shall hold and use such cash collateral subject to the requirements imposed on the Debtors under the Cash Collateral Order and any other, further or final, order regarding the use of cash collateral and the applicable budget in force in connection therewith, approved by the Court in these Chapter 11 Cases.

6. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry hereof.

7. The requirements set forth in Local Bankruptcy Rule 9013-1(b) are satisfied by the contents of the Motion.

8. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

9. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated:  September 7, 2023
        New York, New York

/s/ *James L. Garrity, Jr.*
THE HONORABLE JAMES L. GARRITY, JR
U.S. BANKRUPTCY JUDGE