**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re* | **Chapter 11** |
| **ENDO INTERNATIONAL plc,** *et al.*, | **Case No. 22-22549 (JLG)** |
| **Debtors.**[1] | **(Jointly Administered)** |
| | **Related Docket Nos. 3357, 3535, 3536, 3538 & 3548** |

**ORDER (I) SCHEDULING A COMBINED HEARING
FOR APPROVAL OF THE DISCLOSURE STATEMENT
AND CONFIRMATION OF THE PLAN; (II) CONDITIONALLY
APPROVING THE ADEQUACY OF THE DISCLOSURE STATEMENT;
(III) APPROVING (A) PROCEDURES FOR SOLICITATION, (B) FORMS OF
BALLOTS AND NOTICES, (C) PROCEDURES FOR TABULATION OF VOTES, AND
(D) PROCEDURES FOR OBJECTIONS; AND (IV) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the Debtors for entry of an order (this "Order")

pursuant to sections 105, 363, 365, 1125, 1126, and 1128 of the Bankruptcy Code, Bankruptcy

Rules 2002, 3016, 3017, 3018, 3020, and 9006 and Local Rules 3017-1, 3018-1, and 3020-1

(a) conditionally approving the Second Amended *Disclosure Statement With Respect to the Second*

*Amended Joint Chapter 11 Plan of Reorganization of Endo International plc and Its Affiliated*

*Debtors* [Docket No.3548] (the "Disclosure Statement")[3]; (b) scheduling a combined hearing

(the "Combined Hearing") for the final approval of the Disclosure Statement and confirmation of

---

[1]   The last four digits of Debtor Endo International plc's tax identification number are 3755.  Due to the large number of debtors in these chapter 11 cases, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' Solicitation Agent at https://restructuring.ra.kroll.com/Endo.  The location of the Debtors' service address for purposes of these chapter 11 cases is: 1400 Atwater Dr, Malvern PA 19355.

[2]   Capitalized terms used but not otherwise defined herein shall have the meaning set forth in the Motion, the Disclosure Statement, or the Plan, as applicable.

[3]   Dates related to the Scheme (as defined below) in the Disclosure Statement and exhibits attached to this Order will be updated in the versions included in the Solicitation Packages once approved by the High Court of Ireland.

the *Second Amended Joint Chapter 11 Plan of Reorganization of Endo International plc and Its Affiliated Debtors* [Docket No. 3535] (as may be amended from time to time, the "<u>Plan</u>") and approving the manner and forms of notice of the Combined Hearing; (c) approving (i) the Solicitation and Voting Procedures; (ii) the forms of Ballots; (iii) the form and methods of distributing the Solicitation Packages and finding that such materials comply with Bankruptcy Rules 3017(d) and 2002(b); (iv) the forms of Notices of Non-Voting Status; (v) the form of Solicitation Cover Letter; (vi) the form and manner of notice of the Publication Notice; (vii) the Plan Assumption and Assignment Procedures; and (viii) the forms of Assumption Notice and Rejection Notice; (d) establishing the dates and deadlines provided in the Confirmation Timeline; and (e) granting related relief, all as more fully described in the Motion and set forth in this Order; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties-in-interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "<u>Hearing</u>"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1. The Motion is granted as provided herein.

**I.     Conditional Approval of the Disclosure Statement.**

2. The Disclosure Statement is hereby conditionally approved as providing holders of Claims entitled to vote on the Plan with adequate information to make an informed decision as to whether to vote to accept or reject the Plan in accordance with section 1125(a)(1) of the Bankruptcy Code.

3. The Disclosure Statement (including all applicable exhibits thereto) provides holders of Claims or Interests, and other parties-in-interest with sufficient notice of the injunction, exculpation, and release provisions contained in Article X of the Plan, in satisfaction of the requirements of Bankruptcy Rule 3016(c).

4. The Debtors' request for a Combined Hearing on the final approval of the Disclosure Statement and Confirmation of the Plan, and the dates and deadlines in the Confirmation Timeline provided herein, are approved.

