**THE KELLY FIRM, P.C.**
Andrew J. Kelly, Esq.
Coast Capital Building
1011 Highway 71, Suite 200
Spring Lake, New Jersey 07762
(732) 449-0525
akelly@kbtlaw.com
*Attorneys for Deborah Troyer*

|  |  |
|---|---|
| In re:<br><br>ENDO INTERNATIONAL PLC, et al.,<br><br>                    Debtors. | **UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**<br><br>Case No.: 22-22549 (JLG)<br><br>Chapter: 11<br><br>Judge: James L. Garrity, Jr. U.S.B.J.<br><br>**Hearing Date: March 19, 2024 @ 10:00 am** |

## DEBORAH TROYER'S OBJECTION TO THE THIRD AMENDED JOINT PLAN OF REORGANIZATION OF ENDO INTERNATIONAL PLC AND ITS AFFILIATED DEBTORS

Deborah Troyer ("Mrs. Troyer"), by and through her Attorneys, The Kelly Firm, P.C., files this Objection to the Third Amended Joint Plan of Reorganization of Endo International PLC and its Affiliated Debtors ("Plan" or "Proposed Plan") averring as follows:

### Preliminary Statement

1. Mrs. Troyer is an individual with a Mesh Claim against jointly administered Debtor Astora Women's Health, LLC (f/k/a American Medical Systems, Inc.) ("AMS"). Mrs. Troyer has brought a products liability claim against AMS and other third-party non-debtors in the Superior Court of New Jersey, Bergen County on September 10, 2019, Docket No. BER-L-5133-19 ("Law Division Case"). Other parties named in the Law Division Case but not

1

named as debtors in the bankruptcy case are Ethicon, Inc., Johnson & Johnson, and C.R. Bard, Inc (collectively "Non-Debtors")

2. Endo International PLC and its Debtor affiliates (collectively "Debtors"), including AMS, filed their voluntary Chapter 11 Petitions in the United States Bankruptcy Court for the Southern District of New York on April 16, 2022 ("Bankruptcy Case").

3. Thereafter, the Non-Debtors filed a Motion for Stay of Proceedings in the Law Division Case ("Motion"). The Superior Court Judge granted the Non-Debtor's Motion and the proceedings in the Law Division Case were stayed until the resolution of the Bankruptcy Case.

4. Debtors filed their Third Amended Disclosure Statement ("Disclosure Statement") on January 16, 2024. There are third-party release and discharge provisions in the Disclosure Statement which may have the potential effect of releasing Mrs. Troyer's claims as to the Non-Debtors ("Third-Party Release").

## Notice of Opt-Out of Third-Party Releases

5. Mrs. Troyer has submitted an E-Ballot and has elected to opt-out of any third-party releases under the Plan. Accordingly, to the extent that the Plan purports to include Mrs. Troyer as a voluntary releasing party, Mrs. Troyer hereby notifies the Debtors that she opts-out and does not consent to any Third-Party Releases.

## Objection to Third-Party Releases

6. Mrs. Troyer joins the limited objection filed by the Commonwealth of Pennsylvania, Department of Revenue, as it pertains to Third-Party Release provisions.

7. Mrs. Troyer objects to the Third-Party Release provisions as Bankruptcy Code Sections 524 and 1141 only discharge debts that belong to a debtor, not to non-debtor third parties.

8. Under 11 USC 524(e), "discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt."

9. Numerous Courts have rejected or denied enforcement of non-debtor releases. See e.g., Gillman v. Cont'l Airlines (In re Cont'l Airlines), 203 F.3d 203, 217 (3d Cir. 2000) (Third - party release provisions are prohibited by Section 524(e)); Resorts Internat'l v. Lowenschuss (In re Lowenschuss), 67 F.3d 1394, 1402 (9th Cir. 1995) (affirming district court's decision vacating global release provision); Underhill v. Royal, 769 F.2d 1426, 1432 (9th Cir. 1985) ("Section 524(e) precludes discharging the liabilities of nondebtors."); Green v. Welsh, 956 F.2d 30, 33 (2d Cir 1992) ("The language of [Section 524(e)] reveals that no one else reaps a similar benefit."); and In re Western Real Estate Fund, Inc., 922 F.2d 592, 602 (10th Cir. 1980), modified sub nom., 932 F.2d 898 (10th Cir. 1991) (permanent injunction purporting to release non-debtors from liability improperly insulates non-debtors in violation of Bankruptcy Code Section 524(e)).

10. Mrs. Troyer does not consent to the Third-Party Release provisions set forth in the Plan. To the extent the Plan would preclude Mrs. Tryer from pursuing her Law Division Case against the Non-Debtors, the Plan is unconformable.

                                                      **The Kelly Firm. P.C.**
                                                      Attorneys for Deborah Troyer

Dated: February 21, 2024                    BY:   */s/Andrew J. Kelly*
                                                                             ANDREW J. KELLY