KRAMER LEVIN NAFTALIS & FRANKEL LLP
Kenneth H. Eckstein
Jonathan M. Wagner
Ariel N. Lavinbuk
Natan Hamerman
Boaz I. Cohen
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, New York 10036
Telephone: 212-715-9100
Facsimile: 212-715-8000

*Attorneys for Matthew Dundon,*
*Trustee of the Endo GUC Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| ENDO INTERNATIONAL PLC, *et al.*, | Case No. 22-22549 (JLG) |
| Debtors. | (Jointly Administered) |

**MOTION OF MATTHEW DUNDON, TRUSTEE OF THE ENDO GUC TRUST, FOR AN ORDER AUTHORIZING THE FILING OF CERTAIN INFORMATION UNDER SEAL**

Plaintiff Matthew Dundon, in his capacity as the trustee (the "Trustee") for the Endo GUC Trust (the "GUC Trust"), established pursuant to the *Fourth Amended Joint Chapter 11 Plan of Reorganization of Endo International plc and its Affiliated Debtors* [Dkt. No. 3849] (the "Plan") and the GUC Trust Agreement, acting on behalf of itself and as successor-in-interest to the estates of the above-captioned debtors and debtors-in-possession with respect to this litigation, respectfully states as follows in support of this motion:

**RELIEF REQUESTED**

1.      Pursuant to the Plan, various claims and causes of action were vested in and transferred to the GUC Trust on the Effective Date, certain of which the Trustee now seeks to bring through a Complaint (the "Complaint") as described below.

1

2.  By this motion, the Trustee seeks entry of an order, substantially in the form attached as **Exhibit A** (the "Order"), authorizing the Trustee to file (i) on the public docket a version of the Complaint that redacts certain information that Endo Inc., as purchaser of the Debtor's Assets, on behalf of itself and the other Purchaser Entities (collectively, the "Purchaser"), has designated pursuant to the Cooperation Agreement between the GUC Trust and the Purchaser [Dkt. No. 4213, at 91-109] (the "Cooperation Agreement") as confidential, highly confidential, or professionals' eyes only, or otherwise subject to confidentiality restrictions under the Cooperation Agreement (collectively, the "Confidential Information"), and (ii) an unredacted copy of the Complaint under seal. The unredacted Complaint will be available to the Court, counsel to the Purchaser, and counsel to other parties with whom the Purchaser has agreed that the Confidential Information may be shared.[1]

## JURISDICTION AND VENUE

3.  The Court has subject-matter jurisdiction over this adversary proceeding under 28 U.S.C. §§ 157 and 1334 and the Standing Order of the United States District Court for the Southern District of New York (the "Southern District of New York"), which refers to the Bankruptcy Judges of the Southern District of New York all cases and proceedings arising under and related to title 11 of the United States Code (the "Bankruptcy Code"). This adversary proceeding is related to the chapter 11 bankruptcy cases captioned *In re Endo International Plc, et al.*, Case No. 22-22549 (JLG), pending in this Court.

4.  This adversary proceeding constitutes a "non-core" proceeding as defined in 28 U.S.C. § 157(b). Plaintiff consents to the entry of final orders and judgments by the Bankruptcy Court, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure.

---

[1] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Plan.

2

5.  This Court has personal jurisdiction over each Defendant pursuant to Rule 7004(f) of the Federal Rules of Bankruptcy Procedure, as upon information and belief all Defendants are domiciled in the United States.

6.  Venue in the Southern District of New York is proper under 28 U.S.C. §§ 1408 and 1409 because this adversary proceeding arises under and in connection with cases commenced under the Bankruptcy Code.

## BASIS FOR RELIEF

7.  Section 105(a) of the Bankruptcy Code empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Section 107(b) of the Bankruptcy Code provides this Court with the authority to issue orders that will protect entities from potential harm that may result from the disclosure of certain information. The section provides, in relevant part: "On request of a party in interest, the bankruptcy court shall . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . ." 11 U.S.C. § 107(b)(1).

8.  Bankruptcy Rule 9018 sets forth the procedures by which a party may move for relief under section 107(b), and provides, in relevant part, that "the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018.

9.  Once a court determines that a party in interest seeks to protect information that falls within a category enumerated in section 107(b), "the court is required to protect a requesting interested party and has no discretion to deny the application." *In re Orion Pictures Corp.*, 21 F.3d 24, 27-28 (2d Cir. 1994); *see also In re Global Crossing Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003) (the purpose of Bankruptcy Rule 9018(1) is to "protect business entities from

3

disclosure of information that could reasonably be expected to cause the entity commercial injury").

