SEWARD & KISSEL LLP
John R. Ashmead
Mark D. Kotwick
Laura E. Miller
Andrew J. Matott
Seward & Kissel LLP
One Battery Park Plaza
New York, NY 10004
(212) 574-1200

*Attorneys for Matthew Dundon, Trustee of
the Endo GUC Trust*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| ENDO INTERNATIONAL PLC, *et al.*,[1] | ) ) ) | Case No. 22-22549 (JLG) |
| Debtors. | ) ) ) | (Jointly Administered) |

**MOTION OF MATTHEW DUNDON, TRUSTEE OF THE ENDO GUC TRUST, FOR AN ORDER AUTHORIZING THE FILING OF CERTAIN INFORMATION UNDER SEAL**

Matthew Dundon, not in any individual capacity, but solely in his capacity as the trustee (the "Trustee") for the Endo GUC Trust (the "GUC Trust"), established pursuant to the *Fourth Amended Joint Chapter 11 Plan of Reorganization of Endo International plc and its Affiliated Debtors* [Dkt. No. 3849] (the "Plan") and the Endo GUC Trust Agreement, dated April 23, 2024, by and among (i) the Trustee, (ii) UMB Delaware Inc, as Delaware Trustee, (iii) Endo International plc and (iv) Endo, Inc. (the "Trust Agreement"), acting on behalf of itself and as successor-in-interest to the estates of the above-captioned debtors and debtors-in-possession

---

1   The last four digits of Endo International plc's tax identification number are 3755. Due to the large number of debtors in these chapter 11 cases, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Endo.

1

(collectively, the "Debtors") with respect to this litigation, respectfully states as follows in support of this motion:

## RELIEF REQUESTED

1. Pursuant to the Plan, various claims and causes of action were vested in and transferred to the GUC Trust on the Effective Date,[2] certain of which the Trustee now seeks to bring through an Adversary Complaint (the "Complaint") as described below.

2. By this motion, the Trustee seeks entry of an order, substantially in the form attached as **Exhibit A** (the "Order"), authorizing the Trustee to file (i) on the public docket a version of the Complaint that redacts certain information that Endo Inc., as purchaser of the Debtor's Assets, on behalf of itself and the other Purchaser Entities (collectively, the "Purchaser"), has designated pursuant to a cooperation agreement between the GUC Trust and the Purchaser [Dkt. No. 4213 at 91-109] (the "Cooperation Agreement") as confidential, highly confidential or professionals' eyes only, or otherwise subject to confidentiality restrictions under the Cooperation Agreement (collectively, the "Confidential Information"), and (ii) an unredacted copy of the Complaint under seal. The unredacted Complaint will be available to the Court, counsel to the Purchaser, and counsel to other parties with whom the Purchaser has agreed that the Confidential Information may be shared, and served on the defendants named in the Complaint (the "Defendants").

## JURISDICTION AND VENUE

3. The Court has subject-matter jurisdiction over this adversary proceeding under 28 U.S.C. §§ 157 and 1334 and the Standing Order of the United States District Court for the Southern District of New York (the "Southern District of New York"), which refers to the

---

[2]   Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Plan.

2

Bankruptcy Judges of the Southern District of New York all cases and proceedings arising under and related to title 11 of the United States Code (the "Bankruptcy Code"). This adversary proceeding is related to the chapter 11 bankruptcy cases captioned *In re Endo International Plc, et al.*, Case No. 22-22549 (JLG), pending in this Court.

4. The adversary proceeding presents both "core" and "non-core" proceedings under 28 U.S.C. § 157(b) and (c). Plaintiff consents to the entry of final orders and judgments by the Bankruptcy Court pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). Plaintiff also consents to entry of final orders and judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

5. This Court has personal jurisdiction over each Defendants pursuant to Rule 7004(f) of the Federal Rules of Bankruptcy Procedure because, upon information and belief, all Defendants are domiciled in the United States.

6. Venue in the Southern District of New York is proper under 28 U.S.C. §§ 1408 and 1409 because this adversary proceeding arises under and in connection with cases commenced under the Bankruptcy Code.

**BASIS FOR RELIEF**

7. Section 105(a) of the Bankruptcy Code empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Section 107(b) of the Bankruptcy Code provides this Court with the authority to issue orders that will protect entities from potential harm that may result from the disclosure of certain information. That section provides, in relevant part, that "[o]n request of a party in interest, the bankruptcy court shall . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . ." 11 U.S.C. § 107(b)(1).

3

8. Bankruptcy Rule 9018 sets forth the procedures by which a party may move for relief under Section 107(b), and provides, in relevant part, that "the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018.

