**Hearing Date and Time (if necessary): December 12, 2024 at 11:00 a.m. (ET)**
**Objection Deadline: November 8, 2024 at 4:00 p.m. (ET)**

SEWARD & KISSEL LLP
Brian P. Maloney
Catherine V. LoTempio
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 574-1200
Fax: (212) 480-8421

*Counsel for the Plan Administrator*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re* | **Chapter 11** |
| **ENDO INTERNATIONAL plc, *et al.*,** | **Case No. 22-22549 (JLG)** |
| **Debtors.[1]** | **(Jointly Administered)** |

**NOTICE OF PLAN ADMINISTRATOR'S SECOND OMNIBUS OBJECTION TO
CERTAIN (I) SUBSTANTIVE DUPLICATE CLAIMS, (II) CROSS DEBTOR
DUPLICATE CLAIMS, AND (III) NO LIABILITY CLAIMS (SUBSTANTIVE)**

PLEASE TAKE NOTICE that on October 18, 2024, Patrick J. Bartels, Jr., not individually but solely in his capacity as plan administrator (the "Plan Administrator") for the Remaining Debtors (as defined in the *Fourth Amended Joint Chapter 11 Plan of Reorganization of Endo International plc and its Affiliated Debtors* [Docket No. 3849]) in the above-captioned jointly administered cases, by and through counsel, filed the *Plan Administrator's Second Omnibus Objection to Certain (I) Substantive Duplicate Claims, (II) Cross Debtor Duplicate Claims, and (III) No Liability Claims (Substantive)* (the "Objection"). A hearing (the "Hearing") on the Objection will take place before the Honorable James L. Garrity of the United States Bankruptcy Court for the Southern District of New York (the "Court"), One Bowling Green, Courtroom 723, New York, New York 10004, on **December 12, 2024 at 11:00 a.m. (ET)**.

PLEASE TAKE FURTHER NOTICE that that any responses or objections to the Objection (each, a "Response") shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, and shall be filed with the Court (a) by registered users of the Bankruptcy Court's case filing system,

---

[1]   The last four digits of Debtor Endo International plc's tax identification number are 3755. Due to the large number of debtors in these chapter 11 cases, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Endo. The location of the Debtors' service address for purposes of these chapter 11 cases is: 5330 Carmel Crest Lane, Charlotte, NC 28226.

electronically in accordance with General Order M–399 (which can be found at http://www.nysb.uscourts.gov) and (b) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF), in accordance with the customary practices of the Bankruptcy Court and General Order M–399, to the extent applicable, and served—so as to be actually received no later than **November 8, 2024, at 4:00 p.m. (ET)** (the "Response Deadline")— on each of: (i) counsel to the Plan Administrator, Seward & Kissel LLP, One Battery Park Plaza, New York, NY 10004 (Attn: Brian P. Maloney and Catherine V. LoTempio) and (ii) the Office of the United States Trustee for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, Suite 534, New York, NY 10004-1408 (Attn: Paul Schwartzberg).

　　　　PLEASE TAKE FURTHER NOTICE that if no Responses are timely filed and served with respect to the Objection, the Plan Administrator shall, on or after the Response Deadline, submit to the Court an order substantially in the form annexed as **Exhibit A** to the Objection, which order the Court may enter without further notice or opportunity to be heard.

　　　　PLEASE TAKE FURTHER NOTICE that the Hearing may be continued or adjourned thereafter from time to time without further notice other than an announcement of the adjourned date or dates in open court at the Hearing.

　　　　PLEASE TAKE FURTHER NOTICE that a copy of the Objection along with its underlying exhibits thereto can be viewed and/or directly obtained by: (i) accessing the Court's website at http://www.nysb.uscourts.gov/, (ii) contacting the Office of the Clerk of the Court at United States Bankruptcy Court for the Southern District of New York, or (iii) on the website of the Debtors' claims and noticing agent, Kroll Restructuring Administration LLC, at https://restructuring.ra.kroll.com/Endo; or by contacting Kroll directly at (877) 542-1878 (toll free for callers within the United States and Canada) and (929) 284-1688 (for international callers).

