## EXHIBIT B

## (McKeighan Declaration)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re* | **Chapter 11** |
| **ENDO INTERNATIONAL plc, *et al.*,** | **Case No. 22-22549 (JLG)** |
| **Debtors.**[1] | **(Jointly Administered)** |

**DECLARATION OF ERIN MCKEIGHAN IN SUPPORT OF PLAN ADMINISTRATOR'S SECOND OMNIBUS OBJECTION TO CERTAIN (I) SUBSTANTIVE DUPLICATE CLAIMS, (II) CROSS DEBTOR DUPLICATE CLAIMS, AND (III) NO LIABILITY CLAIMS (SUBSTANTIVE)**

Pursuant to 28 U.S.C. § 1746, I hereby declare as follows:

1.       I am a Managing Director at the Alvarez & Marsal North America, LLC ("A&M"), working at the direction of Patrick J. Bartels, as Plan Administrator for the Remaining Debtors, appointed in the above-captioned cases (the "Cases"). I am familiar with the Debtors' day-to-day operations, books and records, business, and financial affairs. I make this declaration in support of the *Plan Administrator's Second Omnibus Objection to Certain (I) Substantive Duplicate Claims, (II) Cross Debtor Duplicate Claims, and (III) No Liability (Substantive)* (the "Objection")[2] pursuant to which the Plan Administrator is requesting that this Court enter an order substantially in the form of the Proposed Order disallowing certain claims.

---

[1]       The last four digits of Debtor Endo International plc's tax identification number are 3755. Due to the large number of debtors in these chapter 11 cases, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Endo. The location of the Debtors' service address for purposes of these chapter 11 cases is: 5330 Carmel Crest Lane, Charlotte, NC 28226.

[2]       Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Objection.

2.      All statements in this declaration are based on my personal knowledge, my review (or the review of the advisors under my supervision and/or consultants working for the Debtors) of business records kept by the Debtors in the ordinary course of business (the "Books and Records"), through my discussions with the Debtors' consults working on the claims reconciliation process, my review (or the review by my advisors under my supervision and/or the Debtors' consultants) of the relevant proofs of claim, and/or my review (or the review by my advisors under my supervision and/or the Debtors' consultants) of the Claims Register.

3.      Either I, persons under my supervision, or the advisors and/or consultants under my supervision have reviewed the Substantive Duplicate Claims, Cross Debtor Duplicate Claims, and No Liability Claims of which we were provided by the Claims Agent.  In addition, the Claims Agent prepared and transmitted the Claims Register to me.  I, and my advisors and/or consultants, then reviewed the claims listed on **Exhibits 1-3** to the Proposed Order and the Debtors' current Books and Records.  The objections set forth in the Objection are based on the review conducted by me, my advisors, and/or consultants, as well as my knowledge and the knowledge of my advisors and/or consultants.  I have personally reviewed the Objection and to the best of my knowledge and belief, the information contained therein and on **Exhibits 1-3** to the Proposed Order attached as **Exhibit A** to the Objection is true and correct.

## Claim Objections

### A.      Substantive Duplicate Claims

4.      As a result of the review described above, I have identified certain claims that appear to be substantive duplicates of another Claim filed by or on behalf of the same Claimant relating to the same purported liability (the "Substantive Duplicate Claims"), which are listed in the column titled "Claims to be Disallowed" on **Exhibit 1** to the Proposed Order.  I have also listed

2

the related claims, which I believe are substantive duplicates of the Substantive Duplicate Claims, that will remain if the Court sustains the Objection in the column titled "Remaining Claims" on **Exhibit 1** to the Proposed Order.

5. Disallowance of the Substantive Duplicate Claims will enable the Claims Register to reflect more accurately the claims asserted against the Debtors. I believe that the Claimants holding Substantive Duplicate Claims will not be prejudiced by having such claims disallowed because their "Remaining Claims" will remain on the Claims Register after the corresponding Substantive Duplicate Claims are disallowed, subject to the rights of the Plan Administrator to object to them.

6. Accordingly, the Substantive Duplicative Claims do not represent valid claims against the Debtors' estates and, thus, should be disallowed and expunged.

**B.      Cross Debtor Duplicate Claims**

7. As a result of the review described above, I have identified certain claims that appear to be cross Debtor duplicates of another Claim filed against one or more Debtors by or on behalf of the same Claimant relating to the same purported liability (the "Cross Debtor Duplicate Claims"), which are listed in the column titled "Claims to be Disallowed" on **Exhibit 2** to the Proposed Order. I have also listed the related claims, which I believe are cross Debtor duplicates of the Cross Debtor Duplicate Claims, that will remain if the Court sustains the Objection in the column titled "Remaining Claims" on **Exhibit 2** to the Proposed Order.

8. Disallowance of the Cross Debtor Duplicate Claims will enable the Claims Register to reflect more accurately the claims asserted against the Debtors. I believe that the Claimants holding Cross Debtor Duplicate Claims will not be prejudiced by having such claims disallowed because their "Remaining Claims" will remain on the Claims Register after the corresponding

Cross Debtor Duplicate Claims are disallowed, subject to the rights of the Plan Administrator to object to them.

9.      Accordingly, the Cross Debtor Duplicative Claims do not represent valid claims against the Debtors' estates and, thus, should be disallowed and expunged.

### C.      No Liability Claims

10.      As a result of the review described above, I have identified certain Claims listed on **Exhibit 3** to the Proposed Order (the "No Liability Claims").  To the best of my knowledge, information, and belief, none of the No Liability Claims are reflected on the Debtors' books and records.  After carefully reviewing the No Liability Claims, I believe that each of the No Liability Claims fails to provide, and I am not otherwise aware of any facts to support, the Debtor's liability for the claim status as asserted.

11.      If the No Liability Claims are not disallowed and expunged, the potential exists for the applicable Claimants to receive recoveries from the Estates to which they are not entitled, to the detriment of other stakeholders.  Accordingly, the No Liability Claims should be disallowed, expunged and reclassified.

12.      I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on October 18, 2024.

*/s/ Erin McKeighan*
Erin McKeighan