UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- x
In re:                                                     :    Case No. 22-22549 (JLG)
                                                           :
Endo International plc, et al.,                            :    Chapter 11
                                          Debtors.[1]      :
                                                           :    Jointly Administered
---------------------------------------------------------- x

**MEMORANDUM DECISION GRANTING MOTION FOR ENTRY OF AN ORDER
(I) CLOSING CERTAIN CHAPTER 11 CASES; (II) GRANTING FINAL DECREES
IN CERTAIN CLOSED CHAPTER 11 CASES; (III) AMENDING CAPTION OF
REMAINING CASES; AND (IV) GRANTING RELATED RELIEF**

**APPEARANCES:**

Seward & Kissel LLP
*Counsel to the Plan Administrator*
*Patrick J. Bartels*
One Battery Park Plaza
New York, NY 10004
By:    Brian P. Maloney
       Catherine V. LoTempio

Charles Elliott Anderson
*Appearing Pro Se*
1205 California Ave. #2
Las Cruces, New Mexico 88001

---

[1] The last four digits of Endo International plc's tax identification number are 3755. Due to the large number of debtors in these Chapter 11 Cases, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring rakroll.com/Endo. The location of the Debtors' service address for purposes of these Chapter 11 Cases is: 1400 Atwater Drive, Malvern, PA 19355.

**HON. JAMES L. GARRITY, JR.**
**U.S. BANKRUPTCY JUDGE**

**Introduction**[2]

The matter before the Court is the motion (the "Motion")[3] of Patrick J. Bartels, solely in his capacity as the Plan Administrator (the "Plan Administrator") of the remaining debtors of Endo International plc and its Debtor affiliates (collectively, the "Remaining Debtors"), in these chapter 11 cases (the "Chapter 11 Cases"), for entry of an order (a) closing the Closing Cases,[4] (b) granting final decrees in the Closing Cases; (c) changing the lead case from *In re Endo International plc* [Case No. 22-22549] to *In re Branded Operations Holdings, Inc.* [Case No. 22-22608]; (d) amending the caption to reflect the new lead case for the non-Closing Cases (the "Remaining Cases"); and (e) granting related relief. Motion ¶ 3. Further, the Plan Administrator requests that the Court authorize the Clerk of the United States Bankruptcy Court for the Southern District of New York and other parties-in interest to take whatever actions are necessary to update the ECF filing system and their respective records to reflect the name change of the lead case, including the insertion of a docket entry in the relevant Remaining Cases announcing the change of the lead case. *Id.* ¶ 3.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the confirmed *Fourth Amended Joint Chapter 11 Plan of Reorganization of Endo International plc and its Affiliated Debtors,* ECF No. 3849 (the "Fourth Amended Plan" or the "Plan") or the *Order Confirming the Fourth Amended Joint Chapter 11 Plan of Endo International plc and its Affiliated Debtors and Approving the Disclosure Statement with Respect Thereto*, ECF No. 3960 (the "Confirmation Order"). References to "ECF No. __" are to documents filed on the electronic docket of Case No. 22-22549.

[3] *Plan Administrator's Motion For Entry Of An Order (I) Closing Certain Chapter 11 Cases; (II) Granting Final Decrees In Certain Closed Chapter 11 Cases; (III) Amending Caption Of Remaining Cases; And (IV) Granting Related Relief*, ECF No. 4684.

[4] The "Closing Cases" are the Chapter 11 Cases of the Debtors' listed on Schedule 1 to the proposed order (the "Proposed Order") annexed to the Motion (the Debtors in such Closing Cases are the "Closing Debtors").

2

Charles Elliott Anderson ("Mr. Anderson"), a self-described opioid claimant, filed the only objection to the Motion (the "Objection").[5] He is acting pro se in this matter. The Plan Administrator filed a reply (the "Reply")[6] in support of the Motion.

On November 14, 2024, the Court heard argument on the Motion. The Plan Administrator appeared through his counsel. Mr. Anderson appeared pro se. For the reasons set forth herein, the Court overrules the Objection and grants the Motion.

