| | | |
|---|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | | NOT FOR PUBLICATION |
| ------------------------------------------------------- x | | |
| In re: | : | Case No. 22-22549 (JLG) |
| | : | |
| Endo International plc, *et al.*, | : | Chapter 11 |
| | : | |
| Debtors.[1] | : | Jointly Administered |
| ------------------------------------------------------- x | | |

# MEMORANDUM DECISION SUSTAINING PLAN ADMINISTRATOR'S THIRD OMNIBUS OBJECTION TO CERTAIN (I) SATISFIED CLAIMS, (II) MODIFIED PRIORITY CLAIMS, (III) MODIFIED AMOUNT CLAIMS; AND (IV) MODIFIED PRIORITY AND AMOUNT CLAIMS (SUBSTANTIVE)

**A P P E A R A N C E S :**

SEWARD & KISSEL LLP
*Counsel to the Plan Administrator*
*Patrick J. Bartels*
One Battery Park Plaza
New York, New York 10004
By:   Brian P. Maloney
      Catherine V. LoTempio

---

[1] The last four digits of Endo International plc's tax identification number are 3755. Due to the large number of debtors in these Chapter 11 Cases, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Endo. The location of the Debtors' service address for purposes of these Chapter 11 Cases is: 5330 Carmel Crest Lane, Charlotte, NC 28226.

**HON. JAMES L. GARRITY, JR.**
**U.S. BANKRUPTCY JUDGE**

### INTRODUCTION[2]

Patrick J. Bartels is the Plan Administrator of the remaining debtors of Endo International plc and its Debtor affiliates, (collectively, the "Remaining Debtors") in these chapter 11 cases (the "Chapter 11 Cases"). The matter before the Court is the Plan Administrator's Third Omnibus Objection to Claims (the "Objection").[3] In it, the Plan Administrator is seeking the entry of an order (the "Proposed Order") pursuant to sections 105(a), 502, and 558 of title 11 of the United States Code (the "Bankruptcy Code"), and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), disallowing and expunging, reducing and allowing, or reclassifying (i) Satisfied Claims listed on Exhibit 1 to the Proposed Order; (ii) Modified Priority Claims listed on Exhibit 2 to the Proposed Order; (iii) Modified Amount Claims listed on Exhibit 3 to the Proposed Order; and (iv) Modified Amount and Priority Claims listened on Exhibit 4 to the Proposed Order.

The Plan Administrator submitted the declaration of Erin McKeighan (the "McKeighan Decl.") in support of the Objection.[4] The Plan Administrator received a formal and informal

---

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the confirmed *Fourth Amended Joint Chapter 11 Plan of Reorganization of Endo International plc and its Affiliated Debtors,* ECF No. 3849 (the "Fourth Amended Plan," or the "Plan") or the *Findings of Fact, Conclusions of Law, and Order (i) Confirming the Fourth Amended Joint Chapter 11 Plan of Reorganization of Endo International PLC and its Affiliated Debtors and (II) Approving the Disclosure Statement with Respect Thereto*, ECF No. 3960 (the "Confirmation Order"). References to "ECF No. __" are to documents filed on the electronic docket of Case No. 22-22549.

[3] *Plan Administrator's Third Omnibus Objection to Certain (I) Satisfied Claims, (II) Modified Priority Claims, (III) Modified Amount Claims; and (IV) Modified Priority and Amount Claims (Substantive)* ECF No. 4690.

[4] *Declaration of Erin McKeighan in Support of Plan Administrator's Third Omnibus Objection to Certain (I) Satisfied Claims, (II) Modified Priority Claims, (III) Modified Amount Claims; and (IV) Modified Priority and Amount Claims (Substantive)*, ECF No. 4690–2.

2

response to the Objection which he resolved out of court.[5] The Court conducted a hearing on the Objection. For the reasons stated herein, the Court sustains the Objection.

## JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Referral of Cases to Bankruptcy Judges of the United States District Court for the Southern District of New York (M-431), dated January 31, 2012 (Preska, C.J.). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). In addition, pursuant to the Confirmation Order and Plan, this Court has retained jurisdiction over the Chapter 11 Cases and all matters arising out of, or related to, the Chapter 11 Cases and the Plan, including, among other things, to enter and implement such orders as may be necessary or appropriate to execute, implement, or consummate the provisions of the Plan, the Confirmation Order, and any agreements and documents in connection with or contemplated by the Plan, the Confirmation Order, and the Disclosure Statement.

## BACKGROUND

**The Chapter 11 Cases**

On August 16, 2022 (the "Petition Date"), Endo International plc and seventy-five of its affiliated Debtors each commenced Chapter 11 Cases by filing a petition for relief under chapter 11 of the Bankruptcy Code. Objection ¶ 5. On May 25, 2023, and May 31, 2023, certain additional Debtors also commenced Chapter 11 Cases by filing petitions for relief under chapter 11 of the

---

[5] The Plan Administrator received a formal response from Talent Activators, LLC (Claim No. 38), ECF No. 4811, and an informal response from Uline (Claim No. 54). Separately, the Plan Administrator agreed, solely with respect to the claims filed by Strides Pharma, Inc. (Claim No. 907530) to adjourn the hearing on the Third Omnibus Objection to January 16, 2025. Those agreements are reflected in the Revised Proposed Order. *See Notice of Revised Proposed Order Sustaining the Plan Administrator's Third Omnibus Objection to Certain (I) Satisfied Claims, (II) Modified Priority Claims, (III) Modified Amount Claims; and (IV) Modified Priority and Amount Claims (Substantive),* ECF No. 4821.

3

Bankruptcy Code. *Id.* The Chapter 11 Cases are being jointly administered. *Id.* On various dates throughout these Chapter 11 Cases, each of the Debtors filed its respective *Schedules of Assets and Liabilities* and *Statement of Financial Affairs* (collectively, the "Schedules and Statements"). *Id.* ¶ 7.

On April 23, 2024, the Court entered the Bar Date Order (as amended from time to time),[6] which established, among other things, for creditors holding a "claim" against the Debtors, July 7, 2023 at 5:00 p.m. (ET) as the General Claims Bar Date (the "Claims Bar Date") and May 31, 2023, at 5:00 p.m. (ET) as the Governmental Bar Date (together with the Claims Bar Date, the "Bar Dates").[7] The Debtors caused notice of the Bar Dates to be provided in accordance with the procedures outlined in the Bar Date Order.[8]

On March 22, 2024, the Court entered the Confirmation Order confirming the Fourth Amended Plan, and on April 23, 2024, the Plan became effective (the "Effective Date").[9] In addition to the Bar Dates, the Fourth Amended Plan set the deadline for filing requests for payment of unpaid Administrative Expense Claims as May 28, 2024.

---

[6] *See Order (I) Establishing Deadline for Filing Proofs of Claim (II) Approving Procedures for Flng Proof of Claim; (III) Approving the Proof of Claim Forms; (IV) Approving the Form and Manner of Notice Thereof; and (V) Approving the Confidentiality Protocol,* ECF No. 1767; *Amended Order Establishing Deadline for Filing Proofs of Claim (II) Approving Procedures for Flng Proof of Claim; (III) Approving the Proof of Claim Forms; (IV) Approving the Form and Manner of Notice Thereof; and (V) Approving the Confidentiality Protocol,* ECF No. 2253; *Further Amended Order Establishing Deadline for Filing Proofs of Claim (II) Approving Procedures for Flng Proof of Claim; (III) Approving the Proof of Claim Forms; (IV) Approving the Form and Manner of Notice Thereof; and (V) Approving the Confidentiality Protocol*, ECF No. 2442.

[7] A Separate State/Local Governmental Opioid Bar Date was also set pursuant to the Bar Date Order.

[8] *See Affidavit of Service (Document 1767)*, ECF No. 1800; *Affidavit of Service (Document 2253)*, ECF No. 2346; *Affidavit of Service (Document 2442)*, ECF No. 2493.

[9] *Notice of (I) Entry of Confirmation Order, (II) Occurrence of Effective Date, and (III) the Administrative Expense Claims Bar Date*, ECF No. 4212.

