| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | NOT FOR PUBLICATION |
| ------------------------------------------------------- x | |
| In re:                                              : | Case No. 22-22549 (JLG) |
|                                                     : | |
| Endo International plc, *et al.*,                   : | Chapter 11 |
|                                                     : | |
|                         Debtors.[1]                 : | Jointly Administered |
| ------------------------------------------------------- x | |

# MEMORANDUM DECISION SUSTAINING
# PLAN ADMINISTRATOR'S SECOND OMNIBUS
# OBJECTION TO CERTAIN (I) SUBSTANTIVE DUPLICATE CLAIMS, (II) CROSS DEBTOR DUPLICATE CLAIMS, AND (III) NO LIABILITY CLAIMS (SUBSTANTIVE)

**A P P E A R A N C E S :**

SEWARD & KISSEL LLP
*Counsel to the Plan Administrator*
*Patrick J. Bartels*
One Battery Park Plaza
New York, New York 10004
By:   Brian P. Maloney
      Catherine V. LoTempio

---

[1] The last four digits of Endo International plc's tax identification number are 3755. Due to the large number of debtors in these Chapter 11 Cases, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.rakroll.com/Endo. The location of the Debtors' service address for purposes of these Chapter 11 Cases is: 1400 Atwater Drive, Malvern, PA 19355.

**HON. JAMES L. GARRITY, JR.**
**U.S. BANKRUPTCY JUDGE**

# INTRODUCTION[2]

Patrick J. Bartels is the Plan Administrator of the remaining debtors of Endo International plc and its Debtor affiliates, (collectively, the "Remaining Debtors") in these chapter 11 cases (the "Chapter 11 Cases"). The matter before the Court is the Plan Administrator's Second Omnibus Objection to Claims (the "Objection").[3] In it, the Plan Administrator is seeking the entry of an order (the "Proposed Order") pursuant to sections 105(a), 502, and 558 of title 11 of the United States Code (the "Bankruptcy Code"), and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), disallowing and expunging certain (i) Substantive Duplicate Claims listed on Exhibit 1 to the Proposed Order; (ii) Cross Debtor Duplicate Claims listed on Exhibit 2 to the Proposed Order; and (iii) No Liability Claims listed on Exhibit 3 to the Proposed Order.

The Plan Administrator submitted the declaration of Erin McKeighan (the "McKeighan Decl.") in support of the Objection.[4] No formal responses were filed to the Objection. The Plan Administrator received informal responses to the Objection which he resolved out of court.[5] The

---

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the confirmed *Fourth Amended Joint Chapter 11 Plan of Reorganization of Endo International plc and its Affiliated Debtors,* ECF No. 3849 (the "Fourth Amended Plan," or the "Plan") or the *Findings of Fact, Conclusions of Law, and Order (i) Confirming the Fourth Amended Joint Chapter 11 Plan of Reorganization of Endo International PLC and its Affiliated Debtors and (II) Approving the Disclosure Statement with Respect Thereto*, ECF No. 3960 (the "Confirmation Order"). References to "ECF No. __" are to documents filed on the electronic docket of Case No. 22-22549.

[3] *Plan Administrator's Second Omnibus Objection to Certain (I) Substantive Duplicate Claims, (II) Cross Debtor Duplicate Claims, And (III) No Liability Claims (Substantive)*, ECF No. 4689.

[4] *Declaration of Erin McKeighan in Support of Plan Administrator's Second Omnibus Objection to Certain (I) Substantive Duplicate Claims, (II) Cross Debtor Duplicate Claims, And (III) No Liability Claims (Substantive)*, ECF No. 4689–2.

[5] The Plan Administrator resolved informal responses from: (i) New York State Department of Taxation and Finance (Claim No. 1650); (ii) State of Minnesota, Department of Revenue (Claim No. 267); (iii) Deartra M. Tarter

Court conducted a hearing on the Objection. For the reasons stated herein, the Court sustains the Objection.

## JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Referral of Cases to Bankruptcy Judges of the United States District Court for the Southern District of New York (M-431), dated January 31, 2012 (Preska, C.J.). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). In addition, pursuant to the Confirmation Order and Plan, this Court has retained jurisdiction over the Chapter 11 Cases and all matters arising out of, or related to, the Chapter 11 Cases and the Plan, including, among other things, to enter and implement such orders as may be necessary or appropriate to execute, implement, or consummate the provisions of the Plan, the Confirmation Order, and any agreements and documents in connection with or contemplated by the Plan, the Confirmation Order, and the Disclosure Statement.

