| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | NOT FOR PUBLICATION |

------------------------------------------------------- x
In re:                                                  :    Case No. 22-22549 (JLG)
                                                        :
Endo International plc, *et al.*,                       :    Chapter 11
                                                        :
                                    Debtors.[1]         :    Jointly Administered
------------------------------------------------------- x

# MEMORANDUM DECISION SUSTAINING PLAN ADMINISTRATOR'S FIRST OMNIBUS OBJECTION TO CERTAIN (I) AMENDED AND SUPERSEDED CLAIMS, (II) LATE FILED CLAIMS, AND (III) EQUITY INTERESTS (NON-SUBSTANTIVE)

**A P P E A R A N C E S :**

SEWARD & KISSEL LLP
*Counsel to the Plan Administrator*
*Patrick J. Bartels*
One Battery Park Plaza
New York, New York 10004
By:   Brian P. Maloney
       Catherine V. LoTempio

---

[1] The last four digits of Endo International plc's tax identification number are 3755. Due to the large number of debtors in these Chapter 11 Cases, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Endo. The location of the Debtors' service address for purposes of these Chapter 11 Cases is: 5330 Carmel Crest Lane, Charlotte, NC 28226.

**HON. JAMES L. GARRITY, JR.**
**U.S. BANKRUPTCY JUDGE**

## INTRODUCTION[2]

Patrick J. Bartels is the Plan Administrator of the remaining debtors of Endo International plc and its Debtor affiliates, (collectively, the "Remaining Debtors") in these chapter 11 cases (the "Chapter 11 Cases"). The matter before the Court is the Plan Administrator's First Omnibus Objection to Claims (the "Objection").[3] In it, the Plan Administrator is seeking the entry of an order (the "Proposed Order") pursuant to sections 105(a), 502, and 558 of title 11 of the United States Code (the "Bankruptcy Code"), and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), disallowing and expunging certain (i) Amended and Superseded Claims listed on Exhibit 1 to the Proposed Order; (ii) Late Filed Claims listed on Exhibit 2 to the Proposed Order; and (iii) Equity Interests listed on Exhibit 3 to the Proposed Order.

The Plan Administrator submitted the declaration of Erin McKeighan (the "McKeighan Decl.") in support of the Objection.[4] No responses were filed to the Objection. The Court conducted a hearing on the Objection. For the reasons stated herein, the Court sustains the Objection.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the confirmed *Fourth Amended Joint Chapter 11 Plan of Reorganization of Endo International plc and its Affiliated Debtors,* ECF No. 3849 (the "Fourth Amended Plan," or the "Plan") or the *Findings of Fact, Conclusions of Law, and Order (i) Confirming the Fourth Amended Joint Chapter 11 Plan of Reorganization of Endo International PLC and its Affiliated Debtors and (II) Approving the Disclosure Statement with Respect Thereto*, ECF No. 3960 (the "Confirmation Order"). References to "ECF No. __" are to documents filed on the electronic docket of Case No. 22-22549.

[3] *Plan Administrator's First Omnibus Objection to Certain (I) Amended and Superseded Claims, (II) Late Filed Claims, and (III) Equity Interests (Non-Substantive)*, ECF No. 4688.

[4] *Declaration of Erin McKeighan in Support of the Plan Administrator's First Omnibus Objection to Certain (I) Amended and Superseded Claims, (II) Late Filed Claims, and (III) Equity Interests (Non-Substantive)*, ECF No. 4688-2.

2

## JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Referral of Cases to Bankruptcy Judges of the United States District Court for the Southern District of New York (M-431), dated January 31, 2012 (Preska, C.J.). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). In addition, pursuant to the Confirmation Order and Plan, this Court has retained jurisdiction over the Chapter 11 Cases and all matters arising out of, or related to, the Chapter 11 Cases and the Plan, including, among other things, to enter and implement such orders as may be necessary or appropriate to execute, implement, or consummate the provisions of the Plan, the Confirmation Order, and any agreements and documents in connection with or contemplated by the Plan, the Confirmation Order, and the Disclosure Statement.

## BACKGROUND

**The Chapter 11 Cases**

On August 16, 2022 (the "Petition Date"), Endo International plc and seventy-five of its affiliated Debtors each commenced Chapter 11 Cases by filing a petition for relief under chapter 11 of the Bankruptcy Code. Objection ¶ 5. On May 25, 2023, and May 31, 2023, certain additional Debtors also commenced Chapter 11 Cases by filing petitions for relief under chapter 11 of the Bankruptcy Code. *Id.* The Chapter 11 Cases are being jointly administered. *Id.* On various dates throughout these Chapter 11 Cases, each of the Debtors filed its respective *Schedules of Assets and Liabilities* and *Statement of Financial Affairs* (collectively, the "Schedules and Statements"). *Id.* ¶ 7.