**II.    Approval of the Notice of the Combined Hearing.**

5. The Combined Hearing Notice, substantially in the form attached hereto as **Exhibit 11**, and the Condensed Combined Hearing Notice (in the forms included in the Solicitation Cover Letter and each of the Notices of Non-Voting Status), each of which, as filed by the Debtors and served upon all known creditors, holders of interest, and parties-in-interest in these Chapter 11 Cases, including the Combined Hearing Notice Parties, by no later than the Solicitation Deadline, constitute adequate and sufficient notice of (a) the hearing to consider final approval of the Disclosure Statement and Confirmation of the Plan, (b) the manner in which a copy of the Plan and Disclosure Statement can be obtained, (c) the time fixed for filing objections thereto, in satisfaction of the requirements of the applicable provisions of the Bankruptcy Code, the

Bankruptcy Rules, and the Local Rules, and (d) the release, exculpation, and injunction provisions contained in the Plan in satisfaction of Bankruptcy Rule 3016(c).

6.   The Debtors shall submit the Publication Notice, substantially in the form attached hereto as **Exhibit 12**, for publication in each of (a) *The New York Times* (National Edition and International Edition), (b) the *Wall Street Journal*, (c) *The Times*, (d) *The Globe and Mail* (National Canadian Edition), (e) *The Financial Times* (UK Edition and International Edition), (f) *The Irish Times*, and (g) *The Irish Independent* by the Publication Deadline or as soon as reasonably practicable thereafter. The Combined Hearing Notice, Condensed Combined Hearing Notice, and the Publication Notice are hereby approved and comply with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

**III.   Approval of the Materials and Timeline for Soliciting Votes and Confirming the Plan.**

    **A.   Approval of Key Dates and Deadlines with Respect to Confirmation of the Plan and Final Approval of the Disclosure Statement.**

7.   The following dates are hereby established with respect to Confirmation of the Plan and the final approval of the Disclosure Statement:

| Event | Date |
| --- | --- |
| Voting Record Date | January 2, 2024 |
| Conditional Disclosure Statement Hearing | January 9, 2024 at 3:00 p.m. (prevailing Eastern Time) |
| Solicitation Directive Deadline | December 22, 2023 or January 3, 2024, as applicable[4] |
| Solicitation Deadline | January 25, 2024, or as soon as reasonably practicable thereafter |

---

[4]   Following the original service of the Solicitation Directive, the Solicitation Agent completed a supplemental mailing of the Solicitation Directive to additional Firms that were not included in the original service. These additional Firms were given until January 3, 2024, to complete and submit the Solicitation Directive.

| Event | Date |
|---|---|
| Publication Deadline | January 25, 2024 |
| Adequate Assurance/Contract Rejection Objection Deadline | February 9, 2024 at 4:00 p.m. (prevailing Eastern Time) |
| Deadline to Object to Claims for Voting Purposes | February 14, 2024 at 4:00 p.m. (prevailing Eastern Time) |
| Plan Supplement Filing Deadline | February 15, 2024 |
| Rule 3018(a) Motion Filing Deadline | February 22, 2024 at 4:00 p.m. (prevailing Eastern Time) |
| Voting Deadline | February 22, 2024 at 4:00 p.m. (prevailing Eastern Time) |
| Plan and Disclosure Statement Objection Deadline | February 22, 2024 at 4:00 p.m. (prevailing Eastern Time) |
| Deadline to Object to Rule 3018(a) Motion | March 7, 2024 at 4:00 p.m. (prevailing Eastern Time) |
| Deadline to File Voting Report | March 7, 2024 at 4:00 p.m. (prevailing Eastern Time) |
| Deadline to File the Confirmation Brief and Omnibus Reply to Plan and Disclosure Statement Objections | March 7, 2024 at 12:00 p.m. (prevailing Eastern Time) |
| Combined Hearing Date | March 19, 2024, at 10:00 a.m. (prevailing Eastern Time), subject to the Court's availability |

The Combined Hearing Date and deadlines related thereto may be continued from time to time by the Court or the Debtors without further notice to parties-in-interest other than the announcement of such adjournments in open Court and/or filing notice of such adjournments with the Court and serving such adjournment notices on the Master Service List.