10. Accordingly, section 107(b) relief should be granted if the information sought to be protected is "commercial information." *See Global Crossing*, 295 B.R. at 725. Moreover, section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause." *Orion*, 21 F.3d at 28. Nor does the section require a finding of "extraordinary circumstances or compelling need." *Id.* at 27. Rather, "in the bankruptcy area . . . congress has established a special rule for trade secrets and confidential research, development, and commercial information." *Id.* To qualify as "commercial information"—one of several enumerated categories under section 107(b)—an interested party need only show that the information it wishes to seal is "'confidential' and 'commercial' in nature." *Id.*

11. The Trustee respectfully requests that the Court permit the Trustee to redact and file certain portions of the Complaint under seal. As described in the Declaration of Jonathan M. Wagner, Esq., in Support of this Motion (the "<u>Wagner Declaration</u>"), attached as **Exhibit B**, the Complaint references documents designated by Debtors or Purchaser as Confidential Information—certain confidential information received from the Purchaser subject to restrictions contained in the confidentiality provisions of the Cooperation Agreement. This Confidential Information was provided to the GUC Trust by the Purchaser subject to restrictions, including that the Trust provide ten business days' advance written notice to the Purchaser before disclosing Confidential Information not under seal, to allow the Purchaser to seek a protective order (if it chooses to do so). By filing this Motion, the Trustee is complying with this condition. However, the Trustee does not take a position on the confidentiality of the information, and reserves all rights to contest whether the Confidential Information is properly designated as confidential.

4

12. The Trustee will provide the required notice to the Purchaser and will confer with the Purchaser to ascertain whether any of the Confidential Information may be declassified. To the extent that the Purchaser agrees to revise the designation of any of the Confidential Information currently redacted in the Complaint, the Trustee will amend the redactions so as to publicly disclose such information as appropriate.

13. Out of an abundance of caution, to ensure that the Trustee does not face any civil liability for pursuing this adversary action, the Trustee requests that the Court permit him to redact and file certain portions of the Complaint under seal. The Trustee submits that the redaction and sealing of the Complaint is necessary and appropriate under section 107 of the Bankruptcy Code. The Trustee therefore requests that the Court grant the requested relief.

**MOTION PRACTICE**

14. This motion includes citations to the applicable rules and statutory authorities upon which the relief requested is predicated and a discussion of their application to this motion. Accordingly, the Trustee submits that this motion satisfies Local Rule 9013-1(a)

**NOTICE**

15. The Trustee will provide notice of this motion to the Standard Parties set forth in the Case Management Procedures. The Trustee submits that, in light of the nature of the relief requested, no other or further notice need be given.

**NO PRIOR REQUEST**

16. No prior request for the relief sought in this motion has been made to this or any other court.

WHEREFORE, the Trustee respectfully requests that the Court enter an order, substantially in the form annexed, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: New York, New York
July 25, 2024

KRAMER LEVIN NAFTALIS & FRANKEL LLP

By: /s/ Ariel N. Lavinbuk

Kenneth H. Eckstein
Jonathan M. Wagner
Ariel N. Lavinbuk
Natan Hamerman
Boaz I. Cohen
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, New York 10036
Telephone: 212-715-9100
Facsimile: 212-715-8000
Email: keckstein@kramerlevin.com
jwagner@kramerlevin.com
alavinbuk@kramerlevin.com
nhamerman@kramerlevin.com
bcohen@kramerlevin.com

*Attorneys for Matthew Dundon,
Trustee of the Endo GUC Trust*

## **EXHIBIT A**

Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENDO INTERNATIONAL PLC, *et al.*, | ) | Case No. 22-22549 (JLG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER AUTHORIZING MATTHEW DUNDON, TRUSTEE OF THE ENDO GUC TRUST, TO FILE OF CERTAIN INFORMATION UNDER SEAL**

Upon the motion (the "Motion")[2] of Plaintiff Matthew Dundon, in his capacity as the trustee (the "Trustee") for the Endo GUC Trust (the "GUC Trust"), for entry of an order (this "Order") authorizing the Trustee to redact and file certain portions of the Trustees' Complaint (the "Complaint") under seal, as more fully set forth in the Motion; and upon the Declaration of Jonathan M. Wagner, Esq. attached as Exhibit B to the Motion; and the Court having reviewed and considered the Wagner Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a "non-core" proceeding as defined in 28 U.S.C. § 157(b); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and it appearing that notice of the Motion has been given as set forth in the Motion and that such notice is adequate under the circumstances and no other or further notice need be given; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all

---

[2] Capitalized terms used but not defined herein shall have the definitions given to them in the Motion.