9. Once a court determines that a party in interest seeks to protect information that falls within a category enumerated in Section 107(b), "the court is required to protect a requesting interested party and has no discretion to deny the application." *In re Orion Pictures Corp.*, 21 F.3d 24, 27-28 (2d Cir. 1994); *see also In re Global Crossing Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003) (the purpose of Bankruptcy Rule 9018(1) is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury").

10. Accordingly, Section 107(b) relief should be granted if the information sought to be protected is "commercial information." *See Global Crossing*, 295 B.R. at 725. Moreover, Section 107(b) does not require an entity seeking such protection to demonstrate "good cause." *Orion*, 21 F.3d at 28. Moreover, Section 107(b) does not require a finding of "extraordinary circumstances or compelling need." *Id.* at 27. Rather, "in the bankruptcy area . . . congress has established a special rule for trade secrets and confidential research, development, and commercial information." *Id.* To qualify as "commercial information"—one of several enumerated categories under Section 107(b)—an interested party need only show that the information it wishes to seal is "'confidential' and 'commercial' in nature." *Id.*

11. The Trustee respectfully requests that the Court permit the Trustee to redact and file certain portions of the Complaint under seal. As described in the Declaration of Mark D. Kotwick attached as **Exhibit B** (the "Kotwick Declaration"), the Complaint references documents

4

designated by the Debtors or Purchaser as Confidential Information—certain confidential information received from the Purchaser subject to restrictions contained in the confidentiality provisions of the Cooperation Agreement.  This Confidential Information was provided to the GUC Trust by the Purchaser subject to restrictions, including that the Trust provide ten business days' advance written notice to the Purchaser before disclosing Confidential Information not under seal, to allow the Purchaser to seek a protective order (if it chooses to do so).  By filing this Motion, the Trustee is complying with this condition.  The Trustee, however, does not take a position on the confidentiality of the information, and reserves all rights to contest whether the Confidential Information is properly designated as confidential.

12. The Trustee will provide the required notice to the Purchaser and will confer with the Purchaser to ascertain whether any of the Confidential Information may be declassified.  To the extent that the Purchaser agrees to revise the designation of any of the Confidential Information currently redacted in the Complaint, the Trustee will amend the redactions so as to publicly disclose such information as appropriate.

13. Out of an abundance of caution, and to ensure that the Trustee does not face any civil liability for pursuing this adversary action, the Trustee requests that the Court permit him to redact and file certain portions of the Complaint under seal.  The Trustee submits that the redaction and sealing of the Complaint is necessary and appropriate under Section 107.  The Trustee therefore requests that the Court grant the requested relief.

### MOTION PRACTICE

14. This motion includes citations to the applicable rules and statutory authorities upon which the relief requested is predicated and a discussion of their application to this motion. Accordingly, the Trustee submits that this motion satisfies Local Rule 9013-1(a)

5

## NOTICE

15. The Trustee will provide notice of this motion to the Standard Parties set forth in the Case Management Procedures. The Trustee submits that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

16. No prior request for the relief sought in this motion has been made to this or any other court.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Trustee respectfully requests that the Court enter an order, substantially in the form annexed, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: New York, New York
August 15, 2024

        SEWARD & KISSEL LLP

By:     */s/ John R. Ashmead*

John R. Ashmead
Mark D. Kotwick
Laura E. Miller
Andrew J. Matott
Seward & Kissel LLP
One Battery Park Plaza
New York, NY 10004
(212) 574-1200
Email: ashmead@sewkis.com
       kotwick@sewkis.com
       millerl@sewkis.com
       matott@sewkis.com

*Attorneys for Matthew Dundon,
Trustee of the Endo GUC Trust*

## **EXHIBIT A**

Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENDO INTERNATIONAL PLC, *et al.*,[1] | ) | Case No. 22-22549 (JLG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER AUTHORIZING MATTHEW DUNDON, TRUSTEE OF THE ENDO GUC TRUST, TO FILE OF CERTAIN INFORMATION UNDER SEAL**

Upon the motion (the "Motion")[2] of Matthew Dundon, not in any individual capacity, but solely in his capacity as the trustee (the "Trustee") for the Endo GUC Trust (the "GUC Trust"), for entry of an order (this "Order") authorizing the Trustee to redact and file certain portions of the Trustee's Complaint under seal, as more fully set forth in the Motion; and upon the Declaration of Mark D. Kotwick, dated August 13, 2024, (the "Kotwick Declaration") and the Court having reviewed and considered the Motions and the Kotwick Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that the Complaint presents both "core" and "non-core" proceedings under 28 U.S.C. § 157(b) and (c); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and it appearing that notice of the Motion has been given as set forth

---

[1] The last four digits of Endo International plc's tax identification number are 3755. Due to the large number of debtors in these chapter 11 cases, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Endo.

[2] Capitalized terms used but not defined herein shall have the definitions given to them in the Motion.

1

in the Motion and that such notice is adequate under the circumstances and no other or further notice need be given; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein.