DATED:　October 18, 2024
　　　　　New York, New York

　　　　　　　　　　　　　　　　　　　　　　　SEWARD & KISSEL LLP

　　　　　　　　　　　　　　　　　　　　　　　*/s/ Brian P. Maloney*
　　　　　　　　　　　　　　　　　　　　　　　Brian P. Maloney
　　　　　　　　　　　　　　　　　　　　　　　Catherine V. LoTempio
　　　　　　　　　　　　　　　　　　　　　　　One Battery Park Plaza
　　　　　　　　　　　　　　　　　　　　　　　New York, New York 10004
　　　　　　　　　　　　　　　　　　　　　　　Telephone: (212) 574-1200
　　　　　　　　　　　　　　　　　　　　　　　Fax: (212) 480-8421

　　　　　　　　　　　　　　　　　　　　　　　*Counsel for the Plan Administrator*

**Hearing Date and Time (if necessary): December 12, 2024 at 11:00 a.m. (ET)**
**Objection Deadline: November 8, 2024 at 4:00 p.m. (ET)**

SEWARD & KISSEL LLP
Brian P. Maloney
Catherine V. LoTempio
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 574-1200
Fax: (212) 480-8421

*Counsel for the Plan Administrator*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re* | **Chapter 11** |
| **ENDO INTERNATIONAL plc,** *et al.*, | **Case No. 22-22549 (JLG)** |
| **Debtors.**[1] | **(Jointly Administered)** |

**PLAN ADMINISTRATOR'S SECOND OMNIBUS OBJECTION TO CERTAIN
(I) SUBSTANTIVE DUPLICATE CLAIMS, (II) CROSS DEBTOR DUPLICATE
CLAIMS, AND (III) NO LIABILITY CLAIMS (SUBSTANTIVE)**

**THIS OBJECTION SEEKS TO DISALLOW, REDUCE, AND/OR EXPUNGE
CERTAIN SCHEDULED AND/OR FILED PROOFS OF CLAIM.**

**PARTIES RECEIVING THE OBJECTION SHOULD REVIEW THE OBJECTION
TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE
OBJECTION AND/OR THE EXHIBITS 1-3 ANNEXED TO EXHIBIT A OF THE
OBJECTION TO DETERMINE WHETHER THE OBJECTION
AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT COUNSEL TO THE
PLAN ADMINISTRATOR, CATHERINE V. LOTEMPIO OF
SEWARD & KISSEL LLP AT (212) 574-1632 OR LOTEMPIO@SEWKIS.COM.**

---

[1] The last four digits of Debtor Endo International plc's tax identification number are 3755. Due to the large number of debtors in these chapter 11 cases, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Endo. The location of the Debtors' service address for purposes of these chapter 11 cases is: 5330 Carmel Crest Lane, Charlotte, NC 28226.

Patrick J. Bartels, solely in his capacity as the Plan Administrator (the "Plan Administrator") of the remaining debtors of Endo International plc and its Debtor affiliates, (collectively, the "Remaining Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases")[2], by and through its undersigned counsel, hereby submits this second omnibus objection (the "Objection") for entry of an order (the "Proposed Order"), substantially in the form attached hereto as **Exhibit A**, pursuant to sections 105(a), 502, and 558 of title 11 of the United States Code (the "Bankruptcy Code"), and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), disallowing and expunging certain (i) substantive duplicate claims listed on **Exhibit 1** to the Proposed Order; (ii) cross debtor duplicate claims listed on **Exhibit 2** to the Proposed Order; and (iii) no liability claims listed on **Exhibit 3** to the Proposed Order. In support of the Objection, the Plan Administrator submits the *Declaration of Erin McKeighan in Support of the Plan Administrator's Second Omnibus Objection to Certain (I) Substantive Duplicate Claims; (II) Cross Debtor Duplicate Claims; and (III) No Liability Claims (Substantive)* (the "McKeighan Declaration"), attached hereto as **Exhibit B**. In further support of the Objection, the Plan Administrator respectfully represents as follows:

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2.      This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

---

2       Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the confirmed *Fourth Amended Joint Chapter 11 Plan of Reorganization of Endo International plc and its Affiliated Debtors* [Docket No. 3849] (the "Fourth Amended Plan") or the *Order Confirming the Fourth Amended Joint Chapter 11 Plan of Endo International plc and its Affiliated Debtors and Approving the Disclosure Statement With Respect Thereto* [Docket No. 3960] (the "Confirmation Order").