## **Jurisdiction**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Referral of Cases to Bankruptcy Judges of the United States District Court for the Southern District of New York (M-431), dated January 31, 2012 (Preska, C.J.). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). In addition, pursuant to the Confirmation Order and Plan, this Court has retained jurisdiction over the Chapter 11 Cases and all matters arising out of, or related to, the Chapter 11 Cases and the Plan, including, among other things, to (a) enter and implement such orders as may be necessary or appropriate to execute, implement, or consummate the provisions of the Plan, the Confirmation Order, and any agreements and documents in connection with or contemplated by the Plan, the Confirmation Order, the Purchase and Sale Agreement (the "PSA"), and the Disclosure Statement; and (b) enter a final decree closing each of the Chapter 11 Cases. Plan § 13.1.

---

[5] *Objection to Motion*, ECF No. 4694.

[6] *Plan Administrator's Reply In Support Of Motion For Entry Of An Order (I) Closing Certain Chapter 11 Cases; (II) Granting Final Decrees In Certain Closed Chapter 11 Cases; (III) Amending Caption Of Remaining Cases; And (IV) Granting Related Relief*, ECF No. 4783.

3

**Background**

On August 16, 2022, Endo International plc and seventy-five of its affiliated Debtors each commenced Chapter 11 Cases by filing a petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). On May 25, 2023, and May 31, 2023, certain additional Debtors also commenced Chapter 11 Cases by filing petitions for relief under chapter 11 of the Bankruptcy Code. The Chapter 11 Cases are being jointly administered.

On March 22, 2024, the Court entered the Confirmation Order confirming the Fourth Amended Plan and on April 23, 2024, the Plan became effective (the "Effective Date").[7] The Plan calls for the appointment of a Plan Administrator on or after the Effective Date by the Debtors and on consent of the Required Consenting Global First Lien Creditors in consultation with the Committees and the FCR. Plan, § 5.7. Patrick J. Bartels was appointed and is acting as Plan Administrator.

**The Motion**

The Plan Administrator seeks a number of forms of relief in the Motion. First he seeks an order from this Court under section 350 of the Bankruptcy Code and Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") closing the Closing Cases and entering final decrees in each such case, without prejudice to (a) the rights of any Debtor or other party in interest to seek to reopen any of the Closing Cases for cause pursuant to section 350(b) of the Bankruptcy Code, and (b) the right of the Debtors, the Plan Administrator, or any other parties in interest to dispute, object to or resolve all claims that were filed against the Debtors in the Chapter 11 Cases. Motion ¶¶ 3, 12-14.

---

[7] *Notice Of (I) Entry of Confirmation Order, (II) Occurrence of Effective Date, and (III) the Administrative Expense Claims Bar Date*, ECF No. 4212.

The Plan Administrator also seeks a direction from the Court that the Closing Debtors pay any final fees due and payable to the United States Trustee pursuant to section 1930(a)(6) of title 28 of the United States Code, and that the Remaining Debtors shall continue to pay quarterly fees due to the United States Trustee for the Remaining Cases. *Id.* ¶ 11. Finally, he seeks leave pursuant to section 105(a) of the Bankruptcy Code to change the lead case herein from *In re Endo International plc* [Case No. 22-22549] to *In re Branded Operations Holdings, Inc.* [Case No. 22-22608], and to update the case caption accordingly. *Id.* ¶¶ 16-19.

**The Objection**

Mr. Anderson contends that he has suffered permanent physical injuries due to the prescriptions of opioid medications manufactured and marketed by Endo. Objection at 2. He argues that the Motion is premature and seeks relief that will unfairly prejudice his rights to seek full compensation for his injuries. *Id.* Mr. Anderson asserts that he and other opioid claimants have been victimized by the lengthy and time-consuming claims process associated with the Chapter 11 Cases. *Id.* at 3. He maintains that the claims resolution process may not be complete and closing the Closing Cases or granting final decrees in those cases at this stage would effectively prevent individuals, like him, from seeking fair compensation for their injuries. *Id.* He says that closing the Closing Cases will disadvantage the actual victims in the opioid crisis and limit or eliminate the just compensation they deserve. *Id.* at 5.

Mr. Anderson also objects to changing the name of the lead case. *Id.* He says that amending the case caption will give rise to another claim resolution process to the prejudice of opioid claimants. *Id.* He also objects to "any order" that will "set up funds for anyone else" except for what he refers to as "surviving members." *Id.* He contends that he was "murdered" and his body "disposed of in the desert," and requests that his "case be settled before any of the proposed

5

orders are granted." *Id.* at 6. He asks the Court to deny the Motion and allow for "individual settlement" of his opioid claim. *Id.* at 7. Mr. Anderson attaches several exhibits to the objection. *Id.*, Exs. 1-9.