**The Plan Administrator**

On the Effective Date, the Plan Administrator was appointed to serve as such pursuant to the terms of the Plan and the Plan Administrator Agreement. *See* Plan § 5.7. Pursuant to Section 5.7 of the Fourth Amended Plan and Section 2.1 of the Plan Administrator Agreement, the Plan Administrator is responsible for filing, settling, compromising, withdrawing and/or liquidating to judgment any objections to any: (i) Administrative Expense Claims; (ii) Non-IRS Priority Tax Claims; (iii) and Priority Non-Tax Claims on behalf of the Remaining Debtors; (iv) Priority Non-Tax Claims; and (v) Other Secured Claims (collectively, the "SAP Claims").

**The Plan Administrator's Claims Review and Reconciliation**

Kroll Restructuring Administration is the Debtor's claims agent (the "Claims Agent").[10] Among other things, it prepared the Debtors' register of claims (the "Claims Register") and provided it to the Plan Administrator. Objection ¶ 13. The Claims Register reflects that, to date, approximately 900 proofs of claim (collectively, the "Proofs of Claim") have been filed in these Chapter 11 Cases asserting SAP Claims against the Debtors. *Id.* ¶ 13. The Plan Administrator, with the assistance of Alvarez & Marsal North America, LLC ("A&M") is conducting a review of the claims. McKeighan Decl. ¶ 1. These claims include the Satisfied Claims, Modified Priority Claims, Modified Amount Claims, and Modified Amount and Priority Claims disposed of below.

In the ordinary course of business, the Debtors each maintained books and records (the "Books and Records") that reflect, among other things, the Debtors' liabilities and the amounts owed to their creditors. Objection ¶ 12. The Plan Administrator and A&M are undertaking a comprehensive review and reconciliation of the claims asserted in the Proofs of Claim. To that

---

[10] *See Order (I) Appointing Kroll Restructuring Administration LLC as Claims and Noticing Agent Nunc Pro Tunc to the Petition Date; and (II) Granting Related Relief*, ECF No. 190.

5

end, and without limitation, in assessing the validity of the claims, they are comparing the claims to the Schedules and Statements, as well as to the Books and Records. Objection ¶ 13; McKeighan Decl. ¶ 3. The reconciliation process includes identifying particular categories of claims that may be disallowed and expunged, reduced and allowed, or reclassified. Objection ¶ 14.

**The Claims Objection Procedures Order**

Bankruptcy Rule 3007(d) permits an omnibus objection against multiple claims when the basis for such objection is that the claims in question:

(a) duplicate other claims;

(b) have been filed in the wrong case;

(c) have been amended by subsequently filed proofs of claim;

(d) were not timely filed;

(e) have been satisfied or released during the case in accordance with the [Bankruptcy] Code, applicable rules, or a court order;

(f) were presented in a form that does not comply with the applicable rules, and . . . the objector is unable to determine the validity of the claim because of the noncompliance;

(g) are interests, rather than claims; or

(h) assert priority in an amount that exceeds the maximum amount under [section] 507 of the [Bankruptcy] Code.

Fed. R. Bankr. P. 3007(d).

On September 11, 2024, the Court entered the Claims Objection Procedures Order.[11] Without limitation, pursuant to that order, the Court authorized the Plan Administrator to file omnibus objections to claims seeking reduction, reclassification or disallowance and expungement

---

[11] *Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 3007 (I) Establishing Claims Objections and Notice Procedures and (II) Granting Related Relief*, ECF No. 4513.

of claims on the grounds, in addition to the grounds set forth in Bankruptcy Rule 3007(d) (the "Additional Permitted Grounds"), as follows:

> i. The amount claimed is consistent with or contradicts the Remaining Debtors' books and records and the Plan Administrator, after review and consideration of any information provided by the claimant, denies liability in excess of the amount reflected in the Debtors' books and records;
>
> ii. The claim is incorrectly classified;
>
> iii. The claim seeks recovery of amounts for which the Remaining Debtors are not liable;
>
> iv. The claim incorrectly values the collateral securing the claim;
>
> v. The claim fails to sufficiently specify the basis for the claim or does not include sufficient documentation to ascertain the validity of the claim;
>
> vi. The claim is objectionable under section 502(e)(1) of the Bankruptcy Code;
>
> vii. The claim fails to specify the asserted claim amount;
>
> viii. The claim is filed against non-debtors or is improperly filed against multiple Remaining Debtors;
>
> ix. The claim fails to specify a Remaining Debtor against which the claim is asserted;
>
> x. The claim has been satisfied in fully [sic] by a party that is not a debtor or has otherwise been satisfied during the pendency of the Chapter 11 Cases (separate from those claims satisfied in accordance with the Bankruptcy Code, applicable rules or a court order as set forth in Bankruptcy Rule 3007(d)(5)); or
>
> xi. The claim has been waived, withdrawn or disallowed pursuant to an agreement with the Plan Administrator or an order of this Court

Claims Objection Procedures Order at 2-3.

## RELIEF REQUESTED

Based upon his review of the claims, the Plan Administrator has determined that there are grounds to disallow and expunge certain Satisfied Claims, Modified Priority Claims, Modified

7

Amount Claims, and Modified Amount and Priority Claims filed by the claimants listed in Exhibits 1-4 of the Proposed Order, respectively (the "Claimants"). The Plan Administrator seeks an order of the Court disallowing and expunging those claims and interests pursuant to sections 105(a), 502 and 558 of the Bankruptcy Code and Bankruptcy Rule 3007.

## **LEGAL PRINCIPLES**

A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). Absent an objection, a properly executed and filed proof of claim constitutes *prima facie* evidence of the validity and amount of the claim. *See In re Metex Mfg. Corp.*, 510 B.R. 735, 740 (Bankr. S.D.N.Y. 2014) (citing Fed. R. Bankr. P. 3001(f)).

Section 502(b)(1) of the Bankruptcy Code provides that a claim shall be disallowed if it is unenforceable under applicable law. 11 U.S.C. § 502(b)(1). To that end, pursuant to section 558 of the Bankruptcy Code, the "estate shall have the benefit of any defense available to the debtor as against any entity other than the estate . . . ." *Id.* § 558. If an objection is filed, the court, upon notice and a hearing, must determine the validity and the proper amount of the claim. *See* 11 U.S.C. § 502(b). The objecting party has the initial "burden of putting forth evidence sufficient to refute the validity of the claim." *In re Metex Mfg. Corp.*, 510 B.R. at 740 (citation omitted). "By producing 'evidence equal in force to the *prima facie* case,' an objector can negate a claim's presumptive legal validity, thereby shifting the burden back to the claimant to 'prove by a preponderance of the evidence that under applicable law the claim should be allowed.'" *In re Residential Capital, LLC.*, 518 B.R. 720, 731 (Bankr. S.D.N.Y. 2014) (quoting *Creamer v. Motors Liquidation Co. GUC Tr. (In re Motors Liquidation Co.)*, 2013 WL 5549643, at *3, (S.D.N.Y. Sept. 26, 2013). In other words, once the *prima facie* validity of a claim is rebutted, "it is for the

8

claimant to prove his claim, not for the objector to disprove it." *In re Kahn*, 114 B.R. 40, 44 (Bankr. S.D.N.Y. 1990) (citations omitted).

## DISCUSSION

**Satisfied Claims**

The Plan Administrator, with the assistance of A&M, has identified certain claims that have been paid in full or otherwise satisfied by or on behalf of the applicable Debtor in the ordinary course. Objection ¶ 21; McKeighan Decl. ¶¶ 4–5. A list of the Satisfied Claims is attached to the Proposed Order as Exhibit 1 (the "Satisfied Claims"). The Plan Administrator objects to the Satisfied Claims and seeks entry of an order disallowing and expunging them. McKeighan Decl. ¶ 5.

Bankruptcy Rule 3007(d)(2)(e) allows omnibus objections to object to a claim on the basis that the claim has been satisfied or released. Fed. R. Bankr. P. 3007(d). The purpose of the rule is clear: "it is axiomatic that one can not recover for the same debt twice." *In re Handy Andy Home Imp. Centers, Inc.*, 222 B.R. 571, 575 (Bankr. N.D. Ill. 1998).