## BACKGROUND

### The Chapter 11 Cases

On August 16, 2022 (the "Petition Date"), Endo International plc and seventy-five of its affiliated Debtors each commenced Chapter 11 Cases by filing a petition for relief under chapter

---

(Claim No. 69995); and (iv) Ace American (Claim No. 21739). Separately, the Plan Administrator agreed, solely with respect to the claims filed by (i) Hartford Fire Insurance Company (Claim Nos. 907548, 907550, 907553, 907554, 907555, 907556, 24226, 24323, 24326, 24327, 24328, 24337, 24348, 907482, 907485, 907486, 907487, 907488, 907494, 907490); (ii) The Travelers Indemnity Company (Claim No. 714); (iii) Strides Pharma, Inc. (Claim No. 907531); and (iv) Massachusetts Department of Revenue (Claim No. 77), to adjourn the hearing on the Second Omnibus Objection to January 16, 2025. Those agreements are reflected in the Revised Proposed Order. *See Notice of Revised Proposed Order Sustaining the Plan Administrator's Second Omnibus Objection to Certain (I) Substantive Duplicate Claims, (II) Cross Debtor Duplicate Claims, and (III) No Liability Claims (Substantive)*, ECF No. 4820.

11 of the Bankruptcy Code. Objection ¶ 5. On May 25, 2023, and May 31, 2023, certain additional Debtors also commenced Chapter 11 Cases by filing petitions for relief under chapter 11 of the Bankruptcy Code. *Id.* The Chapter 11 Cases are being jointly administered. *Id.* On various dates throughout these Chapter 11 Cases, each of the Debtors filed its respective *Schedules of Assets and Liabilities* and *Statement of Financial Affairs* (collectively, the "Schedules and Statements"). *Id.* ¶ 7.

On April 23, 2024, the Court entered the Bar Date Order (as amended from time to time),[6] which established, among other things, for creditors holding a "claim" against the Debtors, July 7, 2023 at 5:00 p.m. (ET) as the General Claims Bar Date (the "Claims Bar Date") and May 31, 2023, at 5:00 p.m. (ET) as the Governmental Bar Date (together with the Claims Bar Date, the "Bar Dates").[7] The Debtors caused notice of the Bar Dates to be provided in accordance with the procedures outlined in the Bar Date Order.[8]

On March 22, 2024, the Court entered the Confirmation Order confirming the Fourth Amended Plan, and on April 23, 2024, the Plan became effective (the "Effective Date").[9] In addition to the Bar Dates, the Fourth Amended Plan set the deadline for filing requests for payment of unpaid Administrative Expense Claims as May 28, 2024.

---

[6] *See Order (I) Establishing Deadline for Filing Proofs of Claim (II) Approving Procedures for Fling Proof of Claim; (III) Approving the Proof of Claim Forms; (IV) Approving the Form and Manner of Notice Thereof; and (V) Approving the Confidentiality Protocol,* ECF No. 1767; *Amended Order Establishing Deadline for Filing Proofs of Claim (II) Approving Procedures for Fling Proof of Claim; (III) Approving the Proof of Claim Forms; (IV) Approving the Form and Manner of Notice Thereof; and (V) Approving the Confidentiality Protocol,* ECF No. 2253; *Further Amended Order Establishing Deadline for Filing Proofs of Claim (II) Approving Procedures for Fling Proof of Claim; (III) Approving the Proof of Claim Forms; (IV) Approving the Form and Manner of Notice Thereof; and (V) Approving the Confidentiality Protocol*, ECF No. 2442.

[7] A Separate State/Local Governmental Opioid Bar Date was also set pursuant to the Bar Date Order.

[8] *See Affidavit of Service (Document 1767)*, ECF No. 1800; *Affidavit of Service (Document 2253)*, ECF No. 2346; *Affidavit of Service (Document 2442)*, ECF No. 2493.

[9] *Notice of (I) Entry of Confirmation Order, (II) Occurrence of Effective Date, and (III) The Administrative Expense Claims Bar Date*, ECF No. 4212.

4

**The Plan Administrator**

On the Effective Date, the Plan Administrator was appointed to serve as such pursuant to the terms of the Plan and the Plan Administrator Agreement. *See* Plan § 5.7. Pursuant to Section 5.7 of the Fourth Amended Plan and Section 2.1 of the Plan Administrator Agreement, the Plan Administrator is responsible for filing, settling, compromising, withdrawing and/or liquidating to judgment any objections to any: (i) Administrative Expense Claims; (ii) Non-IRS Priority Tax Claims; (iii) and Priority Non-Tax Claims on behalf of the Remaining Debtors; (iv) Priority Non-Tax Claims; and (v) Other Secured Claims (collectively, the "SAP Claims").