On April 23, 2024, the Court entered the Bar Date Order (as amended from time to time),[5] which established, among other things, for creditors holding a "claim" against the Debtors, July 7, 2023 at 5:00 p.m. (ET) as the General Claims Bar Date (the "Claims Bar Date") and May 31, 2023, at 5:00 p.m. (ET) as the Governmental Bar Date (together with the Claims Bar Date, the "Bar Dates").[6] The Debtors caused notice of the Bar Dates to be provided in accordance with the procedures outlined in the Bar Date Order.[7]

On March 22, 2024, the Court entered the Confirmation Order confirming the Fourth Amended Plan, and on April 23, 2024, the Plan became effective (the "Effective Date").[8] In addition to the Bar Dates, the Fourth Amended Plan set the deadline for filing requests for payment of unpaid Administrative Expense Claims as May 28, 2024 (the "Administrative Expense Claims Bar Date").

**The Plan Administrator**

On the Effective Date, the Plan Administrator was appointed to serve as such pursuant to the terms of the Plan and the Plan Administrator Agreement. *See* Plan § 5.7. Pursuant to Section 5.7 of the Fourth Amended Plan and Section 2.1 of the Plan Administrator Agreement, the Plan

---

[5] *See Order (I) Establishing Deadline for Filing Proofs of Claim (II) Approving Procedures for Fling Proof of Claim; (III) Approving the Proof of Claim Forms; (IV) Approving the Form and Manner of Notice Thereof; and (V) Approving the Confidentiality Protocol,* ECF No. 1767; *Amended Order Establishing Deadline for Filing Proofs of Claim (II) Approving Procedures for Fling Proof of Claim; (III) Approving the Proof of Claim Forms; (IV) Approving the Form and Manner of Notice Thereof; and (V) Approving the Confidentiality Protocol,* ECF No. 2253; *Further Amended Order Establishing Deadline for Filing Proofs of Claim (II) Approving Procedures for Fling Proof of Claim; (III) Approving the Proof of Claim Forms; (IV) Approving the Form and Manner of Notice Thereof; and (V) Approving the Confidentiality Protocol*, ECF No. 2442.

[6] A Separate State/Local Governmental Opioid Bar Date was also set pursuant to the Bar Date Order.

[7] *See Affidavit of Service (Document 1767)*, ECF No. 1800; *Affidavit of Service (Document 2253)*, ECF No. 2346; *Affidavit of Service (Document 2442)*, ECF No. 2493.

[8] *Notice of (I) Entry of Confirmation Order, (II) Occurrence of Effective Date, and (III) the Administrative Expense Claims Bar Date*, ECF No. 4212.

Administrator is responsible for filing, settling, compromising, withdrawing and/or liquidating to judgment any objections to any: (i) Administrative Expense Claims; (ii) Non-IRS Priority Tax Claims; (iii) and Priority Non-Tax Claims on behalf of the Remaining Debtors; (iv) Priority Non-Tax Claims; and (v) Other Secured Claims (collectively, the "SAP Claims").

**The Plan Administrator's Claims Review and Reconciliation**

Kroll Restructuring Administration is the Debtor's claims agent (the "Claims Agent").[9] Among other things, it prepared the Debtors' register of claims (the "Claims Register") and provided it to the Plan Administrator. Objection ¶ 13. The Claims Register reflects that, to date, approximately 900 proofs of claim (collectively, the "Proofs of Claim") have been filed in these Chapter 11 Cases asserting SAP Claims against the Debtors. *Id.* ¶ 13. The Plan Administrator, with the assistance of Alvarez & Marsal North America, LLC ("A&M") is conducting a review of the claims. McKeighan Decl. ¶1. They include the Amended and Superseded Claims, the Late Filed Claims and the Equity Interests discussed below.

In the ordinary course of business, the Debtors each maintained books and records (the "Books and Records") that reflect, among other things, the Debtors' liabilities and the amounts owed to their creditors. Objection ¶ 12. The Plan Administrator and A&M are undertaking a comprehensive review and reconciliation of the claims asserted in the Proofs of Claim. To that end, and without limitation, in assessing the validity of the claims, they are comparing the claims to the Schedules and Statements, as well as to the Books and Records. Objection ¶ 13; McKeighan Decl. ¶ 3. The reconciliation process includes identifying particular categories of claims that may be disallowed and expunged, reduced and allowed, or reclassified. Objection ¶ 14.