**B.      Approval of the Form of, and Distribution of, Solicitation Packages.**

8.      The form, content, and method of distribution of each of the Solicitation Packages, the Ballots, and the Solicitation Cover Letter are approved.

9.      In accordance with Bankruptcy Rule 3017(d), the Solicitation Packages shall contain:

>   (a)      ***Voting Classes.***   With respect to holders of Claims in the Voting Classes (but subject to exceptions to the form of service for holders of Claims pursuant to the Non-Notes Master Ballot Solicitation Procedures or the Notes Master Ballot Solicitation Procedures described below) the following materials will constitute the Solicitation Package:
>
>   >   (i)      The Solicitation Cover Letter, substantially in the form attached as **Exhibit 9** to the Proposed Order, which will (1) urge the holders of Claims in each of the Voting Classes to vote to accept the Plan and, if applicable, the Scheme (as defined below), (2) provide the Condensed Combined Hearing Notice, (3) provide certain information regarding the Scheme, and (4) provide instructions for accessing the following solicitation materials (clauses (A)-(F) below, the "Voting Class Digital Package") by either accessing **https://restructuring.ra.kroll.com/endo/** (the "Case Website") and clicking "Solicitation Materials" located within the "Quick Links" section of the site's left hand navigation panel (the "Solicitation Materials Webpage") or directly accessing the Solicitation Materials Webpage using a QR code:
>   >
>   >   >   A.      This Order;
>   >   >
>   >   >   B.      The Solicitation and Voting Procedures (as a separately accessible document);
>   >   >
>   >   >   C.      The Disclosure Statement, as conditionally approved by the Court (with the Plan and other exhibits attached thereto);
>   >   >
>   >   >   D.      The Scheme Circular;
>   >   >
>   >   >   E.      Copies of letters recommending acceptance of the Plan from each of the Committees (the "Letters in Support") and the Solicitation Cover Letter; and
>   >   >
>   >   >   F.      The Combined Hearing Notice;
>   >
>   >   (ii)      The applicable Ballot, substantially in one of the applicable forms of Ballot attached hereto as **Exhibits 2**, **3**, **4**, and **5**, which includes

instructions and a URL website address for direct access to the online portal at **https://restructuring.ra.kroll.com/endo/EBallot-Home** (the "Online Portal") for purposes of submitting an E-Ballot (defined below), [5] customized for mailing, and a pre-paid, pre-addressed return envelope;

(iii) The Letters in Support; and

(iv) Any additional documents that the Court has ordered to be included in hard copy format.

(b) ***Non-Voting Classes.*** With respect to holders of Claims in the Notice of Non-Voting Status Classes (or Claims in Voting Classes that, as of the Deadline to Object to Claims for Voting Purposes, are subject to a pending objection or otherwise deemed not entitled to vote on the Plan):

(i) The applicable Notice of Non-Voting Status, which shall include (1) the Condensed Combined Hearing Notice, (2) certain information regarding the Scheme, if applicable, (3) a form for opting in to or opting out, as applicable, of certain third-party releases (each, an "Opt-In Form" or "Opt-Out Form," respectively) and the disclosures related thereto, (4) a URL website address for direct access to the Online Portal for submission of opt-in or opt-out elections, as applicable, on the Case Website, and (5) instructions, including instructions for the use of a QR code, for accessing each of the following solicitation materials (clauses (A)-(D) below, the "Non-Voting Class Digital Package" and together with the Voting Class Digital Package, the "Digital Solicitation Packages") from the Solicitation Materials Webpage:

A.     This Order;

B.     The Disclosure Statement, as conditionally approved by the Court (with the Plan and other exhibits attached thereto);

C.     The Scheme Circular; and

D.     The Combined Hearing Notice;

(ii) Any additional documents that the Court has ordered to be included in hard copy format.

---

[5]   Claimants may also access the Online Portal from the Solicitation Materials Webpage by clicking on the "Submit E-Ballot" link on the Case Navigation panel at the left margin of the landing page. Each of the Solicitation Cover Letter, Ballots, and Notices of Non-Voting Status will also provide instructions on how to access the Online Portal.