1

of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. Pursuant to section 107(b) of the Bankruptcy Code, the Trustee is authorized to (a) publicly file a version of the Complaint with the Confidential Information redacted, and (b) file an unredacted version of the Complaint under seal.

3. The unredacted Complaint will be available to the Court, counsel to the Purchaser, and counsel to other parties with whom the Purchaser has agreed that the Confidential Information may be shared.

4. Nothing in this Order prejudices the rights of any party in interest, including the U.S. Trustee, to seek, on appropriate motion, the unsealing of the Confidential Information or any part thereof.

5. Upon the closure of these Chapter 11 Cases, the Court is directed to destroy its hard copies of the unsealed Standing Motion and supporting exhibits.

6. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7. This Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Order.

Dated: July [•], 2024
      New York, New York

                                                 THE HONORABLE JAMES L. GARRITY, JR
                                                 U.S. BANKRUPTCY JUDGE

## **EXHIBIT B**

Wagner Declaration

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Kenneth H. Eckstein
Jonathan M. Wagner
Ariel N. Lavinbuk
Natan Hamerman
Boaz I. Cohen
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, New York 10036
Telephone: 212-715-9100
Facsimile: 212-715-8000

*Attorneys for Matthew Dundon,*
*Trustee of the Endo GUC Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| ENDO INTERNATIONAL PLC, *et al.*, | ) ) ) | Case No. 22-22549 (JLG) |
| Debtors. | ) ) ) | (Jointly Administered) |

**DECLARATION OF JONATHAN M. WAGNER, ESQ., IN SUPPORT OF THE MOTION OF MATTHEW DUNDON, TRUSTEE OF THE ENDO GUC TRUST, FOR AN ORDER AUTHORIZING THE FILING OF CERTAIN INFORMATION UNDER SEAL**

I, Jonathan M. Wagner, hereby declare, pursuant to 28 U.S.C. § 1746, as follows:

1.  I am a member of the bar of this Court and of the law firm Kramer Levin Naftalis & Frankel LLP, counsel for Plaintiff Matthew Dundon, in his capacity as the trustee (the "Trustee") for the Endo GUC Trust (the "GUC Trust"), established pursuant to the *Fourth Amended Joint Chapter 11 Plan of Reorganization of Endo International plc and its Affiliated Debtors* [Dkt. No. 3849] (the "Plan") and the GUC Trust Agreement, dated April 23, 2024.

2.  I make this declaration in support of the Trustee's Motion for an Order Authorizing the Filing of Certain Information Under Seal (the "Motion"). Except as otherwise noted, I have

1

personal knowledge of the matters set forth here, either directly or through professionals working at my direction, and, if called as a witness, I would testify competently thereto.

3. Pursuant to the Plan, various claims and causes of action were vested in and transferred to the GUC Trust on the Effective Date, certain of which the Trustee now seeks to bring through the Complaint.

4. I request that the Court permit the Trustee to (a) publicly file a version of the Complaint with the Confidential Information redacted, and (b) file an unredacted version of the Complaint under seal.[3]

5. The portions of the Complaint sought to be redacted reveal certain information that the Purchaser has designated pursuant to the Cooperation Agreement between the GUC Trust and the Purchaser as confidential, highly confidential, or professionals' eyes only, or otherwise subject to confidentiality restrictions under the Cooperation Agreement ("Confidential Information"). This Confidential Information was provided to the GUC Trust by the Purchaser subject to restrictions, including that the Trust provide ten business days' advance written notice to the Purchaser before disclosing Confidential Information not under seal to allow the Purchaser to seek a protective order (if it chooses to do so). By filing this Motion, the Trustee is complying with this condition. However, the Trustee does not take a position on the confidentiality of the information, and reserves all rights to contest whether the Confidential Information is properly designated as confidential.

6. The Trustee will provide the required notice to the Purchaser and will confer with the Purchaser to ascertain whether any of the Confidential Information may be declassified. To the extent that the Purchaser agrees to revise the designation of any of the Confidential Information

---

[3] Capitalized terms used but not defined here shall have the meanings ascribed to them in the Motion.

2

3

currently redacted in the Complaint, the Trustee will amend the redactions so as to publicly disclose such information as appropriate.

I declare under penalty of perjury that, to the best of my knowledge, information, and belief, the foregoing is true and correct.

Dated: New York, New York
July 25, 2024

/s/ Jonathan M. Wagner

Jonathan M. Wagner