2. Pursuant to section 107(b) of the Bankruptcy Code, the Trustee is authorized to (a) publicly file a version of the Complaint with the Confidential Information redacted, and (b) file an unredacted version of the Complaint under seal.

3. The unredacted Complaint will be available to the Court, counsel to the Purchaser, and counsel to other parties with whom the Purchaser has agreed that the Confidential Information may be shared, and served on the defendants named in the Complaint (the "Defendants").

4. Nothing in this Order prejudices the rights of any party in interest, including the U.S. Trustee, to seek, on appropriate motion, the unsealing of the Confidential Information or any part thereof.

5. Upon the closure of these Chapter 11 Cases, the Court is directed to destroy its hard copies of the unsealed Complaint.

6. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7. This Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Order.

Dated: August _____, 2024
New York, New York

**THE HONORABLE JAMES L. GARRITY, JR**
**U.S. BANKRUPTCY JUDGE**

2

## **EXHIBIT B**

Kotwick Declaration

1

SEWARD & KISSEL LLP
John R. Ashmead
Mark D. Kotwick
Laura E. Miller
Andrew J. Matott
Seward & Kissel LLP
One Battery Park Plaza
New York, NY 10004
(212) 574-1200

*Attorneys for Matthew Dundon, Trustee of the Endo GUC Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENDO INTERNATIONAL PLC, *et al.*,[1] | ) | Case No. 22-22549 (JLG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**DECLARATION OF MARK D. KOTWICK IN SUPPORT OF THE MOTION OF MATTHEW DUNDON, TRUSTEE OF THE ENDO GUC TRUST, FOR AN ORDER AUTHORIZING THE FILING OF CERTAIN INFORMATION UNDER SEAL**

I, Mark D. Kotwick, hereby declare, pursuant to 28 U.S.C. § 1746, as follows:

1.  I am a member of the bar of this Court and of the law firm Seward & Kissel LLP, special litigation counsel for Matthew Dundon, not in any individual capacity, but solely in his capacity as the trustee (the "Trustee") for the Endo GUC Trust (the "GUC Trust"), established pursuant to the *Fourth Amended Joint Chapter 11 Plan of Reorganization of Endo International plc and its Affiliated Debtors* [Dkt. No. 3849] (the "Plan") and the Endo GUC Trust Agreement,

---

[1] The last four digits of Endo International plc's tax identification number are 3755. Due to the large number of debtors in these chapter 11 cases, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Endo.

1

dated April 23, 2024, by and among (i) the Trustee, (ii) UMB Delaware, Inc., a Delaware Trustee, (iii) Endo International plc and (iv) Endo, Inc.

2. I make this declaration in support of the Trustee's Motion for an Order Authorizing the Filing of Certain Information Under Seal (the "Motion"). Except as otherwise noted, I have personal knowledge of the matters set forth here, either directly or through professionals working at my direction, and, if called as a witness, I would testify competently thereto.

3. Pursuant to the Plan, various claims and causes of action were vested in and transferred to the GUC Trust on the Effective Date,[2] certain of which the Trustee now seeks to bring through the Complaint.

4. I request that the Court permit the Trustee to (a) publicly file a version of the Complaint with the Confidential Information redacted, and (b) file an unredacted version of the Complaint under seal.

5. The portions of the Complaint sought to be redacted reveal certain information that the Purchaser has designated pursuant to a cooperation agreement between the GUC Trust and the Purchaser [Dkt. No. 4213 at 91-109] (the "Cooperation Agreement") as confidential, highly confidential or professionals' eyes only, or otherwise subject to confidentiality restrictions under the Cooperation Agreement ("Confidential Information"). This Confidential Information was provided to the GUC Trust by the Purchaser subject to restrictions, including that the Trust provide ten business days' advance written notice to the Purchaser before disclosing Confidential Information not under seal to allow the Purchaser to seek a protective order (if it chooses to do so). By filing this Motion, the Trustee is complying with this condition. The Trustee, however, does

---

[2] Capitalized terms used but not defined here shall have the meanings ascribed to them in the Motion.

not take a position on the confidentiality of the information, and reserves all rights to contest whether the Confidential Information is properly designated as confidential.

6. The Trustee will provide the required notice to the Purchaser and will confer with the Purchaser to ascertain whether any of the Confidential Information may be declassified. To the extent that the Purchaser agrees to revise the designation of any of the Confidential Information currently redacted in the Complaint, the Trustee will amend the redactions so as to publicly disclose such information as appropriate.

I declare under penalty of perjury that, to the best of my knowledge, information, and belief, the foregoing is true and correct.

Dated: New York, New York
 August 15, 2024

 */s/ Mark D. Kotwick*

 Mark D. Kotwick

SK 38844 0001 11442437 vF

3