4.      The statutory bases for the relief requested herein are sections 105(a), 502, and 558 of the Bankruptcy Code and Bankruptcy Rule 3007.

## BACKGROUND

5.      On August 16, 2022 (the "Petition Date"), Endo International plc and seventy-five of its affiliated Debtors each commenced Chapter 11 Cases by filing a petition for relief under chapter 11 of the Bankruptcy Code.  On May 25, 2023, and May 31, 2023, certain additional Debtors also commenced Chapter 11 Cases by filing petitions for relief under chapter 11 of the Bankruptcy Code.  The Chapter 11 Cases are being jointly administered.

6.      Additional information regarding the Debtors, including their business operations, their corporate and capital structure, and the events leading to the commencement of the Chapter 11 Cases is set forth in the *Declaration of Mark Bradley in Support of Chapter 11 Petitions and First Day Papers* [Docket No. 38] (the "First Day Declaration").

7.      On various dates throughout these Chapter 11 Cases, each of the Debtors filed its respective *Schedules of Assets and Liabilities* and *Statement of Financial Affairs* (collectively, the "Schedules and Statements").

8.      On April 23, 2024, the Court entered the *Order Establishing Deadline for Filing Proofs of Claim (II) Approving Procedures for Fling Proof of Claim; (III) Approving the Proof of Claim Forms; (IV) Approving the Form and Manner of Notice Thereof; and (V) Approving the Confidentiality Protocol* [Dkt. No. 1767] (amended from time to time [Dkt. No. 2253, 2442] the "Bar Date Order"), which established, among other things, for creditors holding a "claim" against the Debtors (collectively, the "Claimants") July 7, 2023 at 5:00 P.M. (ET) as the General Claims Bar Date (the "Claims Bar Date") and May 31, 2023, 2023 at 5:00 P.M. (ET) as the Governmental

5

Bar Date (together with the Claims Bar Date, the "Bar Dates").[3]  The Debtors caused notice of the Bar Dates to be provided in accordance with the procedures outlined in the Bar Date Order.  *See* Dkt. Nos. 1767, 2253, 2442.

9.      On March 22, 2024, the Court entered the Confirmation Order confirming the Fourth Amended Plan [Docket No. 3960] and on April 23, 2024, the Plan became effective [Docket No. 4212] (the "Effective Date").  In addition to the Bar Dates, the Plan set the deadline for filing requests for payment of unpaid Administrative Expense Claims as May 28, 2024 (the "Administrative Expense Claims Bar Date").

10.     On the Effective Date, the Plan Administrator was appointed to serve as such pursuant to the terms of the Plan and the Plan Administrator Agreement.  *See* Plan Section 5.7. Pursuant to Section 5.7 of the Fourth Amended Plan and Section 2.1 of the Plan Administrator Agreement, the Plan Administrator is responsible for filing, settling, compromising, withdrawing and/or liquidating to judgment any objections to any: (i) Administrative Expense Claims; (ii) Non-IRS Priority Tax Claims; (iii) and Priority Non-Tax Claims on behalf of the Remaining Debtors; (iv) Priority Non-Tax Claims; and (v) Other Secured Claims (collectively, the "SAP Claims".

11.     On September 11, 2024, the Court entered the *Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 3007 (I) Establishing Claims Objections and Notice Procedures and (II) Granting Related Relief* [Docket No. 4513] (the "Claims Objection Procedures Order").

### THE CLAIMS RESOLUTION PROCESS

12.     In the ordinary course of business, the Debtors each maintained books and records (the "Books and Records") that reflect, among other things, the Debtors' liabilities and the amounts owed to their creditors.

---

[3]      A Separate State/Local Governmental Opioid Bar Date was also set pursuant to the Bar Date Order.