## Analysis

**Whether the Court Should Enter a
Final Decree Closing the Closing Cases**

Section 350(a) of the Bankruptcy Code states that "[a]fter an estate is fully administered . . . the court shall close the case." 11 U.S.C. § 350(a). Bankruptcy Rule 3022 implements section 350 of the Bankruptcy Code. It provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Fed. R. Bankr. P. 3022.

The entry of the final decree "is essentially an administrative task." *In re Kliegl Bros. Universal Elec. Stage Lighting Co., Inc.*, 238 B.R. 531, 541 (Bankr. E.D.N.Y. 1999). The final decree "simply delineates on the docket that the case is closed; it represents the administrative conclusion of a case for record keeping purposes." *In re Gould*, 437 B.R. 34, 38 (Bankr. D. Conn. 2010) (internal quotation marks omitted); *accord McClelland v. Grubb & Ellis Consulting Servs. Co. (In re McClelland),* 377 B.R. 446, 453, *aff'd*, 460 B.R. 397 (Bankr. S.D.N.Y. 2011) ("A final decree is essentially an administrative task, a docket entry reflecting the conclusion of a case for record-keeping purposes."). Even after a final decree is entered, a bankruptcy proceeding can be reopened. *See* 11 U.S.C. § 350(b).

The Bankruptcy Code does not define "fully administered." "Courts have wide discretion in determining whether to close a chapter 11 case and Bankruptcy Rule 3022 is intended to allow bankruptcy courts flexibility in determining whether an estate is fully administered." *In re Motors Liquidation Co.*, 625 B.R. 605, 614 (Bankr. S.D.N.Y. 2021) (internal quotation marks

6

omitted).  Courts look to a set of non-exhaustive factors in the Advisory Committee Notes to Bankruptcy Rule 3022 to determine whether a case has been fully administered.  The factors include: (1) whether the order confirming the plan has become final; (2) whether deposits required by the plan have been distributed; (3) whether the property proposed by the plan to be transferred has been transferred; (4) whether the debtor or successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan; (5) whether payments under the plan have commenced; and (6) whether all motions, contested matters, and adversary proceedings have been finally resolved.  Fed. R. Bankr. P. 3022 advisory committee's note to 1991 amendment.

Although courts should apply and weigh the factors, no one factor is dispositive.  *In re Union Home & Indus., Inc.*, 375 B.R. 912, 917-18 (B.A.P. 10th Cir. 2007) ("The factors listed in the Advisory Note are not considered exhaustive, nor must a party demonstrate all of the factors, before the court may find a case to be fully administered."); *see Spierer v. Federated Dep't Stores, Inc. (In re Federated Dep't Stores, Inc.)*, 43 Fed. Appx. 820, 822 (6th Cir. 2002) (bankruptcy courts determine the entry of a final decree "on a case-by-case basis and analyz[ing] the factors set forth in Rule 3022, along with any other relevant factors, in determining whether an estate has been fully administered.").

Courts also consider whether the plan of reorganization has been substantially consummated.  *See, e.g., In re Gates Cmty. Chapel of Rochester, Inc.*, 212 B.R. 220, 224 (Bankr. W.D.N.Y. 1997) (citing *Walnut Assocs. v. Saidel,* 164 B.R. 487 (E.D. Pa. 1994); *In re BankEast Corp.*, 132 B.R. 665 (Bankr. D.N.H. 1991)) (noting that several courts have "concluded that a Chapter 11 case should be considered 'fully administered' when it reaches the point of substantial consummation as defined in section 1101(2)" of the Bankruptcy Code).  Under

7

section 1101(2), "substantial consummation" means: (a) transfer of all or substantially all of the property proposed by the plan to be transferred; (b) assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and (c) commencement of distribution under the plan.  11 U.S.C. § 1101(2).