The Plan Administrator has refuted the *prima facie* validity of the Satisfied Claims. No Claimant has attempted to establish the validity of any such claim. The Court finds that if the Satisfied Claims are not disallowed and expunged, the Claimants may obtain additional payments on account of claims that have been satisfied in full. That is plainly prejudicial to the Debtors and their creditors holding allowed claims. *See In re Finely, Kumble, Wagner, Heine, Underberg, Manley, Meyerson & Casey,* 160 B.R. 882, 894 (Bankr. S.D.N.Y. 1993) ("In bankruptcy, multiple recoveries for an identical injury are generally disallowed"). This Court has routinely sustained objections to satisfied claims. *See, e.g., In re MF Glob. Holdings Ltd.,* No. 11-15059, 2014 WL 1317507, at *1 (Bankr. S.D.N.Y. Mar. 13, 2014); *In re AMR Corp.*, No. 11-15463, 2014 WL

9

7333394, at *1 (Bankr. S.D.N.Y. Dec. 12, 2014). The Court disallows and expunges that Satisfied Claims.

**Modified Priority Claims**

The Plan Administrator, with the aid of A&M, has identified certain claims that she states appear to assert a priority status that is not supported by the asserted Proof of Claim or supporting documentation under either the Bankruptcy Code or the Plan under either section 507(a) or 503(b)(9) of the Bankruptcy Code (the "Modified Priority Claims"). Objection ¶ 23; McKeighan Decl. ¶¶ 6–7. The Modified Priority Claims should be reclassified as set forth under the column heading "Modified" on Exhibit 2 to the Proposed Order, for the reasons set forth in Exhibit 2. Objection ¶¶ 23–24. The Proposed Order confirms that the relevant Claimant retains a claim that incorporates the entire liability asserted by such Claimant listed under the column "Modified Claims"; the Trustee only seeks to reclassify the claims to their appropriate status. *Id.* ¶ 26.

Certain of the Modified Priority Claims assert a wage priority under section 507(a)(4) of the Bankruptcy Code. *Id.* ¶ 24. Section 507(a)(4) provides a priority for claims for wages, salaries, or commissions, including vacation, severance, and sick leave pay earned by an individual within the 180 days before the date of the filing of the petition. 11 U.S.C. § 507(a)(4). Certain other of the Modified Priority Claims assert an administrative expense priority claim under section 503(b)(9) of the Bankruptcy Code. Objection ¶ 24–25. Section 503(b)(9) of the Bankruptcy Code provides for administrative priority to claims for certain goods received by a debtor and does not apply to services received by a debtor.

The undisputed facts show that the Modified Priority Claims asserted under section 507(a)(4), are not on account of wages earned within 180 days of the applicable Petition Date. *See* McKeighan Decl. ¶ 6. They are ineligible for section 507(a)(4) priority status. *See In re Club*

*Ventures Inv. LLC*, No. 11-10891 ALG, 2012 WL 6139082, at *5 (Bankr. S.D.N.Y. Dec. 11, 2012) ("The priority only covers wages and benefits earned within 180 days of the petition date . . . ."). "The right to a 503(b)(9) administrative expense is limited to vendors of 'goods.' . . . The term 'goods' in section 503(b)(9) conforms with the meaning given in U.C.C. § 2–105(1); 'goods' are something that is 'moveable.'" *In re Goody's Fam. Clothing Inc.*, 401 B.R. 131, 134 (Bankr. D. Del. 2009). The undisputed facts show that the Modified Priority Claims asserted under section 503(b)(9) are not for goods supplied to the Debtors. Rather, they are on account of services rendered to the Debtors, or other non-goods. *See* McKeighan Decl. ¶ 6. They are ineligible for section 503(b)(9) priority status.