**The Plan Administrator's Claims Review and Reconciliation**

Kroll Restructuring Administration is the Debtor's claims agent (the "Claims Agent").[10] Among other things, it prepared the Debtors' register of claims (the "Claims Register") and provided it to the Plan Administrator. Objection ¶ 13. The Claims Register reflects that, to date, approximately 900 proofs of claim (collectively, the "Proofs of Claim") have been filed in these Chapter 11 Cases asserting SAP Claims against the Debtors. *Id*. ¶ 13. The Plan Administrator, with the assistance of Alvarez & Marsal North America, LLC ("A&M") is conducting a review of the claims. McKeighan Decl. ¶1. They include the Substantive Duplicate Claims, the Cross Debtor Duplicate Claims and the No Liability Claims discussed below.

In the ordinary course of business, the Debtors each maintained books and records (the "Books and Records") that reflect, among other things, the Debtors' liabilities and the amounts owed to their creditors. Objection ¶ 12. The Plan Administrator and A&M are undertaking a comprehensive review and reconciliation of the claims asserted in the Proofs of Claim. To that

---

[10] *See Order (I) Appointing Kroll Restructuring Administration LLC as Claims and Noticing Agent Nunc Pro Tunc to the Petition Date; and (II) Granting Related Relief*, ECF No. 190.

5

end, and without limitation, in assessing the validity of the claims, they are comparing the claims to the Schedules and Statements, as well as to the Books and Records. Objection ¶ 13; McKeighan Decl. ¶ 3. The reconciliation process includes identifying particular categories of claims that may be disallowed and expunged, reduced and allowed, or reclassified. Objection ¶ 14.

**The Claims Objection Procedures Order**

Bankruptcy Rule 3007(d) permits an omnibus objection against multiple claims when the basis for such objection is that the claims in question:

(a) duplicate other claims;

(b) have been filed in the wrong case;

(c) have been amended by subsequently filed proofs of claim;

(d) were not timely filed;

(e) have been satisfied or released during the case in accordance with the [Bankruptcy] Code, applicable rules, or a court order;

(f) were presented in a form that does not comply with the applicable rules, and . . . the objector is unable to determine the validity of the claim because of the noncompliance;

(g) are interests, rather than claims; or

(h) assert priority in an amount that exceeds the maximum amount under [section] 507 of the [Bankruptcy] Code.

Fed. R. Bankr. P. 3007(d).

On September 11, 2024, the Court entered the Claims Objection Procedures Order.[11] Without limitation, pursuant to that order, the Court authorized the Plan Administrator to file omnibus objections to claims seeking reduction, reclassification or disallowance and expungement

---

[11] *Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 3007 (I) Establishing Claims Objections and Notice Procedures and (II) Granting Related Relief*, ECF No. 4513.

of claims on the grounds, in addition to the grounds set forth in Bankruptcy Rule 3007(d), as follows:

> i. The amount claimed is consistent with or contradicts the Remaining Debtors' books and records and the Plan Administrator, after review and consideration of any information provided by the claimant, denies liability in excess of the amount reflected in the Debtors' books and records;
>
> ii. The claim is incorrectly classified;
>
> iii. The claim seeks recovery of amounts for which the Remaining Debtors are not liable;
>
> iv. The claim incorrectly values the collateral securing the claim;
>
> v. The claim fails to sufficiently specify the basis for the claim or does not include sufficient documentation to ascertain the validity of the claim;
>
> vi. The claim is objectionable under section 502(e)(1) of the Bankruptcy Code;
>
> vii. The claim fails to specify the asserted claim amount;
>
> viii. The claim is filed against non-debtors or is improperly filed against multiple Remaining Debtors;
>
> ix. The claim fails to specify a Remaining Debtor against which the claim is asserted;
>
> x. The claim has been satisfied in fully [sic] by a party that is not a debtor or has otherwise been satisfied during the pendency of the Chapter 11 Cases (separate from those claims satisfied in accordance with the Bankruptcy Code, applicable rules or a court order as set forth in Bankruptcy Rule 3007(d)(5)); or
>
> xi. The claim has been waived, withdrawn or disallowed pursuant to an agreement with the Plan Administrator or an order of this Court.

Claims Objection Procedures Order at 2-3.