---

[9] *See Order (I) Appointing Kroll Restructuring Administration LLC as Claims and Noticing Agent Nunc Pro Tunc to the Petition Date; and (II) Granting Related Relief*, ECF No. 190.

**The Claims Objection Procedures Order**

Bankruptcy Rule 3007(d) permits an omnibus objection against multiple claims when the basis for such objection is that the claims in question:

(a) duplicate other claims;

(b) have been filed in the wrong case;

(c) have been amended by subsequently filed proofs of claim;

(d) were not timely filed;

(e) have been satisfied or released during the case in accordance with the [Bankruptcy] Code, applicable rules, or a court order;

(f) were presented in a form that does not comply with the applicable rules, and . . . the objector is unable to determine the validity of the claim because of the noncompliance;

(g) are interests, rather than claims; or

(h) assert priority in an amount that exceeds the maximum amount under [section] 507 of the [Bankruptcy] Code.

Fed. R. Bankr. P. 3007(d).

On September 11, 2024, the Court entered the Claims Objection Procedures Order.[10] Without limitation, pursuant to that order, the Court authorized the Plan Administrator to file omnibus objections to claims seeking reduction, reclassification or disallowance and expungement of claims on the grounds, in addition to the grounds set forth in Bankruptcy Rule 3007(d), as follows:

> i. The amount claimed is consistent with or contradicts the Remaining Debtors' books and records and the Plan Administrator, after review and consideration

---

[10] *Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 3007 (I) Establishing Claims Objections and Notice Procedures and (II) Granting Related Relief*, ECF No. 4513.

of any information provided by the claimant, denies liability in excess of the amount reflected in the Debtors' books and records;

ii. The claim is incorrectly classified;

iii. The claim seeks recovery of amounts for which the Remaining Debtors are not liable;

iv. The claim incorrectly values the collateral securing the claim;

v. The claim fails to sufficiently specify the basis for the claim or does not include sufficient documentation to ascertain the validity of the claim;

vi. The claim is objectionable under section 502(e)(1) of the Bankruptcy Code;

vii. The claim fails to specify the asserted claim amount;

viii. The claim is filed against non-debtors or is improperly filed against multiple Remaining Debtors;

ix. The claim fails to specify a Remaining Debtor against which the claim is asserted;

x. The claim has been satisfied in fully [sic] by a party that is not a debtor or has otherwise been satisfied during the pendency of the Chapter 11 Cases (separate from those claims satisfied in accordance with the Bankruptcy Code, applicable rules or a court order as set forth in Bankruptcy Rule 3007(d)(5)); or

xi. The claim has been waived, withdrawn or disallowed pursuant to an agreement with the Plan Administrator or an order of this Court.

Claims Objection Procedures Order at 2–3.

## **RELIEF REQUESTED**

Based upon his review of the claims, the Plan Administrator has determined that there are grounds to disallow and expunge certain Amended and Superseded Claims, Late Filed Claims and Equity Interests filed by the claimants listed in Exhibits 1–3 to the Proposed Order, respectively (the "Claimants"). The Plan Administrator seeks an order of the Court disallowing and expunging

those claims and interests pursuant to sections 105(a), 502 and 558 of the Bankruptcy Code and Bankruptcy Rule 3007.

## LEGAL PRINCIPLES

A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). Absent an objection, a properly executed and filed proof of claim constitutes *prima facie* evidence of the validity and amount of the claim. *See In re Metex Mfg. Corp.*, 510 B.R. 735, 740 (Bankr. S.D.N.Y. 2014) (citing Fed. R. Bankr. P. 3001(f)).

Section 502(b)(1) of the Bankruptcy Code provides that a claim shall be disallowed if it is unenforceable under applicable law. 11 U.S.C. § 502(b)(1). To that end, pursuant to section 558 of the Bankruptcy Code, the "estate shall have the benefit of any defense available to the debtor as against any entity other than the estate . . . ." *Id.* § 558. If an objection is filed, the court, upon notice and a hearing, must determine the validity and the proper amount of the claim. *See* 11 U.S.C. § 502(b). The objecting party has the initial "burden of putting forth evidence sufficient to refute the validity of the claim." *In re Metex Mfg. Corp.*, 510 B.R. at 740 (citation omitted). "By producing 'evidence equal in force to the *prima facie* case,' an objector can negate a claim's presumptive legal validity, thereby shifting the burden back to the claimant to 'prove by a preponderance of the evidence that under applicable law the claim should be allowed.'" *In re Residential Capital, LLC.*, 518 B.R. 720, 731 (Bankr. S.D.N.Y. 2014) (quoting *Creamer v. Motors Liquidation Co. GUC Tr. (In re Motors Liquidation Co.)*, 2013 WL 5549643, at *3, (S.D.N.Y. Sept. 26, 2013). In other words, once the *prima facie* validity of a claim is rebutted, "it is for the claimant to prove his claim, not for the objector to disprove it." *In re Kahn*, 114 B.R. 40, 44 (Bankr. S.D.N.Y. 1990) (citations omitted).