(c) **_Incarcerated Claimants._** With respect to holders of Claims in the Voting Classes and holders of Claims or Interests in the Notice of Non-Voting Status Classes who are currently incarcerated in a local jail, state or federal prison (or private facility under contract to federal, state, or local authorities), to the extent the holder's Proof of Claim reflects the mailing address for such facility, paper copies of all items included in the applicable Solicitation Package as described in items 9(a) or 9(b) herein, including, for the avoidance of doubt, printed copies of the applicable Digital Solicitation Package.

10. Any party who receives a Solicitation Package other than incarcerated creditors that would prefer to receive materials in the Digital Solicitation Packages in paper format may request paper copies of the corresponding materials by contacting the Solicitation Agent through one of the communication methods set forth in the Solicitation Cover Letter or Notice of Non-Voting Status, as applicable, which will be provided free of charge.

11. The Debtors are authorized to serve the relevant Solicitation Packages on Firms and Nominees via encrypted email or other secured electronic means in lieu of mailing or otherwise serving any paper copies in accordance with the Master Ballot Solicitation Procedures.

12. The Solicitation Packages provide the holders of Claims entitled to vote on the Plan with adequate information to make informed decisions with respect to voting on the Plan in accordance with Bankruptcy Rules 2002(b) and 3017(d), the Bankruptcy Code, and the Local Rules.

13. The Debtors shall distribute the Solicitation Packages on or before the Solicitation Deadline or as soon as reasonably practicable thereafter. Such service on or before the Solicitation Deadline shall satisfy the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules. If any portion of such service occurs after the Solicitation Deadline, the Debtors shall cause to be filed a declaration describing the circumstances resulting in such occurrence and the rights of all parties shall be reserved with respect to whether such service after the Solicitation

Deadline satisfies the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

14. The Solicitation Agent is authorized to assist the Debtors in (a) distributing the Solicitation Packages; (b) receiving, tabulating, and reporting on Ballots cast to accept or reject the Plan by holders of Claims against the Debtors; (c) responding to inquiries from holders of Claims and Interests and other parties-in-interest relating to the Disclosure Statement, the Plan, the Ballots, the Solicitation Packages, and all other related documents and matters related thereto, including the procedures and requirements for voting to accept or reject the Plan and for objecting to the Plan; (d) soliciting votes on the Plan; and (e) if necessary, contacting creditors regarding the Plan.

15. The Solicitation Agent is authorized to accept Non-Notes Master Ballots and accompanying Client Lists via encrypted email or other secured method of electronic communication. The Solicitation Agent is authorized to accept Notes Master Ballots submitted by Nominees on behalf of the noteholder claimants in the Notes Master Ballot Classes via encrypted email or other secured method of electronic communication.

16. Except as otherwise provided herein with respect to Master Ballots, the Solicitation Agent is authorized to accept Ballots via electronic online transmission solely through a customized online balloting portal (each, an "E-Ballot") on the Debtors' Case Website. The encrypted E-Ballot data and audit trail created by such electronic submission shall become part of the record of any Ballot submitted in this manner, and the creditor's electronic signature will be deemed to be immediately legally valid and effective. Ballots submitted via the customized online balloting portal shall be deemed to contain an original signature.

### C.    Approval of the Form of Notices to Non-Voting Classes.

17.    The form of Notices of Non-Voting Status and the related procedures for noticing creditors in the Non-Voting Classes are hereby approved.  The Notices of Non-Voting Status include the following:

(a)    ***Unimpaired Claims—Presumed to Accept.***  Holders of Claims in Class 1 (Priority Non-Tax Claims) and Class 2 (Other Secured Claims) are unimpaired under the Plan and, therefore, are conclusively presumed to have accepted the Plan.  As such, holders of such Claims will receive a Notice of Non-Voting Status, substantially in the form attached hereto as **Exhibit 6**, which will also include an Opt-Out Form providing holders of Claims in Class 1 (Priority Non-Tax Claims) and Class 2 (Other Secured Claims) the opportunity to elect not to grant the third-party Non-GUC Releases contained in Article X of the Plan.