13.     The Debtors' register of claims (the "Claims Register"), prepared and provided to the Plan Administrator by Kroll Restructuring Administration (the "Claims Agent"), reflects that, to date, approximately 900 proofs of claim (collectively, the "Proofs of Claim") have been filed in these Chapter 11 Cases asserting SAP Claims against the Debtors (the "Claims").   The Plan Administrator and his advisors are comprehensively reviewing and reconciling all Claims filed in these Cases as well as comparing the same to the Schedules and Statements.   The Plan Administrator also compared Claims asserted in the Proofs of Claim with the Books and Records to determine the validity of such asserted Claims.

14.     This reconciliation process includes identifying particular categories of claims that may be disallowed and expunged, reduced and allowed, or reclassified.  This is the second omnibus objection to claims filed by the Plan Administrator.  The Plan Administrator anticipates filing additional omnibus objections to the categories of claims to avoid improper recovery by Claimants.

## RELIEF REQUESTED

15.     Through this Objection, and for the reasons described more fully below, the Plan Administrator objects to and seeks entry of an order disallowing and expunging the Proofs of Claim set forth on **Exhibits 1-3** attached to the Proposed Order pursuant to sections 105(a), 502, and 558 of the Bankruptcy Code and Bankruptcy Rule 3007.

## LEGAL BASIS FOR OBJECTION

16.     A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).  Absent an objection, a properly executed and filed proof of claim constitutes *prima facie* evidence of the validity and amount of the claim.  *See In re Metex Mfg. Corp.*, 510 B.R. 735, 740 (Bankr. S.D.N.Y. 2014) (citing Fed. R. Bankr. P. 3001(f)).

17.     If an objection is filed, the court, upon notice and a hearing, must determine the validity and the proper amount of the claim.  *See* 11 U.S.C. § 502(b).  The objecting party has the

initial "burden of putting forth evidence sufficient to refute the validity of the claim." *Metex*, 510

B.R. at 740 (citation omitted). "By producing 'evidence equal in force to the *prima facie* case,' an

objector can negate a claim's presumptive legal validity, thereby shifting the burden back to the

claimant to 'prove by a preponderance of the evidence that under applicable law the claim should

be allowed.'" *In re Residential Capital, LLC.*, 518 B.R. 720, 731 (Bankr. S.D.N.Y. 2014) (quoting

*Creamer v. Motors Liquidation Co. GUC Tr. (In re Motors Liquidation Co.)*, 2013 U.S. Dist.

LEXIS 143957, at *12-*13 (S.D.N.Y. Sept. 26, 2013). In other words, once the *prima facie*

validity of a claim is rebutted, "it is for the claimant to prove his claim, not for the objector to

disprove it." *In re Kahn*, 114 B.R. 40, 44 (Bankr. S.D.N.Y. 1990) (citations omitted).

18.     Further, Bankruptcy Rule 3007(d) permits an omnibus objection against multiple

claims when the basis for such objection is that the claims in question:

(a)     duplicate other claims;
(b)     have been filed in the wrong case;
(c)     have been amended by subsequently filed proofs of claim;
(d)     were not timely filed;
(e)     have been satisfied or released during the case in accordance with the [Bankruptcy] Code, applicable rules, or a court order;
(f)     were presented in a form that does not comply with the applicable rules, and . . . the objector is unable to determine the validity of the claim because of the noncompliance;
(g)     are interests, rather than claims; or
(h)     assert priority in an amount that exceeds the maximum amount under [section] 507 of the [Bankruptcy] Code.

Fed. R. Bankr. P. 3007(d).