The record is clear that upon consummation of the Restructuring Transactions contemplated under the Plan on the Effective Date, the Closing Cases were "fully administered" within the meaning of section 350 of the Bankruptcy Code.  Moreover, the Plan has been substantially consummated with respect to the Closing Debtors within the meaning of section 1101(2).  The Closing Cases satisfy many of the factors set forth in the Advisory Committee Notes, including the following: (a) the Confirmation Order has become final and non-appealable; (b) the Closing Debtors are no longer operating entities or have been transferred to the Purchaser Parent; (c) any property transfers provided by the Plan, to the extent applicable, have been completed; (d) the Plan Administrator or the creditor trusts formed pursuant to the Plan have assumed all obligations of the Debtors under the Plan, including the reconciliation and distributions on account of any Allowed Claims; (e) there are no open adversary proceedings or contested matters in the Closing Cases and any adversary proceedings or contested matters arising after entry of the Proposed Order will be resolved in the Remaining Cases; (f) the Plan Administrator or creditor trusts formed pursuant to the Plan have assumed the management of substantially all of the property dealt with by the Plan; and (g) all transactions, payments, and distributions required by the Plan are being or will be implemented by the Plan Administrator or the applicable creditor trusts formed pursuant to the Plan in a manner consistent with the Plan.

The Plan Administrator has demonstrated grounds under sections 350(a) and 1102 of the Bankruptcy Code to close the Closing Cases. The Court grants that relief. In making that determination, the Court notes that the Remaining Cases will remain open and provide a forum for any disputes that may arise in connection with the distributions and disbursements by the Remaining Debtors on account of any outstanding Allowed Claims.

Section 1930(a)(6) of title 28 of the United States Code requires that quarterly fees be paid to the United States Trustee after confirmation and consummation of a chapter 11 plan until a debtor's case is closed. 28 U.S.C. § 1930(a)(6). The Plan Administrator has demonstrated that the administrative cost and burden of maintaining approximately eighty chapter 11 cases is significant, requiring burdensome reporting for transactions unrelated to implementation of the Plan and incurrence of administrative costs. Motion ¶ 11. In that light, it is clear that those costs are an unnecessary financial burden on the Plan Administrator and the estates.

The record demonstrates that as of the date hereof, the Debtors have paid all fees due and payable pursuant to section 1930(a)(6). The Court directs the Closing Debtors to make any final payments due to the United States Trustee in connection with this Motion, and the Remaining Debtors to continue to pay quarterly fees due to the United States Trustee for the Remaining Cases.

**Whether the Court Should Authorize the Debtors to**
**Change the Lead Case and Update the Case Caption**

The Debtors have sold substantially all of their assets to the Purchaser Entities and have agreed, pursuant to section 5.9 of the PSA, to cause the name of each Debtor in the caption of the Chapter 11 Cases to be changed to a new name that does not use any "Endo Marks." Motion ¶ 17. Nonetheless, the Plan Administrator and the Purchaser have agreed that, due to regulatory considerations, corporate name changes at this time are not advisable. *Id*. Instead, they

9

have agreed to change the lead case from *In re Endo International plc* to *In re Branded Operations Holdings, Inc.* to avoid confusion with the "Endo Marks." *Id*. The Plan Administrator requests that the captions for the Remaining Cases be changed to reflect the change of the main case to *In re Branded Operations Holdings, Inc.* and that the cases continue to be jointly administered under that caption. *Id*.

Section 105(a) of the Bankruptcy Code provides a bankruptcy court with broad powers in the administration of a case under title 11. Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title" and further that "no provision of this title shall be construed to preclude the court from . . . taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules." 11 U.S.C. § 105(a).

The relief that the Plan Administrator seeks fits comfortably within the Court's administrative powers. Courts in this and other districts have granted such relief in similar situations. *See In re Techniplas, LLC*, No. 20-11049 (Bankr. D. Del. July 1, 2020); *In re Perkins & Marie Callender's, LLC*, No. 19-11743 (Bankr. D. Del. Nov. 21, 2019); *In re FTD Companies, Inc.*, No. 19-11240 (Bankr. D. Del. Sept. 13, 2019); *In re Things Remembered, Inc.*, No. 19-10234 (Bankr. D. Del. Apr. 9, 2019); *In re Republic Metals Refining Corp.*, No. 18-13359 (Bankr. S.D.N.Y. Apr. 3, 2019); *In re Firestar Diamond, Inc.*, No. 18-10509 (Bankr. S.D.N.Y. Sept. 25, 2018); *In re Aéropostale, Inc.*, No. 16-11275 (Bankr. S.D.N.Y. June 29, 2017); *In re Hostess Brands, Inc.*, No. 12-22052 (Bankr. S.D.N.Y. Apr. 17, 2013).