The Plan Administrator has refuted the *prima facie* validity of the priority status of the Modified Priority Claims. Claimants seeking priority status have the burden of proving entitlement to administrative priority. *See, e.g.*, *In re Bethlehem Steel Corp.*, 479 F.3d 167, 172 (2d Cir. 2007) ("The burden of proving entitlement to priority payment as an administrative expense . . . rests with the party requesting it."). Given the presumption in bankruptcy cases that the debtor's assets will be equitably distributed among creditors, the statute granting priority status is narrowly construed because priority claims reduce the total funds available for claimants. *In re Sears Holdings Corp.*, No. 18-23538, 2023 WL 3470475, at *2 (Bankr. S.D.N.Y. May 15, 2023). The Court routinely sustains objections to claims' priority status. *See, e.g., In re Residential Cap., LLC*, No. 12-12020, 2010 WL 11827244, at *2 (Bankr. S.D.N.Y. June 4, 2010).

The Court sustains the objection to the Modified Priority Claims and modifies the Modified Priority Claims subject to the Plan Administrator's further objections on any other ground to the Modified Claims.

11

**Modified Amount Claims**
**Modified Priority and Amount Claims**

The Plan Administrator also objects to each claim listed on Exhibit 3 to the Proposed Order as asserting amounts that are partially satisfied and thus require modification to match the amounts reflected in the Debtors' Books and Records following payments made to the Claimants (the "Modified Amount Claims"). Objection ¶ 28; McKeighan Decl. ¶ 8. The amounts set forth under the column heading "Modified" on Exhibit 3 are the modified amounts reflecting the remaining claim not yet satisfied through payments to the Claimants. Objection ¶ 28. The individual reason justifying the modification of each Modified Amount Claim is included in Exhibit 3. *Id*. ¶ 28. The Proposed Order confirms that the relevant claimant retains a claim that incorporates the reduced liability asserted by such claimant listed under the column "Modified Claims"; the Trustee seeks to reduce the claims to match the Debtors' Books and Records. *Id*. ¶ 29.

The Plan Administrator further objects to each claim listed on Exhibit 4 to the Proposed Order (the "Modified Priority and Amount Claims") as asserting both (i) a priority or secured claim that is not supported by the asserted Proof of Claim; and (ii) amounts that have been partially satisfied and thus requiring modification to match the amounts reflected in the Debtors' Books and Records following payments made by the Debtors to the Claimants. Objection ¶ 31; McKeighan Decl. ¶ 10. The priority status and amounts set forth under the column heading "Modified" on Exhibit 4 are the modified status and amounts reflecting the remaining claim not yet satisfied through payments to the claimants. Objection ¶ 31. The individual reason justifying the modification of each Modified Priority and Amount Claim is included in Exhibit 4. *Id*. ¶ 31. The Proposed Order confirms that the relevant claimant retains a claim; the Trustee seeks to reclassify such claim to the appropriate status under the Bankruptcy Code and adjust such claim to match the Debtors' Books and Records. *Id*. ¶ 32.

Pursuant to Bankruptcy Code section 502(b) a claim may be reduced after an objection to reflect the proper amount of such claim. 11 U.S.C. § 502 ("[T]he court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount . . . ."). For the same reasons as stated above, the priority and amount of a claim may also be modified/reduced.

The Plan Administrator has refuted the *prima facie* validity and/or priority status of the of the Modified Amount Claims and the Modified Priority and Amount Claims. No Claimant has attempted to establish the validity and/or priority status of any such claim. The Court finds that the Claimants holding the Modified Amount Claims and the Modified Priority and Amount Claims will not be prejudiced by having the Modified Amount Claims and Modified Priority and Amount Claims modified. Accordingly, the Court sustains the objection to the Modified Amount Claims and the Modified Priority and Amount Claims and modifies the Modified Amount Claims and the Modified Priority and Amount Claims subject to the Plan Administrator's further objections on any other ground to the Modified Claims.

## **CONCLUSION**

The Court sustains the Objection to the extent set forth herein. The Plan Administrator is directed to submit an order consistent with this Memorandum Decision.

IT IS SO ORDERED.

Dated: December 13, 2024
      New York, New York

                                                    /s/ *James L. Garrity, Jr.*
                                                    Hon. James L. Garrity, Jr.
                                                    U.S. Bankruptcy Judge