## RELIEF REQUESTED

Based upon his review of the claims, the Plan Administrator has determined that there are grounds to disallow and expunge certain Substantive Duplicate Claims, Cross Debtor Duplicate

7

Claims and No Liability Claims filed by the claimants listed in Exhibits 1-3 to the Proposed Order, respectively (the "Claimants"). The Plan Administrator seeks an order of the Court disallowing and expunging those claims pursuant to sections 105(a), 502 and 558 of the Bankruptcy Code and Bankruptcy Rule 3007.

## LEGAL PRINCIPLES

A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). Absent an objection, a properly executed and filed proof of claim constitutes *prima facie* evidence of the validity and amount of the claim. *See In re Metex Mfg. Corp.*, 510 B.R. 735, 740 (Bankr. S.D.N.Y. 2014) (citing Fed. R. Bankr. P. 3001(f)).

Section 502(b)(1) of the Bankruptcy Code provides that a claim shall be disallowed if it is unenforceable under applicable law. 11 U.S.C. § 502(b)(1). To that end, pursuant to section 558 of the Bankruptcy Code, the "estate shall have the benefit of any defense available to the debtor as against any entity other than the estate . . . ." *Id.* § 558. If an objection is filed, the court, upon notice and a hearing, must determine the validity and the proper amount of the claim. *See* 11 U.S.C. § 502(b). The objecting party has the initial "burden of putting forth evidence sufficient to refute the validity of the claim." *In re Metex Mfg. Corp.*, 510 B.R. at 740 (citation omitted). "By producing 'evidence equal in force to the *prima facie* case,' an objector can negate a claim's presumptive legal validity, thereby shifting the burden back to the claimant to 'prove by a preponderance of the evidence that under applicable law the claim should be allowed.'" *In re Residential Capital, LLC.*, 518 B.R. 720, 731 (Bankr. S.D.N.Y. 2014) (quoting *Creamer v. Motors Liquidation Co. GUC Tr. (In re Motors Liquidation Co.)*, 2013 WL 5549643, at *3, (S.D.N.Y. Sept. 26, 2013). In other words, once the *prima facie* validity of a claim is rebutted, "it is for the

claimant to prove his claim, not for the objector to disprove it." *In re Kahn*, 114 B.R. 40, 44 (Bankr. S.D.N.Y. 1990) (citations omitted).

## DISCUSSION

**Substantive Duplicate Claims**
**Cross Debtor Duplicate Claims**

The Plan Administrator, with the assistance of A&M, has identified certain claims that appear to be substantive duplicates of another claim filed by or on behalf of the same Claimant relating to the same purported liability. Objection ¶ 21; McKeighan Decl. ¶¶ 4–6. A list of those claims is set forth in the columns titled "Claims to be Disallowed" on Exhibit 1 to the Proposed Order (the "Substantive Duplicate Claims"). The Plan Administrator has also listed related claims that he believes are substantive duplicates of the claims to be disallowed that will remain if the Court sustains the Objection in the column titled "Remaining Claims" on Exhibit 1 of the Proposed Order. McKeighan Decl. ¶ 4. The Plan Administrator objects to the Substantive Duplicate Claims and seeks entry of an order disallowing and expunging the Substantive Duplicate Claims, subject to the Plan Administrator's further objections on any other ground to the claims listed in the column titled "Remaining Claims." Objection ¶ 22.

The Plan Administrator also has identified certain claims that appear to be cross Debtor duplicates of other claims filed against one or more Debtors by or on behalf of the same claimant relating to the same purported liability. Objection ¶ 25; McKeighan Decl. ¶¶ 7–9. A list of those claims is set forth in the columns titled "Claims to be Disallowed" on Exhibit 2 to the Proposed Order (the "Cross Debtor Duplicate Claims").

The Plan Administrator has listed the claims that the Plan Administrator believes are cross Debtor duplicates that assert the same liability of the claims, which will remain if the Court sustains this Objection, in the column titled "Remaining Claims" on Exhibit 2 to the Proposed Order.

9

Objection ¶ 26; McKeighan Decl. ¶ 7. The surviving "Remaining Claims" will be unaffected by the Objection being sustained, and the claimant's rights to assert the liability against the only one Debtor's estate will be preserved.