## DISCUSSION

**Amended and Superseded Claims**

The Plan Administrator, with the assistance of A&M, has identified certain claims that appear to be amended and superseded by other claims filed against the Debtors. Objection ¶ 21; McKeighan Decl. ¶¶ 4–6. A list of those claims is set forth in the columns titled "Claims to be Disallowed" on Exhibit 1 to the Proposed Order (the "Amended and Superseded Claims"). The Plan Administrator has also listed related claims that he believes amend and supersede the Amended and Superseded Claims, and that will remain if the Court sustains the Objection in the column titled "Remaining Claims" on Exhibit 1 of the Proposed Order. McKeighan Decl. ¶ 4. The Plan Administrator objects to the Amended and Superseded Claims and seeks entry of an order disallowing and expunging the Amended and Superseded Claims, subject to the Plan Administrator's further objections on any other ground to the claims listed in the column titled "Remaining Claims." Objection ¶ 24.

The Plan Administrator correctly contends that, as a technical matter, the Amended and Superseded Claims remain on the Claims Register as outstanding liabilities until withdrawn by the Claimants or disallowed by the Court. Objection ¶ 23. Accordingly, those claims remain potential liabilities of the Debtors that either duplicate amounts included in the "Remaining Claims" or are no longer asserted as outstanding liabilities by the Claimants. *See* 11 U.S.C. § 502(a) ("A claim . . . is deemed allowed, unless a party in interest . . . objects."). Amended or superseded claims are routinely expunged. *See, e.g., In re LHI Liquidation Co. Inc.,* No. 13-14050, 2015 WL 731555, at *1 (Bankr. S.D.N.Y. Feb. 5, 2015); *In re Enron Corp.*, No. 01-16034, 2005 WL 3874285, at *1 (Bankr. S.D.N.Y. Oct. 5, 2005).

The Plan Administrator has refuted the *prima facie* validity of the Amended and Superseded Claims. No Claimant has attempted to establish the validity of any such claim. The Court finds that the Claimants holding Amended and Superseded Claims will not be prejudiced by having their claims disallowed and expunged because their Remaining Claims will remain on the Claims Register after the corresponding Amended and Superseded Claims are disallowed. Accordingly, the Court sustains the objection to the Amended and Superseded Claims and disallows and expunges the Amended and Superseded Claims, subject to the Plan Administrator's further objections on any other ground to the Remaining Claims.

**Late Filed Claims**

Pursuant to the Bar Date Order, all holders of claims (except governmental entities) were required to file a proof of claim with supporting documentation on or before the Claims Bar Date, and governmental entities were required to file a proof of claim on or before the Governmental Bar Date. Objection ¶ 25. In reviewing the Proofs of Claim filed in these Chapter 11 Cases, the Plan Administrator, with A&M's assistance, identified certain claims filed after the Claims Bar Date, the Government Bar Date or the Administrative Expense Claims Bar Date, as applicable. They are identified in Exhibit 2 to the Proposed Order (the "Late Filed Claims"). McKeighan Decl. ¶¶ 7–8. The Plan Administrator objects to the Late Filed Claims and seeks entry of an order disallowing and expunging those claims. Objection ¶ 27.

Bankruptcy Rule 3003(c)(3) gives bankruptcy courts the power to set the deadline by which to timely file a proof of claim in a bankruptcy case. Fed. R. Bankr. P. 3003(c)(3) ("The court must set the time to file a proof of claim or interest and may, for cause, extend the time."). The bar date "is critically important to the administration of a successful chapter 11 case for it is intended

10

to be a mechanism providing the debtor and its creditors with finality." *In re Enron Recovery Corp.*, 370 B.R. 90, 94 (Bankr. S.D.N.Y, 2007) (internal quotations omitted).