(b)    ***Impaired Claims and Interests—Deemed to Reject.***  Holders of Claims or Interests in  Class 15 (Subordinated, Recharacterized, or Disallowed Claims) and Class 16 (Existing Equity Interests), are not entitled to a distribution under the Plan and, therefore, are deemed to reject the Plan and will receive a Notice of Non-Voting Status, substantially in the form attached hereto as **Exhibit 7**, which will include an Opt-Out Form providing holders of Claims or Interests in Class 15 (Subordinated, Recharacterized, or Disallowed Claims) and Class 16 (Existing Equity Interests) the opportunity to elect not to grant the third-party Non-GUC Releases contained in Article X of the Plan.  The Opt-Out Form contains appropriate instructions to opt out of the applicable releases.

(c)    ***Disputed Claims.***  Holders of Disputed Claims are not entitled to vote the disputed portion of their Claim.  As such, holders of such Disputed Claims will receive a Notice of Non-Voting Status, substantially in the form attached hereto as **Exhibit 8**; which will also include an Opt-In Form providing holders of such Claims the opportunity to elect to grant the third-party Non-GUC Releases or GUC Releases, as applicable, contained in Article X of the Plan, *provided*, *however*, that a Notice of Non-Voting Status is not required to be distributed to any holder of Claim that timely filed a Rule 3018(a) Motion with respect to such Claim (unless the Court determines, in connection with such timely filed Rule 3018(a) Motion, that the holder of such Claim is not entitled to vote on the Plan).

18.    The Debtors will not provide the holders in Class 13 (Intercompany Claims) and Class 14 (Intercompany Interests) with a Solicitation Package or any other type of notice in connection with solicitation of the Plan, and the Debtors' requirement to serve such holders of

Intercompany Claims or Intercompany Interests with any notices or the Solicitation Package is hereby waived.

19.     The Debtors are not required to mail Solicitation Packages or other solicitation materials to holders of Claims that have already been paid in full during these Chapter 11 Cases; *provided, however,* that if any such holder would be entitled to receive notice for any reason other than by virtue of the fact that the Claim had been paid in full by the Debtors, such creditor will be sent notice in accordance with the Voting and Solicitation Procedures.  In addition, the Debtors are not required to serve notice of any kind, including without limitation the Solicitation Packages or other solicitation materials, upon any person or entity to which the Debtors mailed any prior notice in these Chapter 11 Cases and had such notice returned marked "undeliverable as addressed," "moved - left no forwarding address," "forwarding order expired," or any similar notation, and the absence of notice on any such person or entity shall not constitute inadequate notice of the Combined Hearing or the Voting Deadline, nor shall it constitute a violation of Bankruptcy Rule 3017.

**D.     Approval of the Non-Notes Master Ballot Solicitation Notice and Solicitation Directive.**

20.     The Non-Notes Master Ballot Solicitation Notice and Solicitation Directive (relating to the solicitation of votes of the holders of Claims in Non-Notes Master Ballot Classes to accept or reject the Plan), substantially in the forms attached hereto as **Exhibit 10**, which were served by the Debtors by overnight delivery or email (where available) to all known attorneys (collectively, the "Firms") representing at least six (6) holders of Claims in Non-Notes Master Ballot Classes and the related procedures for the Non-Notes Master Ballot Classes set forth in the Solicitation and Voting Procedures attached hereto as **Exhibit 1** are approved.  Each Firm is required to have completed and returned the Solicitation Directive and Client List to the

Solicitation Agent on or before the Solicitation Directive Deadline of **December 22, 2023 or January 3, 2024**, as applicable,[6] as such deadline may be extended by the Debtors in consultation with the Required Consenting Global First Lien Creditors and the Committees.

     E.      **Approval of Notices and Procedures for Executory Contract and Unexpired Lease Counterparties.**

21.     The Assumption Notice and the Rejection Notice, substantially in the forms attached hereto as **Exhibit 13** and **Exhibit 14**, are approved. The Plan Assumption and Assignment Procedures, as set forth in the Assumption Notice, are authorized and approved, and no additional notice beyond the service of the Assumption Notice and the Rejection Notice is required.