19.     In addition, pursuant to the Claims Objection Procedures Order, additional grounds

for objecting to multiple claims include :

i.     The amount claimed is consistent with or contradicts the Remaining Debtors' books and records and the Plan Administrator, after review and consideration of any information provided by the claimant, denies liability in excess of the amount reflected in the Debtors' books and records;

ii. The claim is incorrectly classified;

iii. The claim seeks recovery of amounts for which the Remaining Debtors are not liable;

iv. The claim incorrectly values the collateral securing the claim;

v. The claim fails to sufficiently specify the basis for the claim or does not include sufficient documentation to ascertain the validity of the claim;

vi. The claim is objectionable under section 502(e)(1) of the Bankruptcy Code;

vii. The claim fails to specify the asserted claim amount;

viii. The claim is filed against non-debtors or is improperly filed against multiple Remaining Debtors;

ix. The claim fails to specify a Remaining Debtor against which the claim is asserted;

x. The claim has been satisfied in fully by a party that is not a debtor or has otherwise been satisfied during the pendency of the Chapter 11 Cases (separate from those claims satisfied in accordance with the Bankruptcy Code, applicable rules or a court order as set forth in Bankruptcy Rule 3007(d)(5)); or

xi. The claim has been waived, withdrawn or disallowed pursuant to an agreement with the Plan Administrator or an order of this Court.

20. For the reasons set forth below, the Plan Administrator has determined that the Proofs of Claim filed by the Claimants identified on **Exhibits 1-3** should be disallowed and expunged.

A. **Substantive Duplicate Claims**

21. As a result of his review, the Plan Administrator has identified certain Proofs of Claim that appear to be substantive duplicates of another Claim filed by or on behalf of the same Claimant relating to the same purported liability (the "Substantive Duplicate Claims").

22. A list of the Substantive Duplicate Claims is set forth in the columns titled "Claims to be Disallowed" on **Exhibit 1** to the Proposed Order. The Plan Administrator has listed the

9

claims that the Plan Administrator believes are substantive duplicates that assert the same liability of the Claims, which will remain if the Court sustains this Objection, in the column titled "Remaining Claims" on **Exhibit 1** to the Proposed Order. The surviving "Remaining Claims" will be unaffected by the relief requested in this Objection, and the Claimant's rights to assert the liability against the same Debtor's estate will be preserved.

23. This Court has routinely sustained objections to duplicative claims. *See, e.g., In re Grupo Aeroméxico*, S.A.B. de C.V., No. 20-11563 (SCC) (Bankr. S.D.N.Y. Sep. 24, 2021); *In re LATAM Airlines Group S.A.*, No. 20-11254 (JLG) (Bankr. S.D.N.Y. Aug. 3, 2021); *In re Centric Brands, Inc.*, No. 20-22637 (SHL) (Bankr. S.D.N.Y. June 15, 2021); *In re Ditech Holding Corp.*, No. 19-10412 (JLG) (Bankr. S.D.N.Y. Apr. 12, 2021); *In re Windstream Holdings, Inc.*, No. 19-22397 (RDD) (Bankr. S.D.N.Y. Dec. 21, 2020).

24. Accordingly, the Plan Administrator (a) objects to the Substantive Duplicate Claims listed on **Exhibit 1** to the Proposed Order and (b) seeks entry of the Proposed Order disallowing and expunging the Substantive Duplicate Claims, subject to the Plan Administrator's further objections on any other ground to the Claims listed in the column titled "Remaining Claims" on **Exhibit 1** to the Proposed Order.

**B.     Cross Debtor Duplicate Claims**

25. As a result of his review, the Plan Administrator has identified certain Proofs of Claim that appear to be duplicates of another Claim filed against a cross Debtor by or on behalf of the same Claimant relating to the same purported liability (the "Cross Duplicate Claims").

26. A list of the Cross Duplicate Claims is set forth in the columns titled "Claims to be Disallowed" on **Exhibit 2** to the Proposed Order. The Plan Administrator has listed the claims that the Plan Administrator believes are cross Debtor duplicates that assert the same liability of the Claims, which will remain if the Court sustains this Objection, in the column titled "Remaining

10

Claims" on **Exhibit 2** to the Proposed Order. The surviving "Remaining Claims" will be unaffected by the relief requested in this Objection, and the Claimant's rights to assert the liability against the only one Debtor's estate will be preserved.