The Court grants the Plan Administrator's requests to change the lead case in the Chapter 11 Cases to *In re Branded Operations Holdings, Inc.* [Case No. 22-22608] and to amend the caption to reflect the new lead case for the Remaining Cases.

**The Objection to the Motion**

The Court considers the merits of the Objection in light of Mr. Anderson's status as a pro se litigant. *See Amhad v. Day*, No. 20-cv-4507, 2023 WL 3847144, at *3 (S.D.N.Y. June 6, 2023) ("It is well established that a court is 'obligated to afford a special solicitude to *pro se* litigants.'" (quoting *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010))). Accordingly, the Court does not hold the Objection to the standards applicable to pleadings drafted by attorneys, and liberally construes it in a light most favorable to Mr. Anderson. *See Smith v. Bronx Cmty. Coll. Assoc.*, No. 16-cv-3779, 2017 WL 727546, at *1 (S.D.N.Y. Feb. 23, 2017) ("Where, as here, a plaintiff is proceeding *pro se*, her pleadings 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007))); *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) ("[W]e read the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994))).

Mr. Anderson says that he has suffered permanent physical injuries due to the prescriptions of opioid medications manufactured and marketed by Endo. Objection at 2; *see also id*. at 6 (noting that he was "murdered" and his body "disposed of in the desert."). In his Objection, he seeks to preserve his rights as a claimant in the Chapter 11 Cases and the rights of similarly situated claimants. *Id.* at 3. He also asks that his "case be settled before any of the proposed orders are granted." *Id.* at 6.

Mr. Anderson maintains that the claims process is incomplete and that at this stage, granting final decrees in the Closing Cases "will effectively prevent . . .[claimants] from seeking 'fair' and 'justifiable' compensation for their injuries and losses." *See id.* at 3. The Court finds no merit to that argument. The Plan Administrator or the creditor trusts formed pursuant to the

11

Plan have assumed all obligations of the Debtors, including reconciliation and distributions on account of any Allowed Claims. As set forth in the Plan, the Plan Administrator is responsible for the reconciliation and distribution on account of Administrative Expense Claims, Non-IRS Priority Tax Claims, and Priority Non-Tax Claims, and the individual creditor trusts have the exclusive authority over the reconciliation and distribution on account of Trust Channeled Claims in accordance with the Plan and the applicable Trust Documents. *See* Plan §§ 8.1, 9.1. Moreover, as the Plan Administrator contends, if the Court's intervention is necessary in connection with the claims adjudication process, the Remaining Cases will remain open at this time, and any open issue can be administered on the docket of the Remaining Cases without prejudice to the rights of any creditor. Reply ¶ 11.

Mr. Anderson also contends that the Court should deny the Plan Administrator's request to change the lead case and update the case caption because the name change "will further delay any payments, and compensation" and will create another "claim process" with "deadlines" and "short hearing times" that will prejudice survivors and allow Endo International plc to "further take no responsibility." *See* Objection at 5. However, the name change will have no impact on the claims resolution process approved by the Court and will not impact the timing of payments to creditors holding Allowed Claims. As the Plan Administrator correctly contends, the request to change the lead case and update the case caption is for administrative purposes only. Reply ¶ 3. The claims adjudication process is set forth in the Plan, including the adjudication of the Trust Channeled Claims in accordance with the applicable Trust Documents. *See* Plan § 9.1. The relief requested in the Motion does not modify the claims adjudication process set forth in the Plan or the Trust Documents. Reply ¶ 3.

12

Finally, there are no grounds for the Court to direct that Mr. Anderson's claim be settled as a condition to its consideration of the Motion. As the Plan Administrator confirms, all claims will continue to be administered in accordance with the Plan and the Trust Documents. To the extent that relief is necessary in any of the Closing Cases, the Proposed Order expressly provides that the rights of all parties-in-interest are preserved to reopen any of the Closing Cases for cause.

## Conclusion

Based on the foregoing, the Court overrules the Objection and grants the Motion. The Plan Administrator is directed to submit an order.

IT IS SO ORDERED.

Dated:  November 14, 2024
        New York, New York

                                      /s/ *James L. Garrity, Jr.*
                                      Honorable James L. Garrity, Jr.
                                      United States Bankruptcy Judge