Bankruptcy Rule 3007(d)(2)(A) allows omnibus objections to object to a claim on the basis that the claim is duplicative of other claims. Fed. R. Bankr. P. 3007(d). "[O]bjections on the grounds set forth in Bankruptcy Rule 3007 (d) . . . include that the claims are duplicates . . . ." *In re Roman Cath. Diocese of Rockville Ctr.*, 650 B.R. 765, 770 (Bankr. S.D.N.Y. 2023), *appeal denied, judgment aff'd sub nom. In re Roman Cath. Diocese of Rockville Ctr., New York*, No. 20-12345, 2024 WL 2262708 (S.D.N.Y. May 17, 2024). The purpose of the rule is clear: "it is axiomatic that one can not recover for the same debt twice." *In re Handy Andy Home Imp. Centers, Inc.*, 222 B.R. 571, 575 (Bankr. N.D. Ill. 1998). This Court has routinely sustained objections to duplicative claims. *See, e.g., In re Grupo Aeroméxico, S.A.B. de C.V.*, No. 20-11563, ECF No. 1771 (Bankr. S.D.N.Y. Sep. 24, 2021) (expunging and disallowing duplicate claims); *In re LATAM Airlines Group S.A.*, No. 20-11254, ECF No. 2846 (Bankr. S.D.N.Y. Aug. 3, 2021) (expunging and disallowing substantive duplicate claims); *In re Pinnacle Airlines Corp.*, No. 12-11343 (REG), 2013 WL 496341, at *1 (Bankr. S.D.N.Y. Feb. 6, 2013) (expunging and disallowing cross debtor claims).

The Plan Administrator has refuted the *prima facie* validity of the Substantive Duplicate Claims and the Cross Debtor Duplicate Claims. No Claimant has attempted to establish the validity of any such claim. The Court finds that the Claimants holding the Substantive Duplicate Claims and Cross Debtor Duplicate Claims will not be prejudiced by having those claims disallowed and expunged because their Remaining Claims will remain on the Claims Register after the corresponding Substantive Duplicate Claims and Cross Debtor Duplicate Claim are disallowed.

Accordingly, the Court sustains the objection to the Substantive Duplicate Claims and Cross Debtor Duplicate Claims and disallows and expunges those claims, subject to the Plan Administrator's further objections on any other ground to the Remaining Claims.

**No Liability Claims**

The Plan Administrator, with the aid of A&M, has identified claims that seek to recover amounts for which the Debtors are not liable. Objection ¶ 30; McKeighan Decl. ¶ 10. A list of those claims is set forth in the columns titled "Claims to be Disallowed" on Exhibit 2 to the Proposed Order (the "No Liability Claims"). The Plan Administrator objects to the No Liability Claims, arguing they fail to establish a basis for a valid claim against the Debtors. Objection ¶ 32; McKeighan Decl. ¶ 10. The Plan Administrator has determined that the No Liability Claims are insufficient to verify the existence or amount of an underlying claim against the Debtors and, as such, are not *prima facie* valid. Objection ¶ 32.

Pursuant to section 101 of the Bankruptcy Code, a creditor holds a claim against a bankruptcy estate only to the extent that (a) it has a "right to payment" for the asserted liabilities and (b) the claim is otherwise allowable. 11 U.S.C. §§ 101(5) and 101(10). "For a proof of claim to be entitled to *prima facie* validity under Bankruptcy Rule 3001(f), the claim must allege 'facts sufficient to support a legal liability to the claimant.'" *In re Lehman Bros. Holdings Inc.*, 602 B.R. 564, 574 (Bankr. S.D.N.Y. 2019) (quoting *In re Allegheny Int'l Inc.*, 954 F.2d 167, 173 (3d Cir. 1992)).

No Claimant asserting a No Liability Claim has met that burden. The undisputed evidence demonstrates that each of the No Liability Claims fails to allege facts demonstrating that the Debtor is liable for the claim status as asserted. McKeighan Decl. ¶ 10. Moreover, it is undisputed that the Plan Administrator and his advisors have examined each of the No Liability Claims and

11

determined that such claims are insufficient to verify the existence or amount of an underlying claim against the Debtors. Objection ¶ 26.

The Court finds that the failure to disallow the No Liability Claims will result in the applicable Claimant receiving an unwarranted recovery to the detriment of the Debtors and other creditors in these Chapter 11 Cases. Accordingly, the Court sustains the Plan Administrator's objection to the No Liability Claims and disallows and expunges those claims in their entirety.

## CONCLUSION

The Court sustains the Objection to the extent set forth herein. The Plan Administrator is directed to submit an order consistent with this Memorandum Decision.

IT IS SO ORDERED.

Dated: December 13, 2024
New York, New York

/s/ *James L. Garrity, Jr.*
Hon. James L. Garrity, Jr.
U.S. Bankruptcy Judge