A bar date order is not merely "a procedural gauntlet" but rather serves "as an integral part of the reorganization process" and promotes the efficient administration of bankruptcy cases. *In re Hooker Invs., Inc.*, 937 F.2d 833, 840 (2d Cir. 1991). "If individual creditors were permitted to postpone indefinitely the effect of a bar order . . . the institutional means of ensuring the sound administration of the bankruptcy estate would be undermined." *Id.* Accordingly, bar dates are "akin to a statute of limitations, and must be strictly observed." *In re Roman Catholic Diocese of Syracuse*, No. 20-30663, 2024 WL 535370, at *2 (Bankr. N.D.N.Y. Feb. 9, 2024).

Section 502 provides generally for "the disallowance of late-filed claims where there has been adequate notice of the deadline for submitting proofs of claim." *In re Roman Cath. Diocese of Rockville Ctr., N.Y.*, No. 20-12345, 2023 WL 4497418, at *4 (Bankr. S.D.N.Y. July 12, 2023). The statute provides, in relevant part, that "if [an] objection to a claim is made, the court, after notice and a hearing, shall . . . allow such claim . . . except to the extent that . . . proof of such claim is not timely filed . . . ." 11 U.S.C. § 502(b)(9)).

The undisputed evidence demonstrates that each of the Late Filed Claims was filed after the Bar Dates, as applicable, and therefore does not comply with the Bar Date Order or the Confirmation Order, respectively. McKeighan Decl. ¶ 7. It also demonstrates that the holders of each such claim were provided with timely notice of the Bar Dates. *Id.* Moreover, it is undisputed that the Plan Administrator and his advisors have examined each of the Late Filed Claims and determined that such claims are not specific amendments to a timely filed claim. Objection ¶ 26.

The Plan Administrator has refuted the *prima facie* validity of the Late Filed Claims. No Claimant has attempted to establish the validity of any such claim. The Court finds that the failure

to disallow the Late Filed Claims will result in the applicable Claimant receiving an unwarranted recovery to the detriment of the Debtors and other creditors in these Chapter 11 Cases. Accordingly, the Court sustains the objection to the Late Filed Claims by the Plan Administrator and disallows and expunges them in their entirety. *See In re Manhattan Jeep Chrysler Dodge, Inc.,* 602 B.R. 483, 492 (Bankr. S.D.N.Y. 2019); *accord In re RML, LLC,* 657 B.R. 709, 718 (Bankr. S.D.N.Y. 2023).

**Equity Interests**

With the assistance of A&M, the Plan Administrator has determined that certain Proofs of Claim filed against the Debtors are based on equity interests in the Debtors, including, without limitation, ownership of stock, entitlement to issuance of stock, or payments of dividends. Objection ¶ 28; McKeighan Decl. ¶¶ 9–10. They are listed in Exhibit 3 to the Proposed Order (the "Equity Interests"). The Plan Administrator objects to the Equity Interests and seeks entry of an order disallowing and expunging such claims in their entirety and reclassifying such claims as equity interests. Objection ¶ 30.

"[A] 'claim' is a 'right to payment' or 'equitable remedy.'" *Hasson v. Motors Liquidation Co. GUC Trust (In re Motors Liquidation Co.),* Nos. 09–50026, 11 Civ. 8444, 2012 WL 1886755, at *4 (S.D.N.Y. May 21, 2012) (quoting 11 U.S.C. § 101(5)(A), (B)). By contrast, an "equity security" is "*inter alia,* a 'share in a corporation . . . or similar security.'" *Id.* (quoting 11 U.S.C. § 101(16)(A)). "Those who have 'claims' against the debtors are called 'creditors,' while those who hold 'equity securities' are called 'equity security holders.'" *Id.* (quoting 11 U.S.C. §§ 101(10), 101(17)). "In other words, '[s]imply put, an equity interest is not a claim against the debtor for which the equity holder may assert a right to payment' by filing a proof of claim." *Id.*

12

(alteration in original) (quoting *In re Pine Lake Vill. Apartment Co.,* 21 B.R. 478, 480 (Bankr. S.D.N.Y. 1982) (explaining that an equity security holder may file only a "proof of interest")).

The Plan Administrator has refuted the *prima facie* validity of the Equity Interests. As a matter of law, the Equity Interests do not constitute liabilities of the Debtors or their estates. The Court disallows and expunges the Equity Interests and reclassifies them as equity interests.

## CONCLUSION

The Court sustains the Objection to the extent set forth herein. The Plan Administrator is directed to submit an order consistent with this Memorandum Decision.

IT IS SO ORDERED.

Dated: December 13, 2024
      New York, New York

                                         /s/ *James L. Garrity, Jr.*
                                          Hon. James L. Garrity, Jr.
                                          U.S. Bankruptcy Judge