22.     The Debtors shall serve or cause to be served the Assumption Notice to the Contract Notice Parties and the Rejection Notice to the applicable counterparties by the Solicitation Deadline or as soon as reasonably practicable thereafter.

23.     Service of the Assumption Notice and Rejection Notice as set forth herein shall be deemed good and sufficient notice of, among other things, the proposed rejection, assumption, or assumption and assignment, as applicable, of Executory Contracts and Unexpired Leases (including the proposed Cure Amounts related thereto) and the procedures for objecting thereto solely in accordance with the Plan Assumption and Assignment Procedures, and no other or further notice is necessary.

24.     Any objection by a counterparty to the proposed rejection of any Executory Contract or Unexpired Lease as set forth in the Plan or the Rejection Notice, and any objection by

---

[6] Following the original service of the Solicitation Directive, the Solicitation Agent completed a supplemental mailing of the Solicitation Directive to additional Firms that were not included in the original service. These additional Firms were given until January 3, 2024 to complete and submit the Solicitation Directive.

a counterparty to the sufficiency of adequate assurance of the Reorganized Debtors' future performance as set forth in the Assumption Notice, must be asserted pursuant to the procedures set forth in the Rejection Notice or the Assumption Notice, as applicable, by the Adequate Assurance/Contract Rejection Objection Deadline and shall be heard by the Court at the Combined Hearing or at such other date and time as may be fixed by the Court. Any counterparty to an Executory Contract or Unexpired Lease that does not timely file and serve an objection by the Adequate Assurance/Contract Rejection Objection Deadline and solely upon the bases and pursuant to the procedures set forth in the Rejection Notice or the Assumption Notice, as applicable, shall be deemed to have assented to rejection of such Executory Contract or Unexpired Lease on the terms set forth in the Plan and Rejection Notice or the assumption (or assumption and assignment, as applicable) of such Executory Contract or Unexpired Lease on the terms set forth in the Plan and the Assumption Notice.

25. The Debtors are authorized, but not directed, to alter, amend, modify, or supplement the Rejection Schedule and to assume, assume and assign, or reject the Executory Contracts and Unexpired Leases at any time prior to the Effective Date.

**IV. Approval of the Solicitation and Voting Procedures.**

26. The Debtors are authorized to solicit, receive, and tabulate votes to accept or reject the Plan in accordance with the Solicitation and Voting Procedures attached hereto as **Exhibit 1**, the procedures set forth therein and in materials for soliciting votes approved hereby, including, without limitation, the proposed procedures for the temporary disallowance of Claims for the purpose of voting to accept or reject the Plan, the establishment of the Voting Record Date, and the procedures for soliciting and tabulating certain votes under the Master Ballot Solicitation Procedures. The Solicitation and Voting Procedures provide for a fair and equitable process and are consistent with all applicable provisions of the Bankruptcy Code, Bankruptcy Rules, and Local

Rules, including section 1126 of the Bankruptcy Code and Bankruptcy Rule 3018, and are hereby approved in their entirety.

27. With respect to Non-Notes Master Ballot Solicitation Method, it is the sole obligation and responsibility of the Firms to coordinate with each other to resolve the conflicting representation, and for the appropriate Firm to submit the vote and Release Election on behalf of such Eligible Client together with an email to endoballots@ra.kroll.com copying all affected Firms confirming such resolution. If the Firms are unsuccessful in reaching consensus regarding which of the Firms is voting on behalf of the Eligible Client and the Solicitation Agent receives multiple consistent votes (and Release Elections) on account of such Eligible Client (*i.e.*, multiple votes to accept the Plan or multiple votes to reject the Plan), the Solicitation Agent is authorized to treat such votes as duplicative and count them only once for both numerosity and voting amount purposes. If, however, the Firms are unsuccessful in reaching consensus regarding which Firm is voting on behalf of the Eligible Client and the Solicitation Agent receives multiple inconsistent votes (and Release Elections) on account of such Eligible Client (*i.e.*, a vote to accept the Plan and a vote to reject the Plan), the Solicitation Agent is authorized to invalidate both such inconsistent votes. If after the submission of inconsistent votes (and Release Elections), the applicable Firms timely reach a consensus regarding which vote (and Release Election) should be counted, one of the applicable Firms may email the Solicitation Agent at endoballots@ra.kroll.com, copying all other affected Firms, and direct the Solicitation Agent as to which vote (and Release Election) should be counted. The Solicitation Agent is entitled to rely upon such an email. For the further avoidance of doubt, if the Solicitation Agent timely receives a vote (and Release Election) from an Eligible Client directly that is inconsistent with a corresponding vote cast by their Firm, the vote (and Release Election) cast by the Eligible Client will control.