27. As noted above, this Court has routinely sustained objections to duplicative claims. Indeed, a claimant is not entitled to multiple recoveries for a single liability against multiple debtors since a claimant is entitled to only a single satisfaction, if at all, of any particular claim of liability against a debtor. *See, e.g.*, *In re Handy Andy Home Improvement Ctrs., Inc.*, 222 B.R. 571 (Bankr. N.D. Ill. 1998) ("it is axiomatic that one cannot recover for the same debt twice").

28. In order to ensure that the Claimants have only a single claim of liability, the Plan Administrator seeks to disallow the Cross Debtor Duplicate Claims to correct the Claims Register and to simplify the claims process. Indeed, elimination of the redundant claims will enable the Plan Administrator to maintain a more accurate Claims Register. As such, the disallowance of the Duplicate Claims will not prejudice the Claimants or their substantive rights or claims against the Debtors.

29. Accordingly, the Plan Administrator (a) objects to the Cross Debtor Duplicate Claims listed on **Exhibit 2** to the Proposed Order and (b) seeks entry of the Proposed Order disallowing and expunging the Cross Debtor Duplicate Claims, subject to the Plan Administrator's further objections on any other ground to the Claims listed in the column titled "Remaining Claims" on **Exhibit 2** to the Proposed Order.

C. **No Liability Claims**

30. As a result of its review, the Plan Administrator objects to each Claim listed on **Exhibit 3** to the Proposed Order (the "No Liability Claims") and requests that each Claim be disallowed and expunged in its entirety, as each Claim seeks to recover amounts for which the Debtors are not liable.

11

31.    Pursuant to section 101 of the Bankruptcy Code, a creditor holds a claim against a bankruptcy estate only to the extent that (a) it has a "right to payment" for the asserted liabilities and (b) the claim is otherwise allowable.  11 U.S.C. §§ 101(5) and 101(10).  When asserting a claim, a claimant must allege facts that, if true, would support a finding that the debtor is legally liable to the claimant.  *See In re Lehman Bros. Holdings, Inc.*, 602 B.R. 564, 574 (Bankr. S.D.N.Y. 2019); *Svenska Taendsticks Fabrik Aktiebolaget v. Irving Tr. Co. (In re Int'l Match Corp.)*, 69 F.2d 73, 76 (2d Cir. 1934) (finding that a proof of claim should at least allege facts from which legal liability can be seen to exist).  Where the claimant alleges sufficient facts to support its claim, its claim is afforded prima facie validity.  *See Lehman Bros.*, 602 B.R. at 574; *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992).  A party wishing to dispute such a claim must produce evidence in sufficient force to negate the claim's prima facie validity.  *Id.; see also In re Dreier LLP*, 544 B.R. 760, 766 (Bankr. S.D.N.Y. 2016), *aff'd*, 2016 WL 3920358 (S.D.N.Y, July 15, 2016), aff'd, 683 F. App'x 78 (2d Cir. 2017) (citations omitted).  In practice, the objecting party must produce evidence that would refute at least one of the allegations essential to the claim's legal sufficiency.  *Id.* at 766.  Once the objecting party produces such evidence, the burden shifts back to the claimant to prove the validity of his or her claim by a preponderance of the evidence.  *Id.*

32.    After reviewing the No Liability Claims and the Debtors' Books and Records, the Plan Administrator has determined that the No Liability Claims fail to establish a basis for a valid claim against the Debtors.  The Plan Administrator has determined that the No Liability Claims are insufficient to verify the existence or amount of an underlying claim against the Debtors and, as such, is not prima facie valid.

33.    In order to preserve the integrity and accuracy of the Claims Register, and to prevent the Claimants from improperly receiving a recovery of the No Liability Claims, at the

expenses of the Debtors and other creditors, the Plan Administrator objects to the No Liability

Claims on **Exhibit 3** to the Proposed Order and (b) seeks entry of the Proposed Order disallowing

expunging such Claims in their entirety.