28.     Notwithstanding paragraph 21 of the Bidding Procedures Order, the Debtors do not take the position that the votes of the creditors of Transferor Debtors (as defined in the Bidding Procedures Order) shall apply to both the Newcos (as defined in the Bidding Procedures Order) and the Transferor Debtors, and the Debtors and the Committees agree that such creditors' rights are not prejudiced or otherwise adversely affected on account of the foregoing.

**V.      Approval of the Procedures for Filing Objections to the Adequacy of the Disclosure Statement or Confirmation of the Plan.**

29.     The procedures set forth in the Motion and herein regarding the filing of objections or responses to the final approval of the Disclosure Statement or Confirmation of the Plan provide due, proper and adequate notice, comport with due process, comply with Bankruptcy Rules 2002, 3017, and 3020 and Local Rule 3020-1, and are hereby approved.

30.     Objections to the final approval of the Disclosure Statement or Confirmation of the Plan that are not timely filed and properly served in accordance with this Order and the Case Management Order may not be considered by the Court and may be overruled.  Specifically, all objections to final approval of the Disclosure Statement or confirmation of the Plan ***must***: (a) be in writing; (b) state the name and address of the objecting party and the nature and amount of the claim or equity interest of such party; (c) conform to the Bankruptcy Rules, the Local Rules, and any orders of the Court; (d) state, with particularity, the legal and factual basis for the objection and, if practicable, a proposed modification to the Plan (or related materials) that would resolve such objection; and (e) be filed, together with proof of service, with the Court and served so as to be ***actually received*** by or before **4:00 p.m. (prevailing Eastern Time) on February 22, 2024** to each of the following notice parties (the "Objection Notice Parties"):

> (a)      the Debtors, c/o Endo International plc, 1400 Atwater Drive, Malvern, PA 19355 (Attn: Matthew Maletta, Esq. and Brian Morrissey, Esq.);

(b) counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, One Manhattan West, New York, NY 10001 (Attn: Paul D. Leake (paul.leake@skadden.com), Lisa Laukitis (lisa.laukitis@skadden.com), Shana A. Elberg (shana.elberg@skadden.com), and Evan A. Hill (evan.hill@skadden.com));

(c) the Office of the U.S. Trustee for Region 2, Alexander Hamilton Custom House, One Bowling Green, Room 534, New York, NY 10004 (Attn: Paul Schwartzberg (paul.schwartzberg@usdoj.gov) and Tara Tiantian (tara.tiantian@usdoj.gov));

(d) the United States Attorney's office for the Southern District of New York, 86 Chambers Street, New York, NY 10007 (Attn: Lawrence H. Fogelman (LFogelman@usa.doj.gov), Jean-David Barnea (JDBarnea@usa.doj.gov), Peter Aronoff (peter.aranoff@usdoj.gov), and Tara Schwartz (tara.schwartz@usdoj.gov));

(e) counsel for the Ad Hoc First Lien Group, Gibson, Dunn & Crutcher, 200 Park Avenue, New York, NY 10166 (Attn: Scott J. Greenberg (sgreenberg@gibsondunn.com), Michael J. Cohen (mcohen@gibsondunn.com), Joshua K. Brody (jbrody@gibsondunn.com), and Christina M. Brown (christina.brown@gibsondunn.com));