**RESPONSES TO THE OMNIBUS OBJECTION**

34.     To contest this Objection, in whole or in part, a Claimant must file and serve a

written notice (a "Response") so that it is **actually received by no later than November 8, 2024**

**at 4:00 p.m. (ET)** (the "Response Deadline").  Each Response must be filed with the Office of the

Clerk of the United States Bankruptcy Court for the Southern District of New York, One Bowling

Green, New York, NY 10004 and served upon the following entities: (i) counsel to the Plan

Administrator, Seward & Kissel LLP, One Battery Park Plaza, New York, NY 10004 (Attn:

Catherine V. LoTempio) and (ii) the Office of the United States Trustee for the Southern District

of New York, Alexander Hamilton Custom House, One Bowling Green, Suite 534, New York,

NY 10004-1408 (Attn: Paul Schwartzberg).

35.     Every Response to this Objection must contain, at a minimum, the following

information:

  i.      a caption setting forth the name of the Court, the name of the Debtors, the case
          number, and the title of this Objection to which the Response is directed;

  ii.     the Claimant's name, the claim number, and a description of the basis for the
          amount claim;

  iii.    the specific factual basis and supporting legal argument upon which the party will
          rely in opposing this Objection;

  iv.     any supporting documentation to the extent it was not included with the Proof of
          Claim previously filed with the clerk or claims agent, upon which the party will
          rely to support the basis for and amounts asserted in the Proofs of Claim; and

  v.      the name, address, telephone number, and email address of the person(s) (which
          may be the Claimant or the Claimant's legal representative) with whom counsel for
          the Plan Administrator should communicate with respect to the Objection and
          Response and who possesses authority to reconcile, settle, or otherwise resolve the
          Objection and Response on behalf of the Claimant.

13

36.     If a Claimant fails to file and serve a timely Response by the Response Deadline, the Plan Administrator may present to the Court an appropriate order disallowing and expunging the claim, as set forth in **Exhibit 1-3** to the Proposed Order without further notice to the Claimant or a hearing.

## SEPARATE CONTESTED MATTERS

37.     To the extent that a Response is filed regarding any Claim listed in the Objection and the Plan Administrator is unable to resolve the Response, each such Claim, and the portion of the Objection by the Plan Administrator to each such Claim asserted herein, shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.  Any order entered by the Court regarding any individual objection asserted in the Objection shall be deemed a separate order with respect to each affected Claim.

## RESERVATION OF RIGHTS

38.     The Plan Administrator hereby reserves the rights to object in the future to any of the Proofs of Claim listed in this Objection or in the exhibits attached hereto on any ground and amend, modify, and/or supplement this Objection at any time.

39.     Notwithstanding anything contained in this Objection or the exhibits attached to the Proposed Order, nothing herein shall be construed as a waiver of any rights that the Plan Administrator may have to: (a) bring avoidance actions under the applicable section of the Bankruptcy Code against the holders of claims subject to the Objection; (b) exercise his rights of setoff against the holders of such claims relating to such avoidance actions; or (c) otherwise contest such claims.

## NOTICE

40.     Under Bankruptcy Rule 3007, the Plan Administrator will provide at least thirty (30) days' notice of this Objection to: (i) the U.S. Trustee and (ii) email to counsel for (a) the Endo

14

GUC Trust, (b) Heather Barlow, in her capacity as Trustee of the Endo Mesh Trust, the Endo Reverse Payment Trust, the Endo Generics Price Fixing Trust, and the Endo Ranitidine Trust, (c) Ed Gentle, in his capacity as Trustee of the PI Trust, the NAS PI Trust and the Future PI Trust, (d) the Hospital Trust, (e) the IERP Trust II, and (f) the TPP Trust; and (iii) each Claimant identified on **Exhibits 1-3** to the Proposed Order and its counsel, if they have appeared in the Chapter 11 Cases. No previous motion for the relief sought herein has been made to this Court or any other court. In light of the nature of the relief requested herein, the Plan Administrator respectfully submits that no further notice is necessary.

## **CONCLUSION**

**WHEREFORE**, the Plan Administrator respectfully requests that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and grant such other relief as the Court deems just and proper.

*[remainder of page intentionally left blank]*

Dated:  October 18, 2024
New York, New York

**SEWARD & KISSEL LLP**

*/s/ Brian P. Maloney*
Brian P. Maloney
Catherine V. LoTempio
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 574-1200
Fax: (212) 480-8421

*Counsel for the Plan Administrator*