(f) counsel for the Ad Hoc Cross-Holder Group, Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, NY 10019 (Attn: Andrew N. Rosenberg (arosenberg@paulweiss.com), Alice B. Eaton (aeaton@paulweiss.com), and Andrew Parlen (aparlen@paulweiss.com));

(g) counsel for the Creditors' Committee, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attn: Kenneth H. Eckstein (keckstein@kramerlevin.com), Amy Caton (acaton@kramerlevin.com), Rachael L. Ringer (rringer@kramerlevin.com), David E. Blabey, Jr. (dblabey@kramerlevin.com), and Megan Wasson (mwasson@kramerlevin.com));

(h) lead counsel for the Opioid Claimant's Committee, Cooley LLP, 55 Hudson Yards, New York, NY 10001 (Attn: Cullen D. Speckhart (cspeckhart@cooley.com), Summer McKee (smckee@cooley.com), and Evan Lazerowitz (elazerowitz@cooley.com));

(i) co-counsel for the Opioid Claimants' Committee, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, NY 10036 (Attn: Arik Preis (apreis@akingump.com), Mitchell P. Hurley (mhurley@akingump.com), Theodore James Salwen (jsalwen@akingump.com), Brooks Barker (bbarker@akingump.com), and Kate Doorley (kdoorley@akingump.com));

(j)     the FCR in the Chapter 11 Cases, Roger Frankel (Attn: rfrankel@frankelwyron.com);

(k)     co-counsel for the FCR, Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801 (Attn: James L. Patton, Jr. (jpatton@ycst.com), Robert S. Brady (rbrady@ycst.com), Edwin J. Harron (eharron@ycst.com), and Sean T. Greecher (sgreecher@ycst.com)) and Frankel Wyron LLP, 2101 L Street, NW, Suite 800 Washington, DC 20037 (Attn: Richard H. Wyron (rwyron@frankelwyron.com)), as co-counsel to the FCR in the Chapter 11 Cases; and

(l)     counsel for the Multi-State Endo Executive Committee, Pillsbury Winthrop Shaw Pittman LLP, 31 West 52nd Street, New York, NY 10019 (Attn: Andrew M. Troop (andrew.troop@pillsburylaw.com), Hugh M. McDonald (hugh.mcdonald@pillsburylaw.com), and Andrew V. Alfano (andrew.alfano@pillsburylaw.com)), as counsel to the multi-state Endo executive committee.

31.     The Debtors are authorized to file and serve replies or an omnibus reply to any such objections along with their brief in support of the final approval of the adequacy of the Disclosure Statement and Confirmation of the Plan either separately or by a single, consolidated reply on or before the Combined Hearing Response Deadline. In addition, any party-in-interest may file and serve a statement in support of Confirmation of the Plan and/or reply to any objections to Confirmation of the Plan by the Combined Hearing Response Deadline.

## VI.    Miscellaneous.

32.     The Debtors are authorized to make non-substantive or immaterial changes to the Disclosure Statement, Plan, Combined Hearing Notice, Condensed Combined Hearing Notice, Solicitation Packages, Notices of Non-Voting Status, Ballots, Publication Notice, Solicitation Cover Letter, Solicitation and Voting Procedures, Rejection Notice, and related documents without further order of the Court, including changes to correct typographical and grammatical errors, if any, and to make conforming changes to the Disclosure Statement, the Plan, and any other materials in the Solicitation Packages before distribution, provided that the Debtors will provide

notice to the Required Consenting Global First Lien Creditors, the Committees, and the FCR of any non-typographical or non-grammatical changes.

33. The Debtors reserve the right to modify the Plan in accordance with Article XII thereof, including the right to withdraw the Plan as to any or all Debtors at any time before the confirmation of the Plan.

34. Nothing in this Order shall be construed as a waiver of the right of the Debtors or any other party in interest, as applicable, to object to a proof of claim after the Voting Record Date.

35. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

36. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

37. The Court retains jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.

Dated: January 12, 2024
      New York, New York

/s/ *James L. Garrity, Jr.*
THE HONORABLE JAMES L. GARRITY, JR.
UNITED STATES BANKRUPTCY JUDGE